CHRISTOPHER WARD, CA Bar No. 238777
   cward@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE: 213.972.4500
FACSIMILE:   213.486.0065

KEVIN JACKSON, CA Bar No. 278169
   kjackson@foley.com
**FOLEY & LARDNER LLP**
11988 EL CAMINO REAL, SUITE 400
SAN DIEGO, CA 92130-2594
TELEPHONE: 858.847.6700
FACSIMILE:   858.792.6773

Attorneys for Defendant
MENZIES AVIATION (USA), INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA PARTICIA AMAYA, an individual; and BRAYAN LOZANO GONZALEZ, an individual; on behalf of themselves and others similarly situated,<br><br>                               Plaintiffs,<br><br>          vs.<br><br>MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>                               Defendants. | Case No. 2:22-cv-05915-MCS-MARx<br><br>**DEFENDANT MENZIES AVIATION (USA), INC.'S ANSWER TO FIRST AMENDED COMPLAINT FOR:**<br><br>1. **FAILURE TO PAY WAGES FOR MISSED MEAL PERIODS;**<br>2. **FAILURE TO PAY WAGES FOR MISSED REST PERIODS;**<br>3. **FAILURE TO REIMBURSE BUSINESS EXPENSES;**<br>4. **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS;**<br>5. **WAITING TIME PENALTIES;**<br>6. **UNFAIR COMPETITION**<br><br>Judge:     Hon. Mark C. Scarsi<br>Ctrm.:     7C, 7th Floor<br><br>Complaint Filed:   August 19, 2022<br>FAC Filed:         August 30, 2022 |

Defendant MENZIES AVIATION (USA), INC. ("Defendant") hereby answers Plaintiffs DORA PARTICIA AMAYA ("Amaya") and BRAYAN LOZANO GONZALEZ ("Gonzalez") (collectively, "Plaintiffs") First Amended Complaint by correspondingly entitled paragraphs as follows:

## NATURE OF ACTION

1. Plaintiffs' allegations are legal conclusions and/or legal descriptions for which no response is required, and Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 1 and therefore denies same.

2. Plaintiffs' allegations are legal conclusions and/or legal descriptions for which no response is required, and Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 2 and therefore denies same.

3. Plaintiffs' allegations are legal conclusions and/or legal descriptions for which no response is required, and Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 3 and therefore denies same.

4. Plaintiffs' allegations are legal conclusions and/or legal descriptions for which no response is required, and Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 4 and therefore denies same.

## THE PARTIES

5. Defendant admits Plaintiff Amaya has been an employee of Menzies. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 5 and therefore denies same.

6. Defendant admits Plaintiff Gonzalez has been an employee of Menzies. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 6 and therefore denies same.

7. Admit.

8. Plaintiffs' allegations are legal conclusions and/or legal descriptions for which no response is required, and Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 8 and therefore denies same.

9.      Plaintiffs' allegations are legal conclusions and/or legal descriptions for which no response is required, and Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 9 and therefore denies same.

10.     Plaintiffs' allegations are legal conclusions and/or legal descriptions for which no response is required, and Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 10 and therefore denies same.

## JURISDICTION AND VENUE

11.     Admit.

12.     Admit.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13.     Admit.

14.     Admit.

15.     Admit.

16.     Admit.

17.     Admit.

18.     Plaintiffs' allegations are legal conclusions and/or legal descriptions for which no response is required, and Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 18 and therefore denies same.

19.     Deny.

20.     Plaintiffs' allegations are legal conclusions and/or legal descriptions for which no response is required, and Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 20 and therefore denies same.

21.     Deny.

22.     Plaintiffs' allegations are legal conclusions and/or legal descriptions for which no response is required, and Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 22 and therefore denies same.

23.     Deny.

24.     Deny.

4876-2271-5451.1

25.    Deny.

26.    Deny.

27.    Deny.

## CLASS ACTION ALLEGATIONS

28.    Deny.

29.    Plaintiffs' allegations are legal conclusions and/or legal descriptions for which no response is required, and Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 29 and therefore denies same.

30.    Deny.

31.    Plaintiffs' allegations are legal conclusions and/or legal descriptions for which no response is required, and Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 31 and therefore denies same.

32.    Deny.

33.    Deny.

34.    Deny.

35.    Deny.

36.    Deny.

37.    Deny.

38.    Deny.

## FIRST CAUSE OF ACTION

### For Failure to Pay Wages for Missed Meal Periods

### (Cal. Lab. Code §§ 226.7 & 512; 8 Cal. Code Regs. § 11090, ¶ 11)

39.    Paragraph 39 incorporates by reference and re-alleges Paragraphs 1 through 38, and Defendant accordingly incorporates by reference its preceding responses to Paragraphs 1 through 38.

40.    Deny.

41.    Deny.

42.    Plaintiffs' allegations are legal conclusions and/or legal descriptions for

which no response is required, and Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 42 and therefore denies same.

43.    Deny.

44.    Deny.

## SECOND CAUSE OF ACTION

### For Failure to Pay Wages for Missed Rest Periods

### *(Cal. Lab. Code §§ 226.7; 8 Cal. Code Regs. § 11090, ¶ 12)*

45.    Paragraph 45 incorporates by reference and re-alleges Paragraphs 1 through 44, and Defendant accordingly incorporates by reference its preceding responses to Paragraphs 1 through 44.

46.    Deny.

47.    Deny.

48.    Plaintiffs' allegations are legal conclusions and/or legal descriptions for which no response is required, and Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 48 and therefore denies same.

49.    Deny.

50.    Deny.

## THIRD CAUSE OF ACTION

### For Failure to Reimburse Business Expenses

### *(Cal. Lab. Code § 2802; 8 Cal. Code Regs. § 11090, ¶ 9)*

51.    Paragraph 51 incorporates by reference and re-alleges Paragraphs 1 through 50, and Defendant accordingly incorporates by reference its preceding responses to Paragraphs 1 through 50.

52.    Plaintiffs' allegations are legal conclusions and/or legal descriptions for which no response is required, and Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 52 and therefore denies same.

53.    Deny.

54.    Plaintiffs' allegations are legal conclusions and/or legal descriptions for

1    which no response is required, and Defendant is without sufficient information to admit

2    or deny the allegations contained in Paragraph 54 and therefore denies same.

3    **FOURTH CAUSE OF ACTION**

4    **For Failure to Provide Accurate, Itemized Wage Statements**

5    ***(Cal. Lab. Code § 226)***

6    55.    Paragraph 55 incorporates by reference and re-alleges Paragraphs 1 through

7    54, and Defendant accordingly incorporates by reference its preceding responses to

8    Paragraphs 1 through 54.

9    56.    Deny.

10    57.    Deny.

11    58.    Deny.

12    59.    Plaintiffs' allegations are legal conclusions and/or legal descriptions for

13    which no response is required, and Defendant is without sufficient information to admit

14    or deny the allegations contained in Paragraph 59 and therefore denies same.

15    **FIFTH CAUSE OF ACTION**

16    **For Waiting Time Penalties**

17    ***(Cal. Lab. Code §§ 201, 202 & 203)***

18    60.    Paragraph 60 incorporates by reference and re-alleges Paragraphs 1 through

19    59, and Defendant accordingly incorporates by reference its preceding responses to

20    Paragraphs 1 through 59.

21    61.    Plaintiffs' allegations are legal conclusions and/or legal descriptions for

22    which no response is required, and Defendant is without sufficient information to admit

23    or deny the allegations contained in Paragraph 59 and therefore denies same.

24    62.    Deny.

25    63.    Deny.

26    64.    Plaintiffs' allegations are legal conclusions and/or legal descriptions for

27    which no response is required, and Defendant is without sufficient information to admit

28    or deny the allegations contained in Paragraph 64 and therefore denies same.

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT
-5-    Case No. 2:22-cv-05915-MCS-MARx

## SIXTH CAUSE OF ACTION

### For Unfair Competition

### *(Cal. Bus. & Prof. Code §§ 17200 et seq.)*

65.     Paragraph 60 incorporates by reference and re-alleges Paragraphs 1 through 64, and Defendant accordingly incorporates by reference its preceding responses to Paragraphs 1 through 64.

66.     Plaintiffs' allegations are legal conclusions and/or legal descriptions for which no response is required, and Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 66 and therefore denies same.

67.     Deny.

68.     Deny.

69.     Deny.

70.     Plaintiffs' allegations are legal conclusions and/or legal descriptions for which no response is required, and Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 70 and therefore denies same.

71.     Plaintiffs' allegations are legal conclusions and/or legal descriptions for which no response is required, and Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 71 and therefore denies same.

72.     Plaintiffs' allegations are legal conclusions and/or legal descriptions for which no response is required, and Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 72 and therefore denies same.

## PRAYER FOR RELIEF

1.     Defendant denies that Plaintiffs are entitled to any of the relief sought in the Prayer for Relief.

## AFFIRMATIVE AND OTHER DEFENSES

## FIRST DEFENSE

### (Failure to State a Cause of Action)

1.     The FAC, and each and every purported cause of action set forth therein

alleged against Defendant, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND DEFENSE

### (Failure to State a Claim Upon Which Relief Can Be Granted)

2.      Plaintiffs' FAC, and each purported cause of action asserted therein, fails to state facts sufficient to state any claim upon which relief can be granted.

## THIRD DEFENSE

### (Statute of Limitations)

3.      Plaintiffs' claims are time-barred, in whole or in part, by the applicable statute of limitations, including but not limited to common law; California Code of Civil Procedure section 340; and California Labor Code 226(a).

## FOURTH DEFENSE

### (Failure to Mitigate)

4.      Plaintiffs have failed to meet their burden, inasmuch as they have had, and continues to have, the ability and opportunity to mitigate the damages alleged with respect to the subject matter of this litigation, and he has failed and refused to mitigate the damages.

## FIFTH DEFENSE

### (Estoppel)

5.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

## SIXTH DEFENSE

### (Waiver)

6.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## SEVENTH DEFENSE

### (Laches)

7.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

///

///

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT
-7-     Case No. 2:22-cv-05915-MCS-MARx

4876-2271-5451.1

## EIGHTH DEFENSE

### (Uncertainty)

8.     Plaintiffs' claims are barred, in whole or in part, because it cannot be ascertained from the FAC the basis of any of the allegations stated therein.

## NINTH DEFENSE

### (No Damages or Injury)

9.     Plaintiffs' claims are barred, in whole or in part, because they have not suffered any damage or injury by any acts, events or occurrences alleged in the FAC, whether or not attributable to Defendant.

## TENTH DEFENSE

### (Unclean Hands)

10.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## ELEVENTH DEFENSE

### (Adequate Remedy at Law)

11.     Plaintiffs' claims are barred, in whole or in part, because they are not entitled to a recovery of equitable relief due to the existence of an adequate remedy at law.

## TWELFTH DEFENSE

### (Substantial Compliance)

12.     Plaintiffs' claims are barred, in whole or in part, because the wage and employment practices at issue in the FAC were not unlawful, in that Defendant fully or substantially complied with all applicable statutes and regulations, including the California Labor Code and the applicable Industrial Welfare Commission Wage Order.

## THIRTEENTH DEFENSE

### (Accord and Satisfaction)

13.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction, and payment.

4876-2271-5451.1

## FOURTEENTH DEFENSE

### (Setoff and Recoupment)

14.    Plaintiffs' claims are barred, in whole or in part, because if any damages have been sustained, although such is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments by Defendant to Plaintiffs, and/or all obligations of Plaintiffs owed to Defendant, against any judgment that may be entered against Defendant.

## FIFTEENTH DEFENSE

### (Conduct in Good Faith, Reasonable, Not Intentional or Willful)

15.    Plaintiffs' claims are barred, in whole or in part, because Defendant's actions were based on an honest, reasonable, good faith belief in the facts as known and understood at the time and were not intentional or willful, including not being willful within the meaning of the California Labor Code.  Plaintiffs suffered no injuries or damages and is not entitled to damages or penalties.

## SIXTEENTH DEFENSE

### (Excessive Fines)

16.    An award of statutory and/or civil penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States and California Constitutions.

## SEVENTEENTH DEFENSE

### (Lack of Standing)

17.    Plaintiffs have failed to meet their burden inasmuch as they fail to satisfy the prerequisites for class certification and, therefore, lacks standing and cannot represent the interests of others as to each of the purported causes of action.

## EIGHTEENTH DEFENSE

### (Not Appropriate for Class Action)

18.    Plaintiffs have failed to meet their burden inasmuch as Plaintiffs' claims for

4876-2271-5451.1

a class action, the existence of which is expressly denied, including but not limited to being overly broad and unduly vague, are matters in which individual questions predominate, and Plaintiffs do not adequately represent the class alleged in the FAC. Accordingly, the allegations are not appropriate for class action treatment.

## NINETEENTH DEFENSE

### (Insufficient Similarity With Others and Desire to Join Action)

19.    Plaintiffs have failed to meet their burden inasmuch as Plaintiffs cannot show a sufficient number of similarly situated individuals who have been harmed or desire to join this action (Defendant denies any exist).

## TWENTIETH DEFENSE

### (Numerosity)

20.    Plaintiffs have failed to meet their burden inasmuch as the FAC fails, to the extent it asserts a class action, because the alleged class Plaintiffs purports to represent, the existence of which is expressly denied, lacks numerosity.

## TWENTY-FIRST DEFENSE

### (Claims Not Common or Typical)

21.    Plaintiffs have failed to meet their burden inasmuch as the claims alleged by Plaintiffs are neither common to nor typical of those, if any, of the alleged class Plaintiffs purport to represent, the existence of which is expressly denied.

## TWENTY-SECOND DEFENSE

### (Superiority)

22.    Plaintiffs have failed to meet their burden inasmuch as a class claim under the California Code of Civil Procedure § 382, and California Business and Professions Code § 17200, *et seq*. is not maintainable for, among other reasons, failure to satisfy the requirement of superiority.

## TWENTY-THIRD DEFENSE

### (CBA Preemption)

23.    Plaintiffs' claims are preempted in whole or in part by the existence of a

4876-2271-5451.1

Collective Bargaining Agreement.

## **TWENTY-FOURTH DEFENSE**

### **(Arbitration)**

24.     Plaintiffs and the putative class they seek to represent are required to submit their claims to final and binding arbitration on an individual basis.

DATED:  October 25, 2022          **FOLEY & LARDNER LLP**
                                  Christopher Ward
                                  Kevin Jackson


                                  _____
                                  Christopher Ward
                                  Attorneys for Defendant
                                  MENZIES AVIATION (USA), INC.