**LAW OFFICES OF C. JOE SAYAS, JR.**
C. JOE SAYAS, JR. (Bar No. 122397)
KARL P. EVANGELISTA (Bar No. 250685)
500 N. Brand Boulevard, Suite 980
Glendale, California  91203
Telephone: (818) 291-0088
Facsimile: (818) 240-9955

**KING CHENG MILLER & JIN, LLP**
DAVID P. KING (Bar No. 136765)
3675 Huntington Drive, Suite 200
Pasadena, California  91107
Telephone: (626) 304-9001
Facsimile: (626) 304-9002

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA PATRICIA AMAYA, an individual; and BRAYAN LOZANO GONZALEZ, an individual; on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: 2:22-cv-05915-MCS-MAR<br><br>CLASS ACTION<br><br>**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26(f) REPORT FOR SCHEDULING CONFERENCE**<br><br>Date:   December 19, 2022<br>Time:   10:00 a.m.<br>Courtroom:  7C |

**TO THE HONORABLE COURT:**

Pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 26(f), Central District of California Local Rule 26, and the Court's "Order Setting Scheduling Conference," Dkt. No. 13, Plaintiffs Dora Patricia Amaya and Brayan Lozano Gonzalez (collectively, "Plaintiffs"), on behalf of themselves and others similarly situated, and Defendant Menzies Aviation (USA), Inc. (hereafter, "Defendant"), by and through their respective counsel of

4876-6940-0641.2

record, submit this Joint FRCP Rule 26(f) Report following the parties' Rule 26(f) conference of counsel held via Zoom conference on November 22, 2022.

### a. **Statement of the Case**

#### 1. *Plaintiffs' Statement*

Plaintiffs and putative class members are non-exempt employees of Defendant in California. Defendant is an aviation services company that provides ground-handling, cargo-handling and fueling services for customers in the aviation industry. Defendant employs Plaintiffs and other putative class members to perform the baggage-handling, ticketing, check-in, and other ground-handling services provided to Defendant's airline clients.

Throughout the relevant period, Defendant, per policy and practice, imposed excessive workloads on Plaintiffs and the putative class, resulting in repeated violations of the meal- and rest-period requirements imposed by California Labor Code sections 226.7 and 512 and Wage Order 9 of the California Industrial Welfare Commission. Despite regularly failing to provide employees required meal periods, and regularly failing to allow required rest periods, Defendant systematically failed, per policy and practice, to compensate Plaintiffs and other putative class members with the resulting premium wages owed in lieu of missed meal and rest breaks.

In addition to meal- and rest-period violations, Defendant further violated the provisions of California Labor Code section 2802 and Wage Order 9 mandating that California employers cover the costs of uniforms and equipment that is either required by the employer or is reasonably necessary for the performance of an employee's assigned duties. Throughout the relevant period, Defendant routinely failed to indemnify Plaintiffs and other putative class members for the costs of uniforms and personal mobile phones that employees were compelled to use to perform their work duties for Defendant.

#### 2. *Defendant's Statement*

Defendant disputes Plaintiff's allegations and contends that its policies and practice are and were, at all relevant times, compliant with the requirements of California law.

JOINT F.R.C.P. 26(f) REPORT

Defendant furthermore contends that several of Plaintiff's claims are preempted by federal law as a result of one or more Collective Bargaining Agreements.

### b.    Subject Matter Jurisdiction

Subject matter jurisdiction is proper under 28 U.S.C. § 1332, subdivision (a)(1), in that: (1) the parties are citizens of different states, as Plaintiffs and the putative class are citizens of the State of California, and Defendant is a citizen of the State of Texas; and (2) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### c.    Legal Issues

The main legal issue in this case is whether class certification is appropriate under FRCP Rule 23, subdivisions (a) and (b).

### d.    Parties, Evidence, etc.

#### 1.  Plaintiffs' Statement

The plaintiffs in this case are Dora Patricia Amaya and Brayan Lozano Gonzalez, who will seek class certification on behalf of a class of former and current non-exempt employees of Defendant in the State of California.  The percipient witnesses as to the pertinent employment practices of Defendant are the members of said putative class, as well as the managerial personnel who created and implemented the employment policies and practices of Defendant with regard to their California employees.

#### 2.  Defendant's Statement

Defendant agrees with Plaintiff's statement above; Defendant also identifies its written policies and practices, applicable Collective Bargaining Agreements, Alternative Dispute Resolution agreements, and time and payroll records as the key documentary evidence in this case.

### e.    Damages

Discovery has been propounded by Plaintiffs, but no responses have yet been received.  Initial disclosures have yet to be exchanged by the parties.  There is presently

JOINT F.R.C.P. 26(f) REPORT

insufficient information, including as to the actual size of the putative class and the extent of violations, to provide a realistic range of provable damages.

**f.    Insurance**

The parties are presently unaware of any insurance coverage applicable to the claims at issue.

**g.    Motions**

**1.  *Plaintiffs' Statement***

Plaintiffs anticipate that a number of individuals may seek to be added as named plaintiffs in the event this action will not be proceeding on a class basis.  Plaintiffs also reserve the right to file an amended complaint to add claims under the California Labor Code Private Attorney General Act.

**2.  *Defendant's Statement***

Defendant does not anticipate filing any motions regarding parties, claims, amended pleadings, venue, or other procedural matters.

**h.    Dispositive Motions**

Defendant anticipates filing a motion for summary judgment, or summary adjudication, on the issue of whether one or more of the claims asserted by Plaintiffs are preempted by an applicable collective bargaining agreement, among others.

**i.    Manual for Complex Litigation**

The parties believe that this is a complex case, such that reference to the Manual for Complex Litigation is appropriate.

**j.    Status of Discovery**

On November 11, 2022, Plaintiffs served Defendant with a set of production requests under FRCP Rule 34, and a Notice of Deposition under FRCP Rule 30(b)(6).  Plaintiffs proposed an early commencement of discovery, such that the aforementioned discovery be recognized as having been served on November 11, 2022 for purposes of computing Defendant's deadline to provide discovery responses.  In response, Defendant stipulated that the discovery be deemed served on the date of the parties' Rule 26(f) conference on

JOINT F.R.C.P. 26(f) REPORT

4876-6940-0641.2

November 22, 2022.  With further service of Plaintiffs' Amended Request for Production of Documents, responses to pending discovery are now due on December 23, 2022. Defendants intend to serve written discovery prior to the Scheduling Conference and work with Plaintiffs' counsel to schedule Plaintiffs' depositions.

The parties further stipulated that subsequent discovery shall be deemed personally served on the date of the electronic service to all other parties.

**k.    Discovery Plan**

The parties have agreed to a mutual exchange of their Initial Disclosures, pursuant to FRCP Rule 26(a)(1), on December 6, 2022.

*1.    Plaintiffs' Statement*

Plaintiffs will need to conduct discovery into Defendant's policies and practices, at the various California airports in which it operates, related to employees' work schedules, meal periods, rest periods, payment of premium wages for missed meal and rest periods, and reimbursements for the costs of uniforms and equipment.

In addition, Plaintiffs will need to conduct discovery related to Defendant's operations and non-plaintiff class members in order to make the showings required by FRCP Rule 23.  In this regard, discovery of a class list is crucial in order to allow Plaintiffs' counsel adequate opportunity to interview a reasonable sampling of putative class members to determine issues of commonality in their work experiences.  Plaintiffs disagree with Defendants' insistence that a *Belaire-West* procedure is a necessary prerequisite to production of the class list.  Rather, the federal courts in this circuit, including in the Central District of California, have made clear that a protective order from the trial court, in lieu of a *Belaire-West* procedure, is sufficient to protect putative class members' privacy interests in the confidentiality of their contact information.  *See. e.g., Bouissey v. Swift Transp. Co.*, 2021 U.S. Dist. LEXIS 250653, *7-9 (C.D. Cal. Jul. 14, 2021) (protective order that "restricts the use of such contact information only for purposes of prosecuting, defending, or attempting to settle the action" held to be "sufficient to protect disclosure of putative class member contact information in federal litigation"); *Goro v. Flowers Foods, Inc.*, 334

JOINT F.R.C.P. 26(f) REPORT

4876-6940-0641.2

F.R.D. 275, 287-88 (S.D. Cal. Aug. 17, 2018) (release of contact information not a serious invasion as information is not particularly sensitive and outside disclosure is restricted by protective order limiting disclosure to parties in the case and for the purpose of litigating the case).

Plaintiffs will also need to discover the documents relevant to Defendant's policies and practices vis-à-vis the putative class, as well as take the depositions of an appropriate number of Defendant's key management and administrative personnel to obtain the evidence necessary for a determination of class certification under FRCP Rule 23. Responses to pending discovery propounded by Plaintiffs are due by December 23, 2022.

The parties discussed and agreed to work constructively to resolve possible substantial issues relating to the requests for documents by January 2023, as said documents are needed to adequately prepare for depositions. The parties intend to devote February 2023 to the completion of depositions, and to resolve any outstanding discovery disputes by March 2023. The parties hope that this schedule will be sufficient for both sides to prepare for class certification briefing, noting that the certification deadline will likely be on April 19, 2023.

In light of the anticipated complexity of this putative class action, Plaintiffs have proposed that the 10-deposition limit of FRCP Rule 30(a)(2)(A)(i) be amended to allow the parties the opportunity to conduct no more than 25 depositions, and that the 25-interrogatory limit of FRCP Rule 33(a)(1) be amended to allow the parties the opportunity to proffer no more than 40 interrogatories. Defendants have not agreed to such proposed amendments to discovery limits, but have stated its willingness to subsequently meet and confer on these proposals should they prove warranted during the course of discovery.

### 2. Defendant's Statement

Defendants intend to conduct standard written discovery, including propounding interrogatories and document requests, as well as depositions of both named Plaintiffs.

With respect to a class list, Defendant contends that unnamed putative class members have inherent privacy rights that require appropriate safeguards to protect.

4876-6940-0641.2

Defendant proposes that the parties utilize notice and opt-out process, which is commonplace in state-court class actions. *See Belaire-West Landscape Inc. v. Superior Court*, 149 Cal. App. 4th 554, 562 (2007).

Defendant disputes that Plaintiffs should be permitted to take more than 10 depositions, and that 25 depositions is excessive and burdensome, particularly given that the deadline to file a motion for class certification will be set approximately four months after the Scheduling Conference. Defendant respectfully requests that the Court adhere to the default limits on discovery established by the Federal Rules of Civil Procedure.

**l.    Discovery Cut-off**

The parties propose a Non-Expert Discovery Cut-Off date of September 19, 2023.

**m.    Expert Discovery**

The parties propose an initial expert disclosures deadline of July 21, 2022, with a further deadline of August 21, 2022 for rebuttal expert disclosures. The parties propose an Expert Discovery Cut-Off date of October 19, 2023.

**n.    Settlement Conference/Alternative Dispute Resolution**

The parties agree to take part in a settlement conference before a magistrate judge, as described in the Court's ADR Procedure No. 1 under Local Rule 16-15.4. Plaintiffs would also be amenable to private mediation, as described in the Court's ADR Procedure No. 3 under Local Rule 16-15.4. No settlement discussions have occurred as of yet.

The parties believe that substantive settlement discussions would be most appropriate after this Court rules on Plaintiffs' forthcoming motion for class certification.

**o.    Trial Estimate**

The parties estimate that trial in this matter, by a jury, will require 12-15 days.

**1. *Plaintiffs' Statement***

Without prejudice to Plaintiffs amending their estimate following disclosures, discovery and additional investigation, and based on the limited information currently in hand at this early stage of litigation, Plaintiffs presently anticipate calling an estimated 20 witnesses at trial.

JOINT F.R.C.P. 26(f) REPORT

4876-6940-0641.2

### 2. Defendant's Statement

Defendant similarly reserves the right to amend its estimate following initial disclosures and discovery. Defendant presently anticipates calling 3-5 company witnesses regarding applicable policies, practices, and agreements, as well as 15-20 putative class members.

**p.    Trial Counsel**

Plaintiffs' co-trial counsel in this case are C. Joe Sayas, Jr. Esq. of the Law Offices of C. Joe Sayas, Jr. and David P. King, Esq. of King Cheng Miller & Jin, LLP.

Defendant's trial counsel in this case is Christopher Ward, Esq. and Kevin Jackson, Esq. of Foley & Lardner LLP.

Mr. Sayas informed counsel of his unavailability to appear at the December 19, 2022 Scheduling Conference, as it coincides with his pre-paid family trip out of the country. If the court deems it necessary to hold said conference, Plaintiffs will request that it be re-scheduled for a date in January 2023. Defendant's counsel has stipulated to this request for continuance.

**q.    Independent Expert or Master**

The parties agree that an independent expert or master is not presently required in this case.

**r.    Schedule Worksheet**

The parties' completed "Schedule of Class Certification Dates Worksheet" is attached hereto.

Plaintiffs note that the Court's Schedule of Class Certification Dates Worksheet provides the Court's preference for a certification motion deadline no later than 4 months from the Scheduling Conference in this case. However, as stated above, there is presently a dispute between the parties as to the process by which the Class List will be produced, which may potentially necessitate the setting of a class certification deadline beyond the 4-month period referenced in the worksheet.

JOINT F.R.C.P. 26(f) REPORT

4876-6940-0641.2

Plaintiffs submit that the information provided in the Class List is essential to their class certification discovery, as the information contained therein will be used to conduct class-wide investigation necessary to meet the requirements of FRCP Rule 23. The dispute as to whether a *Belaire-West* procedure must be completed before the threshold discovery of a class list will likely need to be resolved by the Court, which may compel need for a longer period to complete class certification discovery and briefing.

**s.     Other Issues**

The parties do not presently anticipate any unusual legal issues in this case.

Dated: December 5, 2022          **LAW OFFICES OF C. JOE SAYAS, JR.**

By:     /s/ C. Joe Sayas, Jr.
C. JOE SAYAS, JR.
KARL P. EVANGELISTA
Attorneys for Plaintiffs

Dated: December 5, 2022          **KING CHENG MILLER & JIN, LLP**

By:     /s/ David P. King
DAVID P. KING
Attorneys for Plaintiffs

Dated: December 5, 2022          **FOLEY & LARDNER LLP**

By:     /s/ Kevin Jackson
CHRISTOPHER WARD
KEVIN JACKSON
Attorneys for Defendant

JOINT F.R.C.P. 26(f) REPORT

4876-6940-0641.2

## **Local Rule 5-4.3.4(a)(2) Attestation**

I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Dated: December 5, 2022                    /s/ C. Joe Sayas, Jr.

                                         C. JOE SAYAS, JR.

JOINT F.R.C.P. 26(f) REPORT

4876-6940-0641.2

**JUDGE MARK C. SCARSI**

## SCHEDULE OF CLASS CERTIFICATION DATES WORKSHEET

*For class actions, the Court will first set class certification dates and discovery dates. The Court will defer setting any other dates until class certification is resolved. Absent extraordinary circumstances, the Court will not bifurcate class discovery from merits discovery*

**The Court _ORDERS_ the parties to make every effort to agree on dates.**

| Class Certification<br>**_Note:_** Hearings shall be on Monday at 9:00 A.M.<br>Other dates can be any day of the week. | Date<br>mm/dd/yyyy | Court Order<br>mm/dd/yyyy |
|---|---|---|
| Non-Expert Discovery Cut-Off<br>• Set no later than 13 months from the date of the filing of the Complaint | 9/19/2023 | |
| Expert Disclosure (Initial) | 7/21/2023 | |
| Expert Disclosure (Rebuttal) | 8/21/2023 | |
| Expert Discovery Cut-Off<br>• Set no later than 14 months from the date of the filing of the Complaint | 10/19/2023 | |
| Deadline to File a Motion for Class Certification<br>• Set no later than 4 months from the Scheduling Conference | 4/19/2023 | |
| Deadline to File an Opposition to the Motion for Class Certification<br>• Set no later than 3 weeks from the filing of the Motion for Class Certification | 5/10/2023 | |
| Deadline to File a Reply<br>• Set no later than 3 weeks from the filing of the Opposition | 5/31/2023 | |
| Hearing Date on Motion for Class Certification<br>• Set no later than 3 weeks from the filing of the Reply | 6/19/2023 | |