**LAW OFFICES OF C. JOE SAYAS, JR.**
C. JOE SAYAS, JR. (Bar No. 122397)
KARL P. EVANGELISTA (Bar No. 250685)
500 N. Brand Boulevard, Suite 980
Glendale, California  91203
Telephone: (818) 291-0088
Facsimile: (818) 240-9955

**KING CHENG MILLER & JIN, LLP**
DAVID P. KING (Bar No. 136765)
3675 Huntington Drive, Suite 200
Pasadena, California  91107
Telephone: (626) 304-9001
Facsimile: (626) 304-9002

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA PATRICIA AMAYA, an individual; and BRAYAN LOZANO GONZALEZ, an individual; on behalf of themselves and others similarly situated, | Case No.: 2:22-cv-05915-MCS-MAR<br>Hon. Margo A. Rocconi<br><br>**DISCOVERY MATTER**<br><br>**LOCAL RULE 37-2 JOINT STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL DEFENDANT MENZIES AVIATION (USA), INC. TO PROVIDE CLASS LIST**<br><br>***Fed. R. Civ. Proc. Rule 33***<br><br>Date:   February 15, 2023<br>Time:   11:00 a.m.<br>Courtroom:   790 (Roybal Fed. Bldg.)<br><br>**Class Cert. Deadline:  April 10, 2023**<br><br>Complaint Filed:   August 19, 2022<br>Sched. Order:   December 16, 2022 |
| Plaintiffs, | |
| vs. | |
| MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | |

1

Pursuant to Rule 37(a)(3)(B)(iii) of the Federal Rules of Civil Procedure ("FRCP"), and Local Rule 37-2 of the U.S. District Court for the Central District of California, Plaintiffs Dora Patricia Amaya and Brayan Lozano Gonzalez (collectively, "Plaintiffs"), on the one hand, and Defendant Menzies Aviation (USA), Inc. (hereafter, "Defendant"), on the other hand, respectfully submit the following "Local Rule 37-2 Joint Stipulation Re: Plaintiffs' Motion to Compel Defendant Menzies Aviation (USA), Inc. to Provide Class List."

This Joint Stipulation is made following the parties' discovery conference pursuant to Local Rule 37-1, which was held on January 5, 2023. On January 6, 2023, Plaintiffs' counsel submitted an e-mail request for a Pre-Motion Telephonic Conference to the Courtroom Deputy Clerk for the Honorable Margo A. Rocconi, with copy furnished to Defendant's counsel, as directed by the Judge's Procedures on Discovery Motions. By e-mail dated January 13, 2023, the Courtroom Deputy Clerk notified the parties that the Court had granted "leave to file a motion without a telephonic conference."

# I.    INTRODUCTORY STATEMENTS

## A.    Plaintiffs' Introductory Statement

Plaintiffs and the putative class members they seek to represent are non-exempt employees of Defendant in California. Defendant is an aviation-services company that provides ground-handling, cargo-handling and fueling services for its customers in the aviation industry. Defendant employs Plaintiffs and other putative class members to perform the baggage-handling, ticketing, check-in, and other ground-handling services provided to Defendant's airline clients at seven major California airports. Plaintiffs filed their Complaint in this action on August 19, 2022.

The Complaint avers that Defendant imposed excessive workloads on Plaintiffs and the putative class, resulting in repeated violations of the meal- and rest-period requirements imposed by California Labor Code sections 226.7 and 512, and Wage Order 9 of the California Industrial Welfare Commission. Despite regularly failing to provide employees required meal periods, and regularly failing to allow required rest periods, Defendant

2

LOCAL RULE 37-2 JOINT STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL
DEFENDANT MENZIES AVIATION (USA), INC. TO PROVIDE CLASS LIST

systematically failed to compensate Plaintiffs and other putative class members with the resulting premium wages owed in lieu of missed meal and rest breaks.

Plaintiffs' Complaint further asserts that Defendant also violated the provisions of California Labor Code section 2802 and Wage Order 9 that require California employers to cover the costs of uniforms and equipment that is either required by Defendant or is reasonably necessary for the performance of an employee's assigned duties. Specifically, Defendant systematically failed to indemnify Plaintiffs and other putative class members for the costs of uniforms and personal mobile phones that employees were compelled to use in performing their work duties for Defendant.

### 1.   *Discovery at Issue*

On October 26, 2022, the Court issued its "Order Setting Scheduling Conference," which set the scheduling conference in this matter for December 19, 2022. Plaintiffs arranged for and the parties thereafter conducted their FRCP Rule 26(f) conference of counsel on November 22, 2022. As such, Plaintiffs then promptly served their first set of interrogatories to Defendant on December 2, 2022; Defendant served interrogatory responses on December 30, 2022.

The discovery at issue in this motion pertains to Plaintiffs' Interrogatory No. 1, which asks Defendant to provide the names, job titles/positions, and contact information of the putative class members in this wage-and-hour action, to wit, "any and all individuals who works or worked for DEFENDANT in the State of California during the CLASS PERIOD…that is properly deemed, under the California Labor Code and the applicable Wage Order of the Industrial Welfare Commission, to be employees for whom the meal- and rest-period requirements of the California Labor Code and the applicable Wage Order of the Industrial Welfare Commission apply."

Defendant does <u>not</u> dispute that the requested class-list information is relevant and discoverable in this wage-and-hour class action. Instead, Defendant relies solely on a privacy objection to resist providing the class-list information in discovery. Specifically, Defendant insists that it will only provide the class-list information after each putative class

member has been given notice and an opportunity to opt out of disclosure of their contact information, pursuant to *Belaire-West Landscape v. Superior Court*, 149 Cal.App.4th 554 (2007).

Plaintiffs contend that a *Belaire-West* opt-out procedure is unnecessary, as the federal courts in the Ninth Circuit, including in the Central District of California, have consistently found that, in lieu of a *Belaire-West* procedure, a Protective Order that restricts use to the litigation at hand is sufficient to protect putative class members' privacy interests in their contact information. Moreover, the considerable delay of a *Belaire-West* procedure would unduly prejudice Plaintiffs' ability to utilize the class-list information, so as to substantiate class allegations in terms of numerosity, commonality and predominance, sufficiently in advance of the Court's April 10, 2023 deadline for a class certification motion.

Plaintiffs have offered to enter into a Stipulated Protective Order in this case that would restrict the use of class-list information only for purposes of prosecuting, defending or attempting to settle this action, which can be modeled after the "Sample Stipulated Protective Order" made available on the court's website by the Honorable Margo A. Rocconi. Defendant, however, steadfastly insists that it will not provide the class-list information absent a *Belaire-West* procedure. The parties therefore present this impasse to the Court for resolution.

**B.** **Defendant's Introductory Statement**

Defendant denies Plaintiffs' allegations of meal- and rest-period violations and indemnification violations. Defendant maintains and abides by compliant policies, all of which are communicated to its employees. Defendant contends that Plaintiffs and other putative class members are subject to unique individualized defenses not suitable for class treatment.

*1. Discovery at Issue*

Plaintiffs seek through discovery an exhaustive list of individuals who worked for Defendant in the State of California during the class period, including the names, job

LOCAL RULE 37-2 JOINT STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL DEFENDANT MENZIES AVIATION (USA), INC. TO PROVIDE CLASS LIST

titles/positions, and contact information of each. Defendant does not object to the
relevance of this request, and indeed has offered to produce the class list and requested
information subject only to the appropriate notice and opt-out procedures pursuant to
*Belaire-West* and the conventions of numerous courts in this District. Defendant raises
these important procedures not to delay Plaintiffs or obstruct discovery, but to safeguard
the third party privacy rights guaranteed by the California Constitution.

Defendant now asks this Court to determine the appropriate balance between
Plaintiffs' access to information and the privacy rights of Defendant's employees. As
discussed *supra*, federal courts in the Ninth Circuit and in this District are divided on the
question, lending it to certain policy reflection. It is Defendant's position that the
requested *Belaire-West* opt-out notice offers discrete privacy protections not readily
substituted by a Protective Order. While both measures impose vital limits, a Protective
Order does not afford the affected parties the same opportunity to affirmatively consent
to the disclosure of their private information.

Defendant further contends that the posture of this particular case renders it a more
suitable candidate for opt-out notice than the cases on which Plaintiffs rely. Unlike
Plaintiffs' cited authority, there has been no motion or order in this case to extend the
deadline for class certification motion. If the requested opt-out procedures prove too
burdensome for Plaintiffs under the current April 10, 2023 class certification deadline,
they may move for an extension, thereby preserving the privacy rights of the putative
class while ameliorating Plaintiffs' concerns of delay.

Despite Plaintiffs' protest, Defendant does not ask for more than the foundational
guardrails of privacy. The requested contact information will be disclosed, but the putative
class members are entitled to a voice in that disclosure. Because Plaintiffs insist otherwise,
the parties now submit the issue to this Court to impose the appropriate limits.

LOCAL RULE 37-2 JOINT STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL
DEFENDANT MENZIES AVIATION (USA), INC. TO PROVIDE CLASS LIST

## II.    DISCOVERY AT ISSUE

As noted above, the sole interrogatory at issue in this motion is Plaintiffs' request for a class list under "Interrogatory No. 1." Said interrogatory, and Defendant's response thereto, state as follows—

### *INTERROGATORY NO. 1*

*Identify all of YOUR NON-EXEMPT EMPLOYEES," by stating their full names, physical and e-mail addresses, telephone numbers, and job titles/positions.*

### *RESPONSE TO INTERROGATORY NO. 1:*

*Defendant objects to this interrogatory on the ground that it seeks information protected by the third party privacy rights guaranteed by the California Constitution. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce a class list containing the information requested after the putative class members have been provided notice and an opportunity to opt out of having their contact information shared with class counsel.* See Belaire-West Landscape v. Superior Court, *149 Cal.App.4th 554 (2007).*

## III.    PLAINTIFFS' CONTENTIONS, POINTS AND AUTHORITIES

### A.    Identities and Contact Information of Potential Class Members are Discoverable

Under FRCP Rule 26(b), a party may obtain discovery on "any nonprivileged matter that is relevant to any party's claim or defense." *Fed. R. Civ. P. 26(b)(1).* It is well established that such discoverability applies to the identities and contact information of potential class members. *See, e.g., Faraji v. Target Corp.*, No. ED CV 17-155-ODW (SPx), 2017 U.S. Dist. LEXIS 228574, at *15 (C.D. Cal. Apr. 28, 2017) ("identity of potential class members is generally discoverable," as said individuals are "potential percipient witnesses to…wage and hour action"); *Bendon v. DTG Operations, Inc.*, No. ED CV 16-0861 FMO (AGRx), 2016 U.S. Dist. LEXIS 105681, at *2 (C.D. Cal. Aug. 4, 2016) ("contact information concerning the identity of potential class members is generally discoverable," as the "disclosure of names, addresses, and telephone numbers is a common

6

LOCAL RULE 37-2 JOINT STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL DEFENDANT MENZIES AVIATION (USA), INC. TO PROVIDE CLASS LIST

practice in the class action context"); *see also Fed. R. Civ. P. 26(a)* (requiring disclosure of name, address and phone number of each individual likely to have discoverable information under FRCP Rule 26(a)).

Plaintiffs in a putative class action may establish the propriety of such pre-certification class discovery by showing that it is needed to substantiate class allegations. *See Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) (plaintiff shows entitlement to pre-certification class discovery where "that discovery is likely to produce substantiation of the class allegations"). Here, Plaintiffs need the requested class-list information to substantiate the class allegations of numerosity, commonality and predominance with regard to their contentions that Defendant similarly deprived Plaintiffs and the putative class members of meal- and rest-break benefits and reimbursement of employment expenses. *See Faraji v. Target Corp.*, *supra*, 2017 U.S. Dist. LEXIS 228574, at *12-13 (in proposed wage-and-hour class action, plaintiff made "prima facie showing permitting her to pursue reasonable class discovery," as the requested "class contact information will enable plaintiff to contact class members to gather evidence to show commonality and predominance, among the other elements").

**B.    Absence of a *Belaire-West* Opt-Out Procedure Does Not Prevent Disclosure of Class-List Information**

Contrary to Defendant's insistence, the absence of a *Belaire-West* procedure that provides an opportunity for putative class members to opt out of disclosure of their contact information is not an absolute bar to disclosure of the class-list information sought by Plaintiffs. Rather, the federal courts in the Ninth Circuit, including in the Central District of California, have made clear that a Protective Order from the trial court, in lieu of a *Belaire-West* procedure, is sufficient to protect putative class members' privacy interests in their contact information. *See, e.g., Bouissey v. Swift Transp. Co.*, No. CV 19-3203-VAP (KKx), 2021 U.S. Dist. LEXIS 250653, at *7-9 (C.D. Cal. Jul. 14, 2021) (in proposed wage-and-hour class action, protective order that "restricts the use of such contact information only for purposes of prosecuting, defending, or attempting to settle the action"

7

LOCAL RULE 37-2 JOINT STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL DEFENDANT MENZIES AVIATION (USA), INC. TO PROVIDE CLASS LIST

held to be "sufficient to protect disclosure of putative class member contact information in federal litigation"); *Romero v. Select Empl. Servs.*, No. CV-19-06369-AB (AGRx), 2020 U.S. Dist. LEXIS 79907, at *7-10 (C.D. Cal. Mar. 31, 2020) (in proposed wage-and-hour class action, court rejected defendant's insistence that a *Belaire-West* procedure is required for disclosure of class contact information, as a "protective order with a provision that restricts the use of such contact information only for purposes of prosecuting or defending the action, or mediation, is generally sufficient to protect disclosure of contact information in federal litigation," and would "protect the putative class members' privacy concerns while providing Plaintiffs discovery that is likely to produce substantiation of the class allegations"); *Faraji v. Target Corp.*, No. ED CV 17-155-ODW (SPx), 2017 U.S. Dist. LEXIS 228574, at *15 (C.D. Cal. Apr. 28, 2017) ("identity of potential class members is generally discoverable," as said individuals are "potential percipient witnesses to…wage and hour action"); *Bendon v. DTG Operations, Inc.*, No. ED CV 16-0861 FMO (AGRx), 2016 U.S. Dist. LEXIS 105681, at * 3 (C.D. Cal. Aug. 4, 2016) (Olguin, D.J.) (denying parties' joint request for approval of *Belaire-West* notice; "Here, the court is not convinced that a notice pursuant to [*Belaire-West*] is necessary in this case. [Citation]. Under the circumstances, the court agrees with the reasoning of other courts that have allowed pre-certification discovery of putative class members' confidential information subject to a protective order, without requiring prior notice to the putative class members."); *see also Goro v. Flowers Foods, Inc.*, 334 F.R.D. 275, 287-88 (S.D. Cal. Aug. 17, 2018) (release of contact information not a serious invasion as information is not particularly sensitive and outside disclosure is restricted by protective order limiting disclosure to parties in the case and for the purposes of litigating the case only).

The decisions in *Bouissey* and *Romero*, which both involved proposed wage-and-hour class actions and presented the same discovery dispute as to the need for a *Belaire-West* procedure before disclosure of class-list information, are particularly instructive here.

In *Bouissey*, plaintiffs had filed a proposed class action on behalf of a class of non-exempt employees, and, like here, had similarly asserted "wage-and-hour claims arising

8

from Defendants' failure to…provide meal and rest periods or compensation in lieu thereof…" *Bouissey v. Swift Transp. Co.*, *supra*, 2021 U.S. Dist. LEXIS 250653, at *2. The discovery dispute in *Bouissey* is identical to that presented here, as it was "undisputed that putative class member contact information is relevant, discoverable, and should be produced," but the parties disputed whether they "must issue a <u>*Belaire*</u> notice before disclosure of the putative class member contact information." *Bouissey* at *6. The court ruled that a *Belaire-West* procedure was unnecessary.

The *Bouissey* court noted that courts have generally required *Belaire-West* procedures only where there are special privacy concerns, such as the disclosure of medical or financial information. *Bouissey* at *8. In this regard, the court found that "disclosure of 'contact information alone "involves no revelation of personal or business secrets, intimate activities…and threatens no undue intrusion to one's personal life,'" and that it "does not implicate putative class members' medical, financial, or other sensitive information." *Bouissey* at *8-9.

In *Romero*, the plaintiffs likewise sought to prosecute a wage-and-hour action on behalf of a class of non-exempt employees, and asserted essentially the same claims as those asserted here, for failure "to provide meal and rest breaks, and [failure] to reimburse for cell phone use and uniform maintenance." *Romero v. Select Empl. Servs.*, *supra*, 2020 U.S. Dist. LEXIS 79907, at *2. Like the parties here, the parties in *Romero* "dispute[d] whether Plaintiffs must issue a notice pursuant to [*Belaire-West*] before disclosure of the putative class member contact information." *Romero* at *7.

Like in *Bouissey*, the court in *Romero* noted that courts generally require *Belaire-West* procedures "only when there are special privacy concerns, such as the disclosure of medical or financial information." *Romero* at *9. In ruling that a *Belaire-West* procedure was unnecessary for the disclosure of class contact information, the *Romero* court explained:

> This case does not implicate putative class members' medical or financial information. The requested contact information is not

particularly sensitive. *See*, *e.g.*, *Fed. R. Civ. P. 26(a)* (requiring disclosure of name, address and phone number of each individual likely to have discoverable information under *Rule 26(a)*). A protective order with a provision that restricts the use of such contact information only for purposes of prosecuting or defending the action, or mediation, is generally sufficient to protect disclosure of contact information in federal litigation and the court sees no reason to depart of general practice in the case of contact information for putative class members. A protective order would protect the putative class members' privacy concerns while providing Plaintiffs discovery that is likely to produce substantiation of the class allegations.

*Romero* at *9-10.

Like in *Bouissey* and *Romero*, the class-list information requested by Plaintiffs here do not involve the sort of special privacy concerns, such as those contained in sensitive financial or medical information, that generally prompts courts in this district to require a *Belaire-West* procedure prior to disclosure in discovery. Consequently, like in those comparable wage-and-hour class actions, the court should reject Defendant's insistence that there be a *Belaire-West* procedure before it provides the class-list discovery.

**C.    Adopting the *Belaire-West* Procedure Will Delay and Prevent Plaintiffs From Reasonably Complying with the Court's Certification Deadline**

In addition, the parties' limited timeline to conduct pre-certification discovery prior to the deadline for a class certification motion disfavors the considerable delay that a *Belaire-West* procedure would require here.

In *Faraji v. Target Corporation*, another wage-and-hour class action, the court rejected the defendant's insistence that a *Belaire-West* procedure be employed prior to disclosure of class contact information on grounds that "the existing protective order 'should…adequately address the privacy' intrusion concerns putative class members may

have." *Faraji v. Target Corp.*, *supra*, 2017 U.S. Dist. LEXIS 228574, at *17. In so ruling, however, the court also relied on the timing constraints presented by a looming class certification deadline, explaining that "Defendant's proposal prolongs the date of disclosure as long as possible and would effectively block plaintiff from using the discovery information." *Faraji* at *16. The court explained that "the roughly two months remaining" prior to the class certification deadline was insufficient "to thoroughly conduct precertification discovery if an opt-out notice is also required," and thus ruled that "notice is not necessary 'both for pragmatic and legal reasons' given the limited discovery timeframe remaining." *Faraji* at *17; *see also Gamino v. Kpc Healthcare Holdings*, No. 5:20-cv-01126-SB-SHK, 2021 U.S. Dist. LEXIS 85759, at * 22 (C.D. Cal. Apr. 30, 2021) ("Although the <u>Belaire-West</u> notice would further protect the privacy of the putative class members, the Court declines to order a <u>Belaire-West</u> notice in light of the impending briefing for class certification. The Court does not believe there is adequate time for a <u>Belaire-West</u> notice, and as discussed above, the Court does not find that the current protective order in place is inadequate to protect the privacy interests of the putative class members.").

Here, by the time of the anticipated hearing on this discovery motion on February 15, 2022, it will be less than 2 months before the April 10, 2023 deadline to file Plaintiffs' motion for class certification. Assuming the Court orders the parties to implement a *Belaire-West* procedure on the date of the motion hearing, it will likely take at least two weeks to select a mutually-agreeable Notice Administrator and agree on the language of a *Belaire-West* notice, such that dissemination of the *Belaire-West* notice will not be made until approximately one month before the class certification deadline.

Under this scenario, the customary 60-day opt-out period would mean that Plaintiffs would not obtain discovery of class contact information until a month ***after*** the class certification deadline. A shortened opt-out period of 30 days would result in Plaintiffs receiving discovery of class contact information at the same time their class certification

LOCAL RULE 37-2 JOINT STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL DEFENDANT MENZIES AVIATION (USA), INC. TO PROVIDE CLASS LIST

motion is due, which would effectively block Plaintiffs from using the discovery information for purposes of class certification.

With this discovery timeframe, the unnecessary delay of a *Belaire-West* procedure would unfairly prejudice Plaintiffs' ability to prepare for class certification, particularly in light of the fact that an appropriate Protective Order would adequately protect the putative class members' privacy interests.  *See Faraji* at *16-17.

## IV.   DEFENDANT'S CONTENTIONS, POINTS AND AUTHORITIES

### A.   Putative Class Members Possess a Legally Protected Privacy Interest in Their Personal Identifying Information

Under *Hill v. Nat'l Collegiate Athletic Assn.*, the elements for an invasion of privacy claim under the California Constitution include (i) a legally protected privacy interest, (ii) a reasonable expectation of privacy, (iii) and a serious invasion of that privacy interest.  7 Cal. 4th 1, 36-38 (1994).  The *Hill* analysis ultimately requires a balancing of the interests. *Id.* at 37.  This analytical framework has generally informed questions of putative class privacy in California and is apposite here.  *See Pioneer Elecs. (USA), Inc. v. Superior Ct.*, 40 Cal. 4th 360, 371 (2007).

Employees in wage-and-hour class action cases possess a legally protected privacy interest in their personal contact information—a fact that Plaintiffs do not dispute.  *See Belaire-West Landscape*, 149 Cal.App.4th at 561; Cal. Const., art. I, § 1.  And while it is established that such employees could reasonably be expected to disclose their contact information to a class action plaintiff, that expectation is not without limitation.  After all, they have entrusted their private information in their employer, and are entitled to the appropriate balance of protections under the circumstances.  Plaintiffs seek, as part of their discovery request, the disclosure of the private telephone numbers of the putative class members.  Such requests have led district courts to find a "heightened" privacy interest. *See Francisco v. Emeritus Corp.*, No. CV 17-2871 BRO (SSx), 2017 WL 11036693, at *7 (C.D. Cal. Sept. 5, 2017) (collecting cases).

In this context, the question, therefore, becomes: which protective measures would assuage the employees' reasonable expectation of privacy while balancing the class plaintiffs' need for discovery?  The answer for a string of cases in the Central District has been the opt-out procedure provided under *Belaire-West*.

## B.    Protective Order is Not an Adequate Substitute for *Belaire-West* Opt-Out Procedure

Plaintiffs maintain that a Protective Order sufficiently protects putative class members' privacy interests in lieu of a *Belaire-West* procedure.  This overlooks the material differences between the two measures: A Protective Order merely limits the disclosure of certain identified information; *Belaire-West* procedure goes a step further.  It ensures written notice of the proposed disclosure and provides current and former employees with the opportunity to object to the release of their contact information.  Without the affirmative consent requirement of *Belaire-West*, non-party individuals are rendered passive observers of the disclosure of their personal identifying information.  It was this rationale that inspired the procedure's creation and continues to guide courts in the Ninth Circuit.  Indeed, contrary to Plaintiffs' contention, numerous district courts in this Circuit have adopted the *Belaire-West* opt-out notice procedure for employment class actions.  *See, e.g.*, *Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503, 512 (C.D. Cal. 2011); *Arredondo v. Sw. & Pac. Specialty Fin., Inc.*, No. 1:18-cv-01737-DAD-SKO, 2019 WL 6128657, at *8 (E.D. Cal. Nov. 18, 2019); *Aldapa v. Fowler Packing Co.*, 310 F.R.D. 583, 588 (E.D. Cal. 2015); *Murphy v. Target Corp.*, No. 09cv1436-AJB (WMc), 2011 WL 2413439, at *4 (S.D. Cal. June 14, 2011).

Likewise, federal courts in the Central District of California have routinely found *Belaire-West* notice to provide important privacy protections for employees not yet parties to the action.  *See, e.g.*, *Hamilton v. Kold Trans*, LLC, No. 5:21-cv-01859-MEMF-SP, 2022 WL 3574173, at *4 (C.D. Cal. July 22, 2022) ("the court finds the proper balance between plaintiff's access to information and any privacy issues is accomplished through an opt-out notice"); *Trujillo v. Chef's Warehouse W. Coast LLC*, No. 2:19-cv-08370 DSF (MAAx),

2020 WL 7315346, at *24 (C.D. Cal. Oct. 19, 2020) ("a *Belaire-West* notice adds another layer of protection, giving Defendant's employees—who are not, at this time, parties to the action—the right to decide whether their contact information should be disclosed at all"); *Dawson v. HITCO Carbon Coponsites, Inc.*, No. CV 16-7337 PSG (FFMx), 2018 WL 3815032, at *3 (C.D. Cal. June 22, 2018) ("although defendant raises a legitimate concern with respect to the privacy rights of non-parties, the Court finds that these concerns may be ameliorated through the use of a protective order ***and*** a *Belaire* notice") (emphasis added); *Francisco*, 2017 WL 11036693, at *8; *Manigo v. Time Warner Cable, Inc.*, No. CV 16-6722-JFW (PLAx), 2016 WL 9281314, at *3 (C.D. Cal. Dec. 29, 2016) ("defendants' concern for the privacy rights of potential class members, as well as its concern regarding producing confidential or trade secret information, can be addressed through a protective order, ***and*** by use of an opt-out procedure") (emphasis added); *Lopez v. Delta Air Lines, Inc.*, No. CV 15-7302 SVW (SSx), 2016 WL 11758903, at *5 (C.D. Cal. Mar. 2, 2016) ("'[o]pting out' allows those who may want nothing to do with the case to exclude themselves"); *Nguyen*, 275 F.R.D. at 512 ("the Court finds that the proper balance between access to information and privacy rights is accomplished through an opt-out notice").

Accordingly, courts in this District have ordered such opt-out notice procedures in myriad analogous cases involving the disclosure of putative class member contact information. *See, e.g.*, *Hamilton*, 2022 WL 3574173, at *4 (ordering the parties to employ an opt out procedure to protect the third party privacy rights of putative plaintiffs); *Fierro v. Dyncorp Int'l LLC*, No. 2:19-cv-07091-DDP-JC, 2021 WL 6332538, at *6 (C.D. Cal. Jan. 18, 2021) (same with costs to be borne by the plaintiff); *Trujillo*, 2020 WL 7315346, at *24 (same); *Heredia v. Sunrise Senior Living LLC*, No. 8:18-cv-01974-JLS (JDEx), 2019 WL 7865176, at *6 (C.D. Cal. Oct. 31, 2019) (same); *Dawson*, 2018 WL 3815032, at *3 (same); *Francisco*, 2017 WL 11036693, at *8 (same); *Manigo*, 2016 WL 9281314, at *3; *Lopez*, 2016 WL 11758903, at *5 (same); *Bright v. Dennis Garberg & Assocs., Inc.*, No. CV 10-7933 AHM(JCx), 2011 WL 13150146, at *18 (C.D. Cal. Nov. 15, 2011)

(same); *Nguyen*, 275 F.R.D. at 512 (same); *Nguyen v. BDO Seidman, LLP*, No. SACV 07-1352-JVS (MLGx), 2008 WL 11411504, at *2 (C.D. Cal. Nov. 18, 2008), *aff'd*, No. SACV 07-01352-JVS (MLGx), 2009 WL 10700477 (C.D. Cal. Jan. 5, 2009).

This case is no different.  Plaintiffs' request for third-party names, job titles/positions, physical and e-mail addresses, and telephone numbers implicates sufficient privacy concerns to necessitate *Belaire-West*'s added "layer of protection" and "the right to decide whether their contact information should be disclosed at all."  *Trujillo*, 2020 WL 7315346, at *24.

C.    **Plaintiffs Are Not Unfairly Prejudiced by the Court's Certification Deadline**

Plaintiffs argue that *Belaire-West* procedure would delay and unfairly prejudice Plaintiffs given the current April 10, 2023 deadline for a class certification motion.  They rely on *Faraji* for the proposition that the timing constraints of a class certification deadline are sufficient reason to forego *Belaire-West* notice.  2017 U.S. Dist. LEXIS 228574, at *17.  Plaintiffs fail to mention, however, that the *Faraji* court had previously granted the plaintiffs' motion to extend the deadline for plaintiffs to file a motion for class certification. *Id.* at *3-4.  By contrast, Plaintiffs have not requested any extension in this case.  This simple act would account for the privacy interests of the putative class members while providing Plaintiffs ample time to meet their deadline.  That Plaintiffs invested their time preparing this Stipulation rather than requesting to extend their filing deadline pursuant to Your Honor's Procedures cannot now be leveraged as reason to deny the appropriate privacy protections.

Further, Defendant served interrogatory responses on December 30, 2022.  Had Plaintiffs simply acquiesced to this painless opt-out procedure in December, there would be no concerns of delay.  The time constraints on which Plaintiffs rely are a product of their own inflexibility.  The privacy interests of Defendant's employees should not be cast aside as a result.

LOCAL RULE 37-2 JOINT STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL DEFENDANT MENZIES AVIATION (USA), INC. TO PROVIDE CLASS LIST

## V.    CONCLUSION

### A.    Plaintiffs' Conclusion

For the reasons set forth above, Plaintiffs respectfully request that the Court issue an Order compelling Defendant to provide a supplemental response to Plaintiffs Interrogatory No. 1 that provides the names, job titles/positions, physical and e-mail addresses, and telephone numbers of the putative class members in this action.  In view of the need to conduct adequate discovery before the Court's certification deadline, Plaintiffs request that Defendant be ordered to comply within two (2) days of the Court's Order.

### B.    Defendant's Conclusion

For the foregoing reasons, Defendant respectfully requests that the Court order the requested *Belaire-West* opt-out notice procedure so Defendant may properly provide Plaintiffs with the information sought under Plaintiffs' Interrogatory No. 1.  Defendant further requests that Plaintiffs bear the cost of the *Belaire-West* notice as they are "in the best position to weigh the usefulness of the information [they] seek[] versus the cost." *Willner v. Manpower, Inc.*, No. C 11-2846 JST (MEJ), 2013 WL 12324002, at *2 (N.D. Cal. Mar. 27, 2013).

Defendant asks in the alternative that if the Court finds for Plaintiffs and orders the requested contact information without *Belaire-West* notice, that the Court grant its Order subject to the protections set forth in *Bouissey*.  Namely, that Plaintiffs' counsel (i) inform putative class members at the outset that the member has a right not to communicate with counsel; (ii) inform the putative class member that their refusal to speak with counsel will not prejudice their rights should the court certify the class; (iii) keep a list of all employees who make it known that they do not wish to be contacted and preserve that list for the court; and (iv) use the obtained contact information only for purposes of the class action.

LOCAL RULE 37-2 JOINT STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL
DEFENDANT MENZIES AVIATION (USA), INC. TO PROVIDE CLASS LIST

Dated: January 24, 2023          **LAW OFFICES OF C. JOE SAYAS, JR. and KING CHENG MILLER & JIN, LLP**


By:     /s/ C. Joe Sayas, Jr.
           C. JOE SAYAS, JR.
           KARL P. EVANGELISTA
           Attorneys for Plaintiffs


Dated: January 24, 2023          **FOLEY & LARDNER, LLP**


By:     /s/ Kevin Jackson
           CHRISTOPHER WARD
           KEVIN JACKSON
           Attorneys for Defendant

### **Local Rule 5-4.3.4(a)(2) Attestation**

I hereby attest that the other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: January 24, 2023        **LAW OFFICES OF C. JOE SAYAS, JR.**


By:     /s/ C. Joe Sayas, Jr.
               C. JOE SAYAS, JR.
               KARL P. EVANGELISTA
               Attorneys for Plaintiffs

LOCAL RULE 37-2 JOINT STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL DEFENDANT MENZIES AVIATION (USA), INC. TO PROVIDE CLASS LIST