**LAW OFFICES OF C. JOE SAYAS, JR.**
C. JOE SAYAS, JR. (Bar No. 122397)
KARL P. EVANGELISTA (Bar No. 250685)
500 N. Brand Boulevard, Suite 980
Glendale, California 91203
Telephone: (818) 291-0088
Facsimile: (818) 240-9955

**KING CHENG MILLER & JIN, LLP**
DAVID P. KING (Bar No. 136765)
3675 Huntington Drive, Suite 200
Pasadena, California 91107
Telephone: (626) 304-9001
Facsimile: (626) 304-9002

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA PATRICIA AMAYA, an individual; and BRAYAN LOZANO GONZALEZ, an individual; on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-05915-MCS-MAR<br>Hon. Margo A. Rocconi<br><br>**DISCOVERY MATTER**<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEFENDANT MENZIES AVIATION (USA), INC. TO PROVIDE CLASS LIST**<br><br>*Local Rule 37-2.3*<br><br>Date:  February 15, 2023<br>Time:   11:00 a.m.<br>Courtroom:   790 (Roybal Fed. Bldg.)<br><br>**Class Cert. Deadline:  April 10, 2023**<br><br>Complaint Filed:   August 19, 2022<br>Sched. Order:   December 16, 2022 |

a

## I. DEFENDANT'S AUTHORITIES DO NOT SUPPORT CONTENTION THAT A PROTECTIVE ORDER IS INSUFFICIENT

Defendant Menzies Aviation (USA), Inc. (hereafter, "Defendant") insists that the customary request for names and contact information of putative class members cannot be sufficiently protected by a Protective Order from this Court, such that a *Belaire* procedure is necessary. In support of same, Defendant cites to 14 cases in which *Belaire* was used, but does not specify the circumstances leading to it. A review of Defendant's cases show that the circumstances in those cases were vastly different from those presented here.

As noted in *Trujillo v. Chef's Warehouse West Coast LLC*—a case also cited to by Defendant—the "predominant practice is to allow pre-certification discovery of putative class members' contact information subject to a protective order, without requiring a *Belaire-West* notice," and "courts 'generally have required *Belaire-West* notices only when there are special privacy concerns, such as the disclosure of medical or financial information, and/or when the parties have agreed to such notice.'" *Trujillo v. Chef's Warehouse W. Coast LLC*, No. 2:19-cv-08370 DSF (MAAx), 2020 U.S. Dist. LEXIS 246250, at *71 (C.D. Cal. Oct. 19, 2020) (emphasis supplied).[1] Unlike the cases cited to

---

[1] *See also Bouissey v. Swift Transp. Co.*, No. CV 19-3203-VAP (KKx), 2021 U.S. Dist. LEXIS 250653, at *7-9 (C.D. Cal. Jul. 14, 2021) ("Generally, federal courts in the Ninth Circuit have also held that **a protective order, in lieu of a *Belaire* notice, sufficiently protects putative class members' privacy interests in the confidentiality of their contact information**. The reason for this is twofold. First, disclosure of 'contact information alone "involves no revelation of personal or business secrets, intimate activities…and threatens no undue intrusion to one's personal life."' Second, the terms of a protective order may limit the use and distribution of the information of putative class members. Here, while the Court recognizes the putative class members' right to privacy, this right is not absolute. Moreover, this case does not implicate putative class members' medical, financial or other sensitive information. While some putative class members may not want to talk to Plaintiffs' counsel, any intrusion into their privacy will be minor and brief. The Court, therefore, finds that parties' stipulated protective order, which includes a provision that restricts the use of such contact information only for purposes of prosecuting, defending, or attempting to settle the action, sufficient to protect disclosure of putative

1    by Defendant, there are no special circumstances here that dictate the use of a *Belaire*

2    procedure.  A suitable Protective Order from this Court is "sufficient to protect disclosure

3    of putative class member contact information in [this] federal litigation."  *See Bouissey*,

4    *supra*, 2021 U.S. Dist. LEXIS 250653, at \*9.

5       **A.    Parties' Assent to *Belaire* Distinguishes Defendant's Cited Cases**

6       Of the 14 cases cited by Defendant, 10 involved a situation in which the plaintiffs

7    acceded to—and sometimes even themselves asked for—a *Belaire* procedure.  These cases

8    are inapposite.  *See Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503, 512 (C.D. Cal.

9    2011) ("Plaintiff's counsel requested an opt-out notice, otherwise known as a 'Belaire

10   notice,' while Defendant's counsel requested an 'opt-in' notice."); *Arredondo v. Sw. &*

11   *Pac. Specialty Fin., Inc.*, No. 1:18-cv-01737-DAD-SKO, 2019 U.S. Dist. LEXIS 200750,

12   at \*8 (E.D. Cal. Nov. 18, 2019) ("Plaintiff has agreed to utilize a *Belaire-West* opt-out

13   notice procedure for class members who wish to opt-out of disclosure of their information.

14   The parties disagree, however, over whether a *Belaire-West* notice should be sent to all

15   putative class members or only a sample."); *Aldapa v. Fowler Packing Co.*, 310 F.R.D. 583,

16   587-88 (E.D. Cal. 2015) (rejecting defendant's opt-in procedure and instead ordering—

17   without objection from plaintiff—*Belaire* opt-out notice); *Hamilton v. Kold Trans, LLC*,

18   5:21-cv-01859_MEMF-SP, 2022 U.S. Dist. LEXIS 151586, at \*11 (C.D. Cal. Jul. 22,

19   2022) ("…plaintiff withdrew his opposition to a *Belaire-West* notice"); *Trujillo v. Chef's*

20   *Warehouse W. Coast LLC*, 2:29-cv-08370 DSF (MAAx), 2020 U.S. Dist. LEXIS 246250,

21   at \*73-74 (C.D. Cal. Oct. 19, 2020) ("Plaintiff states that 'it matters not…whether the

22   production of contact information is obtained through either a *Belaire-West* notice or

23   pursuant to the Parties' already filed and signed Stipulated Protective Order' provided,

24   based on *Williams*, that the Parties 'split the cost associated with the dissemination of the

25

26

27   _____

28   class member contact information in federal litigation.") (emphasis supplied) (internal
     citations omitted).

_____

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
DEFENDANT MENZIES AVIATION (USA), INC. TO PROVIDE CLASS LIST

notice, as is common practice in both class action and PAGA enforcement litigation.'");[2] *Dawson v. Hitco Carbon Coponsites, Inc.*, CV 16-7337 PSG (FFMx), 2018 U.S. Dist. LEXIS 217505, at *5-9 (C.D. Cal. Jun. 22, 2018) (in response to privacy objections, court ordered—*sua sponte*, and without objection from plaintiff—a *Belaire* notice); *Fierro v. Dyncorp Int'l, LLC*, 2:19-cv-07091-DDP-JC, 2021 U.S. Dist. LEXIS 249918, at *5-6 (C.D. Cal. Jan. 18, 2021) (only dispute as to discovery of class-list information was "whether the information should be produced pursuant to an 'opt out' procedure versus an 'opt in' procedure");[3] *Heredia v. Sunrise Senior Living LLC*, No. 8:18-cv-01974-JLS (JDEx), 2019 U.S. Dist. LEXIS 226747, at *13 (C.D. Cal. Oct. 31, 2019) ("Defendant has proposed, and Plaintiff has not objected to, the use of <u>Belaire-West</u> notices…");[4] *Bright v. Dennis Garberg & Assocs.*, No. CV 10-7933 AHM(JCx), CV 10-9574 AHM(JCx), 2011 U.S. Dist.

---

[2] Moreover, contrary to Defendant's assertion, the *Trujillo* court explicitly found "that the **Protective Order**—which Defendant itself negotiated—**is sufficient to protect the privacy interests at stake**," and that "the privacy intrusion at issue does not rise to the level" that would "require additional protection." *Trujillo* at *76 (emphasis supplied). However, in recognition of plaintiff's "willingness to yield the [*Belaire*] decision to Defendant subject to an appropriate cost allocation," the *Trujillo* court gave defendant the option of providing the class list, subject to a protective order: (i) without a *Belaire* notice; or (ii) after a *Belaire* notice for which defendants would bear the full costs. *Trujillo* at *76-77.

[3] Contrary to Defendant's assertion, *Fierro* did not find that the full costs of a *pre-certification Belaire* procedure should be borne by plaintiffs. *See Fierro* at *16 ("The fact that the briefing on the current motion for class certification has been completed does impact the proportionality analysis, but it causes the Court to require Plaintiff to bear to the entire cost of the <u>Belaire</u> notification procedure—not to entirely relieve Defendant of the obligation to produce the information in issue.")

[4] The *Heredia* decision is also different in that the court there expressly found special privacy concerns: "Unlike an employment class action, where courts have found disclosure of 'contact information alone "involves no revelation or personal or business secrets, intimate activities…and threatens no undue intrusion to one's personal life,"' here the putative class is made up of persons who, by definition, are residents of senior assisted-living facilities; as such, disclosure of their names and contact information does itself reveal private, sensitive information." *See Heredia* at *12-13 (internal citations omitted).

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
DEFENDANT MENZIES AVIATION (USA), INC. TO PROVIDE CLASS LIST

LEXIS 168549, at *13-14 (C.D. Cal. Nov. 15, 2011) (in response to third-party privacy objections, court ordered—*sua sponte*, and without objection from plaintiff—a *Belaire* notice); *Nguyen v. BDO Seidman, LLP*, No. SACV 07-1352-JVS (MLGx), 2008 U.S. Dist. LEXIS 137626, at *4-6 (C.D. Cal. Nov. 18, 2008) (ordered production of class list, but further ordered *sua sponte*, and without objection from plaintiff—a *Belaire* notice).

Unlike in the foregoing, the special circumstance of parties' assent to *Belaire* is not present here. *See Bouissey*, *supra,* at *7-9; *Trujillo*, *supra*, at *71.

**B.    *Murphy*, *Lopez* and *Francisco* Had No Looming Certification Deadlines**

Of the 4 remaining cases in which *Belaire* was actually contested by plaintiffs, 3 of these are distinguishable from the present case by the pointed absence of a looming class certification deadline. In *Murphy*, plaintiffs argued that *Belaire* was inappropriate due to a looming certification deadline, which the court found "unpersuasive because the Court has vacated the class certification deadline," and because "Plaintiff's counsel previously advocated the use of an opt-out procedure." *Murphy v. Target Corp.*, No. 09cv1436-AJB (WMc), 2011 U.S. Dist. LEXIS 62458, at *11-12 (S.D. Cal. Jun. 14, 2011). In *Lopez*, the court noted that plaintiff's objection to *Belaire* was based on "concerns…about the amount of time that would be required," without reference to any pending certification deadline. *Lopez v. Delta Air Lines, Inc.*, No. CV 15-7302 SVW (SSx), 2016 U.S. Dist. LEXIS 204825, at *17 (C.D. Cal. Mar. 2, 2016). However, a subsequent decision reflects that the class certification order in *Lopez* was issued on December 16, 2016, *Lopez v. Delta Air Lines, Inc.*, No. CV 15-07302-SVW-SS, 2017 U.S. Dist. LEXIS 236174, at *2 (C.D. Cal. Mar. 30, 2017), suggesting that the certification motion deadline was in the fall of 2016, nearly a year following the court's *Belaire* order. In *Francisco v. Emeritus Corporation*, the court similarly noted that the sole objection to *Belaire* was the "short deadline by which Plaintiff must file for class certification," which the court rejected as the court had "granted the Parties' stipulated request to extend the class certification motion deadline." *Francisco v. Emeritus Corp.*, No. CV 17-2871 (BRO) (SSx), 2017 U.S. Dist. LEXIS 222894, at *19 (C.D. Cal. Sep. 5, 2017). Here, unlike in the foregoing, there is a looming certification

- 4 -

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
DEFENDANT MENZIES AVIATION (USA), INC. TO PROVIDE CLASS LIST

deadline that disfavors the delay of a *Belaire* procedure,[5] particularly in light of the sufficiency of a Protective Order to protect putative class members' names and contact information.  These cases are distinguishable.

### C.    *Manigo* **Not Limited to Names and Contact Information**

The remaining *Manigo* case is also distinguishable.  As noted above, courts will generally order a *Belaire* procedure when there are special privacy concerns.  *See Trujillo*, *supra*, at \*71.  In *Manigo*, the court ruled that "plaintiffs' need for names and addresses of potential class members, as well as certain employment records, outweighs the asserted privacy rights," such that employment records showing hours worked and wages paid, along with names and contact information, must be produced by defendant "subject to an opt-out procedure."  *Manigo v. Time Warner Cable, Inc.*, No. CV 16-6722-JFW (PLAx), 2016 U.S. Dist. LEXIS 191650, at \*10-15 (C.D. Cal. Dec. 29, 2016).  Unlike in *Manigo*, the discovery at issue in this motion involves only names and contact information of putative class members.  In such circumstances, a suitable Protective Order from this Court is "sufficient to protect disclosure of putative class member contact information."  *See Bouissey*, *supra*, at \*9.

Dated: February 1, 2023

**LAW OFFICES OF C. JOE SAYAS, JR. and
KING CHENG MILLER & JIN, LLP**

By:    /s/ C. Joe Sayas, Jr.
C. JOE SAYAS, JR.
KARL P. EVANGELISTA
Attorneys for Plaintiffs

---

[5] Defendant, however, is dismissive of the timing considerations in this case, implying that Plaintiffs can easily have the Court extend the class certification deadline.  The implication is misplaced here.  The Court has made clear from the outset that it is "very committed to adhering to all scheduled dates" and that "[c]hanges in dates are disfavored," such that any request for a continuance of the certification deadline, "whether by application or stipulation,…must be supported by good cause demonstrating why the change in the date is essential."  *See* Dkt. No. 5, at p. 3:12-18.

- 5 -

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
DEFENDANT MENZIES AVIATION (USA), INC. TO PROVIDE CLASS LIST