UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  2:22-cv-5915-MCS-MARx | Date:  February 16, 2023 |
| Title:  *Dora Patricia Amaya v. Menzies Aviation USA, Inc. et al.* | |

Present: The Honorable:  MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| Erica Bustos | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Karl Evangelista | Kevin Jackson |

**Proceedings:  (In Court) MOTION TO COMPEL DEFENDANT MENZIES AVIATION USA, INC. TO PROVIDE CLASS LIST, DKT. 23**

On January 25, 2023, Plaintiffs, Dora Patricia Amaya and Baryan Lozano Gonzalez (collectively, "Plaintiffs"), filed a Motion to Compel ("Motion to Compel") against Menzies Aviation, (USA), Inc. ("Defendant") and Doe Defendants (collectively, "Defendants").  ECF Docket No. ("Dkt.") 23.  For the reasons set forth below, Plaintiffs' Motion to Compel is **DENIED** as written, but **GRANTED** in part, with restrictions.

## I.
## BACKGROUND

Plaintiffs filed this putative class action against Defendants on August 19, 2022.  ECF Docket No. ("Dkt.") 1.  Plaintiffs filed the operative First Amended Complaint on August 30, 2022.  Dkt. 7.  Plaintiffs and the putative class members they seek to represent are non-exempt employees of Defendant.  Dkt. 23 at 2.  Defendant is an aviation-services company that provides ground-handling, cargo-handling, and fueling services for its customers in the aviation industry.  Id.

The discovery dispute at issue relates to Plaintiffs' request for discovery of the class list in this proposed wage-and-hour class action—i.e., the names and contact information of all putative class members.  Dkt. 23-1 at 4–5.  Specifically, the dispute centers on the question of whether Defendant must follow the state court's Belaire-West procedure before providing the discovery, whereby putative class members are given notice and an opportunity to opt out prior to disclosure of their names and contact information.  Id.

Defendant contends that they must follow the Belaire-West notice procedure before Defendant may disclose any names and contact information.  Id.  Plaintiffs contend that the federal courts in this circuit, including in the Central District of California, have made clear that, in lieu of a Belaire-West procedure, a protective order that limits the use of the information to the lawsuit is sufficient to protect putative class members' privacy interests in the confidentiality of their names and contact information.  Id. at 2–4.

## II.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-5915-MCS-MARx             Date: February 16, 2023

Title: *Dora Patricia Amaya v. Menzies Aviation USA, Inc. et al.*

**DISCUSSION**

**A. APPLICABLE LAW**

Putative class members' right to privacy is a recognized state privilege in a federal action based upon diversity jurisdiction. See Hill v. Eddie Bauer, 242 F.R.D. 556, 562 (C.D. Cal. 2007) ("third-party privacy rights, which, although not a federally recognized privilege, would be a state recognized privilege in a federal action based on diversity jurisdiction"). California recognizes some privacy protection for personal identifying information. See Pioneer Elecs. (USA), Inc. v. Superior Ct., 40 Cal. 4th 360, 372 (2007). These privacy rights, however, must be balanced against the right of civil litigants to discovery under the governing legal standards. See id. at 371; Putnam v. Eli Lilly and Co., 508 F. Supp. 2d 812, 813 (C.D. Cal. 2007). In addition, "[p]rotective measures, safeguards, and other alternatives may minimize the privacy intrusion. 'For example, if intrusion is limited and confidential information is carefully shielded from disclosure except to those who have a legitimate need to know, privacy concerns are assuaged.'" Pioneer Elecs. (USA), Inc., 40 Cal. 4th at 372 (quoting Hill v. Nat'l Collegiate Athletic Ass'n, 7 Cal. 4th 1, 38 (1994)).

Notably, the Ninth Circuit has held as follows:

> There is no federal requirement that parties use a Belaire-West notice. . . . In fact, district courts have frequently opted for "a protective order, in lieu of a Belaire-West notice," Goro v. Flowers Foods, Inc., No. 17-cv-02580, 2018 WL 3956018, at *9 (S.D. Cal. Aug. 17, 2018), particularly when "there [was] not sufficient time to allow for [the] [n]otice," Thomas-Byass v. Michael Kors Stores (Cal.), Inc., No. 15-00369, 2015 WL 5568609, at *5 (C.D. Cal. Sept. 22, 2015).

Davidson v. O'Reilly Auto Enterprises, LLC, 968 F.3d 955, 965 (9th Cir. 2020)

Additionally, the court in Austin v. Foodliner, Inc., 2018 WL 1168694, *2 (N.D. Cal. Mar. 6, 2018), noted that [federal] courts "generally have required Belaire-West notices only when there are special privacy concerns, such as the disclosure of medical or financial information, and/or when the parties have agreed to such notice." Id.

**B. ANALYSIS**

Here, Plaintiffs are requesting the names, physical and e-mail addresses, telephone numbers, and job titles/positions of putative class members. This information is similar to what is already required to be disclosed under Rule 26(a) of the Federal Rules of Civil Procedure. See, e.g., Fed. R. Civ. P. 26(a) (requiring disclosure of name, address and phone number of each individual likely to have discoverable information under Rule 26(a)). Moreover, Plaintiffs do not request any particularly sensitive information that courts have held could indicate a need for heightened privacy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-5915-MCS-MARx                                              Date:  February 16, 2023

Title:   <u>*Dora Patricia Amaya v. Menzies Aviation USA, Inc. et al.*</u>

measures, such as, medical, financial, or individualized work data.  See <u>Chavez v. Petrissans</u>, No. 08-cv-00122-LJO (GSA), 2008 WL 4177797, at *4 (E.D. Cal. Sept. 5, 2008) (explaining "privacy concerns" existed where plaintiff sought to discover timekeeping and payroll records of potential class members).

Furthermore, with respect to the possible intrusion such disclosure may cause, while some putative class members may not want to talk to Plaintiffs' counsel, courts in similar cases have found that any resulting intrusion will likely be minor and brief.  See <u>York v. Starbucks Corp.</u>, No. CV08-7919-GAF (PJWx), 2009 WL 3177605, at *1 (C.D. Cal. June 30, 2009).  Additionally, "[t]he need [for the requested discovery] is especially compelling here where the information to be disclosed concerns not disinterested third parties, but rather potential plaintiffs themselves."  <u>Thomas-Byass</u>, 2015 WL 5568609, at *5.[1]

In analogous situations, courts have found sufficient a protective order with a provision that restricts the use of such contact information to the prosecution or defense of the action, or for use in mediation.  See <u>Davidson</u>, 968 F.3d at 965; <u>Goro</u>, 2018 WL 3956018, at *9, <u>Thomas-Byass</u>, 2015 WL 5568609, at *5.  Notably, Defendant provides no compelling reason to depart from that general practice here.[2]

With respect to the timing issue, the district court here has set the deadline to file for class certification for April 10, 2023—less than two months from the date of the hearing on this Motion.  In <u>Davidson</u>, the Ninth Circuit specifically discussed how a protective order was favored over a <u>Belaire-West</u> procedure when "there [was] not sufficient time to allow for [the] [n]otice."  <u>Davidson</u>, 968 F.3d at 965 (discussing ninety (90) days as possibly being an insufficient amount of time to complete the <u>Belaire-West</u> procedure); <u>see also</u> <u>Thomas-Byass</u>, 2015 WL 5568609, at *5 (finding six (6) weeks was not sufficient time), <u>Gamino v. Kpc Healthcare Holdings, Inc.</u>, No. CV-5-20-01126-SB (SHK), 2021 WL 1729689, at *7 (C.D. Cal. April 30, 2021) (finding three (3) months was not sufficient time).  As such, with less than two (2) months until the class certification deadline, here there also appears to be insufficient time to implement a <u>Belaire-West</u> procedure.

Still, Defendant argues Plaintiffs could have and could still seek an extension of the deadline, should this Court require a <u>Belaire-West</u> procedure.[3]  However, for the reasons explained above,

---

[1] Some courts have found a <u>Belaire-West</u> procedure is warranted when there are multiple class action lawsuits seeking to contact the same pool of putative class members.  See <u>Eacret v. Crunch, LLC</u>, No. CV-18-04374-JST (RMI), 2021 WL 712322, at *4 (N.D. Cal. Feb. 24, 2021).  However, that issue is not implicated here.

[2] The Court notes that both parties provided helpful and comprehensive briefing on the issue.

[3] Defendant also argues that, had the parties implemented the <u>Belaire-West</u> procedure in December 2022 when the discovery was first sought, they would have had sufficient time to implement it.  However, the timeline does not reveal that either party unreasonably delayed: Defendant served discovery responses on December 30, 2022, requesting the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-5915-MCS-MARx                                    Date:  February 16, 2023

Title:     *Dora Patricia Amaya v. Menzies Aviation USA, Inc. et al.*

that is not necessary, given that the caselaw of our circuit and district heavily favor a protective order in cases similar to the instant one, where there is no heightened privacy interest to warrant special protections.

Defendant requests that, if the Belaire-West procedure is not imposed, the Court issue additional protections regarding Plaintiffs' counsel contacting putative class members.  Defendant requests that Plaintiffs' counsel: (1) inform putative class members at the outset that the member has a right not to communicate with counsel; (2) inform the putative class members that their refusal to speak with counsel will not prejudice their rights should the court certify the class; (3) keep a list of all employees who make it known that they do not wish to be contacted and preserve that list for the court; and (4) use the obtained contact information only for purposes of the class action.  Dkt. 23-1 at 16.  Defendant's first three requests are in line with what other courts have ordered in analogous situations.  See Bouissey v. Swift Tranp. Co., No. CV 19-3203-VAP (KKx), 2021 U.S. Dist. LEXIS 250653, at *9 (C.D. Cal. July 14, 2021).  However, the fourth request is unnecessary, as the forthcoming protective order will already limit the use of the information to the current litigation.

Defendant also requests, if a Belaire-West notice is ordered by this Court, that Plaintiffs be ordered to pay the costs of the procedure.  Dkt. 23-1 at 16.  For the reasons above, the Court declines to order notice pursuant to the Belaire-West procedure; accordingly, Defendant's request is denied as moot.

**III.
ORDER**

Plaintiffs' Motion to Compel is **DENIED** as written, but **GRANTED** in part, with restrictions.  The Court orders as follows:

(1) Within 14 days after entry of this order, or on a date mutually agreed by the parties, Defendant shall provide responses to Interrogatory No. 1 that discloses contact information (full names, physical and e-mail addresses, telephone numbers, and job titles/positions) for putative class members during the class period.
(2) The parties shall file a proposed stipulated Protective Order in this action within 7 days after entry of this order.  The Protective Order shall follow the Court's model Order provided on the website.  Defendant may designate its responses to Interrogatory No. 1 as confidential pursuant to the Protective Order.
(3) The Protective order shall additionally reflect that, when Plaintiffs' counsel contacts putative class members, Plaintiffs' counsel shall advise the putative class member at the

---

Belaire-West procedure; the Parties met and conferred on January 5, 2023; and the parties reached out to this Court about the issue on January 6, 2022.  See Dkt. 23-1 at 3.  As such, it does not appear that either party has acted in bad faith to try to "run out the clock."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 2:22-cv-5915-MCS-MARx                                               Date: February 16, 2023

Title: *Dora Patricia Amaya v. Menzies Aviation USA, Inc. et al.*

outset that the member has a right not to communicate with counsel; that their refusal to speak with counsel will not prejudice their rights should the court certify the class; and counsel shall keep a list of all employees who make it known that they do not wish to be contacted and preserve that list for the court.

(4) Defendant's Motion for Plaintiffs to pay the cost of the Belaire-West notice is **DENIED** as moot.

**IT IS SO ORDERED.**

                                                                                            :
                                                            **Initials of Preparer**   eb