**LAW OFFICES OF C. JOE SAYAS, JR.**
C. Joe Sayas, Jr. (SBN 122397)
Karl P. Evangelista (SBN 250685)
500 N. Brand Boulevard, Suite 980
Glendale, California 91203
Tel: 818.291.0088
Fax: 818.240.9955

**KING CHENG MILLER & JIN, LLP**
DAVID P. KING (SBN 136765)
3675 Huntington Drive, Suite 200
Pasadena, California 91107
Telephone: (626) 304-9001
Facsimile: (626) 304-9002

Attorneys for Plaintiffs

CHRISTOPHER WARD (SBN 238777)
**FOLEY & LARDNER LLP**
555 S. Flower Street, Suite 3300
Los Angeles, California 90071-2418
Tel: 213.972.4500
Fax:      213.486.0065

KEVIN JACKSON (SBN 278169)
**FOLEY & LARDNER LLP**
11988 El Camino Real, Suite 400
San Diego, California 92130-2594
Tel:  858.847.6700
Fax:  858.792.6773

Attorneys for Defendant MENZIES AVIATION (USA), INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA PATRICIA AMAYA, an individual; and BRAYAN LOZANO GONZALEZ, an individual; on behalf of themselves and others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No.: 2:22-cv-05915-MCS-MAR<br><br>CLASS ACTION<br><br>**STIPULATION FOR EXTENSION OF CLASS CERTIFICATION AND RELATED DEADLINES** |

**TO THE HONORABLE COURT:**

　　Plaintiffs Dora Patricia Amaya and Brayan Lozano Gonzalez (collectively, "Plaintiffs"), by and through their respective counsel of record, respectfully seek a Court Order continuing the class certification and related deadlines in this case for fourteen (14) days, and Defendant Menzies Aviation (USA), Inc. (hereafter, "Defendant") has stipulated

to that request.  Plaintiffs' Motion for Class Certification is currently due on or before April 10, 2023, Defendant's Opposition is due on May 1, 2023, Plaintiffs' Reply brief is due on May 22, 2023, and the hearing on the certification motion is scheduled for June 12, 2023 at 9:00 a.m.  Dkt. No. 22.

The parties have not previously sought an extension of any deadlines in this matter. As detailed below, Plaintiffs and Defendant (collectively, the "Parties") agree that there is good cause for the agreed-upon extension, in that, despite the Parties' diligent and good-faith efforts to exchange discovery in this matter, the Parties require additional time to complete all the discovery necessary for class certification briefing.

## **RECITALS**

WHEREAS, Plaintiffs promptly and have diligently pursued discovery in this matter following Defendant's filing of their Answer on October 25, 2022, which discovery Plaintiffs commenced by requesting Defendant, via counsel on November 7, 2022, to participate in the early conference of counsel pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("FRCP");

WHEREAS, on November 11, 2022, Plaintiffs then served Defendant with Plaintiffs' First Set of Requests for Production of Documents and Things pursuant to FRCP Rule 34, as well as a Notice of Deposition of Defendant pursuant to FRCP Rule 30(b)(6);

WHEREAS, on November 22, 2022, the Parties conducted their conference of counsel pursuant to FRCP Rule 26(f), in which the Parties comprehensively discussed, *inter alia*, their respective discovery plans;

WHEREAS, on November 23, 2022, Plaintiffs then served Defendant with an amended version of Plaintiffs' First Set of Requests for Production of Documents and Things pursuant to FRCP Rule 34;

WHEREAS, on December 2, 2022, Plaintiffs provided Defendant, via counsel and as requested at the Parties' FRCP Rule 26(f) Conference, with relevant federal authorities pertinent to the Parties' dispute as to whether a *Belaire-West* notice was required prior to

STIPULATION FOR EXTENSION OF CLASS CERTIFICATION AND RELATED DEADLINES

4859-6810-9907.1

Defendant's disclosure in discovery of the identities and contact information of putative class members;

WHEREAS, on December 2, 2022, Plaintiffs also served Defendant with Plaintiffs' First Set of Interrogatories, which requested, *inter alia*, Defendant to provide Plaintiffs with identities and contact information of putative class members (i.e., class-list information), in order to obtain evidence necessary to establish numerosity, commonality, and predominance;

WHEREAS, on December 5, 2022, the Parties filed their "Joint Federal Rule of Civil Procedure 26(f) Report for Scheduling Conference," Dkt. No. 19;

WHEREAS, on December 6, 2022, the Parties mutually exchanged the required Initial Disclosures pursuant to FRCP Rule 26(a)(1)(A);

WHEREAS, on December 6, 2022, the Parties agreed, following meet-and-confer discussions between counsel, that Defendant's responses to Plaintiffs' production requests and interrogatories would all be due by no later than December 30, 2022;

WHEREAS, on December 16, 2022, the Court issued a "Scheduling Order" in this matter, which, *inter alia*, set the deadline to file any Motion for Class Certification on April 10, 2023, with any Opposition due by May 1, 2023, any Reply brief due by May 22, 2023, and the hearing on class certification scheduled for June 12, 2023 at 9:00 a.m., Dkt. No. 22;

WHEREAS, on December 21, 2022, Defendant served Plaintiffs with Requests for Production of Documents under FRCP Rule 34, as well as Notices of Deposition under FRCP 30;

WHEREAS, with regard to the various Notices of Deposition served by the Parties in discovery, counsel for all Parties have agreed, for purposes of efficiency, said depositions are to be re-scheduled for dates following production of all documents pertinent to class certification issues that is required to meaningfully complete these noticed depositions in advance of the class certification briefing;

WHEREAS, on December 30, 2022, Defendant served Plaintiffs, via counsel, with written responses to: (i) Plaintiffs first set of production requests, and (ii) Plaintiffs' first set of interrogatories;

WHEREAS, by letter dated January 3, 2023, Plaintiffs requested that Defendant meet and confer on Defendant's discovery responses;

WHEREAS, on January 5, 2023, the Parties' conducted a pre-motion discovery conference, pursuant to Local Rule 37-1, on Plaintiffs' request for discovery of class-list information and Defendant's assertion that it was obligated to protect the individual privacy rights of current and former employees, similar to as set forth in *Belaire-West* and therefore appropriately objected to Plaintiffs' request for class-list information as drafted in Plaintiffs' written discovery requests;

WHEREAS, on January 6, 2023, Plaintiffs' counsel, in compliance with the requirements of the Honorable Margo A. Rocconi for any discovery motions to first participate in a Pre-Motion Telephonic Conference, sent an e-mail to the Magistrate Judge's Deputy Clerk requesting said conference;

WHEREAS, via e-mail on January 12, 2023, Plaintiffs' counsel requested that Defendant produce the documents it agreed to produce in its written discovery responses of December 30, 2022;

WHEREAS, via e-mail on January 13, 2023, Defendant's counsel responded that Defendant would produce the documents it agreed to produce by January 17, 2023;

WHEREAS, on January 13, 2023, Judge Rocconi granted Plaintiffs leave to file their motion to compel production of class-list information without a Pre-Motion Telephonic Conference;

WHEREAS, on January 17, 2023, Defendant produced documents responsive to Plaintiffs' first set of production requests;

WHEREAS, on January 17, 2023, Plaintiffs provided Defendant with Plaintiffs' portion of a draft Joint Stipulation, pursuant to Local Rule 37-2.2, regarding Plaintiffs' Motion to Compel Defendant to produce class-list information;

WHEREAS, via e-mails exchanged on January 17, 2023 and January 18, 2023, the Parties' respective counsel continued their meet-and-confer discussions regarding Plaintiffs' Motion to Compel discovery of class-list information and the issue of a *Belaire-West* notice and opt-out procedure;

WHEREAS, via e-mail on January 19, 2023, Plaintiffs requested that the Parties engage in meet-and-confer discussions regarding the status of discovery provided by Defendant;

WHEREAS, on January 20, 2023, Plaintiffs served their responses to Defendant's production requests;

WHEREAS, on January 24, 2023, Defendant provided Plaintiffs with Defendant's portion of the Local Rule 37-2.2 Joint Stipulation regarding Plaintiffs' Motion to Compel Defendant to produce class-list information, and Plaintiffs then filed said Motion to Compel on January 25, 2023, Dkt. No. 23;

WHEREAS, on January 26, 2023, the Parties' counsel participated in a telephone conference to discuss the status of discovery provided by Defendant, including Plaintiffs' proposal regarding Defendant's production of redacted time and pay records to address Defendant's privacy objections asserted on behalf of putative class members;

WHEREAS, via e-mail on January 31, 2023, Plaintiffs provided Defendant with a detailed list of documents which the latter agreed to produce but had yet to do so, and reiterated Plaintiffs' proposal regarding Defendant's production of redacted time and pay records;

WHEREAS, on February 1, 2023, Plaintiffs filed a Supplemental Brief in support of their Motion to Compel Defendant to provide class-list information, pursuant to Local Rule 37-2.3, Dkt. No. 24;

WHEREAS, via e-mail on February 3, 2023, Defendant's counsel responded to Plaintiffs' January 31st email with assurances that Defendant is working on the production of all responsive documents it agreed to produce, and would shortly provide an estimate of when such production would be completed;

|     |     |
| --- | --- |
| 1   | WHEREAS, via e-mail on February 6, 2023, Plaintiffs' counsel requested that Defendant produce all documents it agreed to produce by no later than February 8, 2023; |

WHEREAS, via e-mail on February 6, 2023, Plaintiffs' counsel requested that Defendant produce all documents it agreed to produce by no later than February 8, 2023;

WHEREAS, via letter dated February 10, 2023, and pursuant to the requirements of Local Rule 37-1, Plaintiffs requested that Defendant participate in a pre-motion discovery conference regarding Defendant's production of documents;

WHEREAS, via e-mail exchanges on February 13-15, 2023, Defendant's and Plaintiffs' counsel mutually agreed to a telephonic discovery conference to be conducted on February 16, 2023;

WHEREAS, on February 15, 2023, the Court conducted a hearing on Plaintiffs' Motion to Compel regarding discovery of class-list information, after which the Court issued an Order on February 16, 2023 compelling production of class-list information without a *Belaire-West* procedure, Dkt. No. 28;

WHEREAS, on February 16 and 17, 2023, Plaintiffs' counsel attempted to reach Defendant's counsel for their scheduled discovery teleconference but was unable to do so;

WHEREAS, Defendant's counsel requested to re-schedule the Parties' Local Rule 37-1 discovery conference to Monday, February 20, 2023;

WHEREAS, on February 17, 2023, and pursuant to Judge Rocconi's February 16th Order, Dkt. No. 28, Plaintiffs provided Defendant, via counsel, with a draft Stipulated Protective Order incorporating the terms required by Judge Rocconi's Order;

WHEREAS, early in the morning of Monday, February 20, 2023, one of Defendant's counsel informed Plaintiffs' counsel, via e-mail, that he would be unable to participate in the Parties' scheduled discovery conference due to a sudden and ultimately fatal automobile accident of a very close friend, and asked that it be re-scheduled;

WHEREAS, via e-mail on February 22, 2023, Defendant's counsel provided proposed changes to the draft Stipulated Protective Order transmitted by Plaintiffs on February 17, 2023, which was then immediately filed with the Court on the same date, Dkt. No. 29;

STIPULATION FOR EXTENSION OF CLASS CERTIFICATION AND RELATED DEADLINES

4859-6810-9907.1

WHEREAS, on February 23, 2023, Plaintiffs' and Defendant's counsel meet-and-confer discussions regarding Defendant's production of documents, as well as production of redacted time and pay records for putative class members;

WHEREAS, the Parties' meet-and-confer discussions remain ongoing, with Defendant committing to production of all outstanding documents on or before March 2nd as directed by Judge Rocconi, and continued exchanges regarding the Parties' differing proposals regarding the proper scope of production of putative class members' time and pay records in this proposed wage-and-hour class action;

WHEREAS, the Parties have tentatively agreed that the previously-noticed depositions in this matter shall be re-scheduled for dates in mid to late March, in light of the presently-anticipated dates for Defendant's completion of production requested by Plaintiffs;

WHEREAS, on February 24, 2023, the Court entered the Stipulated Protective Order in this case, Dkt. No. 31;

WHEREAS, pursuant to Judge Rocconi's February 16th Order, Dkt. No. 28, Defendant has until March 2, 2023 to provide the class-list information of its former and current employees, which Defendant presently estimates to be approximately 7,500 in number;

WHEREAS, it is imperative for Plaintiffs to commence investigation and communicate with a reasonable number of putative class members in order to meet Plaintiffs' burden of proof under FRCP Rule 23;

WHEREAS, the Parties agree that, despite the Parties' diligent efforts at discovery, and in light of delays due to reasons beyond the reasonable control of the Parties, no less than fourteen (14) additional days are necessary and appropriate in order to complete discovery necessary for class certification briefing, and to prepare the Parties' respective positions on a motion for class certification;

WHEREAS, the Court has broad discretion to modify the pretrial schedule in an action "if it cannot reasonably be met despite the diligence of the party seeking the extension," *see Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002);

WHEREAS, the Parties believe that good cause exists here to grant a modest 14-day extension of the applicable deadlines, in that despite Plaintiffs' diligent and significant efforts, as described above, Plaintiffs cannot reasonably meet the deadlines presently applicable in this case;

**WHEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES THAT:**

The Parties agree to the Court amending the present deadlines and class certification briefing schedule as follows, or alternatively, to dates in the Court's discretion consistent with the Parties' request.

| Event | Current Deadline/Date | Requested Deadline/Date |
| --- | --- | --- |
| Deadline to File a Motion for Class Certification | April 10, 2023 | April 24, 2023 |
| Deadline to File an Opposition to the Motion for Class Certification | May 1, 2023 | May 15, 2023 |
| Deadline to File a Reply in Support of the Motion for Class Certification | May 22, 2023 | June 5, 2023 |
| Hearing Date on Motion for Class Certification | June 12, 2023, at 9:00 a.m. | June 26, 2023, at 9:00 a.m. |
| Expert Disclosure (Initial) | July 24, 2023 | August 7, 2023 |
| Expert Disclosure (Rebuttal) | August 21, 2023 | September 4, 2023 |
| Non-Expert Discovery Cut-Off | September 18, 2023 | October 2, 2023 |
| Expert Discovery Cut-Off | October 23, 2023 | November 6, 2023 |

Dated: February 28, 2023     **LAW OFFICES OF C. JOE SAYAS, JR. and KING CHENG MILLER & JIN, LLP**

By:   /s/ C. Joe Sayas, Jr.
C. JOE SAYAS, JR.
KARL P. EVANGELISTA
Attorneys for Plaintiffs

Dated: February 28, 2023     **FOLEY & LARDNER, LLP**

By:   /s/ Christopher Ward
CHRISTOPHER WARD
KEVIN JACKSON
Attorneys for Defendant Menzies Aviation (USA), Inc.

## **Local Rule 5-4.3.4(a)(2) Attestation**

I, C. Joe Sayas, Jr., hereby attest that all signatories listed above, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.

Dated: February 28, 2023                                         /s/ C. Joe Sayas, Jr.
                                                                              C. JOE SAYAS, JR.