**LAW OFFICES OF C. JOE SAYAS, JR.**
C. Joe Sayas, Jr. (SBN 122397)
Karl P. Evangelista (SBN 250685)
500 N. Brand Boulevard, Suite 980
Glendale, California 91203
Tel: 818.291.0088
Fax: 818.240.9955

**KING CHENG MILLER & JIN, LLP**
DAVID P. KING (SBN 136765)
3675 Huntington Drive, Suite 200
Pasadena, California 91107
Telephone: (626) 304-9001
Facsimile: (626) 304-9002

Attorneys for Plaintiffs

CHRISTOPHER WARD (SBN 238777)
**FOLEY & LARDNER LLP**
555 S. Flower Street, Suite 3300
Los Angeles, California 90071-2418
Tel: 213.972.4500
Fax:     213.486.0065

KEVIN JACKSON (SBN 278169)
**FOLEY & LARDNER LLP**
11988 El Camino Real, Suite 400
San Diego, California 92130-2594
Tel:  858.847.6700
Fax:  858.792.6773

Attorneys for Defendant MENZIES AVIATION (USA), INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA PATRICIA AMAYA, an individual; and BRAYAN LOZANO GONZALEZ, an individual; on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-05915-MCS-MAR<br><br>CLASS ACTION<br><br>**STIPULATION FOR FURTHER EXTENSION OF CLASS CERTIFICATION DEADLINES AND FIRST EXTENSION OF DISCOVERY DEADLINES** |

**TO THE HONORABLE COURT:**

Plaintiffs Dora Patricia Amaya and Brayan Lozano Gonzalez (collectively, "Plaintiffs") respectfully seek a Court order continuing the class certification and related deadlines in this case for fourteen (14) days, and Defendant Menzies Aviation (USA), Inc. (hereafter, "Defendant") has stipulated to that request. Plaintiffs' Motion for Class

Certification is currently due on or before April 24, 2023, Defendant's Opposition is due on May 15, 2023, Plaintiffs' Reply brief is due on June 5, 2023, and the hearing on the certification motion is scheduled for June 26, 2023 at 9:00 a.m. Dkt. No. 33. The parties' initial Expert Disclosures are currently due by July 24, 2023, rebuttal Expert Disclosures are due by August 21, 2023, the Non-Expert Discovery Cut-Off is on September 18, 2023, and the Expert Discovery Cut-Off is on October 23, 2023. Dkt. No. 22.

The parties previously requested, by stipulation, a 14-day extension of the deadlines listed above, Dkt. No. 32, which the Court granted as to the deadlines to file a Motion for Class Certification and the Opposition and Reply briefs to same, and for the hearing date for said class certification motion. Dkt. No. 33.

Due to an unexpected medical emergency suffered by Lead Counsel for Plaintiffs, Plaintiffs and Defendant (collectively, the "Parties") now seek a second extension of the class certification deadlines, as well as a first extension of the above-noted discovery and expert disclosure deadlines, in order to allow the parties sufficient time and opportunity to prepare this case for certification, and ultimately, trial. As detailed below, the Parties agree that there is good cause for the agreed-upon extension, in that, despite the Parties' diligent and good-faith efforts to conduct discovery in this matter, the Parties require additional time to complete all the discovery necessary for class certification and trial.

## **RECITALS**

WHEREAS, Plaintiffs promptly and have diligently pursued discovery in this matter following Defendant's filing of their Answer on October 25, 2022, which discovery Plaintiffs commenced by requesting Defendant, via counsel on November 7, 2022, to participate in the early conference of counsel pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("FRCP");

WHEREAS, on November 11, 2022, Plaintiffs then served Defendant with Plaintiffs' First Set of Requests for Production of Documents and Things pursuant to FRCP Rule 34, as well as a Notice of Deposition of Defendant pursuant to FRCP Rule 30(b)(6);

WHEREAS, on November 22, 2022, the Parties conducted their conference of counsel pursuant to FRCP Rule 26(f), in which the Parties comprehensively discussed, *inter alia*, their respective discovery plans;

WHEREAS, on November 23, 2022, Plaintiffs then served Defendant with an amended version of Plaintiffs' First Set of Requests for Production of Documents and Things pursuant to FRCP Rule 34;

WHEREAS, on December 2, 2022, Plaintiffs provided Defendant, via counsel and as requested at the Parties' FRCP Rule 26(f) Conference, with relevant federal authorities pertinent to the Parties' dispute as to whether a *Belaire-West* notice was required prior to Defendant's disclosure in discovery of the identities and contact information of putative class members;

WHEREAS, on December 2, 2022, Plaintiffs also served Defendant with Plaintiffs' First Set of Interrogatories, which requested, *inter alia*, Defendant to provide Plaintiffs with identities and contact information of putative class members (i.e., class-list information), in order to obtain evidence necessary to establish numerosity, commonality, and predominance;

WHEREAS, on December 5, 2022, the Parties filed their "Joint Federal Rule of Civil Procedure 26(f) Report for Scheduling Conference," Dkt. No. 19;

WHEREAS, on December 6, 2022, the Parties mutually exchanged the required Initial Disclosures pursuant to FRCP Rule 26(a)(1)(A);

WHEREAS, on December 6, 2022, the Parties agreed, following meet-and-confer discussions between counsel, that Defendant's responses to Plaintiffs' production requests and interrogatories would all be due by no later than December 30, 2022;

WHEREAS, on December 16, 2022, the Court issued a "Scheduling Order" in this matter, which, *inter alia*, set the deadline to file any Motion for Class Certification on April 10, 2023, with any Opposition due by May 1, 2023, any Reply brief due by May 22, 2023, and the hearing on class certification scheduled for June 12, 2023 at 9:00 a.m., Dkt. No. 22;

STIPULATION FOR FURTHER EXTENSION OF CLASS CERTIFICATION DEADLINES AND
FIRST EXTENSION OF DISCOVERY DEADLINES

WHEREAS, the December 16, 2022 Scheduling Order also set the deadlines for initial and rebuttal Expert Disclosures, respectively, for July 24, 2023 and August 21, 2023, set the Non-Expert Discovery Cut-Off for September 18, 2023, and set the Expert Discovery Cut-Off for October 23, 2023;

WHEREAS, on December 21, 2022, Defendant served Plaintiffs with Requests for Production of Documents under FRCP Rule 34, as well as Notices of Deposition for Plaintiffs under FRCP 30;

WHEREAS, with regard to the various Notices of Deposition served by the Parties in discovery, as described above, counsel for all Parties agreed that, for purposes of efficiency, said depositions are to be re-scheduled for dates following production of all documents pertinent to class certification issues that are required to meaningfully complete the noticed depositions in advance of the class certification briefing;

WHEREAS, on December 30, 2022, Defendant served Plaintiffs, via counsel, with written responses to: (i) Plaintiffs' first set of production requests, and (ii) Plaintiffs' first set of interrogatories;

WHEREAS, by letter dated January 3, 2023, Plaintiffs requested that Defendant meet and confer on Defendant's discovery responses;

WHEREAS, on January 5, 2023, the Parties' conducted a pre-motion discovery conference, pursuant to Local Rule 37-1, on Plaintiffs' request for discovery of class-list information, and Defendant's assertion that it was obligated to protect the individual privacy rights of current and former employees, similar to as set forth in *Belaire-West*, such that Defendant objected to Plaintiffs' request for class list-information as drafted in Plaintiffs' written discovery requests;

WHEREAS, on January 6, 2023, Plaintiffs' counsel, in compliance with the requirements of the Honorable Margo A. Rocconi for any discovery motions, that parties first participate in a Pre-Motion Telephonic Conference, sent an e-mail to the Magistrate Judge's Deputy Clerk requesting said conference;

     WHEREAS, on January 13, 2023, Judge Rocconi granted Plaintiffs leave to file their motion to compel production of class-list information without a Pre-Motion Telephonic Conference;

     WHEREAS, on January 17, 2023, Defendant produced documents responsive to Plaintiffs' first set of production requests;

     WHEREAS, on January 17, 2023, Plaintiffs provided Defendant with Plaintiffs' portion of a draft Joint Stipulation, pursuant to Local Rule 37-2.2, regarding Plaintiffs' Motion to Compel Defendant to produce class-list information;

     WHEREAS, via e-mails exchanged on January 17, 2023 and January 18, 2023, the Parties' respective counsel continued their meet-and-confer discussions regarding Plaintiffs' Motion to Compel discovery of class-list information and the issue of a *Belaire-West* notice and opt-out procedure;

     WHEREAS, via e-mail on January 19, 2023, Plaintiffs requested that the Parties engage in meet-and-confer discussions regarding the status of discovery provided by Defendant;

     WHEREAS, on January 20, 2023, Plaintiffs served their responses to Defendant's production requests;

     WHEREAS, on January 24, 2023, Defendant provided Plaintiffs with Defendant's portion of the Local Rule 37-2.2 Joint Stipulation regarding Plaintiffs' Motion to Compel Defendant to produce class-list information, and Plaintiffs then filed said Motion to Compel on January 25, 2023, Dkt. No. 23;

     WHEREAS, on January 26, 2023, the Parties' counsel participated in a telephone conference to discuss the status of discovery provided by Defendant, including Plaintiffs' proposal regarding Defendant's production of redacted time and pay records to address Defendant's privacy objections asserted on behalf of putative class members;

     WHEREAS, via e-mail on January 31, 2023, Plaintiffs provided Defendant with a detailed list of documents which the latter agreed to produce but had yet to do so, and

1   reiterated Plaintiffs' proposal regarding Defendant's production of redacted time and pay
2   records;
3       WHEREAS, on February 1, 2023, Plaintiffs filed a Supplemental Brief in support of
4   their Motion to Compel Defendant to provide class-list information, pursuant to Local Rule
5   37-2.3, Dkt. No. 24;
6       WHEREAS, via e-mail on February 3, 2023, Defendant's counsel responded to
7   Plaintiffs' January 31st email with assurances that Defendant is working on the production
8   of all responsive documents it agreed to produce, and would shortly provide an estimate of
9   when such production would be completed;
10      WHEREAS, via letter dated February 10, 2023, and pursuant to the requirements of
11  Local Rule 37-1, Plaintiffs requested that Defendant participate in a pre-motion discovery
12  conference regarding Defendant's production of documents;
13      WHEREAS, via e-mail exchanges on February 13-15, 2023, the Parties' respective
14  counsel mutually agreed to a telephonic discovery conference, in compliance with Local
15  Rule 37-1 to be conducted on February 16, 2023, regarding Plaintiffs' contemplated
16  discovery motion regarding Defendant's production of documents;
17      WHEREAS, on February 15, 2023, the Court conducted a hearing on Plaintiffs'
18  Motion to Compel regarding discovery of class-list information, after which the Court
19  issued an Order on February 16, 2023 compelling production of class-list information
20  without a *Belaire-West* procedure, Dkt. No. 28;
21      WHEREAS, on February 16-17, 2023, Plaintiffs' counsel attempted to reach
22  Defendant's counsel for their scheduled discovery teleconference but was unable to do so;
23      WHEREAS, Defendant's counsel requested to re-schedule the Parties' Local Rule
24  37-1 discovery conference to Monday, February 20, 2023, to which Plaintiffs' counsel
25  agreed;
26      WHEREAS, on February 17, 2023, and pursuant to Judge Rocconi's February 16th
27  Order, Dkt. No. 28, Plaintiffs provided Defendant, via counsel, with a draft Stipulated
28  Protective Order incorporating the terms required by Judge Rocconi's Order;

WHEREAS, early in the morning of Monday, February 20, 2023, one of Defendant's counsel informed Plaintiffs' counsel, via e-mail, that he would be unable to participate in the Parties' scheduled discovery conference due to a sudden and ultimately fatal automobile accident of a very close friend, and asked that it be re-scheduled;

WHEREAS, via e-mail on February 22, 2023, Defendant's counsel provided proposed changes to the draft Stipulated Protective Order transmitted by Plaintiffs on February 17, 2023, which was then immediately filed with the Court on the same date, Dkt. No. 29;

WHEREAS, on February 23, 2023, the Parties' respective counsel resumed meet-and-confer discussions regarding Defendant's production of documents, as well as production of redacted time and pay records for putative class members;

WHEREAS, on February 24, 2023, the Court entered the Stipulated Protective Order in this case, Dkt. No. 31;

WHEREAS, in the course of their meet-and-confer discussions regarding Defendant's production of documents, the Parties' respective counsel agreed that the previously-noticed depositions in this matter would be re-scheduled for dates in late March and early April 2023, in light of the amended, anticipated dates for Defendant's completion of production requested by Plaintiffs;

WHEREAS, in a rolling production made between February 24 – March 16, 2023, Defendant produced the voluminous documents and electronic data requested by Plaintiffs that had been the subject of the Parties' meet-and-confer discussions, including confidential time and pay records for putative class members;

WHEREAS, via multiple e-mail exchanges on February 24-28, 2023, the Parties' respective counsel agreed to re-schedule the previously-noticed FRCP Rule 30(b)(6) deposition of Defendant to March 23, 2023;

WHEREAS, on February 28, 2023, the Parties filed their "Stipulation for Extension of Class Certification and Related Deadlines," requesting that the Court amend its

Scheduling Order "in light of delays due to reasons beyond the reasonable control of the Parties," Dkt. No. 32;

WHEREAS, on March 2, 2023, Plaintiffs served deposition notices, pursuant to FRCP Rule 30(b)(1), for certain managers identified by Defendant in their discovery responses;

WHEREAS, via Order dated March 3, 2023, the Court granted 14-day extensions for the deadlines to file a Motion for Class Certification and the Opposition and Reply briefs to same, and for the hearing on the class certification motion, Dkt. No. 33;

WHEREAS, on March 3, 2023, pursuant to Judge Rocconi's February 16th Order, Dkt. No. 28, Defendant produced the confidential Class-List information for its former and current employees that were requested by Plaintiffs in discovery, providing names, contact information and job titles of said employees;

WHEREAS, Plaintiffs' counsel have been promptly and diligently reviewing and analyzing the voluminous documents and electronic data, collectively amounting to 343.55 MB in size, that were produced by Defendant in a rolling production between February 24 – March 16, 2023 as each set of documents and electronic data have been received in discovery;

WHEREAS, Plaintiffs' Lead Counsel, C. Joe Sayas, Jr., Esq. (hereafter, "Plaintiffs' Lead Counsel"), in particular, has invested significant time and effort in reviewing and analyzing the voluminous documents and electronic data produced by Defendant in order to prepare to take Defendant's FRCP Rule 30(b)(6) deposition on March 23, 2023;

WHEREAS, on March 14, 2023, whilst in the midst of his preparations for Defendant's FRCP Rule 30(b)(6) deposition, Plaintiffs' Lead Counsel experienced a sudden, unexpected medical emergency that resulted in his hospitalization;

WHEREAS, via e-mail on March 15, 2023, Plaintiffs' Lead Counsel requested that Defendant's FRCP Rule 30(b)(6) deposition scheduled for March 23, 2023 be continued to accommodate his ongoing medical treatments, to which Defendant's counsel agreed;

STIPULATION FOR FURTHER EXTENSION OF CLASS CERTIFICATION DEADLINES AND FIRST EXTENSION OF DISCOVERY DEADLINES

WHEREAS, Plaintiffs' Lead Counsel was hospitalized from March 14, 2023 through March 20, 2023 with a major illness, and was informed by his physicians upon discharge from the hospital that he would require continued medical treatments at home, by a Registered Nurse, through March 28, 2023;

WHEREAS, via e-mail on March 21, 2023, Plaintiffs' Lead Counsel requested that Defendant's FRCP Rule 30(b)(6) deposition be re-scheduled to a date subsequent to March 28, 2023, in order to allow for completion of the medical treatments compelled by his physicians;

WHEREAS, via e-mail on March 22, 2023, Defendant's counsel cooperatively agreed to re-schedule Defendant's FRCP Rule 30(b)(6) deposition to April 13, 2023, in order to accommodate the medical treatments of Plaintiffs' Lead Counsel;

WHEREAS, Plaintiffs have requested a date earlier than April 13, 2023, but have been informed that this is the earliest date available for Defendant's FRCP Rule 30(b)(6) designee subsequent to March 28, 2023;

WHEREAS, the April 13, 2023 deposition of Defendant's FRCP Rule 30(b)(6) designee is only eleven (11) days before the current April 24, 2023 deadline to file a Motion for Class Certification, which does not provide Plaintiffs' counsel with a reasonable opportunity to receive, review and analyze the deposition transcript from said deposition in order to prepare the class certification motion and its exhibits, as well as the anticipated application to file confidential information under seal;

WHEREAS, the sudden and unexpected unavailability of Plaintiffs' Lead Counsel for fifteen (15) days in March 2023 has also resulted in unfortunate and prejudicial delays to Plaintiffs' formulation of further discovery, including merits discovery, and the identification and selection of required experts, in preparation for trial following class certification;

WHEREAS, Plaintiffs anticipate the need for significant post-certification merits discovery and investigations regarding, for example: (i) the full scope of Defendant's obligations to its clients, including prompt and complete assistance to arriving and

departing airlines and their passengers, and air cargo customers, and said obligations' potential adverse impact on the ability of putative class members to take complete and timely meal and rest breaks, (ii) prior, similar claims or complaints of wage-and-hour violations so as to establish Defendant's willfulness for purposes of determining the propriety of assessing waiting-time and recordkeeping penalties under California Labor Code Sections 203 and 226, (iii) statistical surveys to evaluate premium wages due for missed rest breaks, (iv) identification of potential affiliate, parent or subsidiary defendants that may be joint employers, principals, or part of an integrated enterprise with Defendant and therefore jointly liable for the class claims made here, and (v) a more complete set of pay records to enable complete computations of premium wages due for each putative class member and the collective amount of wages due to the class;

WHEREAS, in light of the complexity of issues material to class certification in this matter, the Parties anticipate that pre-certification discovery and analyses will predominate all counsel's efforts through the hearing on a Motion for Class Certification, such that, assuming the Court grants a second 14-day continuance of said class certification hearing to July 10, 2023, the Parties will thereafter have: (i) only two (2) weeks to prepare for initial Expert Disclosures by the current deadline of July 24, 2023, and (ii) only ten (10) weeks to complete all remaining non-expert, merits discovery (i.e., those that did not overlap with prior, pre-certification discovery), including resolution of any discovery disputes as to same, by the current Non-Expert Discovery Cut-Off of September 18, 2023;

WHEREAS, the Parties agree that, despite the Parties' diligent efforts at discovery, and in light of delays due to the unanticipated medical emergency of Plaintiffs' Lead Counsel, no less than fourteen (14) additional days are necessary and appropriate in order to complete discovery necessary for class certification briefing, to prepare the Parties' respective positions on a motion for class certification, and to complete merits discovery and the designation of experts following certification, all in preparation for trial;

STIPULATION FOR FURTHER EXTENSION OF CLASS CERTIFICATION DEADLINES AND
FIRST EXTENSION OF DISCOVERY DEADLINES

WHEREAS, the Court has broad discretion to modify the pretrial schedule in an action "if it cannot reasonably be met despite the diligence of the party seeking the extension," *see Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002);

WHEREAS, the Parties believe that good cause exists here to grant a modest 14-day extension of the applicable deadlines, in that despite Plaintiffs' diligent and significant efforts, as described above, Plaintiffs cannot reasonably meet the deadlines presently applicable in this case;

**WHEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES THAT:**

The Parties agree to the Court amending the present deadlines and class certification briefing schedule as follows, or alternatively, to dates in the Court's discretion consistent with the Parties' request.

| Event | Current Deadline/Date | Requested Deadline/Date |
|---|---|---|
| Deadline to File a Motion for Class Certification | April 24, 2023 | May 8, 2023 |
| Deadline to File an Opposition to the Motion for Class Certification | May 15, 2023 | May 29, 2023 |
| Deadline to File a Reply in Support of the Motion for Class Certification | June 5, 2023 | June 19, 2023 |
| Hearing Date on Motion for Class Certification | June 26, 2023, at 9:00 a.m. | July 10, 2023, at 9:00 a.m. |
| Expert Disclosure (Initial) | July 24, 2023 | August 7, 2023 |
| Expert Disclosure (Rebuttal) | August 21, 2023 | September 4, 2023 |
| Non-Expert Discovery Cut-Off | September 18, 2023 | October 2, 2023 |
| Expert Discovery Cut-Off | October 23, 2023 | November 6, 2023 |

Dated: March 29, 2023      **LAW OFFICES OF C. JOE SAYAS, JR. and KING CHENG MILLER & JIN, LLP**

By:   /s/ C. Joe Sayas, Jr.
C. JOE SAYAS, JR.
KARL P. EVANGELISTA
Attorneys for Plaintiffs

Dated: March 29, 2023      **FOLEY & LARDNER, LLP**

By:   /s/ Kevin Jackson
CHRISTOPHER WARD
KEVIN JACKSON
Attorneys for Defendant Menzies Aviation (USA), Inc.

**Local Rule 5-4.3.4(a)(2) Attestation**

I, C. Joe Sayas, Jr., hereby attest that all signatories listed above, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.

Dated: March 29, 2023                                    /s/ C. Joe Sayas, Jr.
                                                         C. JOE SAYAS, JR.