**LAW OFFICES OF C. JOE SAYAS, JR.**
C. Joe Sayas, Jr. (SBN 122397)
Karl P. Evangelista (SBN 250685)
500 N. Brand Boulevard, Suite 980
Glendale, California 91203
Tel: 818.291.0088
Fax: 818.240.9955

**KING CHENG MILLER & JIN, LLP**
DAVID P. KING (SBN 136765)
3675 Huntington Drive, Suite 200
Pasadena, California 91107
Telephone: (626) 304-9001
Facsimile: (626) 304-9002

Attorneys for Plaintiffs

CHRISTOPHER WARD (SBN 238777)
**FOLEY & LARDNER LLP**
555 S. Flower Street, Suite 3300
Los Angeles, California 90071-2418
Tel: 213.972.4500
Fax:     213.486.0065

KEVIN JACKSON (SBN 278169)
**FOLEY & LARDNER LLP**
11988 El Camino Real, Suite 400
San Diego, California 92130-2594
Tel:  858.847.6700
Fax:  858.792.6773

Attorneys for Defendant MENZIES AVIATION (USA), INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA PATRICIA AMAYA, an individual; and BRAYAN LOZANO GONZALEZ, an individual; on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-05915-MCS-MAR<br><br>CLASS ACTION<br><br>**STIPULATION FOR FURTHER TWO-WEEK EXTENSION OF CLASS CERTIFICATION DEADLINES TO ACCOMMODATE DEFENDANT'S MANAGERS' AVAILABLE DEPOSITION SCHEDULE** |

**TO THE HONORABLE COURT:**

Plaintiffs Dora Patricia Amaya and Brayan Lozano Gonzalez (collectively, "Plaintiffs") respectfully seek a Court order further continuing the class certification and related deadlines in this case for fourteen (14) days to allow completion of previously-noticed depositions for pre-certification discovery, and Defendant Menzies Aviation

1

STIPULATION FOR FURTHER TWO-WEEK EXTENSION OF CLASS CERTIFICATION DEADLINES TO ACCOMMODATE DEFENDANT'S MANAGERS' AVAILABLE DEPOSITION SCHEDULE

(USA), Inc. (hereafter, "Defendant") has stipulated to that request. Plaintiffs' Motion for Class Certification is currently due on or before May 8, 2023, Defendant's Opposition is due on May 30, 2023, Plaintiffs' Reply brief is due on June 20, 2023, and the hearing on the certification motion is scheduled for July 10, 2023 at 9:00 a.m. Dkt. No. 35. The parties' initial Expert Disclosures are currently due by July 24, 2023, rebuttal Expert Disclosures are due by August 21, 2023, the Non-Expert Discovery Cut-Off is on September 18, 2023, and the Expert Discovery Cut-Off is on October 23, 2023. Dkt. No. 22.

Plaintiffs and Defendant (collectively, the "Parties") previously requested by stipulation, and obtained, 2-week extensions of the class certification deadlines on two prior occasions. On February 28, 2023, the Parties requested, by stipulation, a 14-day extension of the deadlines for class certification and discovery, Dkt. No. 32, which the Court granted as to the class certification deadlines. Dkt. No. 33. On March 29, 2023, the Parties then filed their "Stipulation for Further Extension of Class Certification Deadlines and First Extension of Discovery Deadlines," Dkt. No. 34, which the Court granted by Order dated March 30, 2023. Dkt. No. 35. The two (2) extensions of the class certification deadlines previously granted by the Court has resulted in an aggregate extension of twenty-eight (28) days from the initial class certification deadlines set in the Court's initial Scheduling Order.

As detailed below, the parties have been diligently engaged in discovery to prepare for briefing on the issues relevant to class certification. Notices of depositions were promptly served by Plaintiffs. However, despite the Parties' best efforts, the earliest dates when Plaintiffs' four (4) remaining pre-certification deponents, Defendant's managers, can be available for depositions will be the first week of May 2023, just 1 – 4 business days prior to the current deadline of May 8, 2023 to file a class certification motion. Plaintiffs are thus unable to take these important depositions of Defendant's managers with sufficient time to allow timely receipt and review of deposition transcripts prior to the class certification deadline.

STIPULATION FOR FURTHER TWO-WEEK EXTENSION OF CLASS CERTIFICATION
DEADLINES TO ACCOMMODATE DEFENDANT'S MANAGERS'
AVAILABLE DEPOSITION SCHEDULE

As such, the Parties now seek a third, 2-week extension of the class certification deadlines, in order to allow the Parties sufficient time and opportunity to prepare this case for class certification. As detailed below, the Parties agree that there is good cause for the agreed-upon extension, in that, despite the Parties' diligent and good-faith efforts to conduct discovery in this matter, the Parties require additional time to complete all the discovery necessary for class certification.

## **RECITALS**

WHEREAS, Plaintiffs promptly and have diligently pursued discovery in this matter following Defendant's filing of their Answer on October 25, 2022, which discovery Plaintiffs commenced by requesting Defendant, via counsel on November 7, 2022, to participate in the early conference of counsel pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("FRCP");

WHEREAS, on November 11, 2022, Plaintiffs then served Defendant with Plaintiffs' First Set of Requests for Production of Documents and Things pursuant to FRCP Rule 34, as well as a Notice of Deposition of Defendant pursuant to FRCP Rule 30(b)(6);

WHEREAS, on November 22, 2022, the Parties conducted their conference of counsel pursuant to FRCP Rule 26(f), in which the Parties comprehensively discussed, *inter alia*, their respective discovery plans;

WHEREAS, on November 23, 2022, Plaintiffs then served Defendant with an amended version of Plaintiffs' First Set of Requests for Production of Documents and Things pursuant to FRCP Rule 34;

WHEREAS, on December 2, 2022, Plaintiffs provided Defendant, via counsel and as requested at the Parties' FRCP Rule 26(f) Conference, with relevant federal authorities pertinent to the Parties' dispute as to whether a *Belaire-West* notice was required prior to Defendant's disclosure in discovery of the identities and contact information of putative class members;

WHEREAS, on December 2, 2022, Plaintiffs also served Defendant with Plaintiffs' First Set of Interrogatories, which requested, *inter alia*, Defendant to provide Plaintiffs

3

STIPULATION FOR FURTHER TWO-WEEK EXTENSION OF CLASS CERTIFICATION DEADLINES TO ACCOMMODATE DEFENDANT'S MANAGERS' AVAILABLE DEPOSITION SCHEDULE

with identities and contact information of putative class members (i.e., class-list information), in order to obtain evidence necessary to establish numerosity, commonality, and predominance;

WHEREAS, on December 5, 2022, the Parties filed their "Joint Federal Rule of Civil Procedure 26(f) Report for Scheduling Conference," Dkt. No. 19;

WHEREAS, on December 6, 2022, the Parties mutually exchanged the required Initial Disclosures pursuant to FRCP Rule 26(a)(1)(A);

WHEREAS, on December 6, 2022, the Parties agreed, following meet-and-confer discussions between counsel, that Defendant's responses to Plaintiffs' production requests and interrogatories would all be due by no later than December 30, 2022;

WHEREAS, on December 16, 2022, the Court issued a "Scheduling Order" in this matter, which, *inter alia*, set the briefing deadlines for any Motion for Class Certification, scheduled the hearing on said certification motion, and also set the discovery deadlines in this matter, Dkt. No. 22;

WHEREAS, on December 21, 2022, Defendant served Plaintiffs with Requests for Production of Documents under FRCP Rule 34, as well as Notices of Deposition for Plaintiffs under FRCP 30;

WHEREAS, with regard to the various Notices of Deposition served by the Parties in discovery, as described above, counsel for all Parties agreed that, for purposes of efficiency, said depositions would be re-scheduled for dates following production of all documents pertinent to class certification issues that are required to meaningfully complete the noticed depositions in advance of the class certification briefing;

WHEREAS, on December 30, 2022, Defendant served Plaintiffs, via counsel, with written responses to: (i) Plaintiffs' first set of production requests, and (ii) Plaintiffs' first set of interrogatories;

WHEREAS, by letter dated January 3, 2023, Plaintiffs requested that Defendant meet and confer on Defendant's discovery responses;

4

STIPULATION FOR FURTHER TWO-WEEK EXTENSION OF CLASS CERTIFICATION DEADLINES TO ACCOMMODATE DEFENDANT'S MANAGERS' AVAILABLE DEPOSITION SCHEDULE

WHEREAS, on January 5, 2023, the Parties conducted a pre-motion discovery conference, pursuant to Local Rule 37-1, on Plaintiffs' request for discovery of class-list information, and Defendant's assertion that it was obligated to protect the individual privacy rights of current and former employees, similar to as set forth in *Belaire-West*, such that Defendant objected to Plaintiffs' request for class list-information as drafted in Plaintiffs' written discovery requests;

WHEREAS, on January 6, 2023, Plaintiffs' counsel, in compliance with the requirements of the Honorable Margo A. Rocconi for any discovery motions, that parties first participate in a Pre-Motion Telephonic Conference, sent an e-mail to the Magistrate Judge's Deputy Clerk requesting said conference;

WHEREAS, on January 13, 2023, Judge Rocconi granted Plaintiffs leave to file their motion to compel production of class-list information without a Pre-Motion Telephonic Conference;

WHEREAS, on January 17, 2023, Defendant produced documents responsive to Plaintiffs' first set of production requests;

WHEREAS, on January 17, 2023, Plaintiffs provided Defendant with Plaintiffs' portion of a draft Joint Stipulation, pursuant to Local Rule 37-2.2, regarding Plaintiffs' Motion to Compel Defendant to produce class-list information;

WHEREAS, via e-mails exchanged on January 17, 2023 and January 18, 2023, the Parties' respective counsel continued their meet-and-confer discussions regarding Plaintiffs' Motion to Compel discovery of class-list information and the issue of a *Belaire-West* notice and opt-out procedure;

WHEREAS, via e-mail on January 19, 2023, Plaintiffs requested that the Parties engage in meet-and-confer discussions regarding the status of discovery provided by Defendant;

WHEREAS, on January 20, 2023, Plaintiffs served their responses to Defendant's production requests;

5

STIPULATION FOR FURTHER TWO-WEEK EXTENSION OF CLASS CERTIFICATION DEADLINES TO ACCOMMODATE DEFENDANT'S MANAGERS' AVAILABLE DEPOSITION SCHEDULE

WHEREAS, on January 24, 2023, Defendant provided Plaintiffs with Defendant's portion of the Local Rule 37-2.2 Joint Stipulation regarding Plaintiffs' Motion to Compel Defendant to produce class-list information, and Plaintiffs then filed said Motion to Compel on January 25, 2023, Dkt. No. 23;

WHEREAS, on January 26, 2023, the Parties' respective counsel participated in a telephone conference to discuss the status of discovery provided by Defendant, including Plaintiffs' proposal regarding Defendant's production of redacted time and pay records to address Defendant's privacy objections asserted on behalf of putative class members;

WHEREAS, via e-mail on January 31, 2023, Plaintiffs provided Defendant with a detailed list of documents which the latter agreed to produce but had yet to do so, and reiterated Plaintiffs' proposal regarding Defendant's production of redacted time and pay records;

WHEREAS, on February 1, 2023, Plaintiffs filed a Supplemental Brief in support of their Motion to Compel Defendant to provide class-list information, pursuant to Local Rule 37-2.3, Dkt. No. 24;

WHEREAS, via e-mail on February 3, 2023, Defendant's counsel responded to Plaintiffs' January 31st email with assurances that Defendant is working on the production of all responsive documents it agreed to produce, and would shortly provide an estimate of when such production would be completed;

WHEREAS, via letter dated February 10, 2023, and pursuant to the requirements of Local Rule 37-1, Plaintiffs requested that Defendant participate in a pre-motion discovery conference regarding Defendant's production of documents;

WHEREAS, via e-mail exchanges on February 13-15, 2023, the Parties' respective counsel mutually agreed to a telephonic discovery conference, in compliance with Local Rule 37-1 to be conducted on February 16, 2023, regarding Plaintiffs' contemplated discovery motion regarding Defendant's production of documents;

WHEREAS, on February 15, 2023, the Court conducted a hearing on Plaintiffs' Motion to Compel regarding discovery of class-list information, after which the Court

6

STIPULATION FOR FURTHER TWO-WEEK EXTENSION OF CLASS CERTIFICATION DEADLINES TO ACCOMMODATE DEFENDANT'S MANAGERS' AVAILABLE DEPOSITION SCHEDULE

issued an Order on February 16, 2023 compelling production of class-list information without a *Belaire-West* procedure, Dkt. No. 28;

WHEREAS, on February 16-17, 2023, Plaintiffs' counsel attempted to reach Defendant's counsel for their scheduled discovery teleconference but was unable to do so;

WHEREAS, Defendant's counsel requested to re-schedule the Parties' Local Rule 37-1 discovery conference to Monday, February 20, 2023, to which Plaintiffs' counsel agreed;

WHEREAS, on February 17, 2023, and pursuant to Judge Rocconi's February 16th Order, Dkt. No. 28, Plaintiffs provided Defendant, via counsel, with a draft Stipulated Protective Order incorporating the terms required by Judge Rocconi's Order;

WHEREAS, early in the morning of Monday, February 20, 2023, one of Defendant's counsel informed Plaintiffs' counsel, via e-mail, that he would be unable to participate in the Parties' scheduled discovery conference due to a sudden and ultimately fatal automobile accident of a very close friend, and asked that it be re-scheduled;

WHEREAS, via e-mail on February 22, 2023, Defendant's counsel provided proposed changes to the draft Stipulated Protective Order transmitted by Plaintiffs on February 17, 2023, which was then immediately filed with the Court on the same date, Dkt. No. 29;

WHEREAS, on February 23, 2023, the Parties' respective counsel resumed meet-and-confer discussions regarding Defendant's production of documents, as well as production of redacted time and pay records for putative class members;

WHEREAS, on February 24, 2023, the Court entered the Stipulated Protective Order in this case, Dkt. No. 31;

WHEREAS, in the course of their meet-and-confer discussions regarding Defendant's production of documents, the Parties' respective counsel agreed that the previously-noticed depositions in this matter would be re-scheduled for dates in late March and early April 2023, in light of the amended, anticipated dates for Defendant's completion of production requested by Plaintiffs;

STIPULATION FOR FURTHER TWO-WEEK EXTENSION OF CLASS CERTIFICATION DEADLINES TO ACCOMMODATE DEFENDANT'S MANAGERS' AVAILABLE DEPOSITION SCHEDULE

WHEREAS, in a rolling production made between February 24 – March 16, 2023, Defendant produced the voluminous documents and electronic data requested by Plaintiffs that had been the subject of the Parties' meet-and-confer discussions, including confidential time and pay records for putative class members;

WHEREAS, via multiple e-mail exchanges on February 24-28, 2023, the Parties' respective counsel agreed to re-schedule the previously-noticed FRCP Rule 30(b)(6) deposition of Defendant to March 23, 2023;

WHEREAS, on February 28, 2023, the Parties filed their "Stipulation for Extension of Class Certification and Related Deadlines," requesting that the Court amend its Scheduling Order "in light of delays due to reasons beyond the reasonable control of the Parties," Dkt. No. 32;

WHEREAS, on March 2, 2023, Plaintiffs served deposition notices, pursuant to FRCP Rule 30(b)(1), for five (5) managers identified by Defendant in their discovery responses, who Plaintiffs believed to be crucial to obtaining evidence necessary for class certification;

WHEREAS, via Order dated March 3, 2023, the Court granted 14-day extensions for the deadlines to file a Motion for Class Certification and the Opposition and Reply briefs to same, and for the hearing on the class certification motion, Dkt. No. 33;

WHEREAS, on March 3, 2023, pursuant to Judge Rocconi's February 16th Order, Dkt. No. 28, Defendant produced the confidential Class-List information for its former and current employees that were requested by Plaintiffs in discovery, providing names, contact information and job titles of said employees;

WHEREAS, on March 14, 2023, whilst in the midst of his preparations for Defendant's FRCP Rule 30(b)(6) deposition, Plaintiffs' Lead Counsel experienced a sudden, unexpected medical emergency that resulted in his hospitalization;

WHEREAS, via e-mail on March 15, 2023, Plaintiffs' Lead Counsel requested that Defendant's FRCP Rule 30(b)(6) deposition scheduled for March 23, 2023 be continued to accommodate his ongoing medical treatments, to which Defendant's counsel agreed;

STIPULATION FOR FURTHER TWO-WEEK EXTENSION OF CLASS CERTIFICATION
DEADLINES TO ACCOMMODATE DEFENDANT'S MANAGERS'
AVAILABLE DEPOSITION SCHEDULE

1   WHEREAS, Plaintiffs' Lead Counsel was hospitalized from March 14, 2023
2   through March 20, 2023 with a major illness, and was informed by his physicians upon
3   discharge from the hospital that he would require continued medical treatments at home,
4   by a Registered Nurse, through March 28, 2023;

5   WHEREAS, via e-mail on March 21, 2023, Plaintiffs' Lead Counsel requested that
6   Defendant's FRCP Rule 30(b)(6) deposition be re-scheduled to a date subsequent to March
7   28, 2023, in order to allow for completion of the medical treatments compelled by his
8   physicians;

9   WHEREAS, via e-mail on March 22, 2023, Defendant's counsel cooperatively
10  agreed to re-schedule Defendant's FRCP Rule 30(b)(6) deposition, in order to
11  accommodate the medical treatments of Plaintiffs' Lead Counsel, and provided their
12  earliest available date of April 13, 2023;

13  WHEREAS, on March 29, 2023, the Parties filed their "Stipulation for Further
14  Extension of Class Certification Deadlines and First Extension of Discovery Deadlines,"
15  requesting that the Court further amend its Scheduling Order "[d]ue to an unexpected
16  medical emergency suffered by Lead Counsel for Plaintiffs," Dkt. No. 34;

17  WHEREAS, on March 29, 2023, the Parties' respective counsel met and conferred,
18  via telephone, regarding the scheduling of the five (5) manager depositions previously
19  noticed by Plaintiffs, during which the Parties agreed to: (i) identify tentative hold dates
20  for these depositions of Defendant's managers; and (ii) further meet and confer in good
21  faith on Plaintiffs' need for said managers' depositions following completion of the FRCP
22  Rule 30(b)(6) deposition of Defendant's designee;

23  WHEREAS, via Order dated March 30, 2023, the Court granted the 14-day
24  extensions to the class certification and discovery deadlines requested by the Parties on
25  account of the medical emergency of Plaintiffs' Lead Counsel, Dkt. No. 35;

26  WHEREAS, via e-mails exchanged on April 4 – 5, 2023, the Parties further met and
27  conferred on tentative hold dates for Plaintiffs' previously-noticed depositions of
28  Defendant's managers;

9

STIPULATION FOR FURTHER TWO-WEEK EXTENSION OF CLASS CERTIFICATION
DEADLINES TO ACCOMMODATE DEFENDANT'S MANAGERS'
AVAILABLE DEPOSITION SCHEDULE

WHEREAS, via e-mail on April 7, 2023, Defendant's counsel advised Plaintiffs' counsel that the earliest-available hold dates for the previously-noticed depositions of Defendant's managers would be in the first week of May 2023;

WHEREAS, on April 13, 2023, Plaintiffs' counsel took the deposition of Defendant's designee pursuant to FRCP Rule 30(b)(6);

WHEREAS, on April 14, 2023, the Parties' respective counsel met and conferred via telephone to re-visit the issue of Plaintiffs' need to proceed with the previously-noticed depositions of Defendant's managers, following the Rule 30(b)(6) deposition of Defendant's designee;

WHEREAS, during counsel's April 14, 2023 teleconference, Plaintiffs' counsel advised that they would need to proceed with four (4) of the five (5) previously-noticed depositions of Defendant's managers to complete pre-certification discovery, and Defendant's counsel confirmed that said depositions of Defendant's managers can proceed no earlier than the week of May 2 – 5, 2023;

WHEREAS, the May 2 – 5, 2023 depositions of Defendant's "Senior Operations Manager," "Duty Manager Freighter," "Cabin Cleaning Manager," and "Operations Manager Cargo," are scheduled for dates between one (1) and four (4) business days before the current May 8, 2023 deadline for Plaintiffs to file their Motion for Class Certification, which is an amount of time insufficient to provide counsel with a reasonable opportunity to receive, review and analyze the transcripts from said depositions for purposes of preparing the class certification motion and its exhibits, as well as the application to file various confidential information under seal;

WHEREAS, the Parties agree that, despite the Parties' diligent efforts at discovery, and in light of unavoidable scheduling conflicts that prevent commencement of Defendant's managers' depositions prior to the week of May 2 – 5, 2023, no less than fourteen (14) additional days are necessary and appropriate in order to complete discovery necessary for class certification briefing, and to prepare the Parties' respective positions on a motion for class certification;

10

STIPULATION FOR FURTHER TWO-WEEK EXTENSION OF CLASS CERTIFICATION DEADLINES TO ACCOMMODATE DEFENDANT'S MANAGERS' AVAILABLE DEPOSITION SCHEDULE

WHEREAS, the Court has broad discretion to modify the pretrial schedule in an action "if it cannot reasonably be met despite the diligence of the party seeking the extension," *see Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002);

WHEREAS, the Parties believe that good cause exists here to grant a modest 14-day extension of the applicable class certification deadlines, in that despite Plaintiffs' diligent and significant efforts, as described above, Plaintiffs cannot reasonably meet the class certification deadlines presently applicable in this case;

WHEREAS, the further 14-day extension requested in this stipulation would result in an aggregate extension of forty-two (42) days for the class certification deadlines set in the Court's initial Scheduling Order, such that the initial filing deadline of April 10, 2023 for Plaintiffs' Motion for Class Certification, *see* Dkt. No. 22, would be modestly extended to May 22, 2023;

**WHEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES THAT:**

The Parties agree to the Court amending the present deadlines and class certification briefing schedule as follows, or alternatively, to dates in the Court's discretion consistent with the Parties' request.

| Event | Current Deadline/Date | Requested Deadline/Date |
|---|---|---|
| Deadline to File a Motion for Class Certification | May 8, 2023 | May 22, 2023 |
| Deadline to File an Opposition to the Motion for Class Certification | May 30, 2023 | June 12, 2023 |
| Deadline to File a Reply in Support of the Motion for Class Certification | June 20, 2023 | July 3, 2023 |
| Hearing Date on Motion for Class Certification | July 10, 2023, at 9:00 a.m. | July 24, 2023, at 9:00 a.m. |

11

STIPULATION FOR FURTHER TWO-WEEK EXTENSION OF CLASS CERTIFICATION DEADLINES TO ACCOMMODATE DEFENDANT'S MANAGERS' AVAILABLE DEPOSITION SCHEDULE

Dated: April 19, 2023       **LAW OFFICES OF C. JOE SAYAS, JR. and KING CHENG MILLER & JIN, LLP**

By:   /s/ C. Joe Sayas, Jr.
C. JOE SAYAS, JR.
KARL P. EVANGELISTA
Attorneys for Plaintiffs

Dated: April 19, 2023       **FOLEY & LARDNER, LLP**

By:   /s/ Kevin Jackson
CHRISTOPHER WARD
KEVIN JACKSON
Attorneys for Defendant Menzies Aviation (USA), Inc.

### Local Rule 5-4.3.4(a)(2) Attestation

I, C. Joe Sayas, Jr., hereby attest that all signatories listed above, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.

Dated: April 19, 2023                     /s/ C. Joe Sayas, Jr.
C. JOE SAYAS, JR.

STIPULATION FOR FURTHER TWO-WEEK EXTENSION OF CLASS CERTIFICATION DEADLINES TO ACCOMMODATE DEFENDANT'S MANAGERS' AVAILABLE DEPOSITION SCHEDULE