**LAW OFFICES OF C. JOE SAYAS, JR.**
C. JOE SAYAS, JR. (Bar No. 122397)
KARL P. EVANGELISTA (Bar No. 250685)
500 N. Brand Boulevard, Suite 980
Glendale, California 91203
Telephone: (818) 291-0088
Facsimile: (818) 240-9955

**KING CHENG MILLER & JIN, LLP**
DAVID P. KING (Bar No. 136765)
3675 Huntington Drive, Suite 200
Pasadena, California 91107
Telephone: (626) 304-9001
Facsimile: (626) 304-9002

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA PATRICIA AMAYA, an individual; and ANIBAL SILVA, an individual; on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-05915-MCS-MAR<br><br>CLASS ACTION<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>1. FAILURE TO PAY WAGES FOR MISSED MEAL PERIODS (*Cal. Lab. Code §§ 226.7 & 512; 8 Cal. Code Regs. § 11090, ¶ 11*);<br><br>2. FAILURE TO PAY WAGES FOR MISSED REST PERIODS (*Cal. Lab. Code § 226.7; 8 Cal. Code Regs. § 11090, ¶ 12*);<br><br>3. FAILURE TO REIMBURSE BUSINESS EXPENSES (*Cal. Lab. Code § 2802; 8 Cal. Code Regs. § 11090, ¶ 9*);<br><br>4. FAILURE TO PROVIDE ACCURATE, ITEMIZED WAGE STATEMENTS (*Cal. Lab. Code § 226*);<br><br>5. WAITING TIME PENALTIES (*Cal. Lab. Code §§ 201, 202 & 203*); |

**Deleted:** BRAYAN LOZANO GONZALEZ

**Deleted:** FIRST

1

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**Deleted:** FIRST

6. UNFAIR COMPETITION (*Cal. Bus. & Prof. Code §§ 17200 et seq.*)

7. CIVIL PENALTIES UNDER THE CALIFORNIA LABOR CODE PRIVATE ATTORNEY GENERAL ACT (*Cal. Lab. Code §§ et seq.*)

**AND DEMAND FOR JURY TRIAL**

## NATURE OF ACTION

1. This is a wage-and-hour action brought against Defendant MENZIES AVIATION (USA), INC. and defendants Does 1 through 10, inclusive, (collectively, "DEFENDANTS") under the California Labor Code, the California Industrial Welfare Commission's Wage Orders, the California Business and Professions Code (§§ 17200 et seq.), and other statutes and regulations applicable to non-exempt employees in the State of California.

2. This action arises out of DEFENDANTS' failures and/or refusals to provide Plaintiffs DORA PATRICIA AMAYA (hereafter, "AMAYA") and ANIBAL SILVA (hereafter, "SILVA") (Plaintiffs AMAYA and SILVA are hereafter collectively referred to as "PLAINTIFFS"), and other similarly-situated former and current non-exempt employees of DEFENDANTS, with all earned wages, including the premium wages owed for each day an employee was unable to take a mandated meal or rest break, and the mandated reimbursements for expenses incurred in the performance of their job duties, including expenses for uniforms and mobile phones. Instead, DEFENDANTS have taken such wages owed to PLAINTIFFS, and other non-exempt employees of DEFENDANTS, and unlawfully converted the funds for DEFENDANTS' own use and benefit, in an effort to maximize profits and gain an unfair business advantage over DEFENDANTS' competitors at the expense of DEFENDANTS' own employees.

3. DEFENDANTS' wage-and-hour policies and practices, as described herein, violate provisions of the California Labor Code, including sections 201, 202, 226, 226.7,

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

512 and 2802; violate the applicable Wage Orders issued by the California Industrial Welfare Commission, including Wage Order 9; and amount of unfair and unlawful business practices prohibited by the California Business and Professions Code, sections 17200 *et seq.*

4. PLAINTIFFS now bring this class action, on behalf of themselves and a class of similarly-situated former and current non-exempt employees of DEFENDANTS, to recover: (i) the unpaid premium wages owed by DEFENDANTS for missed meal periods; (ii) the unpaid premium wages owed by DEFENDANTS for missed rest periods; (iii) the unpaid reimbursements owed by DEFENDANTS under California Labor Code section 2802 for job-related expenses incurred by employees; and (iv) all applicable statutory penalties for DEFENDANTS' repeated violations of the California Labor Code, including recordkeeping penalties under Labor Code section 226 and waiting-time penalties under Labor Code section 203.

5. Also, pursuant to the California Labor Code Private Attorney General Act of 2004 (*Cal. Lab. Code §§ 2698 et seq.*), PLAINTIFFS seek to assess and collect—on behalf of the California Labor and Workforce Development Agency and each aggrieved employee—the applicable civil penalties for DEFENDANTS' violations of the California Labor Code and Wage Order 9 committed against PLAINTIFFS and other aggrieved former and current employees of DEFENDANTS.

**THE PARTIES**

6. Plaintiff AMAYA is, and at all relevant times was, a competent adult residing in Los Angeles County, California. Plaintiff AMAYA has been employed as a Passenger Service Agent for Defendant MENZIES AVIATION (USA), INC. (hereafter, "Defendant MENZIES") at the Los Angeles International Airport since August 2021.

7. Plaintiff SILVA was, at all relevant times, a competent adult residing in Los Angeles County, California. Plaintiff SILVA was employed as a Ramp Agent for Defendant MENZIES at the Los Angeles International Airport from 2015 to 2020.

3

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Deleted: GONZALEZ
Deleted: is
Deleted: and
Deleted: was
Deleted: GONZALEZ
Deleted: has been
Deleted: since November 2021
Deleted: FIRST

8.     Defendant MENZIES is, and at all relevant times was, a corporation duly organized under the laws of the State of Delaware, with its principal place of business in Fort Worth, Texas.  Throughout the time relevant to this action, Defendant MENZIES has conducted business in the State of California, including within the geographical boundaries of the United States District Court for the Central District of California.

9.     PLAINTIFFS are currently unaware of the true names and capacities of the defendants sued in this action by the fictitious names Does 1 through 10, inclusive, and therefore sue those defendants by fictitious names.  PLAINTIFFS shall seek leave to amend this Complaint to allege the true names and capacities of such fictitiously-named defendants when they are ascertained from further investigation and/or discovery.

10.    PLAINTIFFS are informed and believe, and based thereon allege, that each defendant sued in this action acts and acted, in all respects pertinent to this action, as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each defendant are legally attributable to the other defendants.

11.    PLAINTIFFS are informed and believe, and based thereon allege, that each defendant sued in this action, including each defendant sued by the fictitious names Does 1 through 10, inclusive, is directly or indirectly responsible in some manner for the occurrences, controversies, and damages alleged herein, in various capacities, including but not limited to serving as joint employer, joint tortfeasor or *alter ego* of the other defendants.  Each defendant approved and/or ratified the acts of all other defendants.

## JURISDICTION AND VENUE

12.    The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332, subdivision (a)(1), in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

13.    Venue is proper in this Court under 28 U.S.C. § 1391, subdivision (b)(2), in that PLAINTIFFS and numerous other similarly-situated former and current non-exempt

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**Deleted:** FIRST

employees of DEFENDANTS were employed and performed their work within the geographical boundaries of the United States District Court for the Central District of California, such that a substantial part of the events and omissions in this proposed wage-and-hour class action occurred in this judicial district.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14.    Defendant MENZIES is a Texas-based aviation-services company that provides ground-handling, cargo-handling and fueling services for customers in the aviation industry.

15.    Defendant MENZIES conducts operations in multiple airports within the State of California.  Throughout the time relevant to this action, Defendant MENZIES has employed numerous non-exempt employees in California, including PLAINTIFFS, to perform, *inter alia*, the baggage, ticketing, check-in, and other ground-handling services provided to Defendant MENZIES' airline clients.

16.    From August 2021 through the present, Plaintiff AMAYA has worked as a "Passenger Service Agent" for Defendant MENZIES at its operations located in the Los Angeles International Airport.  Defendant MENZIES has classified Plaintiff AMAYA as a non-exempt employee throughout said employment.

17.    From 2015 to 2020, Plaintiff SILVA worked as a "Ramp Agent" for Defendant MENZIES at its operations located in the Los Angeles International Airport.  Defendant MENZIES classified Plaintiff SILVA as a non-exempt employee throughout said employment.

18.    Defendant MENZIES likewise classified numerous other individuals who were tasked with providing the baggage, ticketing, check-in, and other ground-handling services for Defendant MENZIES' clients at California airports as non-exempt employees throughout the relevant time period.

19.    Throughout the relevant period, the terms and conditions of employment of PLAINTIFFS, and other former and current non-exempt employees of Defendant MENZIES in California, were and are governed by the California Labor Code and Wage

5

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**Deleted:** November 2021 through the present

**Deleted:** GONZALEZ

**Deleted:** has

**Deleted:** has

**Deleted:** GONZALEZ

**Deleted:** FIRST

Order 9 of the California Industrial Welfare Commission, which sets the employment standards for persons employed in the "Transportation Industry."

20.    Throughout the relevant period, DEFENDANTS, per policy and practice, imposed excessive workloads on Defendant MENZIES' non-exempt employees, including PLAINTIFFS, resulting in repeated violations of the meal- and rest-break provisions of California Labor Code sections 226.7 and 512, and Wage Order 9.  Due to the excessive workloads imposed by DEFENDANTS, Defendant MENZIES' non-exempt employees, including PLAINTIFFS, were regularly compelled to work through mandated meal and rest periods in violation of California law, were not relieved of all duties during ostensible meal and rest periods in violation of California law, did not timely receive meal and rest breaks in California law, and/or did not receive the full, uninterrupted duration of meal and rest periods required under California law.

21.    Pursuant to California Labor Code section 226.7(c), and paragraph 11(D) of Wage Order 9, employers in California are required to pay employees premium wages for missed meal periods, amounting to an additional hour of wages for each shift in which the employee is denied a meal period mandated by the Labor Code and the applicable Wage Order.

22.    Despite regularly failing to provide PLAINTIFFS and other non-exempt employees with the meal periods mandated by California law, DEFENDANTS systematically failed, per policy and practice, to compensate PLAINTIFFS and Defendant MENZIES' other non-exempt employees with the premium wages owed, pursuant to California Labor Code section 226.7(c) and paragraph 11(D) of Wage Order 9, for each day an employee was not provided a timely, duty-free meal period of sufficient duration, as required by California Labor Code section 512 and paragraph 11 of Wage Order 9.

23.    Pursuant to California Labor Code section 226.7(c), and paragraph 12(B) of Wage Order 9, employers in California are required to pay employees premium wages for missed rest periods, amounting to an additional hour of wages for each shift in which the

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Deleted: FIRST

employee is denied a rest period mandated by the Labor Code and the applicable Wage Order.

24.    Despite regularly failing to allow PLAINTIFFS and Defendant MENZIES' other non-exempt employees with the opportunity to take the rest periods mandated by California law, DEFENDANTS systematically failed, per policy and practice, to compensate PLAINTIFFS and the other non-exempt employees with the premium wages owed, pursuant to California Labor Code section 226.7(c) and paragraph 12(B) of Wage Order 9, for each day an employee was not provided a timely, duty-free rest period of sufficient duration, as required by paragraph 12 of Wage Order 9.

25.    DEFENDANTS also systematically violated the provisions of California Labor Code section 2802, and paragraph 9 of Wage Order 9, which mandate that California employers cover the costs of uniforms and/or equipment either required by the employer or reasonably necessary for the performance of an employee's work.

26.    Per its policy and practice, DEFENDANTS, throughout the relevant period, failed to indemnify PLAINTIFFS and Defendant MENZIES' other non-exempt employees for the costs of uniforms and personal mobile phones that employees were compelled to use to perform their work duties, in violation of California Labor Code section 2801 and paragraph 9 of Wage Order 9.

27.    As a further result of DEFENDANTS' improper policies and practices regarding meal and rest period, and indemnification for costs of employee uniforms and equipment, as outlined herein, DEFENDANTS have also failed to provide PLAINTIFFS and Defendant MENZIES' other non-exempt employees with accurate wage statements properly reflecting all of the employees' earned wages, in violation of California Labor Code section 226 and paragraph 7 of Wage Order 9.

28.    As a further result of DEFENDANTS' improper policies and practices, as outlined herein, DEFENDANTS have also failed to provide PLAINTIFFS and Defendant MENZIES' other non-exempt employees with all earned wages within the time limits prescribed by California Labor Code sections 201 and 202.

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**Deleted:** FIRST

## CLASS ACTION ALLEGATIONS

29.     This action may be properly maintained as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure.

30.     PLAINTIFFS bring this suit as a class action on behalf of themselves and of the class of individuals defined as follows:

      a.     all individuals who worked for Defendant MENZIES in California as non-exempt employees at any time from the 4-year period preceding the filing of this Complaint through the present (hereafter collectively referred to as "CLASS MEMBERS");

      b.     PLAINTIFFS further seek to establish one subclass, the Labor Code Section 203 Subclass, which is defined as all CLASS MEMBERS who worked during the relevant time period who are no longer employed by Defendant MENZIES.

31.     The CLASS MEMBERS are so numerous that joinder of each individual member would be impracticable, and the disposition of their claims in a class action, rather than in numerous individual actions, will benefit the parties, the Court, and the interests of justice.

32.     Although the exact number of CLASS MEMBERS is unknown to PLAINTIFFS at this time, and as such, must be ascertained through discovery, PLAINTIFFS are informed and believe, and based thereon allege, that there are approximately more than 1,500 members of the proposed class throughout the State of California.  The CLASS MEMBERS other than PLAINTIFFS are readily ascertainable by their job positions and duties, and from the books and records maintained by DEFENDANTS in their regular course of business.

33.     There is a well-defined community of interests amongst the CLASS MEMBERS, as all of these individuals have resided and worked in California, and have been similarly subjected to unlawful policies and/or practices that deprived them of mandated meal and rest periods; the premium wages earned for missed meal and rest

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**Deleted:** FIRST

periods; indemnification for uniforms and equipment required or reasonably necessary to perform their work; accurate, itemized wage statements reflecting all earned wages; and timely payment of all earned wages.

34.    Common questions of law and fact that affect the class predominate over questions that affect only individual CLASS MEMBERS, including, among other things: (a) whether DEFENDANTS maintained a policy and/or practice of refusing or failing to provide CLASS MEMBERS the meal periods mandated under California law; (b) whether DEFENDANTS maintained a policy and/or practice of refusing or failing to authorize or permit CLASS MEMBERS to take all rest periods mandated by California law; (c) whether DEFENDANTS maintained a policy or practice of refusing or failing to pay CLASS MEMBERS the premium wages owed to them for each work shift during which they were denied a mandated meal period, in violation of California Labor Code section 226.7 and Wage Order 9; (d) whether DEFENDANTS maintained a policy or practice of refusing or failing to pay CLASS MEMBERS the premium wages owed to them for each work shift during which they were denied a mandated rest period, in violation of California Labor Code section 226.7 and Wage Order 9; (e) whether DEFENDANTS maintained a policy and/or practice whereby CLASS MEMBERS are improperly required to pay for costs, for uniforms and equipment, incurred in discharging their duties; (f) whether DEFENDANTS maintained a policy or practice of failing to pay all wages owed to CLASS MEMBERS, including all missed-break compensation and indemnification for costs of uniforms and equipment, within the time limits prescribed by the California Labor Code; and (g) whether DEFENDANTS maintained a policy or practice of failing to maintain and/or furnish accurate, itemized wage statements properly reflecting, *inter alia*, all CLASS MEMBERS' earned wages and all applicable rates of pay.

35.    PLAINTIFFS' claims are typical of the claims of the CLASS MEMBERS because (a) PLAINTIFFS' job positions and duties are similar, if not identical to, the duties and activities of other CLASS MEMBERS; (b) PLAINTIFFS were denied the same meal-break benefits, including additional compensation for missed meal breaks, as other CLASS

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**Deleted:** FIRST

MEMBERS; (c) PLAINTIFFS were denied the same rest-break benefits, including additional compensation for missed rest breaks, as other CLASS MEMBERS; (d) PLAINTIFFS were not given accurate, itemized wage statements, as required by Labor Code section 226, like other CLASS MEMBERS; (e) PLAINTIFFS were not paid all their earned wages within the time limits prescribed by the California Labor Code, like other CLASS MEMBERS; (f) PLAINTIFFS were similarly subjected to the requirement that they pay for the costs of their uniforms and equipment, incurred in discharging their duties for Defendant MENZIES, as other CLASS MEMBERS; and (g) PLAINTIFFS were denied the foregoing rights and benefits provided under California's employment laws and regulations in the same manner that such rights and benefits were denied to other CLASS MEMBERS.

36.    It is by now common knowledge that employees face great risks in pursuing separate actions, including retaliation.  For these and other reasons, a class action is superior to other methods for the fair and efficient adjudication of this controversy. Individual wage-and-hour actions are expensive in terms of attorneys' fees and litigation costs relative to limited amounts of possible recovery.  The great majority of CLASS MEMBERS are unlikely to find attorneys to represent them, and they would find it difficult if not impossible to afford to pay hourly fees to attorneys for such actions.

37.    Moreover, administrative proceedings are by no means an adequate or appropriate remedy against DEFENDANTS' violations.  Among other limitations in administrative proceedings, for example, there is limited discovery permitted in California Labor Commission cases; employers are typically represented by attorneys while plaintiff-employees usually are not, and are not afforded counsel by the Labor Commissioner; there is limited relief available (i.e., no restitution under California Business & Professions Code §§17200 *et seq.*); no attorneys' fees are recoverable for the administrative hearing, whereas in a civil action such as this one there are attorneys' fees statutes in favor of plaintiffs; administrative relief is limited to a shorter statute of limitations than is available in this action under California Business and Professions Code sections 17200 *et seq.*; and any

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**Deleted:** FIRST

decision made by the Labor Commission is subject to trial *de novo* in the courts, and thus would be very wasteful of time, costs, and other resources.

38. PLAINTIFFS can adequately represent the interests of the CLASS MEMBERS because, like them, PLAINTIFFS were employed by DEFENDANTS to provide the same aviation-related services offered by DEFENDANTS to their airline clients, and PLAINTIFFS suffered the same or similar injuries as a result of DEFENDANTS' systemic failures to comply with the applicable California employment laws and regulations governing meal- and rest-period benefits, including premium wages for missed meal and rest breaks; requirements that employers indemnify employees for expenses incurred in discharging their duties; timely payment of wages; and recordkeeping requirements.

39. Furthermore, PLAINTIFFS have retained counsel who are experienced in prosecuting wage-and-hour class actions both within and outside the transportation industry. PLAINTIFFS and their counsel are committed to vigorously prosecuting this action on behalf of the class, and have the financial resources necessary to do so.

**FIRST CAUSE OF ACTION**
**For Failure to Pay Wages for Missed Meal Periods**
***(Cal. Lab. Code §§ 226.7 & 512; 8 Cal. Code Regs. § 11090, ¶ 11)***

40. PLAINTIFFS incorporate by reference and re-allege paragraphs 1 through 39, inclusive, as though set forth fully herein.

41. At all times relevant to this action, DEFENDANTS' policy and practice routinely denied CLASS MEMBERS, including PLAINTIFFS, the opportunity to take: (i) an uninterrupted, off-duty meal period, of at least 30 consecutive minutes in duration, and occurring no later than the end of the employee's fifth hour of work, for all shifts in excess of five hours; and (ii) a second, uninterrupted, off-duty meal period, of at least 30 consecutive minutes in duration, and occurring no later than the end of the employee's tenth hour of work, for all shifts in excess of ten hours, as guaranteed to them as employees under California Labor Code sections 226.7 and 512, and paragraph 11 of Wage Order 9.

Deleted: 38

Deleted: FIRST

11

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

42.    As described herein, DEFENDANTS' repeated failures and/or refusals to allow PLAINTIFFS and other CLASS MEMBERS the opportunity to take mandated meal periods resulted from DEFENDANTS' policy and/or practice of compelling these non-exempt employees to work through ostensible meal periods in order to satisfy the excessive workloads imposed by DEFENDANTS.

43.    Wage Order 9, paragraph 11, requires employers to pay an employee an additional hour of compensation for every shift that a mandated meal period is not provided.  California Labor Code section 226.7, subdivision (c), likewise requires an employer to pay an employee an additional hour of compensation for every shift that a meal period required by the California Labor Code or applicable Wage Order is not provided.

44.    At all times relevant herein, DEFENDANTS have failed and/or refused to provide CLASS MEMBERS, including PLAINTIFFS, with the additional compensation for missed meal periods required by California Labor Code section 226.7(c) and paragraph 11 of Wage Order 9.

45.    Based on DEFENDANTS' conduct, as alleged herein, DEFENDANTS are liable to the CLASS MEMBERS, including PLAINTIFFS, for their unpaid premium wages for missed meal periods, pursuant to California Labor Code section 226.7(c) and paragraph 11 of Wage Order 9.

### SECOND CAUSE OF ACTION
**For Failure to Pay Wages for Missed Rest Periods**
*(Cal. Lab. Code § 226.7; 8 Cal. Code Regs. § 11090, ¶ 12)*

46.    PLAINTIFFS incorporate by reference and re-allege paragraphs 1 through 45, inclusive, as though set forth fully herein.

47.    At all times relevant to this action, DEFENDANTS' policy and/or practice routinely denied CLASS MEMBERS, including PLAINTIFFS, the opportunity to take an uninterrupted, off-duty rest period, of at least 10 consecutive minutes in duration, for every

12

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**Deleted:** 44

**Deleted:** FIRST

4 hours worked, or major fraction thereof, in violation of Labor Code section 226.7(b) and paragraph 12 of Wage Order 9.

48.    As described herein, DEFENDANTS' repeated failures and/or refusals to allow CLASS MEMBERS, including PLAINTIFFS, the opportunity to take mandated rest periods resulted from DEFENDANTS' policy and/or practice of compelling these non-exempt employees to work through and/or forego mandated rest periods, in order to satisfy the excessive workloads imposed by DEFENDANTS.

49.    Wage Order 9, paragraph 12, requires employers to pay an employee an additional hour of compensation for every shift in which said employee was not authorized or permitted to take a mandated rest period.  California Labor Code section 226.7, subdivision (c), likewise requires an employer to pay an employee an additional hour of compensation for every shift that a rest period required by the California Labor Code or applicable Wage Order is not provided.

50.    At all times relevant herein, DEFENDANTS have failed and/or refused to provide CLASS MEMBERS, including PLAINTIFFS, with the additional compensation for missed rest periods required by California Labor Code section 226.7(c) and paragraph 12 of Wage Order 9.

51.    Based on DEFENDANTS' conduct, as alleged herein, DEFENDANTS are liable to the CLASS MEMBERS, including PLAINTIFFS, for their unpaid premium wages for missed rest periods, pursuant to California Labor Code section 226.7(c) and paragraph 12 of Wage Order 9.

### THIRD CAUSE OF ACTION
**For Failure to Reimburse Business Expenses**
*(Cal. Lab. Code § 2802; 8 Cal. Code Regs. § 11090, ¶ 9)*

52.    PLAINTIFFS incorporate by reference and re-allege paragraphs 1 through 51, inclusive, as though set forth fully herein.

53.    Pursuant to California Labor Code section 2802, and paragraph 9 of Wage Order 9, DEFENDANTS are required to indemnify PLAINTIFFS and other CLASS MEMBERS for the expenses incurred during the performance of their job duties.  The

**Deleted:** 50

**Deleted:** FIRST

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

purpose of this statute is to prevent employers from passing their operating expenses on to their employees. *See Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 562 (Cal. 2007).

54.    In violation of Labor Code section 2802, DEFENDANTS required PLAINTIFFS and other CLASS MEMBERS to pay for expenses incurred during the performance of their job duties, including but not limited to: (i) the costs of employees' uniforms; and (ii) the costs of employees' use of their personal mobile phones for purposes of performing work tasks.

55.    PLAINTIFFS seek to recover, on behalf of themselves and other CLASS MEMBERS, the reimbursement for such expenses unlawfully withheld by DEFENDANTS from CLASS MEMBERS, plus interest thereon, reasonable attorneys' fees, and costs, in amounts to be proven at trial.

### FOURTH CAUSE OF ACTION
**For Failure to Provide Accurate, Itemized Wage Statements**
**(*Cal. Lab. Code § 226*)**

56.    PLAINTIFFS incorporate by reference and re-allege paragraphs 1 through 55, inclusive, as though set forth fully herein.

57.    As a result of DEFENDANTS' pattern and practice of failing and/or refusing to pay CLASS MEMBERS, including PLAINTIFFS, all accrued wages, as described herein, DEFENDANTS have further failed to furnish PLAINTIFFS and other CLASS MEMBERS with itemized wage statements that accurately reflect the amount of hours actually worked by these employees, all of their applicable rates of pay, and the amounts of missed-break compensation earned by these employees, for each pay period, as required by California Labor Code section 226(a) and paragraph 7 of Wage Order 9.

58.    DEFENDANTS' repeated failures to maintain and furnish records of accurate, itemized wage statements resulted in injury to CLASS MEMBERS, including PLAINTIFFS, as said failures engendered confusion and facilitated the non-payment of CLASS MEMBERS' earned missed-break compensation.  The absence of required information in DEFENDANTS' deficient wage statements engendered confusion over

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**Deleted:** 54

**Deleted:** FIRST

whether CLASS MEMBERS, including PLAINTIFFS, were each paid all of their earned wages, and thus served to mislead and/or deter CLASS MEMBERS, including PLAINTIFFS, from challenging the propriety of wage payments made by DEFENDANTS, in light of the difficulty in attempting to reconstruct time and pay records in the face of DEFENDANTS' deficient recordkeeping. Hence, the absence of essential information, required by state law to appear in the employee wage statements, caused actual injuries to PLAINTIFFS and the other CLASS MEMBERS.

59.    On information and belief, PLAINTIFFS allege that DEFENDANTS' above-described failures to furnish and maintain records of accurate, itemized wage statements is, and was, knowing and intentional, and were done to confuse and mislead CLASS MEMBERS, including PLAINTIFFS, as to the true compensation to which each of them was entitled under California law.

60.    Based on DEFENDANTS' conduct, as alleged herein, PLAINTIFFS seek to recover, on behalf of themselves and other CLASS MEMBERS, the statutory penalties provided for under California Labor Code section 226(e) for the wage-statement violations committed by DEFENDANTS, in addition to injunctive relief and recovery of costs and reasonable attorneys' fees, pursuant to California Labor Code section 226, subdivisions (e)(1) and (h).

**FIFTH CAUSE OF ACTION**
**For Waiting Time Penalties**
***(Cal. Lab. Code §§ 201, 202 & 203)***

61.    PLAINTIFFS incorporate by reference and re-allege paragraphs 1 through 60, inclusive, as though set forth fully herein.

| Deleted: 59 |
| --- |

62.    Sections 201 and 202 of the California Labor Code require employers to promptly pay all wages owing to an employee at the conclusion of employment.

63.    As alleged herein, DEFENDANTS have failed and/or refused to pay CLASS MEMBERS formerly employed by DEFENDANTS (i.e., the members of the proposed Labor Code Section 203 Subclass) all of their earned missed-break compensation. As a result of such failures and/or refusals, DEFENDANTS have failed to pay said former

| Deleted: FIRST |
| --- |

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

employees all earned wages within the time limits prescribed by California Labor Code sections 201 and 202, which respectively apply to instances where a former employee resigns or is discharged.

64.     On information and belief, PLAINTIFFS allege that DEFENDANTS' above-described failures to pay CLASS MEMBERS who are no longer working for DEFENDANTS all wages owing to these former employees is, and was, willful.

65.     The members of the proposed Labor Code Section 203 Subclass are therefore entitled to penalties against DEFENDANTS, in amounts to be determined at trial, pursuant to Labor Code section 203, which provides that an employee's wages shall continue as a penalty until paid, for a period of up to thirty (30) days from the time they were due.

## SIXTH CAUSE OF ACTION
### For Unfair Competition
### (*Cal. Bus. & Prof. Code §§ 17200 et seq.*)

66.     PLAINTIFFS incorporate by reference and re-allege paragraphs 1 through 65, inclusive, as though set forth fully herein.

67.     A violation of California Business & Professions Code sections 17200 *et seq.* may be predicated on the violation of any state or federal law.  DEFENDANTS' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200 *et seq.*

68.     DEFENDANTS have violated California law as alleged herein by, *inter alia*: (i) depriving CLASS MEMBERS, including PLAINTIFFS, of their mandated meal and rest breaks; (ii) failing and/or refusing to pay CLASS MEMBERS, including PLAINTIFFS, the premium wages earned for missed meal and rest breaks; (iii) failing and/or refusing to provide CLASS MEMBERS with all accrued wages within the time limits prescribed by California Labor Code sections 201 and 202; (iv) failing to properly maintain and furnish to CLASS MEMBERS, including PLAINTIFFS, itemized wage statements that accurately reflect actual work hours worked by, all applicable rates of pay for, and all accrued wages owed to such CLASS MEMBERS; and (v) failing to reimburse

**Deleted:** 64

**Deleted:** FIRST

16

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

CLASS MEMBERS, including PLAINTIFFS, for the costs of uniforms and equipment required by and/or reasonably necessary to perform their work tasks.

69.    On information and belief, PLAINTIFFS allege that DEFENDANTS have also engaged in other acts which constitute unlawful business practices.  PLAINTIFFS will seek leave to amend this Complaint to allege these additional acts as may be disclosed by discovery.

70.    As a result of DEFENDANTS' acts and omissions, as described herein, DEFENDANTS have been able to take advantage of CLASS MEMBERS' productive work hours without payment of missed-break compensation guaranteed under California law, and without reimbursements for expenses that California law requires employers to cover under California Labor Code section 2802, for DEFENDANTS' own profit and to the detriment of their employees.  With respect to the operation of its business vis-à-vis competitors, DEFENDANTS, by unduly minimizing costs through violations of California employment laws, unfairly competes with similar businesses in the State of California, in violation of the California Business and Professions Code, sections 17200 *et seq.*

71.    An injunction should be issued to stop DEFENDANTS' unlawful business practices.  If DEFENDANTS are not enjoined from the conduct set forth herein, they will continue to fail to provide CLASS MEMBERS with the meal and rest periods required by California law; continue to fail to pay CLASS MEMBERS the premium wages owed for missed meal and rest periods; continue to fail to provide CLASS MEMBERS with all accrued wages and compensation within the time limits prescribed by the California Labor Code; continue to fail to properly maintain and furnish to CLASS MEMBERS itemized wage statements in compliance with the California Labor Code; and continue to fail to reimburse CLASS MEMBERS for expenses that California law requires employers to cover under California Labor Code section 2802.  Thus, there is threatened future harm and/or continuing violations, which justifies injunctive relief.

72.    PLAINTIFFS, therefore, request that the Court issue a preliminary and permanent injunction:

17

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**Deleted:** FIRST

a.    Ordering DEFENDANTS to cease and desist from their policy and/or practice whereby CLASS MEMBERS are denied the meal and rest periods required by California law;

b.    Ordering DEFENDANTS to pay all CLASS MEMBERS, including PLAINTIFFS, the premium wages owed to them, under California Labor Code section 226.7 and Wage Order 9, for missed meal and rest periods;

c.    Ordering DEFENDANTS to cease and desist from their policy and/or practice whereby CLASS MEMBERS are not compensated for the costs of uniforms and equipment in violation of California law; and

d.    Ordering DEFENDANTS to reimburse CLASS MEMBERS, including PLAINTIFFS, for the costs of uniforms and use of personal mobile phone for work tasks, pursuant to California Labor Code section 2802.

73.    PLAINTIFFS further request an Order requiring DEFENDANTS to disgorge and restore to CLASS MEMBERS, including PLAINTIFFS, any and all additional compensation presently owing to them under the California Labor Code and/or Wage Order 9 that have thus far been wrongfully withheld by DEFENDANTS.

**SEVENTH CAUSE OF ACTION**
**For Recovery of Civil Penalties Under the California**
**Labor Code Private Attorney General Act**
*(Cal. Lab. Code §§ 2698 et seq.)*

74.    PLAINTIFFS incorporate by reference and re-allege paragraphs 1 through 73, inclusive, as though set forth fully herein.

75.    As a result of the acts alleged herein, Plaintiff AMAYA, as an aggrieved employee within the meaning of Labor Code section 2699, subdivision (c), on behalf of herself and other aggrieved current or former employees of DEFENDANTS, seek the recovery of civil penalties against DEFENDANTS pursuant to California Labor Code sections 2698 *et seq.*, for the following knowing and intentional violations of the California Labor Code:

18

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

a. For failing to provide required meal periods to PLAINTIFFS, and other current and former employees of DEFENDANTS, in violation of Labor Code sections 226.7 and 512, and paragraph 10 of Wage Order 9;

b. For failing to pay PLAINTIFFS, and other current and former employees of DEFENDANTS, the additional hour of compensation earned for every shift that a mandated meal period was denied, in violation of Labor Code section 226.7(c) and paragraph 10 of Wage Order 9;

c. For failing to authorize and/or permit required rest periods to PLAINTIFFS, and other current and former employees of DEFENDANTS, in violation of Labor Code section 226.7, and paragraph 11 of Wage Order 9;

d. For failing to pay PLAINTIFFS, and other current and former employees of DEFENDANTS, the additional hour of compensation earned for every shift that a mandated rest period was denied or was not provided, in violation of Labor Code section 226.7(c) and paragraph 11 of Wage Order 9;

e. For failing to indemnify PLAINTIFFS, and other current and former employees of DEFENDANTS, for expenditures incurred by employees in direct consequence of their discharge of duties, as described herein, in violation of Labor Code section 2802;

f. For failing to pay wages promptly following termination of employment, or when due and payable, in violation of Labor Code sections 201, 202 and 204; and

g. For failing to maintain for and provide to PLAINTIFFS, and other current and former employees of DEFENDANTS, the accurate, itemized wage statements required by Labor Code section 226.

76. The recovery of civil penalties referenced herein shall include the recovery of amounts specified in the applicable sections of the California Labor Code, and if not specifically provided, those under section 2699(f), and shall include those amounts sufficient to recover underpaid wages, including all necessary expenditures or losses

19

incurred by PLAINTIFFS and other aggrieved employees, pursuant to Labor Code sections 210, 226.3, 558(a), 2802, and 2699, subdivisions (a) and (f).

77.   PLAINTIFFS reserve their rights to allege any additional and all other violations of the Labor Code and the applicable Wage Order as may be disclosed in discovery and as a result of additional investigation that may be pursued in this action.

78.   On or about March 2, 2023, Plaintiff AMAYA sent a letter by Certified Mail to Defendant MENZIES giving notice, pursuant to the California Labor Code Private Attorney General Act ("PAGA"), of Defendant MENZIES' violations of the California Labor Code and Wage Order 9, as alleged herein.  A copy of said PAGA letter was also submitted on the same date to the California Labor and Workforce Development Agency ("LWDA"), via the online filing system required by the PAGA statute.

79.   The March 2, 2023 PAGA letter to Defendant MENZIES and the LWDA gave notice of Plaintiff AMAYA's intent to prosecute a private enforcement action to assess and recover civil penalties under PAGA in the event the LWDA, following review, declines to investigate the asserted violations of the California Labor Code and Wage Order 9.

80.   More than 65 calendar days have elapsed since Plaintiff AMAYA submitted the above-noted PAGA notice to the LWDA, and Plaintiff AMAYA has not received any notice from the LWDA that the agency intends to investigate Defendant MENZIES' violations of the Labor Code and Wage Order 9.  As such, Plaintiff AMAYA is authorized to prosecute this PAGA enforcement action against DEFENDANTS, pursuant to California Labor Code section 2699.3, subdivision (a)(2)(A).

81.   Plaintiff AMAYA was compelled to retain the services of counsel to file this court action to protect her interests and those of DEFENDANTS' other aggrieved current and former employees, and to assess and collect the civil penalties owed by DEFENDANTS.  Plaintiff AMAYA has thereby incurred attorneys' fees and costs, which she is entitled to recover under Labor Code section 2699.

**PRAYER FOR RELIEF**

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**Deleted:** FIRST

WHEREFORE, Plaintiffs Dora Patricia Amaya and Anibal Silva pray that the Court award relief as follows:

1.  Unpaid wages and compensation, and statutory penalties, according to proof;

2.  Restitution of all compensation due, including but not limited to unpaid wages and interest, as a result of DEFENDANTS' unlawful and unfair business practices, according to proof;

3.  Preliminary and permanent injunctions enjoining and restraining DEFENDANTS from continuing the unfair and unlawful business practices set forth above, and requiring the establishment of appropriate and effective policies, procedures and practices to prevent future violations, including but not limited to, the maintenance of records that comply with California Labor Code section 226 and Wage Order 9;

4.  Declaratory relief;

5.  Reasonable attorneys' fees and costs, pursuant to, *inter alia*, California Labor Code sections 218.5, 226, 2699 and 2802, California Code of Civil Procedure section 1021.5, and the common fund doctrine;

6.  Interest accrued on damages and penalties, including pre-judgment interest, pursuant to, *inter alia*, California Labor Code section 218.6, and California Civil Code sections 3287 and 3288;

7.  Civil penalties pursuant to California Labor Code sections 210, 226.3, 558, 2802, and 2699, subdivisions (a) and (f), for DEFENDANTS' violations of the California Labor Code and Wage Order 9, according to proof; and

8.  Such other and further relief as the Court deems just and proper.

Dated: May        , 2023          **LAW OFFICES OF C. JOE SAYAS, JR.**

By: _____
C. JOE SAYAS, JR.
KARL P. EVANGELISTA
Attorneys for Plaintiffs

21

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

Plaintiffs Dora Patricia Amaya and Anibal Silva hereby demand a jury trial on all issues so triable.

Dated: May _____, 2023           **LAW OFFICES OF C. JOE SAYAS, JR.**

By: _____
C. JOE SAYAS, JR.
KARL P. EVANGELISTA
Attorneys for Plaintiffs

Deleted: Brayan Lozano Gonzalez

Deleted: August

Deleted: 2022

Deleted: FIRST

22

SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL