**LAW OFFICES OF C. JOE SAYAS, JR.**
C. JOE SAYAS, JR. (Bar No. 122397)
KARL P. EVANGELISTA (Bar No. 250685)
500 N. Brand Boulevard, Suite 980
Glendale, California 91203
Telephone: (818) 291-0088
Facsimile: (818) 240-9955

**KING CHENG MILLER & JIN, LLP**
DAVID P. KING (Bar No. 136765)
3675 Huntington Drive, Suite 200
Pasadena, California 91107
Telephone: (626) 304-9001
Facsimile: (626) 304-9002

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA PATRICIA AMAYA, an individual; and BRAYAN LOZANO GONZALEZ, an individual; on behalf of themselves and others similarly situated, | Case No.: 2:22-cv-05915-MCS-MAR |
| Plaintiffs, | **DECLARATION OF KIRK MARANGI, M.B.A., M.A., C.V.A., IN SUPPORT OF CLASS CERTIFICATION** |
| vs. | |
| MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | |

///

///

///

///

///

///

///

1

### DECLARATION OF KIRK MARANGI

I, Kirk Marangi, declare as follows:

1.    I have personal knowledge of the facts stated in this declaration, and if called to testify in court, I could and would competently attest as to their truth.

2.    This is a declaration in the matter of *Amaya, et al. v. Menzies Aviation (USA), Inc.* I was asked to prepare this declaration by the Law Offices of C. Joe Sayas, Jr. and King Cheng Miller & Jin, LLP.

3.    I am the principal economist at Kirk Marangi Economic Valuations, a consultancy firm specializing in assessing economic damages in business, wrongful termination, wage and hour class action litigation, including analysis of business valuation. I have been designated as an expert economist in civil cases filed before federal and state courts in California. I have testified in trials, arbitrations, and depositions in these cases, and have served as a forensic economist for counsel representing both plaintiffs and defendants within the last 20 years.

4.    I obtained the following collegiate degrees from the following institutions:

    a)    Bachelor of Science in Industrial Engineering – Stanford University;

    b)    Master of Arts in International Studies – University of Pennsylvania, School of Arts and Sciences; and

    c)    Master of Business Administration – University of Pennsylvania, Wharton School.

5.    Attached as Exhibit "1" to this Declaration is a true and correct copy of my *Curriculum Vitae*.

6.    I am informed that this case involves the claims of a class of non-exempt employees ("Employees") for meal- and rest-period premium wages, as well as claims for reimbursement for the costs of their personal cell phone use, against the Employees' employer, Menzies Aviation (USA), Inc. ("Menzies"). Counsel for plaintiffs retained my professional services in the instant class action. I was asked to review and evaluate

DECLARATION OF KIRK MARANGI, M.B.A., M.A., C.V.A., IN SUPPORT OF
CLASS CERTIFICATION

voluminous records consisting of the following documents produced by Menzies, as well as those produced by Plaintiffs in discovery:

a)   Class List in Excel format containing names of ███████████ ███████████████████ Employees, their contact information, job title, work location, active or terminated status, hourly pay rate, and the number of pay periods throughout their employment with Menzies during the Class Period. To illustrate, I attach as Exhibit "2" a copy of the first 3 pages of the Class List, which provide these information organized under various columns that remain consistent throughout this voluminous document. I understand that these are the Employees of Menzies for the class period beginning August 20, 2018 until the present;

b)   Excel Time Records for each of the Employees, reflecting clock in and clock out times when they start and end their work shifts, as well as clock out and clock in times when they commence and end their meal breaks.  These Time Records are organized annually, and I reviewed information pertaining to the years 2019, 2020, 2021, and 2022.[1]  I collectively refer to these documents as "Menzies' Time Records." By way of illustration, I attach as Exhibit "3" a copy of the first 3 pages of Menzies' Time Records for the year 2022. The Menzies Time Records for all the 4 years reflect common information of work times and meal break times.

c)   I also reviewed various Excel documents that show the amounts of payments made by Menzies to Employees.  I reviewed Menzies' "Earnings Pay History," which detail specific payments made to each

---

[1] It is my understanding that Menzies used the same Kronos program from approximately mid-2019 until the present, and that another program called Workforce was used before that. I understand that Menzies have yet to produce the Time Records corresponding to the years 2018 and 2023.

3

of the Employees per coded categories of earnings[2] made at specific dates. For instance, the Excel list shows the amount paid for such categories as regular time, overtime, or as Meal Break penalties. I additionally reviewed the detailed Payroll Register set of records that contain similar information on Menzies' payments for each category of earnings, including Meal Break penalties. I particularly focused my review of these pay records on recorded Meal Break penalties that were paid to Employees. I collectively refer to these documents as "Menzies' Pay Records." By way of illustration, I attach as Exhibit "4" a copy of the first 3 pages of Menzies' Earnings Pay History.

    d)    Plaintiffs' time records and wage statements that they received while employed at Menzies, and which were produced in discovery.

7.    Based on Menzies' Time Records, I was able to determine on a Year-by-Year, Employee-by-Employee, and Shift-by-Shift basis, whether any of the following meal break violations had occurred: (i) missed, short, or late first meal breaks for shifts in which an employee had worked at least five (5) hours, and (ii) missed, short, or late second meal breaks for shifts in which an employee had worked at least ten (10) hours. Based on Menzies' Pay Records, I was able to determine on a Year-by-Year basis the actual Meal Break penalties paid. If multiple meal break violations happened in a single shift, it was counted as a single violation for that shift.

8.    I observed the following uniform patterns in the Menzies' Time Records:

---

[2] Menzies also produced an Excel List of Earnings Codes that contains 375 abbreviated codes with the corresponding description of each earnings.

4

9.    I have previously reviewed similar time records in several wage and hour class actions in which I have been involved in the past. I have been informed, and have learned here and in other prior cases, that shortened, late, or missed meal breaks constitute violations of California law on meal breaks. I understand that these violations require employers to pay Meal Break Penalties, consisting of an extra hour of wages at the Employees' regular rate of pay.

DECLARATION OF KIRK MARANGI, M.B.A., M.A., C.V.A., IN SUPPORT OF CLASS CERTIFICATION

10.    I was requested to determine the number of Meal Break violations from available Menzies' records. I was further requested to determine Menzies' total payments of Meal Break Penalties for the same period.  The following data is the result of such determinations:

a)    **2022**

b)    **2021**

c)    **2020**



6



d)    **2019**

Kronos System Data

Pre-Kronos System Data

11.    The Grand Total of all violations for the period from 2019 – 2022 is These numbers may change based on new or supplemental information that may be provided by the parties, but the same methodology can be used to determine the violations and the amounts of Meal Break Penalties due to the putative class.

12.    I have determined from the different hourly rates of Employees, as reflected in the records provided by Menzies, that the Employees' average hourly rate is

7

DECLARATION OF KIRK MARANGI, M.B.A., M.A., C.V.A., IN SUPPORT OF CLASS CERTIFICATION

Assuming the grand total of all violations for the class of Employees number ████, as
stated above, and this number is multiplied by the average hourly rate of ████ [3]the
amount of Meal Break Penalties earned by the class of Employees is ████.

13.    If this value is offset by the total amount of payments made by Menzies for
Meal Break Penalties, which total ████ the remaining amount or difference is
████. This latter amount represents the Meal Break Penalties remaining unpaid or is
due to the putative class of Employees for the period from 2019 – 2022. This amount
excludes any Meal Break Penalties that may arise from violations that occurred in 2018
and in 2023, the years corresponding with the time records that have yet to be produced
and reviewed.

14.    The records pertaining to the putative class are consistent with information
in the Timecards and Pay Statements of Plaintiff Patricia Amaya, and from which a specific
example of an unpaid violation on certain dates can be shown. For instance, records for the
pay period from January 31, 2022 to February 13, 2022, do not show that lawful meal
breaks were provided:

Here, the employee worked a shift of 10.18 hours that would have required two meal
breaks but only one was provided. In addition, the first meal break was taken beyond the
fifth hour.

---

[3] As an alternative to using the average hourly rate method, a more elaborate approach can be used to compute the value
ascribed to the violations. Actual hourly rates from Menzies' own records can be used to determine the actual payments due
to each Class Member and from there the aggregate amount of damages due to the class can readily be determined.

8

Here, the employee worked a shift of 9.5 hours. However, she was able to take her meal break beyond the fifth hour.

| ██████████████████████████████████████ | | | | |
|---|---|---|---|---|
| ██████████████████████████████████████ | | | | |

Here, there is no record of the employee taking a meal break, and thus, indicating a missed meal break, having worked 6.25 hours.

Menzies records above do not show compliance and the employee is entitled to a Meal Penalty equivalent to 3 hours of her regular hourly rate. Despite these 3 instances of violations for this pay period, however, the corresponding Pay Statement does not show payment of Meal Penalty.

15. I have attached the applicable Employee Timecard as Exhibit "5", and the corresponding Pay Statement as Exhibit "6", Reviewing additional records, I see further violations in other pay periods and for which the employee was not paid.

16. I have not seen any code description specifically pertaining to Rest Break Penalties in the materials I reviewed, nor did I see any specific payment amounts pertaining to Rest Break Penalties contained in Menzies' Pay Records.

17. From the Pay Records that I reviewed, I also did not see any payment or reimbursement to Employees for the costs of using their cell phone for Menzies' work purposes.

18. The records also contain information on employee status of whether they are active or terminated from Menzies on certain dates. This is helpful in ascertaining the class of employees who can claim waiting time penalties which I understand is additionally claimed in this class action.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed at Altadena, California this _17th_ day of May, 2023.

KIRK MARANGI

9



Kirk Marangi
## ECONOMIC VALUATIONS
BUSINESS VALUATIONS | CLASS ACTIONS | EMPLOYMENT & BUSINESS LITIGATION

*Professional Experience*

**Kirk Marangi Economic Valuations, a limited partnership**
**Principal Economist**
Economic consultant to plaintiffs and defendants. Specialize in assessing economic damages in business, wrongful termination, and wages and hours class-action litigation as well as business valuation, ***2009-present***

- *Class action/wages and hours experience in the following industries: consumer products, food, hospitality, delivery, packaging, entertainment, public employee, journalism, and healthcare.*
- *Experience in lost profits, business interruption, breach of contract, unfair competition, and theft of trade secrets litigation.*
- *Employment litigation including discrimination, whistle blower, and fraudulent inducement.*
- *Testimony in California Superior Court.and U.S. District Court*

**Rizzardi Pearson Associates**
**Forensic Economist**
Economic consultant to plaintiffs and defendants. Specialize in assessing economic damages in business and employment litigation. Extensive experience with cases involving wrongful termination, wrongful death, personal injury, medical malpractice, wages and hours class-action, and business lost profits, ***2003-2009***

**Packard Bell NEC Corporation**
A multi-billion-dollar global personal computer business
**Director of Financial Analysis**
Corporate budgeting, world-wide financial reporting, accounting for restructuring related to acquisition of Zenith Data Systems and merger with NEC Technology, ***1996-1998***

**Manager of Operations Financial Analysis**
All internal litigation support in the case of *Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, product pricing and contribution model, cost and reserve analysis, ***1993-1996***

**Rehrig Pacific Company**
A $250 million plastic container business serving the beverage, waste management, and food industries
**Assistant to the President**
Acquisition search in the plastic molding industry, administration of employee stock plan and pension plan, ***1989-1990***

**Dole Packaged Foods**
The packaged foods division of a multi-billion-dollar global food business
**Manager of Financial Analysis, Hawaii Division**
Capital budgeting, business planning, restructuring, ***1988-1989***

**Operations Analyst, Finance**
New product pro-forma income statements, global cost-benefit analysis, ***1987-1988***

225 South Lake Ave., Suite 300, Pasadena, CA 91101
P: 626-627-7992 | F: 626-796-7130
kirk@kmecon.com
www.kmecon.com

*Curriculum Vitae*
**Kirk Alan Marangi**
Page 2

| | |
|---|---|
| *Operational Experience* | **FDI Collateral Management**<br>A \$50 million financial services outsourcing company<br>**Director of Process Quality and Improvement**<br>Efficiency improvement, operations management, quality assurance<br>management, international business process outsourcing, *2002-2005* |

*Operational Experience*

**FDI Collateral Management**
A \$50 million financial services outsourcing company
**Director of Process Quality and Improvement**
Efficiency improvement, operations management, quality assurance
management, international business process outsourcing, *2002-2005*

**Packard Bell NEC Corporation**
**Director of Sales Operations**
Order management, sales support, client contracts, sales commission
administration, *2000-2001*

**Director of Strategic Planning, Commercial Division**
Global product, service and support offering, *1999-2000*

**Director of Process Quality and Productivity**
Manufacturing efficiency improvement, international quality standard ISO 9000,
*1998-1999*

**Rain Bird Sprinkler Manufacturing Corporation**
**Quality Manager, International Division and Electronic Assembly Plant**
Quality planning and improvement, customer satisfaction surveys, statistical
sampling, root cause analysis, *1992-1993*

*Education*

**Master of Business Administration**
Concentration in Finance
The University of Pennsylvania, the Wharton School
**May 1987**

**Master of Arts in International Studies**
The University of Pennsylvania, the School of Arts and Sciences
**May 1987**

**Bachelor of Science in Industrial Engineering**
Stanford University
**June 1982**

**Fellowship**
The Lauder Institute of Management and International Studies
The University of Pennsylvania, **1985- 1987**

*Languages:*

**French and Italian** Business Level          **Spanish** Beginning Level

*Professional Activities*

**University of La Verne**
Adjunct Faculty Member, College of Business and Public Management **2014**

**University of Phoenix,** Assoc. Faculty Member, Business School, **2009-2013**

**National Association of Certified Valuators and Analysts**
Certified Valuation Analyst (CVA) Credential

**California Society of CPA's**
Presentation Fall 2013 of "Wage and Hours Class Actions"

**National Association of Forensic Economics: Member**

**The American Academy of Economic and Financial Experts: Member**

**The Hear Center, Non-Profit Hearing and Speech Clinic: Board Member**

*Case Work, Partial List*
**Kirk Alan Marangi**
**Page 3**

**Commercial Damages:**

Artifact Inc. v. Blade Insurance Services et al.

Sprint v. La Canada

Kate Grace Knee Brace

Crippen v. City of Fresno

California Charter School Group

Friedman v. The Laby Family Trust

Riffenburgh Lumber v. The City of Big Bear

Juxian Modern Organic Ginger Co. Ltd. v. Yong Ming Int'l Group Inc.

Orient Antique Palace Inc. et al. v. Tony Tsai et al.

**Class Action, Consumer:**

Cundiff, et al. v. Bell Atlantic Corporation, et al.

**Single Plaintiff, Wage and Hours:**

Aleman v. Ramirez

Konig v. U-Haul

Tapia v. Mangen Group

**Class Action, Wage and Hours:**

Dukes et al. v. Wal-Mart Stores, Inc.

Navarro v. Pacifica Hosts Inc.

Wang v. Chinese Daily News

Amaro et al. v. The Ritz Carlton, Huntington Hotel and Spa

Soto v. Starwood Hotels and Resorts Worldwide, Inc.

Sharp v. Next Entertainment, Inc.

Sparks v. Weyerhaeuser

Diller v. U.S. Borax

Holmgren v. The County of Los Angeles

PACE Workers Local 8-192 v. TXI Riverside Cement Company

**Employment:**

Criner v Evergreen

Casavan v City of Palm Springs

Dickson et al. v Golden State Water Company et al.

I-Care Professional Corporation et al. v Del Puerto Healthcare District et al.

Stark v Withrow, et al.

## Earnings Pay History by Worked in State

| Work In | Employee Name (Last Suffix, First MI) | Employee Number | Employment Status | Salary/Hourly | Employee Status Start | Original Hire Date | SSN (Unformatte | Location | Location Code | Job Title | Home Phone | Hourly Pay Rate | Address Line 1 + Address Line 2 | City | State/Prov | # of Pay |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ███ | ████████ | ███ | ████ | ██ | ████ | █████ | ████████ | | | ████ | ███ | | ██████████ | ███ | █ | █ |
| | ██████████ | ███ | ████ | | ████ | █████ | ████████ | | | ██████ | ███ | | ██████████ | ███ | █ | █ |
| | █████████ | ███ | ████ | | ████ | █████ | ████████ | | | ██ | ███ | | █████████████ | ████ | █ | █ |
| | ███████ | ███ | ████ | | ████ | █████ | ████████ | ██ | | █████ | | | █████████████ | | █ | █ |
| | ██████████ | ███ | ████ | | ████ | █████ | ████████ | | | ████ | ███ | | █████████ | ███ | █ | █ |
| | █████████ | ███ | ████ | | ████ | █████ | ████████ | | | ████ | ███ | | ███████████ | ███ | █ | █ |
| | ██████████ | ███ | ████ | | ████ | █████ | ████████ | | | ████ | ███ | | ██████████ | ███ | █ | █ |
| | ████████ | ███ | ████ | | ████ | █████ | ████████ | | | ████ | ███ | | ██████████ | ███ | █ | █ |
| | ████████ | ███ | ████ | | ████ | █████ | ████████ | | | ████ | ███ | | ██████████ | ███ | █ | █ |
| | █████████ | ███ | ████ | | ████ | █████ | ████████ | | | ████ | ███ | | ██████████ | ███ | █ | █ |
| | ███████ | ███ | ████ | | ████ | █████ | ████████ | | | ██ | | | ███████████████ | ████ | █ | █ |
| | ██████ | ███ | ████ | | ████ | █████ | ████████ | | | █ | ███ | | ███████████ | ███ | █ | █ |
| | ████████ | ███ | ████ | | ████ | █████ | ████████ | | | ████ | ███ | | ██████████ | ███ | █ | █ |
| | █████████ | ███ | ████ | | ████ | █████ | ████████ | | | █████ | ███ | | ██████████ | ███ | █ | █ |
| | ██████████ | ███ | ████ | | ████ | █████ | ████████ | | | █████ | ███ | | ███████████ | ███ | █ | █ |
| | █████████ | ███ | ████ | | ████ | █████ | ████████ | | | █████ | ███ | | ██████████ | ███ | █ | █ |
| | ████████ | ███ | ████ | | ████ | █████ | ████████ | | | █████ | ███ | | ██████████ | ███ | █ | █ |
| | ██████████ | ███ | ████ | | ████ | █████ | ████████ | | | █████ | ███ | | ██████████ | ███ | █ | █ |

## Earnings Pay History by Worked in State

| Work In | Employee Name (Last Suffix, First MI) | Employee Number | Employment Status | Salary/Hourly | Employee Status Start | Original Hire Date | SSN (Unformatte | Location | Location Code | Job Title | Home Phone | Hourly Pay Rate | Address Line 1 + Address Line 2 | City | State/Prov | # of Pay |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |

## Earnings Pay History by Worked in State

| Work In | Employee Name (Last Suffix, First MI) | Employee Number | Employment Status | Salary/Hourly | Employee Status Start | Original Hire Date | SSN (Unformatte | Location | Location Code | Job Title | Home Phone | Hourly Pay Rate | Address Line 1 + Address Line 2 | City | State /Prov | # of Pay |
|---------|---------------------------------------|-----------------|-------------------|---------------|-----------------------|--------------------|------------------|----------|---------------|-----------|------------|-----------------|----------------------------------|------|------------|----------|
| | | | | | | | | | | | | | | | | |



| partitionDate | personNumber | firstName | lastName | PunchTime | Station_Name | Line_of_Business_Name |
|---|---|---|---|---|---|---|



| partitionDate | personNumber | firstName | lastName | PunchTime | Station_Name | Line_of_Business_Name |
|---|---|---|---|---|---|---|



## Earnings Pay History by Worked in State

| Work In Code (SIT) | Employee Name (Last Suffix, First MI) | Employee Number | Employment Status | Salary /Hourly | Employee Status Start Date | Original Hire Date | SSN (Unformatted) | Location | Location Code | Job Title | Home Phone | # of Pay | Pay Date | Earnings Code | Current Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |

## Earnings Pay History by Worked in State

| Work In Code (SIT) | Employee Name (Last Suffix, First MI) | Employee Number | Employment Status | Salary /Hourly | Employee Status Start Date | Original Hire Date | SSN (Unformatted) | Location | Location Code | Job Title | Home Phone | # of Pay | Pay Date | Earnings Code | Current Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |

## Earnings Pay History by Worked in State

| Work In Code (SIT) | Employee Name (Last Suffix, First MI) | Employee Number | Employment Status | Salary /Hourly | Employee Status Start Date | Original Hire Date | SSN (Unformatted) | Location | Location Code | Job Title | Home Phone | # of Pay | Pay Date | Earnings Code | Current Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | |

T. BAZERKANIAN
04.13.23
**Exhibit 20-1**
ALYSSA A. REPSIK

MENZIES_000124

**MENZIES AVIATION**

Menzies Aviation (USA), Inc.
3500 William D. Tate Ave
Suite 200
Grapevine, TX 76051

| Pay Statement | |
|---|---|
| Period Start Date | 01/31/2022 |
| Period End Date | 02/13/2022 |
| Pay Date | 02/18/2022 |
| Document | 715848 |
| ▮▮▮▮ | ▮▮▮▮ |

## Pay Details

**Patricia Amaya**

▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮
▮

| | | | | |
|---|---|---|---|---|
| Employee Number | ▮▮ | Pay Group | Menzies Bi-Weekly |
| SSN | XXX-XX-XXXX | Location | LAX-MZS |
| Job | Passenger Service Agent | Airport Loc | LAX - Los Angeles, CA |
| Pay Rate | ▮▮ | Division | GH - GH Operations |
| Pay Frequency | Biweekly | Department | GHPAX - Passenger Services |
| | | Not In Use | ZZZ - Not In Use |

## Earnings

| Pay Type | Hours | Pay Rate | Current | YTD |
|---|---|---|---|---|
| Bonus | ▮▮ | ▮▮ | ▮▮ | ▮▮ |
| Holiday Premium | ▮▮ | ▮▮ | ▮▮ | ▮▮ |
| Overtime | ▮▮ | ▮▮ | ▮▮ | ▮▮ |
| Prev Week OT Ad | ▮▮ | ▮▮ | ▮▮ | ▮▮ |
| Regular Hours | ▮▮ | ▮▮ | ▮▮ | ▮▮ |
| Total Hours | ▮▮ | | | |

## Deductions

| Deduction | Based On | Pre-Tax | Employee Current | Employee YTD | Employer Current | Employer YTD |
|---|---|---|---|---|---|---|
| Initiation Fees | ▮▮ | ▮▮ | ▮▮ | ▮▮ | ▮▮ | ▮▮ |
| Union Dues | ▮▮ | ▮▮ | ▮▮ | ▮▮ | ▮▮ | 0 |
| Basic AD&D 20k | ▮▮ | ▮▮ | ▮▮ | ▮▮ | ▮▮ | ▮▮ |
| Basic Life 20k | ▮▮ | ▮▮ | ▮▮ | ▮▮ | ▮▮ | ▮▮ |

## Taxes

| Tax | Based On | Current | YTD |
|---|---|---|---|
| Federal Income Tax | ▮▮ | ▮▮ | ▮▮ |
| Employee Medicare | ▮▮ | ▮▮ | ▮▮ |
| Social Security Employee Tax | ▮▮ | ▮▮ | ▮▮ |
| CA State Income Tax | ▮▮ | ▮▮ | ▮▮ |
| CA Disability Employee | ▮▮ | ▮▮ | ▮▮ |

## Paid Time Off

| Plan | Current | Balance |
|---|---|---|
| PTO | ▮▮ | ▮▮ |

## Net Pay Distribution

| Account Number | Account Type | Amount |
|---|---|---|
| ▮▮▮▮ | Checking | |
| Total | | ▮▮ |

## Pay Summary

| | Gross | FIT Taxable Wages | Taxes | Deductions | Net Pay |
|---|---|---|---|---|---|
| Current | ▮▮ | ▮▮ | ▮▮ | ▮▮ | ▮▮ |
| YTD | ▮▮ | ▮▮ | ▮▮ | ▮▮ | ▮▮ |