**LAW OFFICES OF C. JOE SAYAS, JR.**
C. Joe Sayas, Jr. (SBN 122397)
Karl P. Evangelista (SBN 250685)
500 N. Brand Boulevard, Suite 980
Glendale, California 91203
Tel: 818.291.0088
Fax: 818.240.9955

**KING CHENG MILLER & JIN, LLP**
DAVID P. KING (SBN 136765)
3675 Huntington Drive, Suite 200
Pasadena, California 91107
Telephone: (626) 304-9001
Facsimile: (626) 304-9002

Attorneys for Plaintiffs

CHRISTOPHER WARD (SBN 238777)
**FOLEY & LARDNER LLP**
555 S. Flower Street, Suite 3300
Los Angeles, California 90071-2418
Tel: 213.972.4500
Fax:         213.486.0065

KEVIN JACKSON (SBN 278169)
**FOLEY & LARDNER LLP**
11988 El Camino Real, Suite 400
San Diego, California 92130-2594
Tel: 858.847.6700
Fax: 858.792.6773

Attorneys for Defendant
MENZIES AVIATION (USA), INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA PATRICIA AMAYA, an individual; and ANIBAL SILVA, an individual; on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-05915-HDV-MAR<br><br>Hon. Hernán D. Vera<br><br><u>CLASS ACTION</u><br><br>**JOINT CASE MANAGEMENT STATEMENT PER COURT'S REASSIGNMENT ORDER** |

**TO THE HONORABLE COURT:**

Pursuant to the Court's Reassignment Order dated June 23, 2023, Dkt. No. 52, Plaintiffs Dora Patricia Amaya and Anibal Silva (collectively, "Plaintiffs"), and Defendant Menzies Aviation (USA), Inc. (hereafter, "Menzies"), by and through their respective counsel of record, hereby submit this Joint Case Management Statement.

a. **Date of Filing**

This case was initiated in the United States District Court for the Central District of California on August 19, 2022. Plaintiffs thereafter filed a First Amended Complaint on August 30, 2022, and a Second Amended Complaint on May 9, 2023.

b. **Description of Each Party**

Menzies is an aviation services company that provides ground-handling, cargo-handling and fueling services for its customers in the aviation industry.

Plaintiffs are a current and former employee of Menzies. Plaintiffs seek class certification, on behalf of a class of former and current non-exempt employees of Menzies in the State of California, for the wage-and-hour claims described below.

c. **Summary of All Claims**

Plaintiffs' operative Second Amended Complaint asserts claims for:

(1) Failure to Pay Wages for Missed Meal Periods (*Cal. Lab. Code §§ 226.7 & 512*; *8 Cal. Code Regs. § 11090* (IWC Wage Order 9), *¶ 11*);

(2) Failure to Pay Wages for Missed Rest Periods (*Cal. Lab. Code § 226.7*; *8 Cal. Code Regs. § 11090* (IWC Wage Order 9), *¶ 12*);

(3) Failure to Reimburse Business Expenses (*Cal. Lab. Code § 2802*);

(4) Failure to Provide Accurate, Itemized Wage Statements (*Cal. Lab. Code § 226*);

(5) Waiting Time Penalties (*Cal. Lab. Code §§ 201, 202 & 203*);

(6) Unfair Competition (*Cal. Bus. & Prof. Code §§ 17200 et seq.*); and

(7) Civil Penalties Under the California Labor Code Private Attorney General Act (*Cal. Lab. Code §§ 2698 et seq.*).

No counter-claims, cross-claims, or third party claims have been asserted in this action.

d. **Brief Description of Events Underlying Action**

*Plaintiffs' Statement*

Plaintiffs and putative class members are non-exempt employees of Menzies in California. Menzies, per policy and practice, imposed excessive workloads on Plaintiffs

and the putative class, resulting in repeated violations of the meal- and rest-period requirements imposed by California Labor Code Sections 226.7 and 512, and Wage Order 9 of the California Industrial Welfare Commission. Despite regularly failing to provide employees with compliant meal and rest periods, Menzies systematically failed to compensate Plaintiffs and other putative class members with the resulting premium wages earned in lieu of missed meal and rest breaks, in violation of Labor Code Section 226.7 and Wage Order 9.

In addition to meal- and rest-period violations, Menzies further violated the provisions of California Labor Code Section 2802 mandating that California employers cover the costs of equipment reasonably necessary for the performance of employees' assigned duties. Specifically, Menzies has failed to indemnify Plaintiffs and a subclass of other putative class members whose duties compelled their use of personal cell phones on work tasks for the costs attributable to such work use.

*Defendant's Statement*

Menzies disputes wholesale Plaintiffs' characterization of its policies and practices, and generally denies that it violated any applicable wage and hour laws or regulations. At all times throughout the class period, Menzies maintained lawful wage and hour policies and practices. Menzies further disputes that Plaintiffs' claims are suitable for class treatment, as set forth in greater detail in its Opposition to Plaintiffs' Motion for Class Certification, including in part that the vast majority of the putative class is subject to enforceable arbitration agreements.

   e. **Status of Discovery, Discovery Management Issues and Cutoff Dates**

    1. ***Status of Discovery***

     a. *Written Discovery Exchanged*

On November 11, 2022, Plaintiffs served Menzies with Plaintiffs' first set of production requests under Rule 34 of the Federal Rules of Civil Procedure ("FRCP"), and a Notice of Deposition of Menzies under FRCP Rule 30(b)(6). The parties stipulated that the aforesaid discovery would be deemed served on the date of the parties' FRCP Rule

26(f) conference of counsel on November 22, 2022. On November 23, 2022, Plaintiffs served an amended version of their first set of production requests under FRCP Rule 34. On December 1, 2022, Plaintiffs served a set of Interrogatories on Menzies pursuant to FRCP Rule 33.

On December 21, 2022, Menzies served its first set of production requests on Plaintiff Dora Patricia Amaya ("Amaya") and former plaintiff Brayan Lozano Gonzalez[1] ("Gonzalez") under FRCP Rule 34. Menzies also served Notices of Deposition for Plaintiff Amaya and former plaintiff Gonzalez, respectively, under FRCP Rule 30 on the same date.

The parties exchanged Initial Disclosures, pursuant to FRCP Rule 26(a)(1), on December 6, 2022. On December 30, 2022, Menzies served written responses to Plaintiffs' set of interrogatories, as well as to Plaintiffs' amended set of production requests. On January 20, 2023, Plaintiff Amaya and former plaintiff Gonzalez, respectively, served written responses to Menzies' production requests. The parties have each produced documents responsive to the production requests made in this action.

### b. *Depositions Taken*

Plaintiffs took the previously-noticed deposition of Menzies' designee, pursuant to FRCP Rule 30(b)(6), on April 13, 2023. Plaintiffs have also taken the noticed depositions of selected managers of Menzies, pursuant to FRCP Rule 30(b)(1), on the following dates: (1) Lizette Medina (Cabin Duty Manager) on May 3, 2023; (2) Brian Galindo (Ramp Operations Manager) on May 3, 2023; (3) Dave Funes (Cargo Operations Manager) on May 5, 2023; (4) Jose Salcedo Garcia (Freighter Duty Manager) on May 5, 2023; (5) Gracie Puckett (Payroll Director) on May 16, 2023; and (6) Gus Papagno (Manager of Time and Attendance Department) on June 26, 2023.

---

[1] As noted in section f., *infra*, Plaintiff Anibal Silva was substituted into this case in place of former plaintiff Brayan Lozano Gonzalez in the operative Second Amended Complaint, Dkt. No. 40, leave for the filing of which was stipulated to by the parties and granted by the Court via Order dated May 9, 2023. Dkt. No. 39.

Menzies took the depositions of Plaintiff Amaya on April 26, 2023 and Plaintiff Anibal Silva ("Silva") on May 19, 2023.

### 2. Discovery Management Issues

Upon receipt of Defendant's discovery responses, Plaintiffs immediately initiated a meet-and-confer discussion regarding a number of discovery disputes identified by Plaintiffs. The parties were able to resolve all but one discovery dispute, which centered on Plaintiffs' Interrogatory No. 1's request for the names, job titles/positions, and contact information of the putative class members (hereafter referred to as the "Class List").

Plaintiffs filed a Motion to Compel production of the Class List on January 25, 2023. Dkt. No. 23. In the joint briefing required by Local Rule 37-2, the parties asked the Court to determine whether: (i) a prior *Belaire-West* notice and opt-out procedure was required before production of the Class List could be made, as argued by Defendant, or (ii) the Class List could properly be made subject to a Stipulated Protective Order and without need for the delay and costs associated with a prolonged *Belaire-West* notice and opt-out procedure, as argued by Plaintiff. Dkt. No. 23-1. Following a February 15, 2023 hearing before Magistrate Judge Margo A. Rocconi, *see* Dkt. No. 27, the Court directed Defendant to provide Plaintiffs' requested Class List discovery pursuant to a Stipulated Protective Order and without need for a *Belaire-West* notice and opt-out procedure, via Order dated February 16, 2023. Dkt. No. 28. Defendant thereafter provided the requested Class List discovery as ordered by the Court.

### 3. Present Discovery Cutoff Dates

As noted in section g. below, the following discovery cutoff dates were previously set by Judge Scarsi and presently remain in place:

(1) Non-Expert Discovery Cut-Off on October 2, 2023; and

(2) Expert Discovery Cut-Off on November 6, 2023.

## f. Procedural History

This case was initially assigned to District Judge Mark C. Scarsi, and to Magistrate Judge Margo A. Rocconi for all discovery matters. Dkt. No. 2. By Order dated June 20,

2023, the case was re-assigned to District Judge Hernán D. Vera, with Magistrate Judge Rocconi still assigned for discovery matters. Dkt. No. 51.

By Order dated October 26, 2022, Judge Scarsi had scheduled the initial Scheduling Conference in this case for December 19, 2022. Dkt. No. 13. Following the parties' submission of their Joint FRCP Rule 26(f) Report on December 5, 2022, Dkt. No. 19, Judge Scarsi then took the December 19, 2022 Scheduling Conference off calendar. Dkt. No. 21. A Scheduling Order was issued on December 16, 2022, which set a briefing schedule for Plaintiffs' class certification motion and scheduled a hearing date for same, set deadlines for disclosures of initial and rebuttal experts, and set cutoff dates for non-expert discovery and expert discovery. Dkt. No. 22. The Scheduling Order explained that "[t]he Court will set additional dates, including pretrial and trial dates, after a ruling on class certification is issued." Dkt. No. 22. As explained in section g. below, the Court subsequently adjusted these dates, as circumstances warranted, to those appearing in the table in section g.

Other than the discovery motion described in section e.2. above, no other motions have been decided by the Court in this matter. Plaintiffs timely filed their class certification motion on May 22, 2023, Dkt. No. 41, Menzies filed their Opposition papers on June 12, 2023, Dkt. No. 50, and Plaintiffs' filed a Reply Brief on July 3, 2023. Dkt. No. 53. Per the Court's Reassignment Order, the July 24, 2023 hearing on the fully-briefed Motion for Class Certification has been vacated, and will be re-noticed for a new date subsequent to October 1, 2023. Dkt. No. 52.

No ADR proceedings or settlement conferences have been scheduled or concluded in this case. No appellate proceedings are pending or have concluded. Other than the discovery matters assigned to Magistrate Judge Rocconi, there are no previous referrals to a magistrate judge.

    **g.**    **Description of Deadlines in Place Prior to Re-Assignment**

Prior to re-assignment to the Honorable Hernán D. Vera, the following deadlines had been set by the Honorable Mark C. Scarsi in this case:

///

| Event | Date |
|---|---|
| Deadline to File a Motion for Class Certification | May 22, 2023 |
| Deadline to File an Opposition to the Motion for Class Certification | June 12, 2023 |
| Deadline to File a Reply in Support of the Motion for Class Certification | July 3, 2023 |
| Hearing Date on Motion for Class Certification | July 24, 2023, at 9:00 a.m. |
| Expert Disclosure (Initial) | August 7, 2023 |
| Expert Disclosure (Rebuttal) | September 5, 2023 |
| Non-Expert Discovery Cut-Off | October 2, 2023 |
| Expert Discovery Cut-Off | November 6, 2023 |

*See* Dkt. No. 22, Dkt. No. 33, Dkt. No. 35, and Dkt. No. 37. Judge Scarsi's Scheduling Order explained that "[t]he Court will set additional dates, including pretrial and trial dates, after a ruling on class certification is issued." Dkt. No. 22.

As noted in section f., *supra*, the parties have fully briefed the pending Motion for Class Certification in compliance with the above-noted briefing schedule issued by the Court, but the July 24, 2023 hearing previously scheduled for said motion was vacated by the Re-Assignment Order. The deadlines for Expert Disclosure (Initial), Expert Disclosure (Rebuttal), Non-Expert Discovery Cut-Off, and Expert Discovery Cut-Off, as stated above, presently remain in place.

    **h.**    **Consent for Magistrate Judge Trial**

The parties do not consent to trial before a magistrate judge.

    **i.**    **Immediate Need for Case Management Conference**

In its Reassignment Order, the Court states that all discovery cutoff dates and other deadlines remain in effect. Dkt. No. 52. However, in conformance with the Court's Reassignment Order, the hearing on Plaintiffs' Motion for Class Certification has been re-noticed by Plaintiffs to October 12, 2023 at 10:00 a.m., Dkt. No. 54, such that the current

discovery deadlines now mostly predate the October 12, 2023 hearing date, rendering them impracticable.

The parties thus respectfully propose that the Court issue an Order: (1) vacating the current discovery cutoff dates and expert disclosure deadlines pending the Court's decision on Plaintiffs' class certification motion; and (2) scheduling a Case Management Conference after the certification issue has been decided by the Court, at which time the Court can set new dates for the expert disclosure deadlines and discovery cutoff dates, deadlines for dispositive motions, and dates for the Final Pretrial Conference and Trial. Prior to said Case Management Conference, the parties will meet and confer and submit another Joint Report providing additional information and proposals to assist the Court in issuing the appropriate dates.

Dated: July 10, 2023            **LAW OFFICES OF C. JOE SAYAS, JR. and KING CHENG MILLER & JIN, LLP**

By:   */s/ C. Joe Sayas, Jr.*
      C. JOE SAYAS, JR.
      KARL P. EVANGELISTA
      Attorneys for Plaintiffs

Dated: July 10, 2023            **FOLEY & LARDNER, LLP**

By:   */s/ Kevin Jackson*
      CHRISTOPHER WARD
      KEVIN JACKSON
      Attorneys for Menzies
      Aviation (USA), Inc.

**Local Rule 5-4.3.4(a)(2) Attestation**

I, C. Joe Sayas, Jr., hereby attest that all signatories listed above, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.

Dated: July 10, 2023                                   */s/ C. Joe Sayas, Jr.*
                                                                      C. JOE SAYAS, JR.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 500 N. Brand Boulevard, Suite 980, Glendale, CA 91203.

On the date of execution hereof, I caused to be served the following attached documents:

1. **JOINT CASE MANAGEMENT STATEMENT PER COURT'S REASSIGNMENT ORDER**

on all interested parties in this action by the method indicated below and addressed as follows:

| | |
|---|---|
| **Christopher Ward, Esq.**<br>FOLEY & LARDNER, LLP<br>555 South Flower Street, Suite 3300<br>Los Angeles, CA 90071<br>Facsimile: (213) 486-0065<br>cward@foley.com<br>hvanhowe@foley.com | *Attorneys for Defendant, MENZIES AVIATION (USA), INC.* |
| **Kevin Jackson, Esq.**<br>FOLEY & LARDNER, LLP<br>11988 El Camino Real, Suite 400<br>San Diego, CA 92130<br>Facsimile: (858) 792-6773<br>kjackson@foley.com<br>smoreno@foley.com | *Attorneys for Defendant, MENZIES AVIATION (USA), INC.* |

( ) **BY MAIL** as follows:
STATE- I am readily familiar with the practice of this office's collection and processing correspondence for mailing. Under that practice it is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Glendale California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

( ) **BY PERSONAL SERVICE** as follow: I caused each such envelope to be delivered by hand to the addressee (s) noted above or on the attachment herein.

(X) **BY E-MAIL OR ELECTRONIC TRANSMISSION** as follows: I caused a PDF version of the document to be sent via e-mail to the individuals listed herein and the parties have stipulated to treat e-mail service as "personal service." The electronic mail was sent to an electronic mail address maintained by the persons on whom the documents are served as last given by that/those persons. I personally requested a "delivery receipt"

for this electronic mail message, and, unless disallowed by the recipient, received the same.

I DECLARE under penalty of perjury that the foregoing is true and correct.

Executed on July 10, 2023, at Los Angeles, California.

                                        /s/ Roxana Hernandez
                                        Roxana Hernandez

PROOF OF SERVICE