**LAW OFFICES OF C. JOE SAYAS, JR.**
C. Joe Sayas, Jr. (SBN 122397)
Karl P. Evangelista (SBN 250685)
500 N. Brand Boulevard, Suite 980
Glendale, California 91203
Tel: 818.291.0088
Fax: 818.240.9955

**KING CHENG MILLER & JIN, LLP**
DAVID P. KING (SBN 136765)
3675 Huntington Drive, Suite 200
Pasadena, California 91107
Telephone: (626) 304-9001
Facsimile: (626) 304-9002

Attorneys for Plaintiffs

CHRISTOPHER WARD (SBN 238777)
**FOLEY & LARDNER LLP**
555 S. Flower Street, Suite 3300
Los Angeles, California 90071-2418
Tel: 213.972.4500
Fax:      213.486.0065

KEVIN JACKSON (SBN 278169)
**FOLEY & LARDNER LLP**
11988 El Camino Real, Suite 400
San Diego, California 92130-2594
Tel:  858.847.6700
Fax:  858.792.6773

Attorneys for Defendant MENZIES AVIATION (USA), INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA PATRICIA AMAYA, an individual; and ANIBAL SILVA, an individual; on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: 2:22-cv-05915-HDV-MAR<br><br>CLASS ACTION<br><br>**JOINT RULE 26(f) REPORT FOR AUGUST 24, 2023 SCHEDULING CONFERENCE**<br><br>Date:   August 24, 2023<br>Time:   10:00 a.m.<br>Courtroom:   5B |

**TO THE HONORABLE COURT:**

Pursuant to the Court's "Order Setting Scheduling Conference" dated July 6, 2023, Dkt. No. 55, and Rule 26(f) of the Federal Rules of Civil Procedure ("FRCP"), Plaintiffs Dora Patricia Amaya and Anibal Silva (collectively, "Plaintiffs"), on behalf of themselves and others similarly situated, and Defendant Menzies Aviation (USA), Inc. (hereafter,

1

"Menzies"), by and through their respective counsel of record, submit this Joint Rule 26(f) Report, which follows the parties' Rule 26(f) conference of counsel on July 25, 2023 via teleconference.

1.   **Statement of the Case**

   *(a)   Plaintiffs' Statement*

Plaintiffs are, respectively, a current and former employee of Menzies, an aviation services company that provides ground-handling, cargo-handling and fueling services for its customers in the aviation industry.  Menzies, per policy and practice, imposed excessive workloads on Plaintiffs and the putative class, resulting in repeated violations of the meal- and rest-period requirements imposed by California Labor Code Sections 226.7 and 512, and Wage Order 9 of the California Industrial Welfare Commission.  Despite regularly failing to provide employees with compliant meal and rest periods, Menzies systematically failed to compensate Plaintiffs and other putative class members with the resulting premium wages earned in lieu of missed meal and rest breaks, in violation of Labor Code Section 226.7 and Wage Order 9.  In addition to meal- and rest-period violations, Menzies further violated the provisions of California Labor Code Section 2802 mandating that California employers cover the costs of equipment reasonably necessary for the performance of employees' assigned duties.  Specifically, Menzies has failed to indemnify Plaintiffs and a subclass of other putative class members whose duties compelled their use of personal cell phones on work tasks, for the costs attributable to such work use.

Plaintiffs' operative Second Amended Complaint asserts claims for: (1) Failure to Pay Wages for Missed Meal Periods (*Cal. Lab. Code §§ 226.7 & 512*; *8 Cal. Code Regs. § 11090* (IWC Wage Order 9), *¶ 11*); (2) Failure to Pay Wages for Missed Rest Periods (*Cal. Lab. Code § 226.7*; *8 Cal. Code Regs. § 11090* (IWC Wage Order 9), *¶ 12*); (3) Failure to Reimburse Business Expenses (*Cal. Lab. Code § 2802*); (4) Failure to Provide Accurate, Itemized Wage Statements (*Cal. Lab. Code § 226*); (5) Waiting Time Penalties (*Cal. Lab. Code §§ 201, 202 & 203*); (6) Unfair Competition (*Cal. Bus. & Prof. Code §§ 17200 et seq.*); and (7) Civil Penalties Under the California Labor Code Private Attorney

General Act (*Cal. Lab. Code §§ 2698 et seq.*). Plaintiffs seek class certification of this action on behalf of a class of former and current non-exempt employees of Menzies in the State of California.

### (b) Defendant's Statement

Menzies disputes wholesale Plaintiffs' characterization of its policies and practices, and generally denies that it violated any applicable wage and hour laws or regulations. At all times throughout the class period, Menzies maintained lawful wage and hour policies and practices. Menzies further disputes that Plaintiffs' claims are suitable for class treatment, as set forth in greater detail in its Opposition to Plaintiffs' Motion for Class Certification, including in part that the vast majority of the putative class is subject to enforceable arbitration agreements.

### (c) Procedural History

This case was initiated in the U.S. District Court for the Central District of California on August 19, 2022. Dkt. No. 1. A First Amended Complaint was filed on August 30, 2022, Dkt. No. 7, to which Menzies filed its Answer on October 25, 2022. Dkt. No. 12. Plaintiffs' operative Second Amended Complaint[1] was filed on May 9, 2023, Dkt. No. 40, for which Menzies' Answer was filed on June 5, 2023. Dkt. No. 45.

The parties previously filed a Joint Rule 26(f) Report in this case on December 5, 2022. Dkt. No. 19. The Honorable Mark C. Scarsi thereafter issued a Scheduling Order, which set deadlines for the class certification motion, a briefing schedule and hearing date for the class certification motion, expert disclosure deadlines, and non-expert and expert discovery cutoffs. Dkt. No. 22. In conformance with the Court's amended deadlines for class certification, Dkt. No. 37, Plaintiffs timely filed their Motion for Class Certification on May 22, 2023, Dkt. No. 41, Menzies timely filed their Opposition papers on June 12,

---

[1] By Stipulation of the parties, Dkt. No. 38, the Court granted leave for filing the Second Amended Complaint substituting Plaintiff Anibal Silva in place of former plaintiff Brayan Lozano Gonzalez. Dkt. No. 39.

2023, Dkt. No. 50, and Plaintiffs timely filed their Reply Brief on July 3, 2023. Dkt. No. 53.

The Court's June 23, 2023 Reassignment Order vacated the July 24, 2023 hearing previously set for the now fully-briefed Motion for Class Certification. Dkt. No. 52. Per the Court's instruction, Plaintiffs re-noticed the hearing for their class certification motion for October 12, 2023 at 10:00 a.m. in Courtroom 5B. Dkt. No. 54.

**2.   Subject Matter Jurisdiction**

Subject matter jurisdiction is proper under 28 U.S.C. § 1332, subdivision (a)(1), in that: (1) the parties are citizens of different states, in that Plaintiffs are citizens of the states of California and Arizona, respectively, and Defendant is a citizen of the state of Texas; and (2) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**3.   Legal Issues**

Presently, the main legal issue in this case is whether class certification is appropriate under FRCP Rule 23, subdivisions (a) and (b).

**4.   Parties, Evidence, etc.**

*(a)   List of Parties*

- Plaintiff Dora Patricia Amaya
- Plaintiff Anibal Silva
- Defendant Menzies Aviation (USA), Inc.

*(b)   Percipient Witnesses*

The percipient witnesses to the employment practices at issue in this litigation are Menzies' former and current non-exempt employees that make up the putative class in this proposed class action, as well as the managerial personnel who created and/or implemented the employment policies and practices relevant to the claims asserted on behalf of Menzies' former and current California employees.

///

///

### *(c)   Key Documentary Evidence*

The key documentary evidence in this case include: (i) Defendant's time and payroll records; (ii) Defendant's written policies and practices regarding meal and rest breaks; (iii) communications between and amongst Defendant's key managerial personnel regarding the relevant employment policies and practices at issue, namely, meal breaks, rest breaks, premium wages for missed meal and rest breaks, and employees' use of personal cell phones for work-related tasks; and (iv) declarations provided by putative class members.

### 5.   **Damages**

Although the parties have completed pre-certification discovery, further post-certification discovery is needed to complete preparations for trial, including discovery as to the extent of damages attributable to the claims at issue in this proposed wage-and-hour class action. As such, the estimates herein are tentative at best.

Nonetheless, based on Menzies' production of electronic time and payroll records for approximately 5,462 non-exempt employees, covering only the time period from 2019-2022 (i.e., production which is yet to be completed), Plaintiffs' expert economist has estimated that the meal-break claims asserted on behalf of the class gives rise to approximately no less than $9,385,000 in unpaid premium wages for missed, shortened and late meal breaks. *See* Dkt. No. 49. Plaintiffs anticipate that such aggregate damages will likely increase upon Menzies' production of electronic time and pay records for the years 2018 and 2023. Plaintiffs further estimate that the rest-break claims will result in additional class damages of $10,511,115, based on the number of relevant aggregate workdays for the putative class as reflected in Menzies' production of time and pay records. These damages continue to increase.

Plaintiffs have propounded and currently await responses to post-certification discovery aimed at determining the size of the putative subclass for which Plaintiffs seek reimbursements, under California Labor Code Section 2802, of expenses incurred in employees' use of personal cell phones for work-related tasks. As discovery is ongoing on

this claim, there is presently insufficient information to provide a reasonable range of provable damages.

Plaintiffs further assert derivative damages for statutory penalties on behalf of the class, under: (i) California Labor Code Section 203 for Menzies' failure to pay all earned wages to former employees within the time limits imposed by Labor Code Sections 201 and 202 (i.e., waiting-time penalties); and (ii) California Labor Code Section 226 for Menzies' failure to include all premium wages earned by putative class members for violations of California's meal- and rest-period requirements. As discovery is incomplete and remains ongoing, there is presently insufficient information to provide a reasonable range of the amount of statutory waiting-time and recordkeeping penalties owed to the class that would be provable at trial.

Plaintiffs are also prosecuting an enforcement action, in place of the California Labor Commissioner and on behalf of other aggrieved employees, under the California Labor Code Private Attorney General Act ("PAGA") for the Labor Code violations described herein. As discovery is incomplete and ongoing, there is presently insufficient information to provide a reasonable range of the amount of civil penalties provable at trial for which Menzies would be liable under PAGA.

### 6. Insurance

The parties are unaware of any insurance coverage applicable to the claims at issue.

### 7. Motions

#### (a) Procedural Motion

Plaintiffs anticipate that a number of individuals may seek to be added as named plaintiffs in the event this action will not be proceeding on a class basis. Menzies does not anticipate filing any motions regarding parties, claims, amended pleadings, venue, or other procedural matters.

///
///
///

### *(b) Dispositive Motions*

Menzies anticipates filing a motion for summary judgment, or summary adjudication, on the issue of whether one or more of the claims asserted by Plaintiffs are preempted by an applicable collective bargaining agreement, among others.

Plaintiffs reserve the right to file a motion for partial summary judgment on the issue of liability for unpaid meal-break premium wages owed for late, shortened and missing meal breaks, as reflected in Menzies' electronic time and payroll records, and pursuant to the California Supreme Court's ruling in *Donohue v. AMN Services, LLC*, 11 Cal. 5th 58 (Cal. 2021).

### *(c) Class Certification Motion*

Plaintiffs timely filed their Motion for Class Certification on May 22, 2023,[2] Dkt. No. 41. Menzies then timely filed their Opposition papers to class certification on June 12, 2023, Dkt. No. 50, and Plaintiffs timely filed their Reply Brief on July 3, 2023. Dkt. No. 53. Per Judge Scarsi's amended Scheduling Order, the hearing on the class certification motion had previously been set for July 24, 2023. Dkt. No. 37. The Court's June 23, 2023 Reassignment Order vacated that July 24, 2023 hearing. Dkt. No. 52. Per the Court's instruction, Plaintiffs have re-noticed the hearing for their class certification motion for October 12, 2023 at 10:00 a.m. in Courtroom 5B. Dkt. No. 54.

///
///
///

---

[2] Judge Scarsi's initial Scheduling Order had set an April 10, 2023 deadline for filing the class certification motion, with corresponding deadlines for the Opposition and Reply briefs. Dkt. No. 22. Said deadlines were subsequently extended by the Court, based upon good causes (i.e., to accommodate Defendant's counsel's bereavement, to accommodate Plaintiffs' counsel's medical emergency, and to account for scheduling conflicts that delayed the availability of Menzies' managers for depositions noticed by Plaintiffs' counsel. *See* Dkt. No. 32, Dkt. No. 33, Dkt. No. 34, Dkt. No. 35, Dkt. No. 36 *and* Dkt. No. 37.

## 8. Discovery

### (a) Status of Discovery

#### i. Written Discovery Exchanged

On November 11, 2022, Plaintiffs served Menzies with Plaintiffs' first set of production requests under FRCP Rule 34, and a Notice of Deposition of Menzies under FRCP Rule 30(b)(6). The parties stipulated that the aforesaid discovery would be deemed served on the date of the parties' FRCP Rule 26(f) conference of counsel on November 22, 2022. On November 23, 2022, Plaintiffs served an amended version of their first set of production requests under FRCP Rule 34. On December 1, 2022, Plaintiffs served a set of Interrogatories on Menzies pursuant to FRCP Rule 33.

On December 21, 2022, Menzies served its first set of production requests on Plaintiff Dora Patricia Amaya and former plaintiff Brayan Lozano Gonzalez under FRCP Rule 34. Menzies also served Notices of Deposition for Plaintiff Amaya and former plaintiff Gonzalez, respectively, under FRCP Rule 30 on the same date.

The parties exchanged Initial Disclosures, pursuant to FRCP Rule 26(a)(1), on December 6, 2022. On December 30, 2022, Menzies served written responses to Plaintiffs' set of interrogatories, as well as to Plaintiffs' amended set of production requests. On January 20, 2023, Plaintiff Amaya and former plaintiff Gonzalez, respectively, served written responses to Menzies' production requests. The parties have each produced documents responsive to the production requests made in this action, with particular emphasis on completion of pre-certification discovery.

Per the parties' agreement in the course of meet-and-confer discussions, certain categories of production requests made in Plaintiffs' first set of production requests, which focused on merits and complete class-damages discovery needed in the post-certification stage, were previously held in abeyance pending briefing and a decision by this Court on Plaintiffs' Motion for Class Certification. Counsel for the parties are presently in the course of meet-and-confer discussions regarding the scope and timing of such production.

On July 17, 2023, Plaintiffs served their "Request for Production of Documents to Defendant Menzies Aviation (USA), Inc., Set Two." Menzies' responses to this second set of production requests are presently due on August 16, 2023.

### ii.   *Depositions Taken*

Plaintiffs took the previously-noticed deposition of Menzies' designee under FRCP Rule 30(b)(6) on April 13, 2023. Plaintiffs have also taken the noticed depositions of selected managers of Menzies, pursuant to FRCP Rule 30(b)(1), on the following dates: (1) Lizette Medina (Cabin Duty Manager) on May 3, 2023; (2) Brian Galindo (Ramp Operations Manager) on May 3, 2023; (3) Dave Funes (Cargo Operations Manager) on May 5, 2023; (4) Jose Salcedo Garcia (Freighter Duty Manager) on May 5, 2023; (5) Gracie Puckett (Payroll Director) on May 16, 2023; and (6) Gus Papagno (Manager of Time and Attendance Department) on June 26, 2023.

Menzies took the depositions of Plaintiff Amaya on April 26, 2023, and Plaintiff Silva[3] on May 19, 2023.

### (b)   **Discovery Plan**

### i.   *Plaintiffs' Statement*

Plaintiffs' discovery to date has been conducted primarily to address the requirements of class certification as dictated by FRCP Rule 23. In the event that this Court grants certification, Plaintiffs will need to complete post-certification merits discovery in order to prepare for trial. Such discovery is ongoing. Plaintiffs seek to engage in a meet-and-confer dialogue regarding the scope and timing of merits discovery, contained in Plaintiffs' first set of production requests, seeking production of documents reflecting: (i) prior claims, criticisms or complaints regarding similar wage-and-hour violations by Menzies against putative class members; (ii) communications between and amongst Menzies' managerial employees regarding provision of meal and/or rest breaks to putative

---

[3] Per the parties' agreement, Plaintiff Silva, who was substituted in place of former plaintiff Gonzales, was deposed pursuant to the deposition notice previously served by Menzies in the name of the latter.

class members, recordkeeping of employee meal and rest breaks, and/or payment of premium wages for non-compliant meal and/or rest breaks; and (iii) any purported release, waiver or settlement agreement entered into by a putative class member with Menzies. Plaintiffs' pending second set of production requests seek documents relevant to the merits of Menzies' proffered affirmative defenses to the Labor Code claims asserted on behalf of the class, as well as the extent of Menzies' violations of Labor Code Section 2802.

In addition, Plaintiffs plan on seeking further discovery regarding, *inter alia*: (i) the various job titles under which putative class members work for Menzies, with the corresponding duties assigned to each one; (ii) the day-to-day operations of putative class members at the various California airport locations, identified by Menzies in discovery, in which Menzies operates; (iii) the identities of the subclass of putative class members for whom reimbursement claims are asserted under Labor Code Section 2802; and (iv) the extent of violations committed against aggrieved employees under Labor Code sections 201, 202, 204, 226, 226.7, 512 and 2802, in order to determine the amount of civil penalties due to the California Labor Commissioner under Labor Code sections 210, 226.3, 558(a), and 2699, subdivisions (a) and (f). In light of the substantial merits discovery needed to prepare the class claims for trial here, Plaintiffs propose: (i) that the 25-interrogatories limit under FRCP Rule 33(a)(1) be amended in this case to instead allow each side to propound a total of fifty (50) interrogatories; and (ii) that the 10-depositions limit under FRCP Rule 30(a)(2)(A)(i) be amended to allow each side to notice a total of twenty-five (25) depositions.

### ii. *Defendant's Statement*

Defendant's position on discovery is inextricably linked to whether or not the Court's certifies a class, and the scope of such certification. At this time, Defendant disputes Plaintiff's stated need to modify the default limits on discovery set forth in the FRCP.

///

///

### iii.   *Parties' Joint Statement*

The parties jointly submit that they will be able to determine the reasonable scope and extent of further discovery after this Court's ruling on class certification.

### (c)   *Discovery Cut-Off*

Pursuant to Judge Scarsi's prior Scheduling Order, the Non-Expert Discovery Cut-Off is presently set for October 2, 2023. As this pre-dates the re-noticed October 12, 2023 hearing on Plaintiffs' Motion for Class Certification, the parties respectfully request that the Court: (i) vacate the October 2, 2023 Non-Expert Discovery Cut-Off pending the Court's decision on Plaintiffs' class certification motion; and (ii) schedule a Case Management Conference after the certification issue has been decided by the Court, at which time the Court can set a new date for the Non-Expert Discovery Cut-Off, as well as dates for the Final Pretrial Conference and Trial, that are congruent with the Court's determination of whether this case should proceed on a class basis.

### (d)   *Expert Discovery*

Pursuant to Judge Scarsi's prior Scheduling Order, the following deadlines for expert discovery are in place—

- Expert Disclosure (Initial):      August 7, 2023
- Expert Disclosure (Rebuttal):   September 5, 2023
- Expert Discovery Cut-Off:       November 6, 2023

As the Expert Disclosure deadlines pre-date the re-noticed October 12, 2023 hearing on Plaintiffs' Motion for Class Certification, which only precedes the Expert Discovery Cut-Off by approximately 3 weeks, the parties respectfully request that the Court: (i) vacate the August 7, 2023 and September 5, 2023 Expert Disclosure deadlines, and the November 6, 2023 Expert Discovery Cut-Off, pending the Court's decision on Plaintiffs' class certification motion; and (ii) schedule a Case Management Conference after the certification issue has been decided by the Court, at which time the Court can set new dates for Expert Disclosure deadlines and the Expert Discovery Cut-Off, as well as dates for the

Final Pretrial Conference and Trial, that are congruent with the Court's determination of whether this case should proceed on a class basis.

### 9. Settlement Conference/Alternative Dispute Resolution

The parties agree to take part in a settlement conference before a magistrate judge, as described in the Court's ADR Procedure No. 1 under Local Rule 16-15.4. Plaintiffs would also be amenable to private mediation, as described in the Court's ADR Procedure No. 3 under Local Rule 16-15.4.

No settlement discussions have occurred as of yet. The parties believe that substantive settlement discussions would be most appropriate after this Court rules on Plaintiffs' pending motion for class certification.

### 10. Trial

#### (a) Trial Estimate

The parties estimate that trial in this matter, by a jury, will require 12-15 days.

##### i. Plaintiffs' Estimated Number of Witnesses

Without prejudice to Plaintiffs amending their estimate following completion of discovery, which remains ongoing, Plaintiffs presently anticipate calling an estimated 20 witnesses at trial.

##### i. Defendant's Estimated Number of Witnesses

Menzies similarly reserves the right to amend its estimate following completion of discovery. Menzies presently anticipates calling 3-5 company witnesses regarding applicable policies, practices, and agreements, as well as 15-20 putative class members.

#### (b) Jury or Court Trial

The parties request a jury trial on the class claims; Plaintiff's PAGA claim is equitable in nature and does not have the right to a jury trial.

#### (c) Consent to Trial Before a Magistrate Judge

The parties do not consent to trial before a magistrate judge.

///
///

      *(d)*    **Lead Trial Counsel**

Plaintiffs' lead trial counsel in this case is C. Joe Sayas, Jr., Esq. of the Law Offices of C. Joe Sayas, Jr. Other attorneys who will participate in the trial include David P. King, Esq. of King Cheng Miller & Jin, LLP and Karl P. Evangelista, Esq. of the Law Offices of C. Joe Sayas, Jr.

Menzies' lead trial counsel in this case is Christopher Ward, Esq. of Foley & Lardner LLP. Kevin Jackson, Esq. of Foley & Lardner LLP will also participate in the trial.

**11.**    **Independent Expert or Master**

The parties agree that an independent expert or master is not presently required in this case.

**12.**    **Other Issues**

The parties have no additional information to convey to the Court at this time.

**13.**    **Schedule Worksheet**

As noted above, the parties respectfully request that the Court: (1) vacate the deadlines—previously set prior to re-assignment to Judge Vera—for Expert Disclosures and Discovery Cutoffs, as these pre-date the re-noticed October 12, 2023 hearing on Plaintiffs' Motion for Class Certification; and (2) schedule another Case Management Conference for a date subsequent to the October 12, 2023 hearing on class certification, at which time the parties can jointly submit a Proposed Schedule of Pre-Trial and Trial Dates, and the Court can set new dates for the Initial Expert Disclosures, Rebuttal Expert Disclosures, Non-Expert Discovery Cut-Off and Expert Discovery Cut-Off, as well as dates for the Final Pretrial Conference and Trial, that are congruent with the Court's determination of whether this case should proceed on a class basis.

///
///
///
///
///

JOINT RULE 26(f) REPORT FOR AUGUST 24, 2023 SCHEDULING CONFERENCE

Dated: July 27, 2023              **LAW OFFICES OF C. JOE SAYAS, JR. and KING CHENG MILLER & JIN, LLP**

                                  By:   */s/ C. Joe Sayas, Jr.*
                                        C. JOE SAYAS, JR.
                                        KARL P. EVANGELISTA
                                        Attorneys for Plaintiffs

Dated: July 27, 2023              **FOLEY & LARDNER, LLP**

                                  By:   */s/ Kevin Jackson*
                                        CHRISTOPHER WARD
                                        KEVIN JACKSON
                                        Attorneys for Defendant Menzies Aviation (USA), Inc.

**Local Rule 5-4.3.4(a)(2) Attestation**

I, C. Joe Sayas, Jr., hereby attest that all signatories listed above, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.

Dated: July 27, 2023 	 */s/ C. Joe Sayas, Jr.* 
                                                              C. JOE SAYAS, JR.