C. JOE SAYAS, JR. (CA Bar No. 122397)
cjs@joesayaslaw.com
KARL P. EVANGELISTA (CA Bar No. 250685)
kpe@joesayaslaw.com
**LAW OFFICES OF C. JOE SAYAS, JR.**
500 N. Brand Boulevard, Suite 980
Glendale, California 91203
Telephone: (818) 291-0088
Facsimile: (818) 240-9955

DAVID P. KING (CA Bar No. 136765)
dpk@kcmlaw.net
**KING CHENG MILLER & JIN, LLP**
3675 Huntington Dr., Ste. 200
Pasadena, California 91107
Telephone: (626) 304-9001
Facsimile:  (626) 304-9002

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

DORA PATARICA AMAYA, an
individual; and ANIBAL SILVA, an
individual; on behalf of themselves and
others similarly situated,

Plaintiffs,

vs.

MENZIES AVIATION (USA), INC., a
Delaware corporation; and DOES 1
through 10, inclusive,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:22-cv-05915-HDV-MARx

CLASS ACTION

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT MENZIES AVIATION (USA), INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Date:       October 26, 2023
Time:       10:00 a.m.
Judge:      Hon. Hernán D. Vera
Ctrm:       5B, 5th Floor,
            First Street U.S. Courthouse

# Table of Contents

I.    INTRODUCTION......................................................................................2

II.   BACKGROUND.......................................................................................4

III.  ARGUMENT ...........................................................................................5

   A.    Menzies Bears a Considerable Burden to Demonstrate Preemption .....................5

   B.    When Employees Must Use Their Personal Cell Phones For Work-Related Purposes, California Labor Code § 2802 Requires The Employer to Reimburse Them.................................................................................................. 6

   C.    § 301 Cannot Preempt Nonnegotiable State Law Rights Such as Those Protected by Labor Code § 2802........................................................................7

   D.    Menzies Mischaracterizes Plaintiffs' Independent State Law Claims .................9

   E.    Menzies' Motion Fails Because It Relies On A Purported Legal Standard That Is At Odds With Ninth Circuit Authority.......................................................12

     1.    Plaintiffs' Reimbursement Claims Do Not Arise From Nor is it "Grounded In" Any CBA. ...................................................................................13

     2.    Plaintiffs' Reimbursement Claims Do Not Require Interpretation of Any CBA. ..............................................................................................14

     3.    Menzies Misplaces Its Reliance On The Rodriguez and Dominguez Cases, Cited In Section III.A Of The Opening Brief. ...........................................16

4.    The Menzies Employee Handbook And Cell Phone Policy Documents Are Not Relevant To The Preemption Analysis......................................................18

F.    Plaintiffs Are Enforcing Independent and Non-Negotiable Rights Protected by State Law Which Does Not Need  Exhaustion Under the CBA ......................................19

G.    Menzies' "Minor Dispute" Argument Fails Because Plaintiffs' Labor Code Section 2802 Reimbursement Claim Is Not Grounded In, And Does Not Require Interpretation Of, Any CBA ...............................................................................20

IV.    CONCLUSION.............................................................................................21

# **Table of Authorities**

**Cases**

*Alaska Airlines Inc. v. Schurke*, 898 F.3d 904 (9th Cir. 2018) .............. 4, 11, 15, 17, 24, 25

*Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985).................................... 10, 21, 25

*Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1060 (9th Cir. 2007) ............................... 15

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986.................................................................. 6

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) .......................................................... 6

*Cochran v. Schwan's Home Service, Inc.*, 228 Cal. App. 4th 1137, 1140 (Cal. Ct. App.
2014) ....................................................................................................................................... 8

*Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir. 2001)........... 11, 12, 16

*Dominguez v. W. States Fire Prot. Co.*, Case No. 2:21-cv-07319-RGK-MRW, 2022 WL
22394955 (C.D. Cal. Feb. 2, 2022) .............................................................................. 19

*Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 562 (Cal. 2007) .................... 2, 8

*Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 262-64 (1994) ...................................... 15

*Jimeno v. Mobil Oil Corp.*, 66 F.3d 1514, 1526 n. 6 (9th Cir. 1995) .................................. 6

*Leaea v. United Airlines Inc.*, 2018 WL 3777566 *4 (N.D. Cal. Aug. 9, 2018) .............. 7

*Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 407 (1988)) ........................12, 15

*Martinez v. Omni Hotels Management Corp.*, 514 F.Supp.3d 1227, 1242 (S.D. Cal.
2021) ...................................................................................................................................... 7

*Miller v. AT & T Network Sys.*, 850 F.2d 543, 546 (9th Cir. 1988)........................ 9, 10, 11

*Nguyen v. Securitias Security Services USA, Inc.*, 2018 WL 1806116 *3-4 (S.D. Cal.
Apr. 17, 2018)....................................................................................................................... 7

*Nordman v. Bon Appetit Management Co.*, Case No. 23-cv-00703-DMR, 2023 WL
3006563 (N.D. Cal. Apr. 18, 2023)........................................................................... 13, 22

*Pellot v. GGB LLC*, 551 F.Supp.3d 509, 517 (D.N.J. 2021)............................................. 22

*Rodriguez v. Gonsalves & Santucci, Inc., Case No. 21-CV-07874-LB, 2022 WL 161892
(N.D. Cal. Jan. 18, 2022)* .................................................................................................. 19

*Santillan v. Verizon Connect, Inc.*, Case No. 3:21-cv-1257-H-KSC, 2022 WL 4596574,
    *3-6 (S.D. Cal. June 13, 2022) ................................................................. 8

*Segismundo v. Rancho Murieta Country Club*, 2022 WL 9921676 *5 (E.D. Cal. Oct. 17,
    2022) ................................................................................................... 7

*Stengel v. Medtronic Inc.*, 704 F.3d 1224, 1227 (9th Cir. 2012) ............................ 6

*Toolajian v. Air Methods Corp.*, 2019 WL 11790516 *3 (N.D. Cal. Aug. 20, 2019) ....... 6

*Vasserman v. Henry Mayo Newhall Mem. Hosp.*, 65 F. Supp. 3d 932, 952 (C.D. Cal.
    2014) ................................................................................................. 11

*Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 998 (9th Cir. 2007) ................... 14

*Zamora v. Overhill Farms, Inc.*, No. 2:19-cv-03891 VAP (AFMx) ............ 9, 10, 11, 23

**Statutes**

228 Cal.App.4th at 1144 ........................................................................... 8, 24

California Labor Code § 2800 ......................................................................... 13

California Labor Code § 2802 ................................................................. 4, passim

California Labor Code § 2802(a) .............................................................. 2, passim

California Labor Code § 2804 ................................................................. 2, passim

Labor Management Relations Act ("LMRA") § 301, 29 U.S.C.S. § 185(a) ........ 4, passim

Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 ......................... 14

Railway Labor Act ("RLA"), 45 U.S.C. §§ 151-65, 181-88 ............................... 14

45 U.S.C. § 151a ...................................................................................... 20, 21

**Rules**

Fed. R. Civ. Proc. 56(a) ........................................................................ 6, passim

## I. INTRODUCTION

As part of their jobs with Defendant Menzies Aviation (USA) Inc. ("Menzies"), Plaintiffs Dora Patricia Amaya and Anibal Silva ("Plaintiffs"), and the other putative class members ("PCMs") in this action, worked across sprawling airport locations.[1]  In discharging their work duties for Menzies, Plaintiffs and PCMs (collectively as "Employees"), as a matter of necessity, communicated with and received messages from supervisors and other employees by using their personal cell phones.  Menzies implemented a *de facto* policy and practice of allowing the use of these phones for work-related tasks.  Employees incurred charges for this work-related use of their phones throughout the 5-year class period, but Menzies failed to reimburse them for these work-related expenses.

California Labor Code § 2802 requires employers to indemnify employees "for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her duties."  The purpose of the statute is to prevent employers from "passing their operating expenses on to their employees."  *See Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 562 (Cal. 2007).  Employees' right to indemnity is of paramount importance, such that California Labor Code § 2804 nullifies any contract that waives or deprives employees of any of their statutory indemnity rights or remedies.

In failing to indemnify Employees' work-related expenditures, Menzies violated the law and unfairly passed on its business expenses to its own employees.  In this putative class action, therefore, Employees seek the remedy of reimbursement against Menzies for personally incurring these work-related costs.

---

[1] Ms. Amaya is a current Passenger Service Agent, while Mr. Silva worked as a Crew Lead in the Ramp Operations Department for Menzies. As discussed in Plaintiffs' Motion for Certification, Employees were required to move around the airport and to constantly communicate with supervisors and co-employees as part of their work duties. See Dkt. 41-1, at 16-17; *see also* Plaintiffs' Separate Joint Statement of Uncontroverted Facts in Opposition to Defendant Menzies Aviation (USA), Inc.'s Motion for Partial Summary Judgment, ¶¶ 33-34.

Menzies, however, invokes preemption of Plaintiffs' California Labor Code § 2802 claims, purportedly based on Collective Bargaining Agreement ("CBA") provisions referencing its general obligation to provide Employees with all equipment necessary to perform work assignments.  In effect, Menzies' preemption attempt seeks to invalidate an essential right of Employees protected by state law.  As explained herein, this is something Menzies cannot do.

First, Employees' Labor Code § 2802 claims are non-negotiable state law rights independent of the CBA, which cannot be preempted.  *See Cal. Lab. Code § 2804*. Second, Menzies misreads the true legal character of Plaintiffs' claims.  Plaintiffs do not claim that Menzies failed to provide any equipment, nor are they asking Menzies to provide any equipment.  Neither are Plaintiffs seeking any other relief under the CBA. Rather, Plaintiffs seek to enforce their indemnity rights, and to avail of remedies, purely granted by statute.  The right to be reimbursed for business expenses that Employees incurred arises from state law and not from the CBA, and is vested in the Employees directly by statute, not through the medium of collective bargaining or the CBA.

Third, the scope and extent of Plaintiffs' reimbursement claims can be fully determined under the California Labor Code.  Employees need only prove that the use of their phones was necessary to discharge their duties, that they incurred costs as a result, and that Menzies failed to indemnify them for these expenses.  The resolution of these claims does not depend on any analysis or interpretation of the CBA.

Fourth, Menzies cannot claim that this case must be preempted for failure to exhaust CBA remedies.  Contrary to Menzies' suggestion, Plaintiffs did not and do not waive their rights to litigate and enforce their Labor Code § 2802 claims in court.  As explained below, the existence of grievance and arbitration procedures in the CBAs does not lead to preemption unless the litigation waiver is clear and unmistakable. *See Alaska Airlines, Inc. v. Schurke*, 898 F.3d 904, 921-22 (9th Cir. 2018).  No such waiver can be found in any of the CBAs.  And even if waiver were found, California law mandates that any waiver of the remedy to enforce Employees' reimbursement rights is null and void.

1    *See Cal. Lab. Code § 2804.*  For all these reasons, Menzies Motion for Partial Summary

2    Judgment ("Motion") must be denied.

## II.    BACKGROUND

4            Menzies argues that Plaintiffs' Labor Code § 2802 claim is preempted by the Labor

5    Management Relations Act ("LMRA") § 301, 29 U.S.C.S. § 185(a).  The only CBA

6    language upon which it predicates its argument is the following: "The Employer agrees

7    to provide and to maintain properly equipment and materials adequate to perform any

8    and all work assignments."  *See* <u>Declaration of Talin Bazerkanian in Support of</u>

9    <u>Defendant Menzies Aviation (USA), Inc.'s Motion for Summary Judgment</u>

10   ("<u>Bazerkanian Decl.</u>"), Ex. A, Art. 14 (Working Conditions), Section 2 (Material and

11   Equipment), subsection (1)(a).  Notably, this single sentence does ***not*** appear in all seven

12   of the CBAs that Menzies has submitted with its motion.  It appears only in three of them.

13   *See* <u>Bazerkanian Decl.</u>, Ex. A, F and G.  Menzies' motion fails to account for the absence

14   of the language it relies upon for preemption from four of the seven CBAs it has submitted

15   with its motion.

16           Menzies' motion also purports to rely upon evidence of its employment policies

17   that are not reflected in any CBA at all, but rather are found in an "Employee Handbook

18   California," a "Kronos Adoption, E-Self Service and Notice of Information Messaging

19   to Mobile Phones," and a "Personal Electronic Device & Cellular Phones Policy."  *See*

20   <u>Declaration of Kevin Jackson in Support of Defendant Menzies Aviation (USA), Inc.'s</u>

21   <u>Motion for Summary Judgment ("Jackson Decl.")</u>, Ex. 4, 5 and 6.  There is no evidence,

22   however, that those policies were the result of any labor negotiations.  Menzies does not

23   claim, or offer evidence, that any of those policies are part of, and appear in, any CBA.

24   In addition, the CBA language that Menzies relies upon does not reference the Employee

25   Handbook or other policies, and the Employee Handbook and other policies do not

26   purport to be part of the CBAs.  Accordingly, the Employee Handbook and written

27   policies regarding cell phone use do not shed any light on the question presented by

28   Menzies' motion – *i.e.*, whether specific provisions of the CBA must be interpreted to

PLAINTIFFS' OPPOSITION TO MENZIES' MOTION FOR PARTIAL SUMMARY JUDGMENT

adjudicate the Labor Code § 2802 claims.

In addition, Menzies takes out of context the single sentence in those three out of seven CBAs that Menzies cites as a basis for its preemption argument. That sentence appears, for example, in Section 2 of Article 14 ("Working Conditions") in the "LAX Ground Service Agreement, March 1, 2018 to April 30, 2022 between SEIU United Service Workers West and Menzies Aviation (USA), Inc. *See* <u>Jackson Decl.</u>, Ex. F. The fuller context of Section 2 shows the following: (1) the CBA identifies several specific kinds of materials and equipment (chemicals, safety appliances and equipment, safety gloves, earplugs, ergonomically correct back braces, rubber mat (for standing), and safety shoes), which shows Menzies knew how to negotiate for specific items to be covered by the CBA when it wanted to; (2) there is *no mention* of cell phones, or reimbursement of costs to employees; and (3) the only reference to reimbursement in Section 2 concerns the cost of safety shoes, which are not at issue in this case. *See id.* Accordingly, the full CBA provision that Menzies selectively quotes from undermines its argument that the CBAs were intended to cover the kind of claim at issue here—reimbursement for costs of employees' personal cell phones incurred in doing work for Menzies.

## III. ARGUMENT

### A. <u>Menzies Bears a Considerable Burden to Demonstrate Preemption</u>

A party seeking summary judgment bears the initial burden of informing the court of the basis for the motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. Proc. 56(a). The court may grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a).

Relatedly here, a "[d]efendant has the burden to demonstrate preemption." *Toolajian v. Air Methods Corp.*, 2019 WL 11790516 *3 (N.D. Cal. Aug. 20, 2019), *citing Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); and *Jimeno v. Mobil Oil Corp.*,

66 F.3d 1514, 1526 n. 6 (9th Cir. 1995) ("Mobil bears the burden of proof on its preemption defense."); *see also Stengel v. Medtronic Inc.*, 704 F.3d 1224, 1227 (9th Cir. 2012) ("Parties seeking to invalidate a state law based on preemption 'bear the considerable burden of overcoming "the starting presumption that Congress does not intend to supplant state law."'" (citations omitted)).

Numerous courts have rejected preemption arguments like Menzies', where the defendant failed to carry its burden of showing a need to interpret terms of a CBA. *See, e.g., Toolajian*, 2019 WL 11790516 *6 ("Defendant has failed to meet its burden to show that it is entitled to summary judgment on the RLA preemption issue."); *Segismundo v. Rancho Murieta Country Club*, 2022 WL 9921676 *5 (E.D. Cal. Oct. 17, 2022) (finding defendant did not carry "its burden" of showing plaintiff's claim for reimbursement of expenses involving personal cell phones required interpretation of a CBA provision); *Leaea v. United Airlines Inc.*, 2018 WL 3777566 *4 (N.D. Cal. Aug. 9, 2018) (rejecting defendant's argument that claims were "minor disputes under the CBA" preempted by the Railway Labor Act, and stating: "Defendant has the burden to demonstrate preemption."); *Martinez v. Omni Hotels Management Corp.*, 514 F.Supp.3d 1227, 1242 (S.D. Cal. 2021) ("Defendant does not carry its burden to show how the CBA requires interpretation…."); *Nguyen v. Securitas Security Services USA, Inc.*, 2018 WL 1806116 *3-4 (S.D. Cal. Apr. 17, 2018) (defendant "failed to meet its burden to establish preemption").

**B.    When Employees Must Use Their Personal Cell Phones For Work-Related Purposes, California Labor Code § 2802 Requires The Employer to Reimburse Them**

California courts have made clear that "when employees must use their personal cell phones for work-related calls, Labor Code section 2802 requires the employer to reimburse them." *See Cochran v. Schwan's Home Service, Inc.*, 228 Cal. App. 4th 1137, 1140 (Cal. Ct. App. 2014).  Pursuant to Section 2802, subdivision (a), "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by

the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer…." *Cal. Lab. Code § 2802(a)*. "The purpose of the statue is 'to prevent employers from passing their operating expenses on to their employees.'" *Cochran*, 228 Cal.App.4th at 1144, *quoting Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal.4th 554, 562 (2007).

In *Cochran*, the "threshold question" was this: "Does an employer always have to reimburse an employee for the reasonable expense of the mandatory use of a personal cell phone, or is the reimbursement obligation limited to the situation in which the employee incurred an extra expense that he or she would not have otherwise incurred absent the job?" 228 Cal.App.4th at 1144. "The answer is that reimbursement is always required. Otherwise, the employer would receive a windfall because it would be passing its operating expenses on to the employee." *Id.* If allowed, Employees' compensation are unfairly reduced. To comply with Section 2802, "the employer must pay some reasonable percentage of the employee's cell phone bill." *Id.*; *see also Santillan v. Verizon Connect, Inc.*, Case No. 3:21-cv-1257-H-KSC, 2022 WL 4596574, *3-6 (S.D. Cal. June 13, 2022) (certifying a class for unreimbursed cell phone expenses).

## C.    § 301 Cannot Preempt Nonnegotiable State Law Rights Such as Those Protected by Labor Code § 2802

California recognizes the paramount importance of the right of employees to be indemnified for their work-related expenses. As such, Labor Code § 2804[2] expressly mandates that any waiver of said right in any contract shall be null and void, and that employees shall not be deprived of said right or remedy. This prohibition on waiver applies to contracts like the CBA between Menzies and Employees. Hence, Employees'

---

[2] Labor Code § 2804 provides: "Any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State."

benefits protected under § 2802 are deemed a nonnegotiable right. "A right is nonnegotiable if the **state law does not permit it to be waived**, alienated, or altered by private agreement." *Miller v. AT & T Network Sys.*, 850 F.2d 543, 546 (9th Cir. 1988) (emphasis supplied).[3]

As noted *supra*, Menzies' preemption argument is premised wholly on CBA language obliging Menzies to "provide and to maintain properly equipment and materials adequate to perform any and all work assignments." A very similar argument of preemption involving a Labor Code § 2802 reimbursement claim was soundly rejected in the case of *Zamora v. Overhill Farms, Inc.*, No. 2:19-cv-03891 VAP (AFMx), 2019 U.S. Dist. LEXIS 142299 (C.D. Cal. Aug. 21, 2019). In ruling that the employees' § 2802 claims were nonnegotiable and thus not preempted, the District Court explained:

> Claims to vindicate non-negotiable state law rights that are "independent of any right established by contract" are not within the scope of § 301. [*citing Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985)]. If state law creates a right that cannot be waived or modified by a private contract and that right can be enforced without reference to the particular terms of the contract, § 301 does not preempt the claim. [*citing Miller*, *supra*, 850 F.2d at 546.]

In *Zamora*, the plaintiffs' claim for § 2802 reimbursement arose from their employer's failure to pay for the costs of uniforms. The defendant-employer argued that the § 2802 claims were preempted because of CBA language requiring the employer to "supply all necessary tools…including uniforms." In denying preemption, the court relied upon Labor Code § 2804's prohibition on waiver of rights protected by § 2802, explaining as follows:

---

[3] Even Menzies implicitly recognized the nonnegotiable nature of certain statutory legal rights when it agreed, for instance, in its CBA that: "If the terms of the agreement violate any applicable federal, state, local or international law, then the terms of the law will prevail." *See, e.g.,* <u>Bazerkanian Decl.</u>, Ex. A at p. 33-34 (Article 23. Management Rights).

---

1
2
3
4
5
6
7

> This argument is belied by the non-waivable nature of an employee's right to reimbursement for necessary expenses, *Cal. Lab. Code § 2804* ("Any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void.")…Plaintiff's claim for reimbursement, then, does not require interpretation of the CBA.

8   *Zamora*, *supra*, 2019 U.S. Dist. LEXIS 142299 at *12-13. Like in *Zamora*, the § 2802

9   claims for reimbursement of personal cell phone expenses asserted here involve non-

10  negotiable and non-waivable statutory rights that do not require interpretation of any

11  CBA.  *See id.*; *see also Vasserman v. Henry Mayo Newhall Mem. Hosp.*, 65 F. Supp. 3d

12  932, 952 (C.D. Cal. 2014) ("[I]f a state law cannot be waived or modified by private

13  contract, and if the rights it creates can be enforced without resort to the particular terms,

14  express or implied, of a labor contract, § 301 does not preempt the claim for violation of

15  the law. [*citing Miller*, *supra*, at 546]. 'If the claim is plainly based on state law, § 301

16  preemption is not mandated simply because the defendant refers to the CBA in mounting

17  a defense.' [*quoting Cramer*, *supra*, at 691].").

18  ### D.    Menzies Mischaracterizes Plaintiffs' Independent State Law Claims

19  Under Ninth Circuit authority, "[t]he plaintiff's claim is the touchstone" for the

20  preemption analysis.  *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir.

21  2001) (*en banc*).  And "the need to interpret the [collective bargaining agreement] must

22  *inhere in* the *nature* of the plaintiff's claim."  *Id.* (emphasis added).  In *Alaska Airlines,*

23  *Inc. v. Schurke*, 898 F.3d 904 (9th Cir. 2018), the Ninth Circuit further explained the

24  independent nature of a claim that avoids preemption: "…preemption inquiry is not an

25  inquiry into the merits of a claim: it is an inquiry into the claim's 'legal character.'"  898

26  F.3d at 924.  "Our only job is to decide, whether as pleaded, the claim 'in this case is

27  "independent" of the [CBA] in the sense of "independent" that matters for…preemption

28  purposes: resolution of the state-law claim does not require construing the collective-

bargaining agreement.'" *Id.* (*quoting Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 407 (1988)).

"(A)lleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim; adjudication of the claim must require interpretation of a provision of the CBA." *Cramer*, *supra*, 255 F.3d at 691-92. "A creative linkage between the subject matter of the claim and the wording of a CBA provision is insufficient; rather, the proffered interpretation argument must reach a reasonable level of credibility." *Id.* at 692. "The argument does not become credible simply because the court may have to consult the CBA to evaluate it; 'look[ing] to' the CBA merely to discern that none of its terms is reasonably in dispute does not require preemption." *Id.* (citation omitted).

Here, the Second Amended Complaint alleges that "[p]er its policy and practice, DEFENDANTS, throughout the relevant period, failed to indemnify PLAINTIFFS and Defendant MENZIES' other non-exempt employees for the costs of … personal mobile phones that employees were compelled to use to perform their work duties, in violation of California Labor Code section 2801 and paragraph 9 of Wage Order 9." Second Amended Complaint (Dkt. 40), ¶ 26. Plaintiffs' Third Cause of Action is "For Failure to Reimburse Business Expenses." *Id.* ¶¶ 52-55. Plaintiffs allege that "[i]n violation of Labor Code section 2802, DEFENDANTS required PLAINTIFFS and other CLASS MEMBERS to pay for expenses incurred during the performance of their job duties, including … the costs of employees' use of their personal mobile phones for purposes of performing work tasks." *Id.* ¶ 5. The relief Plaintiffs seek is "the reimbursement for such expenses unlawfully withheld by DEFENDANTS from CLASS MEMBERS …." *Id.* ¶ 55.

Plaintiffs do not claim that "Menzies failed to abide by the CBA obligations to provide them with cellular phones," as Menzies erroneously asserts in its motion. *See* Opening Brief, at 1:12-13. Nor do Plaintiffs allege that "Menzies failed to provide" cellular phones, as Menzies argues. *See id.* at 6:9-10. Instead, as the SAC itself shows,

Plaintiffs' claim is that Menzies failed to *reimburse* class members for the costs of using their personal cell phones for work reasons – a subject that is not covered by the CBA language that Menzies relies upon (which makes no mention of either "cell phones" or "reimbursement").

To adjudicate whether Plaintiffs can obtain their requested remedy of reimbursement, only the following need to be established: a) that the use of their phones was necessary to discharge their duties; b) that they incurred costs as a result; and c) that Menzies failed to indemnify Employees for these expenses. The resolution of Plaintiffs' claims does not require construing the CBA, and is clearly independent of the CBA.

A similar effort to mischaracterize plaintiffs' claims – to support a LMRA § 301 preemption argument – was rejected in *Nordman v. Bon Appetit Management Co.*, Case No. 23-cv-00703-DMR, 2023 WL 3006563 (N.D. Cal. Apr. 18, 2023). Plaintiffs in *Nordman* filed a wage and hour class action lawsuit claiming, among other things, that "they were required to pay for specific business-related expenses for which they were not reimbursed in violation of Labor Code §§ 2800 and 2802," including "cell phones." *Id.* at *6. Defendants pointed to a CBA provision stating that "employees shall not be required or permitted to perform their duties without fully functional equipment or tools." *Id.* Defendants argued that interpretation of this language was required because "Defendant's position is that all necessary tools and equipment were provided … while Plaintiffs take issue with the tools and equipment that were provided pursuant to the CBAs." *Id.*

*Nordman* rejected the same argument now being raised by Menzies:

> This argument mischaracterizes Plaintiffs' reimbursement claims, which **do not allege that employees were not provided with functional equipment** or tools or seek to enforce or challenge this provided of the Oracle Park CBA. As previously noted, **Plaintiffs simply assert that employees were not reimbursed for business-related expenses**. Because

---

11

Defendants fail to raise any active dispute about a provision in the Oracle Park CBA, Plaintiffs' reimbursement claims are not preempted by section 301 of the LMRA…. The fact that Defendants may refer to the terms of the Oracle Park CBA to defend themselves does not change the result, because "[a] defense based on the CBA is alone insufficient to requirement preemption." (emphasis supplied.)

*Id.*, *quoting Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 998 (9th Cir. 2007) (emphasis added). *Nordman* is persuasive and in all pertinent respects on point. Menzies cannot prevail on a preemption argument by self-servingly remaking the nature of Plaintiffs' claims. *See id.*

E.    **Menzies' Motion Fails Because It Relies On A Purported Legal Standard That Is At Odds With Ninth Circuit Authority**

Menzies asserts that Plaintiffs' claim for reimbursement for use of their personal cell phones for work purposes is preempted by the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151-65, 181-88, or under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. And, Menzies asserts, where CBA language either directly or *even arguably* applies to a business expense claim, resolution of the claim demands interpretation of the CBA language and triggers preemption. *See* Op. Br., 8:17-19 (emphasis added).

Menzies does not cite any case that has adopted this standard for determining preemption. More importantly, Menzies' motion ignores the standards that *do* apply, as articulated in *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904 (9th Cir. 2018) (*en banc*).

In *Schurke* the Ninth Circuit, sitting *en banc*, considered whether the RLA preempted a state law right when the worker's underlying right was covered by a collective bargaining agreement ("CBA"). As *Schurke* observed, the "Supreme Court has repeatedly instructed that RLA preemption – like the 'virtually identical' preemption under section 301 of [the LMRA] – extends only as far as necessary to protect the role of

---

PLAINTIFFS' OPPOSITION TO MENZIES' MOTION FOR PARTIAL SUMMARY JUDGMENT

labor arbitration in resolving CBA disputes." *Id.* at 913-914, *citing Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 262-64 (1994), *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988).

"Consistent with this precedent," the Ninth Circuit "recognize[s] RLA and LMRA § 301 preemption only where a state law claims arises entirely from or requires construction of a CBA." *Schurke*, 898 F.3d at 914. "In evaluating RLA or LMRA § 301 preemption," the Ninth Circuit is "guided by the principle that if a state law claim 'is either grounded in the provisions of the labor contract or requires interpretation of it,' the dispute must be resolved through grievance and arbitration." *Id.*, *quoting Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1060 (9th Cir. 2007). "The line 'between preempted claims and those that survive' is not one 'that lends itself to analytical precision.'" *Schurke*, 898 F.3d at 920, *quoting Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir. 2001) (*en banc*). But the Ninth Circuit "has distilled the Supreme Court's RLA and LMRA § 301 case law into a two-part inquiry into the nature of the plaintiff's claim." *Schurke*, 898 F.3d at 920 (citations omitted).

The Ninth Circuit's "distilled" two-part preemption inquiry, and principles of "interpretation" of a CBA set forth in *Schurke* – not mentioned in Menzies' motion but discussed below – should guide this Court's preemption analysis.

### 1.    *Plaintiffs' Reimbursement Claims Do Not Arise From Nor is it "Grounded In" Any CBA.*

The first part of the Ninth Circuit's two-part preemption inquiry is whether a particular right is "grounded in a CBA," and requires evaluation of the 'legal character' of the claim by asking whether it seeks purely to vindicate a right or duty created by the CBA itself." *Schurke*, 898 F.3d at 920-21. As discussed more fully below, Plaintiffs' claim is grounded in the reimbursement and indemnity obligations of Section 2802, not any CBA.

Under *Schurke* and the line of Ninth Circuit authority "distilled" therein, "[i]f a claim arises entirely from a right or duty of the CBA – for example, a claim for violation

---

of the labor agreement, whether sounding in contract or in tort, … it is, in effect, a CBA dispute in state law garb, and is preempted." 898 F.3d at 921. "By contrast, claims are not simply CBA disputes by another name, and so are not preempted under [the] first step, if they just refer to a CBA-defined right; rely in part on a CBA's terms of employment; run parallel to a CBA violation; or invite use of the CBA as a defense." *Id.* (citations omitted).

Plaintiffs do not assert any claim that arises entirely from a right or duty of the CBA. Menzies does not argue otherwise. And Menzies cannot base any claim of preemption upon arguments that a CBA is "arguably" "implicated" in some vague and unspecified way. *See* Op. Br., 1:14-16. Nor does Menzies show a basis for preemption by suggesting that it will need to rely on the CBA for purposes of Menzies' defense.

In sum, Menzies has not carried its burden of showing any basis for preemption under the first part of the inquiry.

## 2. *Plaintiffs' Reimbursement Claims Do Not Require Interpretation of Any CBA.*

In the second part of the preemption inquiry distilled in *Schurke*, a court asks "whether litigating the state law claim … requires interpretation of a CBA, such that resolving the entire claim in court threatens the proper role of grievance and arbitration." *Id.* at 921. And "interpretation" "is construed *narrowly*; 'it means something more than "consider," "refer to," or "apply."'" *Id.* (citation omitted; emphasis added). And "a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim…." *Id.* (citation omitted). Narrow and non-hypothetical construction of "interpretation" necessarily forecloses the notion – upon which Menzies bases its motion – that merely "arguable implication" of CBA language somehow demands preemption.

Further, "claims are only preempted" in the "second step of an RLA or LMRA § 301 preemption analysis" "to the extent there is an active dispute over the 'meaning of contract terms.'" *Schurke*, 898 F.3d at 921; *see also id.* at 927 ("reliance on and reference

to CBA-established or CBA-defined terms of employment do not make for a CBA dispute if there is no disagreement about the meaning or application of any relevant CBA-covered terms of employment"). Here, Menzies has identified only one sentence from three (not all) of the seven CBAs submitted with its motion that it contends needs interpretation, specifically: "The Employer agrees to provide and to maintain properly equipment and materials adequate to perform any and all work assignments." Bazerkanian Decl., Ex. A, Art. 14 (Working Conditions), Section 2 (Material and Equipment), subsection (1)(a).

There is no dispute in this case about the *meaning* of this CBA language, for several reasons. First, the obligations stated in this provision of the CBA are not ambiguous. Second, Plaintiffs do *not* assert any claim against Menzies in this case for its failure to "provide and maintain" personal cell phones. Instead, Plaintiffs assert a claim for reimbursement for the expense of using their own personal cell phones – not any equipment or materials that Menzies provided, or was obligated by the CBA to provide. Third, the CBA provision makes no mention of cell phones (personal or otherwise), or reimbursement at all; hence, Menzies has not identified any such terms that might give rise to a dispute about meaning, or require construction or interpretation.[4]

Finally, *Schurke* explains that it is not "enough that resolving the state law claim requires a court to refer to the CBA and apply its plain or undisputed language – for example, 'to discern that none of its terms is reasonably in dispute; to identify 'bargained-for wage rates in computing a penalty; or 'to determine whether [the CBA] contains a clear and unmistakable waiver of state law rights.'" 898 F.3d at 921-22 (citations omitted). Thus, the mere fact that *Menzies* may attempt to defend against Plaintiffs' Section 2802 reimbursement claim by "referring" to a single sentence in some (but not all) of the CBAs does not in itself require preemption. Again, *Plaintiffs* do *not* base their

---

[4] Menzies' futile attempts to mischaracterize Plaintiffs' cost reimbursement claims as equivalent to its CBA obligations to provide equipment to Employees is illustrated in the following situation: Even if Menzies provided cell phones, but still had Employees pay for the costs of using the phones for work purposes, Plaintiffs will still have a cause of action under 2802. Menzies' failure to pay the work-related charges paid by Employees is remarkably different from its failure to provide equipment.

claims upon any provision of the CBA.  And Menzies cannot properly bootstrap itself into a preemption argument by mounting a defense it believes somehow implicates the CBA. *Ward*, 473 F.3d at 998 ("A defense based on the CBA is alone insufficient to require preemption.").

At bottom, Menzies is attempting what *Cramer* condemned: it is asserting a "hypothetical connection" or "creative linkage" between the Plaintiffs' reimbursement claim and a single sentence found in some of the CBAs.  This is insufficient, however, because Menzies' "proffered interpretation argument must" – but does not – "reach a reasonable level of credibility."  *Cramer*, 255 F.3d at 691-92.

**3.    *Menzies Misplaces Its Reliance On The <u>Rodriguez</u> and <u>Dominguez</u> Cases, Cited In Section III.A Of The Opening Brief.***

Although its argument is far from clear, Menzies appears to believe *Rodriguez v. Gonsalves & Santucci, Inc.*, Case No. 21-CV-07874-LB, 2022 WL 161892 (N.D. Cal. Jan. 18, 2022) supports an argument that preemption is required when "CBA language either speaks directly or arguably" to a claim about unreimbursed expenses for equipment that a CBA requires the employer to provide.  Any such argument fails for several reasons.

First, Magistrate Judge Beeler did not, in *Rodriguez*, purport to articulate a different preemption standard than is articulated in binding Ninth Circuit authority, including *Schurke* and other Ninth Circuit decisions "distilled" therein.  *Rodriguez*, accordingly, is not authority for any proposition that preemption is required when there is CBA language that "arguably" somehow "speaks to" a reimbursement claim under Section 2802.  Second, *Rodriguez* is very different than this case, because the CBA in *Rodriguez* specifically "addresses expense reimbursements," and "defines business expenses are reimbursable such as mileage pay, travel reimbursements, and company transportation."  *Id.* at * 2.  Given those specific CBA provisions concerning reimbursement, it is not surprising that *Rodriguez* concluded that resolving a claim about paying business expenses "substantially depends on an analysis of the CBA."  *Id.* at *5.

But this case is completely different.  The single provision in the CBA that Menzies relies upon does not mention either cell phones, or reimbursement, at all.

*Dominguez v. W. States Fire Prot. Co.*, Case No. 2:21-cv-07319-RGK-MRW, 2022 WL 22394955 (C.D. Cal. Feb. 2, 2022) – cited by Menzies – strongly supports Plaintiffs, not Menzies.  The plaintiff in *Dominguez* filed a class action complaint asserting various Labor Code violations, including a claim for failure to reimburse business expenses for use of plaintiff's personal cell phone for work purposes.  *Id.* at *1, 5.  The Defendant filed a motion for judgment on the pleadings.  With respect to unreimbursed cell phone expenses, the Defendant identified "a CBA provision that purportedly requires interpretation: that 'Employers agree to furnish all tools and equipment necessary to make a complete sprinkler piping installation. No Journeyman or Apprentice shall be permitted to furnish tools, or to deposit any money to guarantee the safety of any tool kit, or material.'"  *Id.* at *5. Judge Klausner rejected Defendants' argument as follows:

> This provision unambiguously applies only to tools or the safety of tools kits. Nothing in the provision that Defendant proffers relates to protective gear or use of a personal cell phone. Therefore, the Court need not interpret the CBA to resolve Plaintiff's claim, and the claim is not preempted. *Id.*

Menzies' effort to distinguish *Dominguez* – which Menzies itself cited – is not persuasive.  Here, as in *Dominguez*, Menzies purports to rely upon a single provision in some of its CBAs that makes *no mention* of either cell phones or reimbursement.  As in *Dominguez*, the CBA provision that Menzies relies upon therefore does not require interpretation.  Menzies' argument that cell phone reimbursement somehow falls within the scope of the CBA language on providing equipment is convoluted and contrived, and not persuasive.  More to the point, Menzies does not show that there is any dispute about the CBA provision it relies upon, and in the absence of any such dispute there is nothing to interpret.

### 4. *The Menzies Employee Handbook And Cell Phone Policy Documents Are Not Relevant To The Preemption Analysis.*

In ostensible support of its motion, Menzies has submitted a Menzies Aviation Employee Handbook California, Kronos Adoption, E-Self-Service and Notice of Informational Messaging to Mobile Phones, and a Personal Electronic Device & Cellular Phones Policy. *See* <u>Jackson Decl.</u>, Ex. 4, 5 and 6. There is no evidence that any of these documents is part of, or referenced in, any Menzies CBA.

Menzies' motion does not cite, and Plaintiffs have not found, any case in the Ninth Circuit that has suggested that documents that are neither part of a CBA, nor the result of the collective bargaining process, are pertinent to the preemption inquiry. They are not. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985) (noting that preemption applies to claims predicated on terms to which "the parties to labor agreement agreed").

Further, Plaintiffs do not assert any claim against Menzies for violation of the Employee Handbook, or Menzies' cell phone policy documents. Again, Plaintiffs' claim is that Menzies violated Labor Code 2802 by not reimbursing costs of use of personal cell phones. For all of these reasons, Menzies misplaces its reliance on non-CBA policy documents, and the Court should disregard them for purposes of the preemption analysis.

If, however, Menzies seeks to use its policies prohibiting cell phone use at work as its defense on the merits of the claims, then the same has no place in this preemption inquiry. If anything, the facts stated in the PCM Declarations that show a company-wide practice of having Employees use their phones for work reasons disputes Menzies' position and thus cannot serve to grant a summary judgment based on preemption. <u>Plaintiffs' Separate Joint Statement of Uncontroverted Facts in Opposition to Defendant Menzies Aviation (USA), Inc.'s Motion for Partial Summary Judgment</u>, ¶¶ 33-35.

Just because Menzies believes these documents are relevant to Menzies' defense to Plaintiffs' Section 2802 claim does not make them relevant to the question of whether a provision of the CBA *itself* requires construction or interpretation. The rights and obligations imposed by the Employee Handbook, and Menzies' cell phone policy

---

documents, were not the result of the collective bargaining process; they are distinct from the CBA; and Plaintiffs based their claims upon Section 2802, not any contract between Menzies and Plaintiffs. *See Pellot v. GGB LLC*, 551 F.Supp.3d 509, 517 (D.N.J. 2021) (where plaintiff does not allege any violation of any term or condition of the CBA, and instead asserts a breach of contractual rights that do not emanate from the CBA, the claim can be resolved without interpreting the CBA itself).

### F. Plaintiffs Are Enforcing Independent and Non-Negotiable Rights Protected by State Law Which Does Not Need  Exhaustion Under the CBA

Menzies' arguments in Section III.B of its Opening Brief fail because they are based upon the premise that Plaintiffs' state law claim for reimbursement of personal cell phone expenses "is preempted."  The claim is not preempted, for all the reasons discussed above.  Menzies' arguments on the statute of limitations therefore fails.

In addition, Plaintiffs do not "acknowledge," and have not "acknowledged," that "they had to resort to the CBAs' grievance arbitration provisions" with respect to claims of unreimbursed expenses of personal cellular phones, as Menzies appears to assert (without citing any evidence).  *See* Opening Brief, at 11:11-13. While these provisions are contained in the CBA, any exhaustion requirement cannot bar the enforcement of Plaintiffs' reimbursement claims in the absence of a clear and unmistakable litigation waiver. *See Nordman*, *supra*, 2023 WL 3006563 at *19 ("The existence of grievance and arbitration procedures in the CBAs does not lead to federal preemption unless the litigation waiver is 'clear and unmistakable' and directly references the relevant statutes at issue.").

The CBA themselves do not state any type of litigation waiver by the Employees. But even if found, California law, as stated, mandates that any waiver of the remedy to enforce Employees' reimbursement rights is null and void.  *See Cal. Lab. Code § 2804*. Clearly, an independent and non-negotiable right protected by state law cannot be the subject of preemption. *See Zamora*, *supra*.

---

**G.    Menzies' "Minor Dispute" Argument Fails Because Plaintiffs' Labor Code Section 2802 Reimbursement Claim Is Not Grounded In, And Does Not Require Interpretation Of, Any CBA**

In Section III.C of its Opening Brief, Menzies once again makes an argument that assumes, incorrectly, that Plaintiffs' claims "grow 'out of grievances or … the interpretation or application of agreements covering rates of pay, rules, or working conditions.'"  Opening Brief, at 11:25 – 12:1, *quoting* 45 U.S.C. § 151a.  Menzies' argument fails, once again, because its premise is wrong: Plaintiffs' reimbursement claims do not "grow out of" or require any interpretation of, any CBA for all the reasons discussed above.

Menzies' argument also fails because it once again ignores *Schurke*.  As the Ninth Circuit explained, "RLA and LMRA grievance and arbitration systems must be used for claims arising under the CBA."  *Schurke*, 898 F.3d at 919.  Hence, "[m]inor disputes under the RLA – those disputes concerned with 'duties and rights created by or defined by' the collective bargaining agreement – must be resolved only through the RLA mechanisms."  *Id.* (citation omitted).

At the same time, however, "the RLA does *not* provide for, nor does it manifest any interest in, national or systemwide uniformity in substantive labor rights."  *Id.* (original emphasis).  As *Schurke* explained:

> Setting minimum wages, regulating work hours and pay periods, requiring paid and unpaid leave, protecting worker safety, prohibiting discrimination in employment, *and establishing other worker rights* remains well within the traditional police power of the states, and will naturally result in labor standards that affect workers differently from one jurisdiction to the next, even when those workers fall under a single labor agreement. Stated differently, it is not a concern of the RLA that the employers operations may be affected by its obligation to comply

---

20

with a different set of substantive state law rights in each jurisdiction.

*Id.* at 920-21 (emphasis added; citation omitted).

"It follows from the RLA minor dispute provision's focus on grieving and arbitrating *CBA disputes* that Congress did not intend to preempt state laws simply because they in some respect implicate CBA provisions, make reference to a CBA-defined right, or create a state law cause of action factually 'parallel' to a grievable claim." *Id.* at 920 (original italics; citations omitted). "Rather, 'an application of state law is pre-empted … only if such application requires the interpretation of a collective-bargaining agreement.'" *Id.* (citation omitted).

## IV.    CONCLUSION

Menzies cannot preempt an independent and non-negotiable right protected by state law. It failed to meet its burden of establishing that Plaintiffs' reimbursement claims arose from the CBA. Menzies also failed to show that the resolution of these claims require an interpretation of the CBA. For these reasons, the instant Motion for Partial Summary Judgment must be denied.

DATED: September 5, 2023

**LAW OFFICES OF C. JOE SAYAS, JR. and**
**KING CHENG MILLER & JIN LLP**


By:      */s/ C. Joe Sayas, Jr.*
C. JOE SAYAS, JR.
KARL P. EVANGELISTA
Attorneys for Plaintiffs

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 500 N. Brand Boulevard, Suite 980, Glendale, CA 91203.

      On the date of execution hereof, I caused to be served the following attached documents:

   1.  **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT MENZIES AVIATION (USA), INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

on all interested parties in this action by the method indicated below and addressed as follows:

| | |
|---|---|
| **Christopher Ward, Esq.**<br>FOLEY & LARDNER, LLP<br>555 South Flower Street, Suite 3300<br>Los Angeles, CA 90071<br>Facsimile: (213) 486-0065<br>cward@foley.com<br>hvanhowe@foley.com | *Attorneys for Defendant, MENZIES AVIATION (USA), INC.* |
| **Kevin Jackson, Esq.**<br>FOLEY & LARDNER, LLP<br>11988 El Camino Real, Suite 400<br>San Diego, CA 92130<br>Facsimile: (858) 792-6773<br>kjackson@foley.com<br>smoreno@foley.com | *Attorneys for Defendant, MENZIES AVIATION (USA), INC.* |

( )  **BY MAIL** as follows:
STATE- I am readily familiar with the practice of this office's collection and processing correspondence for mailing.  Under that practice it is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Glendale California, in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

( )  **BY PERSONAL SERVICE** as follow:  I caused each such envelope to be delivered by hand to the addressee (s) noted above or on the attachment herein.

(X)  **BY E-MAIL OR ELECTRONIC TRANSMISSION** as follows:  I caused a PDF version of the document to be sent via e-mail to the individuals listed herein and the parties have stipulated to treat e-mail service as "personal service."  The electronic mail

was sent to an electronic mail address maintained by the persons on whom the documents are served as last given by that/those persons. I personally requested a "delivery receipt" for this electronic mail message, and, unless disallowed by the recipient, received the same.

I DECLARE under penalty of perjury that the foregoing is true and correct.

Executed on September 5, 2023, at Los Angeles, California.

　　　　　　　　　　　　　　　/s/ Roxana Hernandez
　　　　　　　　　　　　　　　Roxana Hernandez

2

PROOF OF SERVICE