CHRISTOPHER WARD, CA Bar No. 238777
 cward@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE: 213.972.4500
FACSIMILE:   213.486.0065

KEVIN JACKSON, CA Bar No. 278169
 kjackson@foley.com
**FOLEY & LARDNER LLP**
11988 EL CAMINO REAL, SUITE 400
SAN DIEGO, CA 92130-2594
TELEPHONE: 858.847.6700
FACSIMILE:   858.792.6773

Attorneys for Defendant MENZIES
AVIATION (USA), INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA PATRICIA AMAYA, an individual; and ANIBAL SILVA, an individual; on behalf of themselves and others similarly situated,<br><br>                              Plaintiffs,<br><br>          vs.<br><br>MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>                              Defendants. | Case No. 2:22-cv-05915-HDV-MAR<br><br>**JOINT STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES AND CONCLUSIONS OF LAW REGARDING DEFENDANT MENZIES AVIATION (USA), INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:      October 26, 2023<br>Time:     10:00 a.m.<br>Ctrm.:    5B, 5th Floor<br>Judge:    Hon. Hernán D. Vera<br><br>Complaint filed: August 19, 2022<br>FAC filed:   August 30, 2022<br>SAC filed:   May 9, 2023 |

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56-1, Defendant Menzies Aviation (USA), Inc. ("Defendant") hereby submits the following Joint Statement of Uncontroverted Facts and Genuine Disputes and Conclusions of Law regarding its Motion for Summary Judgment against Plaintiffs Dora Patricia Amaya and Anibal Silva (collectively, "Plaintiffs"). The uncontroverted facts and genuine disputes set forth below include every essential element to entitle Defendant to judgment as a matter of law, or in the alternative, to summary adjudication.

### JOINT STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 1. Menzies is an aviation services business that provides ground handling services to commercial airlines' aircraft, cargo handling services in airlines' cargo warehouses, and both aircraft fueling to airlines and fuel facilities management services to airports. (Declaration of Talin Bazerkanian ("TB Decl."), ¶ 2.) | Undisputed. | | |
| 2. Ground handling includes servicing aircraft while parked at passenger gates "above-the-wing" in the passenger terminals through passenger service personnel who assist passengers with | Undisputed. | | |

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| tickets and boarding and cabin crews who clean aircraft and check security requirements between flights.  (TB Decl., ¶ 2.) | | | |
| 3.      Ground handling also includes "below-the-wing" work on the ramp, such as offloading and loading of baggage and cargo and guiding taxiing aircraft when they arrive. (TB Decl., ¶ 2.) | Undisputed. | | |
| 4.      On the cargo side of the business, Menzies' employees work inside warehouses away from passenger aircraft and receive, process, and sort cargo in preparation for loading onto aircraft, but do not themselves load cargo onto aircraft. (TB Decl., ¶ 3.) | Undisputed. | | |
| 5.      It also includes individuals who work in offices inside the cargo warehouse processing paperwork related to commercial cargo movements without a direct hands- | Undisputed. | | |

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| on relationship with the cargo itself. (TB Decl., ¶ 3.) | | | |
| 6.      On the fueling side of its operations, Menzies employees both pump jet fuel from tankers or airport hydrant systems into aircraft, operate an airport's fuel tank "farm" well away from passenger gates, and monitor via computer the various fueling infrastructure. (TB Decl., ¶ 4.) | Undisputed. | | |
| 7.      Other employees perform routine and emergency maintenance for hydrant systems and fueling equipment all over an airport. (TB Decl., ¶ 4.) | Undisputed. | | |
| 8.      Across all the California airports where Menzies operates, virtually all the non-exempt employees performing services provided directly to airline customers are represented by one of the several unions at Menzies, all pursuant | Undisputed. | | |

4863-2128-0382.1

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| to a series of collective bargaining agreements. (TB Decl.., ¶5(a)-(g), Exs. A-G.) | | | |
| 9.    Menzies maintains a series of policies governing employees' possession on their person of personal cellular phones during work hours and purported use of such personal cellular phones for work purposes. (Declaration of Kevin Jackson ("Jackson Decl."), ¶¶ 3-8, Exs. 1-6, Employee Handbook (Ex. 4) (authenticated at Deposition of Plaintiff Dora Patricia Amaya ("Amaya Depo."), 105:14 – 106:2; Deposition of Plaintiff Anibal Silva ("Silva Depo."), 126:24 – 127:9; and the Deposition of Menzies' Person Most Knowledgeable ("PMK Depo."), 111:13 – 112:4.; Kronos Adoption, E-Self Service and Notice of Informational Messaging to Mobile | Undisputed. | | |

4863-2128-0382.1

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| Phones (Ex. 5) (authenticated at Amaya Depo., 152:14 – 153:9; and Silva Depo., 105:24 – 107:5), and Personal Electronic Device & Cellular Phone Policy (Ex. 6) (authenticated at Amaya Depo., 162:9 – 25; Silva Depo., 90:5 – 9; and PMK 196:10 – 196:23.) | | | |
| 10.    The company's Hand Held Electronic Devices Policy within the Employee Handbook explicitly states that Menzies "has a zero tolerance policy applicable to the use of personal mobile/cell phones whilst on duty." (Jackson Decl., ¶ 6, Ex. 4.) | Disputed. | Although Menzies' written policies purport to prohibit the use of personal cell phones at work, Menzies maintained an unwritten *de facto* policy and practice of allowing employees to use their personal cell phones to perform their work-related tasks. As many of Menzies' non-supervisory employees had work duties requiring them to be at different locations in the airport but remain in contact with co-workers, such non-supervisory | Plaintiff does not actually dispute the existence of the Hand Held Electronic Devices Policy nor its express written contents. |

4863-2128-0382.1

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| | | employees were compelled to use their personal cell phones to perform their duties at work. Menzies concedes that they knew that such employees routinely brought their personal cell phones to work, and that they used these devices in employee group chats and to exchange texts and calls with co-workers—including supervisors, managers, and even Human Resources personnel—regarding work-related matters.<br><br>Deposition of Talin Bazerkanian Under FRCP Rule 30(b)(6), pp. 198:14-199:8, 200:21-201:21, 204:4-205:8; Deposition of Brian Galindo, pp. 30:12-22, 31:3-14, 32:14-19, 33:15-21; Declaration of Peter Acosta | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
Case No. 2:22-cv-05915-HDV-MAR

-6-

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| | | ("Acosta Decl."), ¶ 5; Declaration of Manuel Aguilera ("Aguilar Decl."), ¶¶ 5, 12; Declaration of Dora Patricia Amaya ("Amaya Decl."), ¶¶ 8-10, 14; Declaration of Daniel Arango ("Arango Decl."), ¶¶ 7, 19-21, 25-26; Declaration of Erick Chacon Bojorquez ("Chacon Decl."), ¶¶ 7-11, 31-33; Declaration of Brandon Craig ("Craig Decl."), ¶ 11; Declaration of Ruben Espinoza ("Espinoza Decl."), ¶¶ 6-7; Declaration of Anthony Fernandez ("Fernandez Decl."), ¶¶ 7, 16; Declaration of Jordan Ford ("Ford Decl."), ¶ 5; Declaration of Jazzmyne Freeman ("Freeman Decl."), ¶¶ 10-12; Declaration of Todd Fucile ("Fucile Decl."), ¶¶ 8, 11-12; | |

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| | | Declaration of Andrew Gutierrez ("Gutierrez Decl."), ¶¶ 21-22, 27-28; Declaration of Clement Hurtado ("Hurtado Decl."), ¶¶ 6, 8; Declaration of Zoila Lemus ("Lemus Decl."), ¶¶ 5-6; Declaration of Wa Luo ("Luo Decl."), ¶¶ 10-15, 21; Declaration of Javier Martinez ("Martinez Decl."), ¶ 5; Declaration of Jesus Mendoza ("Mendoza Decl."), ¶ 6; Declaration of Bryan Morgan ("Morgan Decl."), ¶ 7; Declaration of Kevin Orange ("Orange Decl."), ¶¶ 6-7; Declaration of Jonathan Otzoy ("Otzoy Decl."), ¶¶ 5-8; Declaration of Anthony Penca ("Penca Decl."), ¶ 6; Declaration of Abdel Rifai ("Rifai Decl."), ¶¶ 6, 17-20; Declaration of Brandon Robinson ("Robinson Decl."), ¶¶ 7-8; Declaration of | |

4863-2128-0382.1

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| | | Mario Rocha ("Rocha Decl."), ¶¶ 6-9; Declaration of Ryan Sierra ("Sierra Decl."), ¶¶ 6-7; Declaration of Anibal Silva ("Silva Decl."), ¶¶ 7, 16; Declaration of Abraham Torres ("Torres Decl."), ¶¶ 6, 16; Declaration of Steven Vakoc ("Vakoc Decl."), ¶ 10. | |
| 11.    The company's Personal Electronic Device & Cellular Phone Policy notes that where use of a cellular phone is necessary to perform business operations, the Company will provide such a device and it reiterates that "If an employee brings a personal cellular phone onto Company property, the phone **must** remain on the **'off'** mode during business hours." (Jackson Decl., ¶ 8, Ex. 6.) | Disputed. | As many of Menzies' non-supervisory employees had work duties requiring them to be at different locations in the airport but remain in contact with co-workers, such non-supervisory employees were compelled to use their personal cell phones to perform their duties at work. Menzies concedes that they knew that such employees routinely brought their personal cell | Plaintiff does not actually dispute the existence of the Personal Electronic Device & Cellular Phone Policy, nor its express written contents. |

4863-2128-0382.1

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| | | phones to work, and that they used these devices in employee group chats and to exchange texts and calls with co-workers—including supervisors, managers, and even Human Resources personnel—regarding work-related matters.<br><br>Deposition of Talin Bazerkanian Under FRCP Rule 30(b)(6), pp. 198:14-199:8, 200:21-201:21, 204:4-205:8; Deposition of Brian Galindo, pp. 30:12-22, 31:3-14, 32:14-19, 33:15-21; Acosta Decl., ¶ 5; Aguilar Decl., ¶¶ 5, 12; Amaya Decl., ¶¶ 8-10, 14; Arango Decl., ¶¶ 7, 19-21, 25-26; Chacon Decl., ¶¶ 7-11, 31-33; Craig Decl., ¶ 11; Espinoza Decl., ¶¶ 6-7; Fernandez Decl., ¶¶ 7, 16; Ford Decl., ¶ 5; | |

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| | | Freeman Decl., ¶¶ 10-12; Fucile Decl., ¶¶ 8, 11-12; Gutierrez Decl., ¶¶ 21-22, 27-28; Hurtado Decl., ¶¶ 6, 8; Lemus Decl., ¶¶ 5-6; Luo Decl., ¶¶ 10-15, 21; Martinez Decl., ¶ 5; Mendoza Decl., ¶ 6; Morgan Decl., ¶ 7; Orange Decl., ¶¶ 6-7; Otzoy Decl., ¶¶ 5-8; Penca Decl., ¶ 6; Rifai Decl., ¶¶ 6, 17-20; Robinson Decl., ¶¶ 7-8; Rocha Decl., ¶¶ 6-9; Sierra Decl., ¶¶ 6-7; Silva Decl., ¶¶ 7, 16; Torres Decl., ¶¶ 6, 16; Vakoc Decl., ¶ 10. | |
| 12.    Menzies' Personal Effects Policy within the Employee Handbook notifies employees that they must not bring personal effects into their work areas and informs them of where Menzies has supplied secure lockers for storage of prohibited personal items – such as cellular phones – | Disputed. | *See supra* Fact #10. | Plaintiff does not actually dispute the existence of the Personal Effects Policy within the Employee Handbook, nor its express written contents. |

4863-2128-0382.1

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| during their work hours. (Jackson Decl., ¶ 6, Ex. 4.) | | | |
| 13.    Even where Menzies makes work resources available to employees usable on their personal devices – such as the ability to view their schedule through a phone app or receive text messages regarding their work schedule – it specifically informs employees that they are not "under any obligation to do so using my personal device" and they can opt out of such use. (Jackson Decl., ¶ 7, Ex. 5.) | Disputed. | *See supra* Fact #10. | Plaintiff does not actually dispute the existence of the policy referenced nor its express written contents. |
| 14.    The cumulative effect of these policies demonstrates Menzies' standardized instruction to employees that they are prohibited from using their personal cell phones during working hours. (Jackson Decl., ¶¶ 3-8, Exs. 1-6 (Employee Handbook (Ex. 4) authenticated at | Disputed. | *See supra* Fact #10. | Plaintiff does not actually dispute the existence of the policies referenced nor their express written contents. |

4863-2128-0382.1

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| Amaya Depo., 105:14 – 106:2; Silva Depo., 126:24 – 127:9; and the PMK Depo.), 111:13 – 112:4., Kronos Adoption, E-Self Service and Notice of Informational Messaging to Mobile Phones (Ex. 5) authenticated at Amaya Depo., 152:14 – 153:9; and Silva Depo., 105:24 – 107:5), and Personal Electronic Device & Cellular Phone Policy (Ex. 6) authenticated at Amaya Depo., 162:9 – 25; Silva Depo., 90:5 – 9; and PMK 196:10 – 196:23. | | | |
| 15.    Dozens of Menzies employees have provided evidence acknowledging their understanding that they are not required to use their personal cellular phones for work purposes, and multiple employees acknowledged that if their job responsibilities require immediate phone or radio communication, | Disputed to the extent the statement implies that declarations provided by Menzies employees to Menzies counsel in support of their brief in opposition to class certification is dispositive of the scope and extent of Menzies' policies and practices | Dozens of Menzies' former or current employees have likewise provided evidence that Menzies had a *de facto* policy and practice of allowing employees to use their personal cell phones to perform their work-related tasks. These employees collectively aver | Plaintiffs' opposition does not dispute the existence of the statements obtained by Menzies. |

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| Menzies provides those work radios or work cellular phones so they can carry out their duties.  (*See generally* Declarations of Employees in Support of Defendant Menzies Aviation (USA), Inc.'s Opposition to Plaintiffs' Motion for Class Certification ("Menzies Declarants"), which is comprised of the following declarations: (1) Declaration of Jason Abbitt ("Abbitt Decl."), ¶ 17; (2) Declaration of Mary Afuhaamango ("Afuhaamango Decl.") ¶ 21; (3) Declaration of Victoria Aluni ("Aluni Decl."), ¶ 23; (4) Declaration of Pamela Bartel ("Bartel Decl."), ¶ 23; (5) Declaration of Christopher Black ("Black Decl."), ¶ 23; (6) Declaration of Mary Antonette Blanco ("Blanco Decl."), ¶ 18; (7) Declaration of Louis Burke ("Burke Decl."), ¶ 24; (8) Declaration of Kristianne Del Mundo | regarding use of personal cell phones at work. | that their assigned work duties at Menzies compelled them to use their personal cell phones to perform their duties at work. They explain that they routinely brought their personal cell phones to work, and that they used these devices in employee group chats and to exchange texts and calls with co-workers— including supervisors, managers, and even Human Resources personnel— regarding work-related matters, all of which were done with the knowledge and implicit consent of their supervisors and managers at Menzies.  Acosta Decl., ¶ 5; Aguilar Decl., ¶¶ 5, 12; Amaya Decl., ¶¶ 8-10, 14; Arango Decl., ¶¶ 7, 19-21, 25-26; |  |

4863-2128-0382.1

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| ("Del Mundo Decl."), ¶ 8; (9) Declaration of Phuong Do ("Do Decl."), ¶ 28; (10) Declaration of Michael Eswagen ("Eswagen Decl."), ¶ 28; (11) Declaration of Wesley Faatalale ("Faatalale Decl."), ¶ 21; (12) Declaration of Fangia Finau ("Finau Decl."), ¶ 28; (13) Declaration of Tevita Fineanganofo ("Fineanganofo Decl."), ¶ 28; (14) Declaration of Antonio Funes ("Funes Decl."), ¶ 13; (15) Declaration of Florentina Gauro-Salud ("Gauro-Salud Decl."), ¶ 12; (16) Declaration of Elva Gonzalez ("E. Gonzalez Decl."), ¶ 28; (17) Declaration of Jose Gonzalez ("J. Gonzalez Decl."), ¶ 27; (18) Declaration of Brayan Guzman ("Guzman Decl."), ¶ 25; (19) Declaration of Holly Hui ("Hui Decl."), ¶ 28; (20) Declaration of Sosefo Kafoa ("Kafoa Decl."), ¶ 24; (21) Declaration of Shyrin Kumar ("Kumar Decl."), ¶ 23; (22) Declaration of | | Chacon Decl., ¶¶ 7-11, 31-33; Craig Decl., ¶ 11; Espinoza Decl., ¶¶ 6-7; Fernandez Decl., ¶¶ 7, 16; Ford Decl., ¶ 5; Freeman Decl., ¶¶ 10-12; Fucile Decl., ¶¶ 8, 11-12; Gutierrez Decl., ¶¶ 21-22, 27-28; Hurtado Decl., ¶¶ 6, 8; Lemus Decl., ¶¶ 5-6; Luo Decl., ¶¶ 10-15, 21; Martinez Decl., ¶ 5; Mendoza Decl., ¶ 6; Morgan Decl., ¶ 7; Orange Decl., ¶¶ 6-7; Otzoy Decl., ¶¶ 5-8; Penca Decl., ¶ 6; Rifai Decl., ¶¶ 6, 17-20; Robinson Decl., ¶¶ 7-8; Rocha Decl., ¶¶ 6-9; Sierra Decl., ¶¶ 6-7; Silva Decl., ¶¶ 7, 16; Torres Decl., ¶¶ 6, 16; Vakoc Decl., ¶ 10. | |

4863-2128-0382.1

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| Erick Maldonado ("Maldonado Decl."), ¶ 21; (23) Declaration of Damen Mamea ("Mamea Decl."), ¶ 20; (24) Declaration of Joseph Marion ("Marion Decl."), ¶ 22; (25) Declaration of Andres Martinez ("Martinez Decl."), ¶ 16; (26) Declaration of Jose Alonso Orozco ("Orozco Decl."), ¶ 20; (27) Declaration of Roberto Pangalilingan ("Pangalilingan Decl."), ¶ 29; (28) Declaration of Brian Perez ("Perez Decl."), ¶ 14; (29) Declaration of Todd Preble ("Preble Decl."), ¶ 13; (30) Declaration of Juan Ramirez ("Ramirez Decl."), ¶ 23; (31) Declaration of John Soto ("Soto Decl."), ¶ 17; (32) Declaration of Nicole Stewart ("Stewart Decl."), ¶ 24; (33) Declaration of Sitaniselao Tuipoluto ("Tuipoluto Decl."), ¶ 28; (34) Declaration of Unaloto Uhila ("Uhila Decl."), ¶ 28; (35) Declaration of Jesus | | | |

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| Pool Yam ("Yam Decl."), ¶ 26; and (36) Declaration of Bao Bao Yang ("Yang Decl."), ¶ 23.) | | | |
| 16.    Plaintiff Amaya worked for Menzies as a Passenger Service Agent at Menzies' operation at LAX, and Plaintiff Silva worked as a Ramp Agent, also at LAX.  (Amaya Depo., 36:18-37:7; Silva Depo., 26:12-14.) | Undisputed. | | |
| 17.    While Amaya remains a current employee of Menzies, she has been on a leave of absence since December 8, 2022 and accordingly has not performed any work (and accordingly cannot have suffered any alleged harms) for more than six months. (TB Decl., ¶ 6.) | Undisputed. | | |
| 18.    Silva's employment with Menzies terminated on March 15, 2020, such that he also clearly has not suffered any harms alleged in the Complaint for a period greater than six | Undisputed. | | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
-17-
Case No. 2:22-cv-05915-HDV-MAR

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| months.  (Silva Depo., 65:6-11.) | | | |
| 19.    Both Plaintiffs worked in classifications represented by a union and had the terms and conditions of their employment covered by collective bargaining agreements. (Amaya Depo., 43:13-16; Silva Depo., 59:22-24.) | Disputed to the extent the statement implies that Plaintiffs' right to be reimbursed under California Labor Code Section 2802 for use of their personal cell phones is governed by any terms contained in the relevant collective bargaining agreements. | The collective bargaining agreements cited to by Menzies is effectively silent as to Plaintiffs' right to be reimbursed for their work-related use of their personal cell phones.<br><br>Bazerkanian Decl., Ex. A – G. | Plaintiffs' Opposition does not create a genuine dispute of fact. |
| 20.    Both Plaintiffs also understood that: (i) they were represented by a union with respect to their employment at Menzies; (ii) the CBAs contained terms and conditions of employment that applied to them; and (iii) they had recourse to the union if they had questions about the CBAs.  (Amaya Depo., 43:13-16, 101:14-102:10; Silva Depo., 59:22-24, 61:11-21, 76:1-77:5.) | Disputed to the extent the statement implies that Plaintiffs had to resort to any collective bargaining agreement's grievance arbitration provisions regarding claims of unreimbursed phone expenses, or had waived their rights to pursue statutory claims under California Labor Code Section 2802. | None of the deposition testimony cited by Defendant supports a contention that Plaintiffs acknowledges that they had to resort to any collective bargaining agreement's grievance arbitration provisions regarding claims of unreimbursed phone expenses, or waived their rights under California Labor Code Section 2802 in | Plaintiffs' Opposition does not create a genuine dispute of fact. Both Plaintiffs acknowledged the existence of the CBAs and their understanding. |

4863-2128-0382.1

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| | | any of the collective bargaining agreements relevant to Menzies' operations in the State of California. *See also* Bazerkanian Decl., Ex. A – G. | |
| 21.    Though represented by the same union, Plaintiffs worked pursuant to different CBAs due to their differing job classifications. (Amaya Depo., 43:13-16; Silva Depo., 59:22-24.) | Undisputed. | | |
| 22.    However, both CBAs contain identical language addressing Menzies' obligation to provide employees with all equipment necessary to perform their work.  (Amaya Depo., 38:25-40:1, 42:12-43:1, 43:13-16, 45:17-20, 95:6-8; Silva Depo., 48:4-9; 50:6-11, 15-19; 52:12-16; 53:21-24; 59:22-25; 61:11-21; 63:7-11; 75:1-25.) | Undisputed. | | |

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 23.    Both CBAs explicitly state that "The Employer agrees to provide and to maintain properly equipment and materials adequate to perform *any and all* work assignments." (TB Decl., Ex. G, Article 15, Section 2(1)(a); TB Decl., Ex. F, Art. 14, Section 2(1)(a).) | Undisputed. | | |
| 24.    Both CBAs also establish a grievance and arbitration procedure "pertaining to the application or interpretation of [the CBA]." (TB Decl., Ex. G, Article 14; TB Decl., Ex. F, Article 13.1-13.2.) | Disputed to the extent the statement implies that Plaintiffs had to resort to any collective bargaining agreement's grievance arbitration provisions regarding claims of unreimbursed phone expenses, or had waived their rights to pursue statutory claims under California Labor Code Section 2802. | *See supra* Fact #20. | Plaintiffs' Opposition does not create a genuine dispute of fact. |
| 25.    In the event of any failure or alleged failure by Menzies to abide by the terms of the CBAs – such as the | Disputed to the extent the statement implies that Plaintiffs had to resort to any | *See supra* Fact #20. | Plaintiffs' Opposition does not create a genuine dispute of fact. |

4863-2128-0382.1

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| failure to provide equipment need to perform "any and all work assignments" – such disputes "must be handled" through the CBAs' four-step procedure requiring arbitration of any claims not resolved through the prior steps of grievance and mediation. (TB Decl., ¶5(a)-(g), Exs. A-G.) | collective bargaining agreement's grievance arbitration provisions regarding claims of unreimbursed phone expenses, or had waived their rights to pursue statutory claims under California Labor Code Section 2802. | | |
| 26.    The first step of the grievance process is required to be initiated "within seven (7) calendar days after the occurrence of the alleged violation." (TB Decl., ¶5(a)-(g), Exs. A-G.) | Undisputed. | | |
| 27.    Plaintiffs understood that these provisions entitled them to seek help from the Union if they felt Menzies had violated any of their rights. (Amaya Depo., 38:25-40:1, 42:12-43:1, 43:13-16, 45:17-20, 95:6-8; Silva Depo., 48:4-9; 50:6-11, 15-19; 52:12-16; 53:21-24; 59:22-25; 61:11-21; 63:7-11; 75:1-25.) | Disputed to the extent the statement implies that Plaintiffs had to resort to any collective bargaining agreement's grievance arbitration provisions regarding claims of unreimbursed phone expenses, or had waived their | *See supra* Fact #20. | Plaintiffs' Opposition does not create a genuine dispute of fact. |

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| | rights to pursue statutory claims under California Labor Code Section 2802. | | |
| 28.    Silva even once availed himself of this ability when he complained to the Union about meal periods.  (Silva Depo., 54:6-18.) | Undisputed. | | |
| 29.    Plaintiffs also both conceded that Menzies makes various forms of communication available, such as landline phones and radios, and provided cell phones to certain employees (e.g., managers) to carry out required cellular and telephone communications. (Silva Depo., 78:10-20, 79:20-80:6; Amaya Depo., 64:7-18.) | Undisputed. | | |
| 30.    Plaintiffs identified a personal cellular phone as a necessary piece of equipment needed to perform their work assignments.  (Amaya Depo., 75:1-17; Silva Depo., 73:6-19; 77:8- | Undisputed. | | |

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 78:24.) | | | |
| 31.    Neither Plaintiff filed a grievance or complaint with the Union regarding Menzies' alleged failure to provide cell phones or reimbursement for the use of personal cell phones. (Amaya Depo., 100:24-101:2.; Silva Depo., 76:1-77:5.) | Disputed to the extent the statement implies that Plaintiffs were required to file a grievance or complaint with the Union to assert their statutory right to reimbursement under California Labor Code Section 2802, which they were not. | As acknowledged by Menzies herein, while the relevant collective bargaining agreements contain language regarding provision of proper equipment, it does not contain language about reimbursements, which belies Menzies' unfounded suggestion that Plaintiffs were required to file a grievance or Union complaint regarding reimbursements.\n\n*See supra* Fact #20.\n\nMoreover, Plaintiffs do not assert a violation of any contractual right to be provided equipment, but rather, the statutory right to be reimbursed, under California Labor Code Section 2802, for their use of personal cell | Plaintiffs' Opposition does not create a genuine dispute of fact.  Plaintiffs do not introduce any evidence that either of them filed a grievance or complaint with the Union. |

4863-2128-0382.1

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| | | phones in their performance of core duties of their jobs, with their employer's knowledge. *See* Second Amended Complaint (Dkt. 40) | |
| 32.   Plaintiff's Motion for Class Certification limits their claim for expense reimbursement to cover only expenses incurred as a result of using their personal cell phones for work purposes.  (Dkt. 41-1, p. 3.) | Undisputed. | | |

## CONCLUSIONS OF LAW

| Conclusions of Law | Relevant Facts |
|---|---|
| 1.   As a consequence of the nature of Menzies' work and providing services directly to airlines, the National Mediation Board (NMB") has repeatedly recognized both Menzies as an employer, and its employees providing services directly to commercial airlines such as the Plaintiffs, covered the RLA. | Facts 1-7; s*ee also, e.g., Menzies Aviation, Inc.*, 47 NMB 10 (2019); *Menzies Aviation, Inc.*, 46 NMB 8 (2018). |
| 2.   Resolution of Plaintiffs' claim for cell phone reimbursement implicates the | Facts 1-31. |

| | |
|---|---|
| CBA and requires review and interpretation of its language, and it is therefor preempted because the outcome depends substantially upon the terms of the CBA. | |
| 3.      Because Menzies and its employees operate in the airline industry, and the CBAs expressly addresses its obligation to provide all "equipment and materials adequate to perform and any and all work assignments" and thus require interpretation, Plaintiffs' cell phone claim is a "minor dispute" covered by and preempted by the Railway Labor Act. | Facts 1-31. |

DATED: September 14, 2023

**FOLEY & LARDNER LLP**
Christopher Ward
Kevin Jackson


*/s/ Christopher Ward*
Christopher Ward
Attorneys for Defendant MENZIES
AVIATION (USA), INC.