C. JOE SAYAS, JR. (CA Bar No. 122397)
cjs@joesayaslaw.com
KARL P. EVANGELISTA (CA Bar No. 250685)
kpe@joesayaslaw.com
**LAW OFFICES OF C. JOE SAYAS, JR.**
500 N. Brand Boulevard, Suite 980
Glendale, California 91203
Telephone: (818) 291-0088
Facsimile: (818) 240-9955

DAVID P. KING (CA Bar No. 136765)
dpk@kcmlaw.net
**KING CHENG MILLER & JIN, LLP**
3675 Huntington Dr., Ste. 200
Pasadena, California 91107
Telephone: (626) 304-9001
Facsimile: (626) 304-9002

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DORA PATARICA AMAYA, an individual; and ANIBAL SILVA, an individual; on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:22-cv-05915-HDV-MARx <br><br> <u>CLASS ACTION</u> <br><br> **PLAINTIFFS' SEPARATE JOINT STATEMENT OF UNCONTROVERTED FACTS IN OPPOSITION TO DEFENDANT MENZIES AVIATION (USA), INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Date:     October 26, 2023 <br> Time:    10:00 a.m. <br> Judge:   Hon. Hernán D. Vera <br> Ctrm:    5B, 5th Floor, <br>              First Street U.S. Courthouse |

---

1

PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Local Rule 56-2 of the United States District Court for the Central District of California, and Section X. E. 2. of the Civil Standing Order entered in this matter on July 26, 2023 (Dkt. 57 at p. 13), Plaintiffs Dora Patricia Amaya and Anibal Silva ("Plaintiffs") hereby submit the following Separate Joint Statement of Uncontroverted Facts in Opposition to Defendant Menzies Aviation (USA), Inc.'s Motion for Partial Summary Judgment.

## JOINT STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 33. Menzies' employees performed ground-handling, cargo and fueling services for various airlines whose planes, passengers and cargo are at different locations throughout the airport.<br><br>Declaration of Peter Acosta ("Acosta Decl."), ¶ 5; Declaration of Manuel Aguilera ("Aguilar Decl."), ¶¶ 5, 12; Declaration of Dora Patricia Amaya ("Amaya Decl."), ¶¶ 8-10, 14; Declaration of Daniel Arango ("Arango Decl."), ¶¶ 7, | Undisputed. | | |

19-21, 25-26; Declaration of Erick Chacon Bojorquez ("Chacon Decl."), ¶¶ 7-11, 31-33; Declaration of Brandon Craig ("Craig Decl."), ¶ 11; Declaration of Ruben Espinoza ("Espinoza Decl."), ¶¶ 6-7; Declaration of Anthony Fernandez ("Fernandez Decl."), ¶¶ 7, 16; Declaration of Jordan Ford ("Ford Decl."), ¶ 5; Declaration of Jazzmyne Freeman ("Freeman Decl."), ¶¶ 10-12; Declaration of Todd Fucile ("Fucile Decl."), ¶¶ 8, 11-12; Declaration of Andrew Gutierrez ("Gutierrez Decl."), ¶¶ 21-22, 27-28; Declaration of Clement Hurtado ("Hurtado Decl."), ¶¶ 6, 8; Declaration of Zoila Lemus ("Lemus Decl."), ¶¶ 5-6; Declaration of Wa Luo ("Luo Decl."), ¶¶ 10-15, 21; Declaration of Javier Martinez ("Martinez Decl."), ¶ 5; Declaration of Jesus Mendoza ("Mendoza Decl."), ¶ 6; Declaration of Bryan Morgan ("Morgan

PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS

4878-4800-7038.1

| | | | | |
|---|---|---|---|---|
| Decl."), ¶ 7; Declaration of Kevin Orange ("Orange Decl."), ¶¶ 6-7; Declaration of Jonathan Otzoy ("Otzoy Decl."), ¶¶ 5-8; Declaration of Anthony Penca ("Penca Decl."), ¶ 6; Declaration of Abdel Rifai ("Rifai Decl."), ¶¶ 6, 17-20; Declaration of Brandon Robinson ("Robinson Decl."), ¶¶ 7-8; Declaration of Mario Rocha ("Rocha Decl."), ¶¶ 6-9; Declaration of Ryan Sierra ("Sierra Decl."), ¶¶ 6-7; Declaration of Anibal Silva ("Silva Decl."), ¶¶ 7, 16; Declaration of Abraham Torres ("Torres Decl."), ¶¶ 6, 16; Declaration of Steven Vakoc ("Vakoc Decl."), ¶ 10. | | | | |
| 34. Menzies' employees performing ground-handling, cargo and fueling services at various locations throughout the airport were compelled to remain in contact and able to communicate | Undisputed. | | | |

| | | | |
|---|---|---|---|
| with colleagues located in different locations throughout the airport in the discharge of their duties.<br><br>Acosta Decl., ¶ 5; Aguilera Decl., ¶¶ 5, 12; Amaya Decl., ¶¶ 8-10, 14; Arango Decl., ¶¶ 7, 19-21, 25-26; Chacon Decl., ¶¶ 7-11, 31-33; Craig Decl., ¶ 11; Espinoza Decl., ¶¶ 6-7; Fernandez Decl., ¶¶ 7, 16; Ford Decl., ¶ 5; Freeman Decl., ¶¶ 10-12; Fucile Decl., ¶¶ 8, 11-12; Gutierrez Decl., ¶¶ 21-22, 27-28; Hurtado Decl., ¶¶ 6, 8; Lemus Decl., ¶¶ 5-6; Luo Decl., ¶¶ 10-15, 21; Martinez Decl., ¶ 5; Mendoza Decl., ¶ 6; Morgan Decl., ¶ 7; Orange Decl., ¶¶ 6-7; Otzoy Decl., ¶¶ 5-8; Penca Decl., ¶ 6; Rifai Decl., ¶¶ 6, 17-20; Robinson Decl., ¶¶ 7-8; Rocha Decl., ¶¶ 6-9; Sierra Decl., ¶¶ 6-7; Silva Decl., ¶¶ 7, 16; Torres Decl., ¶¶ 6, 16; Vakoc Decl., ¶ 10. | | | |
| 35. Plaintiffs and other putative class | Disputed that Menzies | *See* UF 15; *See generally* | |

| | | | |
|---|---|---|---|
| members used their personal cell phones in the discharge of their duties.<br><br>Acosta Decl., ¶ 5; Aguilera Decl., ¶¶ 5, 12; Amaya Decl., ¶¶ 8-10, 14; Arango Decl., ¶¶ 7, 19-21, 25-26; Chacon Decl., ¶¶ 7-11, 31-33; Craig Decl., ¶ 11; Espinoza Decl., ¶¶ 6-7; Fernandez Decl., ¶¶ 7, 16; Ford Decl., ¶ 5; Freeman Decl., ¶¶ 10-12; Fucile Decl., ¶¶ 8, 11-12; Gutierrez Decl., ¶¶ 21-22, 27-28; Hurtado Decl., ¶¶ 6, 8; Lemus Decl., ¶¶ 5-6; Luo Decl., ¶¶ 10-15, 21; Martinez Decl., ¶ 5; Mendoza Decl., ¶ 6; Morgan Decl., ¶ 7; Orange Decl., ¶¶ 6-7; Otzoy Decl., ¶¶ 5-8; Penca Decl., ¶ 6; Rifai Decl., ¶¶ 6, 17-20; Robinson Decl., ¶¶ 7-8; Rocha Decl., ¶¶ 6-9; Sierra Decl., ¶¶ 6-7; Silva Decl., ¶¶ 7, 16; Torres Decl., ¶¶ 6, 16; Vakoc Decl., ¶ 10. | required Plaintiffs and other class members to use their personal cell phones in lieu of the company-provided communication devices, including cell phones, radios, and landlines. | Declarations of Employees in Support of Defendant Menzies Aviation (USA), Inc.'s Opposition to Plaintiffs' Motion for Class Certification ("Menzies Declarants"), which is comprised of the following declarations: (1) Declaration of Jason Abbitt ("Abbitt Decl."), ¶ 17; (2) Declaration of Mary Afuhaamango ("Afuhaamango Decl.") ¶ 21; (3) Declaration of Victoria Aluni ("Aluni Decl."), ¶ 23; (4) Declaration of Pamela Bartel ("Bartel Decl."), ¶ 23; (5) Declaration of Christopher Black ("Black Decl."), ¶ 23; (6) Declaration of Mary Antonette Blanco ("Blanco Decl."), ¶ 18; (7) Declaration of Louis Burke ("Burke Decl."), ¶ 24; (8) Declaration of Kristianne Del Mundo ("Del Mundo Decl."), ¶ 8; (9) Declaration of | |

Phuong Do ("Do Decl."), ¶ 28; (10) Declaration of Michael Eswagen ("Eswagen Decl."), ¶ 28; (11) Declaration of Wesley Faatalale ("Faatalale Decl."), ¶ 21; (12) Declaration of Fangia Finau ("Finau Decl."), ¶ 28; (13) Declaration of Tevita Fineanganofo ("Fineanganofo Decl."), ¶ 28; (14) Declaration of Antonio Funes ("Funes Decl."), ¶ 13; (15) Declaration of Florentina Gauro-Salud ("Gauro-Salud Decl."), ¶ 12; (16) Declaration of Elva Gonzalez ("E. Gonzalez Decl."), ¶ 28; (17) Declaration of Jose Gonzalez ("J. Gonzalez Decl."), ¶ 27; (18) Declaration of Brayan Guzman ("Guzman Decl."), ¶ 25; (19) Declaration of Holly Hui ("Hui Decl."), ¶ 28; (20) Declaration of Sosefo Kafoa ("Kafoa Decl."), ¶ 24; (21) Declaration of Shyrin Kumar ("Kumar Decl."), ¶ 23; (22)

Declaration of Erick Maldonado ("Maldonado Decl."), ¶ 21; (23) Declaration of Damen Mamea ("Mamea Decl."), ¶ 20; (24) Declaration of Joseph Marion ("Marion Decl."), ¶ 22; (25) Declaration of Andres Martinez ("Martinez Decl."), ¶ 16; (26) Declaration of Jose Alonso Orozco ("Orozco Decl."), ¶ 20; (27) Declaration of Roberto Pangalilingan ("Pangalilingan Decl."), ¶ 29; (28) Declaration of Brian Perez ("Perez Decl."), ¶ 14; (29) Declaration of Todd Preble ("Preble Decl."), ¶ 13; (30) Declaration of Juan Ramirez ("Ramirez Decl."), ¶ 23; (31) Declaration of John Soto ("Soto Decl."), ¶ 17; (32) Declaration of Nicole Stewart ("Stewart Decl."), ¶ 24; (33) Declaration of Sitaniselao Tuipoluto ("Tuipoluto Decl."), ¶ 28; (34) Declaration of Unaloto Uhila

| | | | |
|---|---|---|---|
| | | ("Uhila Decl."), ¶ 28; (35) Declaration of Jesus Pool Yam ("Yam Decl."), ¶ 26; and (36) Declaration of Bao Bao Yang ("Yang Decl."), ¶ 23.) | |
| | 36. Plaintiffs and other putative class members are not reimbursed by Menzies for the costs of using their personal cell phones in discharging their duties.<br><br>Acosta Decl., ¶ 6; Aguilera Decl., ¶ 6; Amaya Decl., ¶ 10; Arango Decl., ¶¶ 27-28; Chacon Decl., ¶¶ 32-34; Craig Decl., ¶ 11; Espinoza Decl., ¶ 8; Fernandez Decl., ¶ 8; Ford Decl., ¶ 6; Freeman Decl., ¶¶ 13-14; Gutierrez Decl., ¶¶ 29-30; Hurtado Decl., ¶ 8; Lemus Decl., ¶ 6; Luo Decl., ¶¶ 22-23; Martinez Decl., ¶ 5; Mendoza Decl., ¶ 7; Morgan Decl., ¶ 7; Orange Decl., ¶ 7; Otzoy Decl., ¶ 9; Penca Decl., ¶ 7; Rifai Decl., ¶ 20; Robinson Decl., ¶ 9; | Disputed that Menzies required employees to use personal cell phones in discharging their duties or that personal cell phone usage was a "necessary" business expense. | *See* UFs 9-15; Declaration of Kevin Jackson ("Jackson Decl."), ¶¶ 3-8, Exs. 1-6, Employee Handbook (Ex. 4) (authenticated at Deposition of Plaintiff Dora Patricia Amaya ("Amaya Depo."), 105:14 – 106:2; Deposition of Plaintiff Anibal Silva ("Silva Depo."), 126:24 – 127:9; and the Deposition of Menzies' Person Most Knowledgeable ("PMK Depo."), 111:13 – 112:4.; Kronos Adoption, E-Self Service and Notice of Informational Messaging to Mobile Phones (Ex. 5) (authenticated at Amaya Depo., 152:14 – 153:9; and Silva Depo., 105:24 – 107:5), and Personal | |

| | | |
|---|---|---|
| Rocha Decl., ¶ 9; Sierra Decl., ¶ 7; Silva Decl., ¶ 8; Torres Decl., ¶¶ 7, 16. | | Electronic Device & Cellular Phone Policy (Ex. 6) (authenticated at Amaya Depo., 162:9 – 25; Silva Depo., 90:5 – 9; and PMK 196:10 – 196:23.); Jackson Decl., ¶ 6, Ex. 4; Jackson Decl., ¶ 8, Ex. 6; Jackson Decl., ¶ 7, Ex. 5; *see generally* Menzies Declarants. |

## **CONCLUSIONS OF LAW**

| **Conclusions of Law** | **Relevant Facts** |
|---|---|
| 1. Plaintiffs' reimbursement claims are based solely on nonwaivable rights provided by California Labor Code § 2802. | Facts # 20 & 31; *see also Cal. Lab. Code § 2804*. |
| 2. The resolution of Plaintiffs' reimbursement claims do not need any analysis nor interpretation of Defendant's proffered collective bargaining agreements. | Facts # 20 & 31. |
| 3. Defendant's written policies of ostensibly prohibiting the use of cell phones are not relevant to the inquiry of whether Plaintiffs' reimbursement claims under state law arose from or is grounded upon a collective bargaining agreement. | Facts # 19, 20 & 31 |

DATED: September 14, 2023

**LAW OFFICES OF C. JOE SAYAS, JR. and KING CHENG MILLER & JIN LLP**

By:    */s/ C. Joe Sayas, Jr.*
        C. JOE SAYAS, JR.
        KARL P. EVANGELISTA
        Attorneys for Plaintiffs