C. JOE SAYAS, JR. (CA Bar No. 122397)
cjs@joesayaslaw.com
KARL P. EVANGELISTA (CA Bar No. 250685)
kpe@joesayaslaw.com
**LAW OFFICES OF C. JOE SAYAS, JR.**
500 N. Brand Boulevard, Suite 980
Glendale, California 91203
Telephone: (818) 291-0088
Facsimile: (818) 240-9955

DAVID P. KING (CA Bar No. 136765)
dpk@kcmlaw.net
**KING CHENG MILLER & JIN, LLP**
3675 Huntington Dr., Ste. 200
Pasadena, California 91107
Telephone: (626) 304-9001
Facsimile: (626) 304-9002

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA PATRICIA AMAYA, an individual; and ANIBAL SILVA, an individual; on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:22-cv-05915-HDV-MARx <br><br> <u>CLASS ACTION</u> <br><br> **PLAINTIFFS' OBJECTIONS TO EVIDENCE SUBMITTED BY DEFENDANT MENZIES AVIATION (USA), INC. IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Date:    October 26, 2023 <br> Time:    10:00 a.m. <br> Judge:   Hon. Hernán D. Vera <br> Ctrm:    5B, 5th Floor, <br>            First Street U.S. Courthouse |

Pursuant to Fed. R. Civ. Proc., Rule 56(c), and Section X.E.5 of the Court's Civil Standing Order, Plaintiffs object as follows to evidence submitted by Defendant Menzies Aviation (USA), Inc. ("Menzies") in support of its Motion for Partial Summary Judgment.

| Items Objected To | Objection(s) |
|---|---|
| 1. "Menzies Aviation Employee Handbook California," attached as Exhibit 4 to the Declaration of Kevin Jackson. | Irrelevant. Fed. R. Evid. 401, 402. There is no evidence this document was the subject of collective bargaining, or part of any collective bargaining agreement ("CBA"). The document therefore has no tendency to prove that interpretation of any CBA is required; it is therefore irrelevant to Menzies' claim of preemption. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985) (preemption comes into play with respect to "labor-contract disputes," and applies to claims predicated on terms to which "the parties to a labor agreement agreed"). |
| 2. "Kronos Adoption, E-Self Service and Notice of Informational Messaging to Mobile Phones," attached as Exhibit 5 to the Declaration of Kevin Jackson. | Irrelevant. Fed. R. Evid. 401, 402. There is no evidence this document was the subject of collective bargaining, or part of any collective bargaining agreement ("CBA"). The document therefore has no tendency to prove that interpretation of |

| | |
|---|---|
| | any CBA is required; it is therefore irrelevant to Menzies' claim of preemption. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985) (preemption comes into play with respect to "labor-contract disputes," and applies to claims predicated on terms to which "the parties to a labor agreement agreed"). |
| 3. "Personal Electronic Device & Cellular Phones Policy," attached as Exhibit 6 to the Declaration of Kevin Jackson. | Irrelevant. Fed. R. Evid. 401, 402. There is no evidence this document was the subject of collective bargaining, or part of any collective bargaining agreement ("CBA"). The document therefore has no tendency to prove that interpretation of any CBA is required; it is therefore irrelevant to Menzies' claim of preemption. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985) (preemption comes into play with respect to "labor-contract disputes," and applies to claims predicated on terms to which "the parties to a labor agreement agreed"). |

| | |
|---|---|
| DATED: September 5, 2023 | **LAW OFFICES OF C. JOE SAYAS, JR. and KING CHENG MILLER & JIN LLP** |

                                      By:    */s/ C. Joe Sayas, Jr.*
                                                C. JOE SAYAS, JR.
                                                KARL P. EVANGELISTA
                                                Attorneys for Plaintiffs

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 500 N. Brand Boulevard, Suite 980, Glendale, CA 91203.

On the date of execution hereof, I caused to be served the following attached documents:

1. **PLAINTIFFS' OBJECTIONS TO EVIDENCE SUBMITTED BY DEFENDANT MENZIES AVIATION (USA), INC. IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

on all interested parties in this action by the method indicated below and addressed as follows:

| | |
|---|---|
| **Christopher Ward, Esq.**<br>FOLEY & LARDNER, LLP<br>555 South Flower Street, Suite 3300<br>Los Angeles, CA 90071<br>Facsimile: (213) 486-0065<br>cward@foley.com<br>hvanhowe@foley.com | *Attorneys for Defendant, MENZIES AVIATION (USA), INC.* |
| **Kevin Jackson, Esq.**<br>FOLEY & LARDNER, LLP<br>11988 El Camino Real, Suite 400<br>San Diego, CA 92130<br>Facsimile: (858) 792-6773<br>kjackson@foley.com<br>smoreno@foley.com | *Attorneys for Defendant, MENZIES AVIATION (USA), INC.* |

( ) **BY MAIL** as follows:
STATE- I am readily familiar with the practice of this office's collection and processing correspondence for mailing.  Under that practice it is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Glendale California, in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

( ) **BY PERSONAL SERVICE** as follow:  I caused each such envelope to be delivered by hand to the addressee (s) noted above or on the attachment herein.

(X) **BY E-MAIL OR ELECTRONIC TRANSMISSION** as follows:  I caused a PDF version of the document to be sent via e-mail to the individuals listed herein and the parties have stipulated to treat e-mail service as "personal service."  The electronic mail

was sent to an electronic mail address maintained by the persons on whom the documents are served as last given by that/those persons. I personally requested a "delivery receipt" for this electronic mail message, and, unless disallowed by the recipient, received the same.

I DECLARE under penalty of perjury that the foregoing is true and correct.

Executed on September 5, 2023, at Los Angeles, California.

            /s/ Roxana Hernandez
             Roxana Hernandez