1  CHRISTOPHER WARD, CA Bar No. 238777
      cward@foley.com
2  **FOLEY & LARDNER LLP**
   555 SOUTH FLOWER STREET, SUITE 3300
3  LOS ANGELES, CA 90071-2418
   TELEPHONE: 213.972.4500
4  FACSIMILE:  213.486.0065

5  KEVIN JACKSON, CA Bar No. 278169
      kjackson@foley.com
6  **FOLEY & LARDNER LLP**
   11988 EL CAMINO REAL, SUITE 400
7  SAN DIEGO, CA 92130-2594
   TELEPHONE: 858.847.6700
8  FACSIMILE:  858.792.6773

9  Attorneys for Defendant MENZIES
   AVIATION (USA), INC.

10

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13

| 14 | DORA PATRICIA AMAYA, an individual; and BRAYAN LOZANO GONZALEZ, an individual; on behalf of themselves and others similarly situated, | Case No. 2:22-cv-05915-HDV-MARx |
|---|---|---|
| 15 | | **DEFENDANT MENZIES AVIATION (USA), INC.'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| 16 | Plaintiffs, | |
| 17 | vs. | Date:  October 26, 2023 |
| 18 | MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive, | Time:  10:00 a.m. |
| 19 | | Judge: Hon. Hernán D. Vera |
| 20 | | Ctrm.: 5B, 5th Floor |
| 21 | Defendants. | Complaint filed: August 19, 2022 |
| 22 | | FAC filed:  August 30, 2022 |
| 23 | | SAC filed:  May 9, 2023 |

24

25

26

27

28

# TABLE OF CONTENTS

Page

I. MENZIES HAS SATISFIED ITS BURDEN TO DEMONSTRATE CBA PREEMPTION UNDER THE RELEVANT LEGAL STANDARD ..................... 1

   A. WHERE CBA LANGUAGE EITHER DIRECTLY OR EVEN ARGUABLY APPLIES TO A BUSINESS EXPENSE CLAIM, RESOLUTION OF THE CLAIM DEMANDS INTERPRETATION OF THE CBA LANGUAGE AND TRIGGERS PREEMPTION ............... 1

   B. PLAINTIFFS ADMIT THAT MENZIES PROVIDED EMPLOYEES WITH COMMUNICATION DEVICES AND ACKNOWLEDGED THAT MENZIES' POLICIES PROHIBIT PERSONAL CELL PHONE USAGE ........................................................................................... 3

   C. PLAINTIFFS' ARGUMENT THAT EXPENSE REIMBURSEMENT CLAIMS ARE IMMUNE TO PREEMPTION LACKS MERIT ................ 4

   D. PLAINTIFFS' CLAIM IS A PREEMPTED "MINOR DISPUTE" UNDER THE RLA BECAUSE PLAINTIFFS' REIMBURSEMENT CLAIM REQUIRES INTERPRETATION OF THE CBA ......................... 5

II. CONCLUSION ............................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alaska Airlines Inc. v. Schurke,*
 898 F.3d 904 (9th Cir. 2018) .................................................................................. 1

*Caterpillar Inc. v. Williams,*
 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) ......................................... 1

*Consol. Rail Corp. v. Ry. Labor Execs.' Ass'n,*
 *(Conrail)*, 491 U.S. 299 (1989) ............................................................................. 5

*Dominguez v. W. States Fire Prot. Co.*,
 No. 221CV07319RGKMRW, 2022 WL 2234955 (C.D. Cal. Feb. 2, 2022) ................. 2

*Int'l Bhd. of Elec. Workers, AFL-CIO v. Hechler,*
 481 U.S. 851, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987) ......................................... 1

*Rodriguez v. Gonsalves & Santucci, Inc.*,
 No. 21-CV-07874-LB, 2022 WL 161892 (N.D. Cal. Jan. 18, 2022) ............... 1, 3, 4

**Statutes**

45 U.S.C. § 151a ........................................................................................................ 5

Labor Code § 2802 .................................................................................................... 5

# I. MENZIES HAS SATISFIED ITS BURDEN TO DEMONSTRATE CBA PREEMPTION UNDER THE RELEVANT LEGAL STANDARD

### A. Where CBA Language Either Directly Or Even Arguably Applies To A Business Expense Claim, Resolution Of The Claim Demands Interpretation Of The CBA Language And Triggers Preemption

Plaintiffs' Opposition erroneously purports to characterize Menzies as advocating for a "legal standard that is at odds with Ninth Circuit authority." Not so. Menzies agrees that *Alaska Airlines Inc. v. Schurke,* 898 F.3d 904 (9th Cir. 2018) provides the appropriate legal framework that guides courts in conducting a preemption analysis. Because Plaintiffs' claim does not seek to "vindicate a right or duty created by the CBA itself," the second prong of the *Schurke* analysis applies here and directs the Court to "consider whether [Plaintiffs' claim] is nevertheless substantially dependent on analysis of a collective-bargaining agreement." *Schurke*, 898 F. 3d 904 at 932 (*citing Caterpillar Inc. v. Williams,* 482 U.S. 386, 394, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (quoting *Int'l Bhd. of Elec. Workers, AFL-CIO v. Hechler,* 481 U.S. 851, 859 n.3, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987)).

Menzies characterized the way courts have *applied* this second prong in arguing that where CBA language either speaks directly or arguably to the business equipment or expense at issue, federal preemption applies. This is not a departure from the "substantially dependent" standard, but rather it is intended to emphasize the fact that courts do not require the CBA itself to explicitly identify the specific category of business equipment or expense at issue in order for resolution of a claim to be substantially dependent upon interpretation of the CBA. For instance, in *Rodriguez v. Gonsalves & Santucci, Inc.*, No. 21-CV-07874-LB, 2022 WL 161892, at *5 (N.D. Cal. Jan. 18, 2022), the Northern District of California held that Plaintiff's claim for failure to pay business expenses substantially depends on analysis of CBA language requiring the employer to provide for certain equipment. The Court observed that the CBA at issue provided for workers to furnish some equipment and the employer to provide housing for certain

equipment and safety equipment, and that "[r]esolution of the claim turns on the analysis of the CBA and interpretation of its terms, and the LMRA thus preempts these claims that are substantially dependent on analysis of the CBA." The CBA did not speak "directly" to the specific category of expense at issue, including cell phones, but it nevertheless "arguably" spoke to cell phones by reference to "certain equipment" generally. *Id*. Similarly, courts have found that a claim is not "substantially dependent" upon interpretation of the CBA where the language of the CBA does not "arguably" address the business equipment at issue. *See, e.g., Dominguez v. W. States Fire Prot. Co.*, No. 221CV07319RGKMRW, 2022 WL 2234955, at *5 (C.D. Cal. Feb. 2, 2022) (no preemption when the CBA language applies only to tools and safety of tool kits, but contains no language even arguably covering personal cell phone use). Section 2802 claims only escape such preemption when the CBA language clearly will not apply to the specific business equipment or expense at issue, such that the claim can be resolved without <u>any</u> review and interpretation of the identified CBA language because it is not even arguably applicable to the situation at issue.

Here, any resolution of Plaintiffs' claim implicates the CBA and requires review and interpretation of its language because it explicitly states that Menzies will provide equipment and materials necessary for employees to perform *any and all* work duties[1]. Plaintiffs attempt to distinguish *Rodriguez* by noting the fact that the CBA at issue there contained language relating to "reimbursement." Opposition at III(E)(3). Plaintiffs argue that "*Rodriguez* is very different than this case, because the CBA in *Rodriguez* specifically 'addresses expense reimbursements,' and 'defines business expenses are

---

[1] Plaintiffs argue that the language of each CBA differs and some do not include the language stating that Menzies "agrees to provide and to maintain properly equipment and materials adequate to perform any and all work assignment." *See* Opposition at II ("this single sentence does not appear in all seven of the CBAs that Menzies has submitted with its Motion.") Plaintiffs conveniently fail to acknowledge that the CBAs applicable to themselves do in fact contain this provision, and that Menzies' Motion for Partial Summary Judgment is directed at *their claims*. Plaintiffs cannot avoid partial summary judgment by relying on language that is included or omitted in CBAs to which they are not subject.

reimbursable such as mileage pay, travel reimbursements, and company transportation." *Id*. The CBA at issue in *Rodriguez* only addressed travel reimbursement and did <u>not</u> address reimbursement for "equipment," yet the Court nevertheless concluded "[r]esolution of the [expense reimbursement claim] turns on the analysis of the CBA and interpretation of its terms, and the LMRA thus preempts these claims that are substantially dependent on analysis of the CBA." *Rodriguez*, *supra* at *5. Plaintiffs ignore the fact that Menzies' CBAs also include language addressing reimbursement of other expenses: "If the Employer requires the use of safety shoes which are not appropriate for daily casual wear outside of work, the Employer shall either provide or ***reimburse*** the work for the full cost of the shoes as needed." *See* Bazerkanian Decl., Exs. F-G. Plaintiff erroneously concludes that *Rodriguez* is "very different," when in fact *Rodriguez* is directly on point and the Court analyzed analogous CBA language. This case is factually identical in all key respects to *Rodriguez*, which dictates the same outcome: Plaintiffs' claim for expense reimbursement is preempted because the resolution of the claim is substantially dependent upon interpreting the CBAs.

### B. Plaintiffs Admit That Menzies Provided Employees With Communication Devices And Acknowledged That Menzies' Policies Prohibit Personal Cell Phone Usage

Plaintiffs do not and cannot dispute that Menzies provided employees with communication devices, including cell phones, landlines, and radios, or that Menzies maintained various policies that generally *prohibited* employees from using their personal cell phones during working hours, and provided for certain authorized *voluntary* (but not mandatory or "necessary") uses of personal devices. Plaintiffs unpersuasively argue—without citing any legal authority—that the *multiple* policies prohibiting cell phone usage are somehow irrelevant because "there is no evidence, however, that those policies were the result of any labor negotiations" and that they do not appear in any CBA. *See* Opposition at II. The existence of such policies unequivocally reflects Menzies' position that employees are not required to use their personal cell phones to carry out their job

duties—which is further reinforced through the dozens of declarations Menzies obtained from putative class members—and provides context to aid in the Court's interpretation of the relevant CBA provisions setting forth Menzies' obligation to provide all materials and equipment necessary for employees to perform their job duties.  Given that Menzies maintains express policies prohibiting use of cellular phones for work purposes, and agreed through collective bargaining to cover the cost of "equipment and materials … to perform *any and all* work assignments," Plaintiffs claim would require they prove Menzies acted in derogation not only of its policies, but its CBA commitments.

### C. Plaintiffs' Argument That Expense Reimbursement Claims Are Immune To Preemption Lacks Merit

Plaintiffs argue in opposition that California law precludes employers and employees from entering into a contract, including a CBA, that purports to "waive" nonnegotiable state law rights, such as those "protected under § 2802." *See* Opposition at III(C).  The first and most obvious flaw with this position is that courts have found claims brought under § 2802 to be preempted where resolution of the claim requires interpretation of a CBA.  *See, e.g., Rodriguez v. Gonsalves & Santucci, Inc.*, No. 21-CV-07874-LB, 2022 WL 161892, at *5 (N.D. Cal. Jan. 18, 2022).  In advancing this argument, Plaintiffs appear confused about Menzies' position because they put the cart before the horse and *assume* that cell phones are *necessary* to perform their work for Menzies.  Menzies is not claiming that Plaintiffs "waived" their right to cell phone reimbursement.  Menzies' position is instead that cell phones are <u>not</u> a piece of equipment that is necessary for Plaintiffs to perform their job, and that interpretation of the CBA is necessary to determine this threshold issue given Menzies' obligation to provide any and all equipment for employees to perform their work duties.  Plaintiffs' argument that Menzies and its employees are prohibited from addressing this through collective bargaining lacks merit.

/ / /

/ / /

### D. Plaintiffs' Claim Is A Preempted "Minor Dispute" Under The RLA Because Plaintiffs' Reimbursement Claim Requires Interpretation Of The CBA

Plaintiffs' argument that their claim for cell phone reimbursement is not a "minor dispute" under the RLA lacks merit for the same reasons discussed above. State law claims, such as Plaintiffs' claim for cell phone reimbursement, are minor disputes under the RLA where they grow "out of grievances or . . . the interpretation or application of agreements covering rates of pay, rules, or working conditions." 45 U.S.C. § 151a; *Consol. Rail Corp. v. Ry. Labor Execs.' Ass'n (Conrail)*, 491 U.S. 299, 303 (1989). Because the CBAs expressly address Menzies' obligation to provide all "equipment and materials adequate to perform and any and all work assignments" and thus require interpretation, Plaintiffs' cell phone expense reimbursement claim is a "minor dispute" covered by and preempted by the RLA. As a preempted minor dispute, Plaintiffs' *exclusive* mechanism to resolve that claim is through the mandatory grievance and arbitration mechanism created by the CBAs. Having failed to avail themselves of that mechanism, they cannot seek redress through civil means, and their preempted Labor Code § 2802 claim must be resolved via partial summary judgment.

## II. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its Motion for Partial Summary Judgment and enter judgment in its favor as to Plaintiffs' Fifth Cause of Action for Failure to Reimburse under California Labor Code § 2802.

DATED: September 14, 2023

**FOLEY & LARDNER LLP**
Christopher Ward
Kevin Jackson

*/s/ Christopher Ward*
Christopher Ward
Attorneys for Defendant MENZIES AVIATION (USA), INC.