CHRISTOPHER WARD, CA Bar No. 238777
   cward@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE: 213.972.4500
FACSIMILE: 213.486.0065

KEVIN JACKSON, CA Bar No. 278169
   kjackson@foley.com
**FOLEY & LARDNER LLP**
11988 EL CAMINO REAL, SUITE 400
SAN DIEGO, CA 92130-2594
TELEPHONE: 858.847.6700
FACSIMILE: 858.792.6773

Attorneys for Defendant MENZIES AVIATION (USA), INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA PATRICIA AMAYA, an individual; and BRAYAN LOZANO GONZALEZ, an individual; on behalf of themselves and others similarly situated,<br><br>              Plaintiffs,<br><br>vs.<br><br>MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>              Defendants. | Case No. 2:22-cv-05915-HDV-MARx<br><br>**DEFENDANT MENZIES AVIATION (USA), INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION**<br><br>Date: April 11, 2024<br>Time: 10:00 a.m.<br>Judge: Hon. Hernan D. Vera<br>Ctrm.: 5B, 5th Floor<br><br>Complaint filed: August 19, 2022<br>FAC filed: August 30, 2022<br>SAC filed: May 9, 2023 |

## I. INTRODUCTION

Menzies respectfully asks this Court to reconsider its Order of February 8, 2024 under Rule 23 certifying a class of Menzies' non-exempt California employees who signed valid and enforceable arbitration agreements containing class action waivers. [Dkt. 69.] After the parties submitted full briefing on Plaintiffs' Motion for Class Certification [Dkt. 41.], on August 23, 2023, the Fourth Circuit published a decision in *In re Marriott International, Inc.*, 78 F. 4th 677 (4th Cir. 2023) that provides clear direction regarding the timing and manner of considering the import of arbitration agreements with class waivers on the decision whether to grant class certification:

> [W]e agree with Marriott that the time to address a contractual class waiver is before, not after, a class is certified. Although it seems no court has had occasion to expressly hold as much, that is the consensus practice. Courts consistently resolve the import of class waivers at the certification stage – before they certify a class, and usually as the first order of business.
> . . .
> We thus conclude, for the reasons given above, that the district court erred by certifying multiple classes against Marriott consisting entirely of plaintiffs who had signed a putative class waiver without first addressing the import of that waiver. Accordingly, we vacate the certification of all classes against Marriott and remand to the district court so that it may undertake this inquiry in the first instance.

*Id.* at 686-87. The Fourth Circuit's decision therefore constitutes a "material difference in . . . law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known" at the time the parties had submitted full and complete briefing to the Court, which was completed in early July 2023. *See* L.R. 7-18.[1]

Menzies respectfully requests that the Court reconsider its class certification order in light of the Fourth Circuit's decision, which Menzies believes is likely to be extended to the Ninth Circuit, in part due to the Fourth Circuit's citation to District Court decisions within the Ninth Circuit in concluding that addressing the import of contractual class

---

[1] Moreover, at the time Menzies submitted its Opposition to Plaintiffs' Motion for Class Certification on June 12, 2023, the case remained assigned to the Hon. Mark C. Scarsi, and the hearing date was set for July 24, 2023. The case was subsequently reassigned on June 23, 2023, which triggered a continuance of the hearing date to October 12, 2023.

waivers, before, not after, certification is "the consensus practice." *In re Marriott International, Inc.*, 78 F. 4th at 686.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On August 19, 2022, Plaintiff Dora Patricia Amaya – originally the sole Plaintiff in this case – filed a Class Action Complaint asserting claims for alleged violations of California wage-and-hour laws.  [Dkt. 1.]  In response to Menzies' demand that Amaya proceed in arbitration consistent with her arbitration agreement containing a class action waiver, Amaya and former Plaintiff Bryan Lozano Gonzales – a former Ramp Agent of Menzies, filed a First Amended Complaint on August 30, 2022 adding Gonzales as a Plaintiff, an amendment seemingly intended to avoid the implications of Amaya's arbitration agreement.[2]  With a Ramp Agent now in place as a party plaintiff, Menzies elected to timely answer the First Amended Complaint, but asserted several affirmative defenses, including on the basis that "Plaintiffs and the putative class they seek to represent are required to submit their claims to final and binding arbitration on an individual basis."  [Dkt. 12.]

On May 9, 2023, Amaya filed a Second Amended Complaint that substituted out Gonzales and added a new named plaintiff (also a former Ramp Agent), Anibal Silva ("Silva") (together with Amaya, "Plaintiffs").  [Dkt. 40.]  Menzies timely answered the Second Amended Complaint, wherein Menzies again asserted an affirmative defense based on the fact that Plaintiffs and the putative class signed arbitration agreements containing class action waivers.  [Dkt. 45.]

---

[2] Menzies acknowledges that it cannot enforce the arbitration agreement and class waiver against Ramp Agents pursuant to *Southwest Airlines Co. v. Saxon*, 596 U.S. ___, 142 S. Ct. 1783 (2022), where the hallmark issue is whether workers directly load "cargo" onto aircraft.  Menzies also acknowledges that the scope of *Saxon*'s impact as applied to another specific category of employees is currently before the Ninth Circuit in *Lopez v. Aircraft Service Int'l, Inc.*, No. 23-55015.  However, Menzies noted that setting aside individuals in those two classifications, there are dozens of Menzies employee classifications (such as with the case of Amaya) clearly outside the scope of *Saxon* and subject to individual defenses—a complete bar to their participation in a class action. [Dkt. 50.]  Given that one Plaintiff in this case has fallen with *Saxon*'s scope and the simultaneous appellate litigation of the *Lopez* matter, Menzies has clearly never waived the arbitration agreement defense.

On March 22, 2023, Plaintiffs filed a Motion for Class Certification.  [Dkt. 41.]  The Motion sought certification of a class of individuals defined as "all individuals who worked for Defendant [Menzies] in California as non-exempt employees at any time from the 4-year period preceding the filing of this Complaint through the present."  *Id*.  In other words, the class proposed by Plaintiffs for certification included not only Ramp Agents, but **every** non-exempt California employee of Menzies, including those whose job duties clearly took them outside the scope of *Saxon* and were thus subject to agreements wherein they waived their right to participate in class action litigation.  [Dkt. 41.]

Menzies opposed the Motion on several grounds, including the assertion that virtually all its California non-exempt employees are bound by an enforceable arbitration agreement containing a class action waiver.  [Dkt. 50.]  Menzies argued the Court should deny certification because an overwhelming majority of putative class members, "including Plaintiffs, who adhered to Menzies' arbitration agreement (which is virtually every employee in California) is subject to an individual defenses—whether the [Federal Arbitration Act] requires them to submit their claims to arbitration on an individual basis and precludes them from participating in a class action.

On February 8, 2024, the Court entered an order certifying a class of all of Menzies non-exempt employees who worked in California during the relevant time period.  [Dkt. 69.]  The Court correctly recognized that "virtually every employee in California is subject to Menzies' arbitration agreement," but that the "question of whether such arbitration agreements fall under the Federal Arbitration Act ("FAA") exemption "presents a common question of law that is suitable for classwide adjudication."  [Dkt. 69, p. 9.]  The Court determined Plaintiffs to be "well positioned to represent the interests of those Menzies employees who do not unambiguously fall under *Saxon*."  [*Id*.]  The Court treated the issue solely on the basis of typicality—i.e., concluding that because Plaintiffs "signed arbitration agreements, [they are] in the *same* position as virtually every Menzies employee in California, [which] gives them the capacity and willingness

DEFENDANT'S MEMORANDUM ISO MOTION FOR RECONSIDERATION
-3-    Case No. 2:22-cv-05915-HDV-MARx

4896-2251-9207.1

to prosecute the issue vigorously on behalf of the class." [*Id.*]  The certification order did not identify when and how the Court planned to ultimately address the class waiver defense, but noted that it was a question suitable for classwide treatment. [*Id.*]

## III. LEGAL STANDARD

A motion for reconsideration of an Order on any motion or application may be made on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.  *See* L.R. 7-18.

## IV. ARGUMENT

### A. The Fourth Circuit's Decision In *In re Marriott* Constitutes A "Material Difference In Law" Or "Change Of Law" Meriting Reconsideration

On August 23, 2023, the Fourth Circuit issued a landmark decision in *In re Marriott International, Inc.*, 78 F. 4th 677 (4th Cir. 2023) ("*Marriott*").  In *Marriott*, the Fourth Circuit observed that while "no court has had occasion to expressly hold as much," the "consensus practice" of courts is to "resolve the import of waivers at the certification stage—before they certify a class, and usually as the first order of business." *Id.* at 686.  The Fourth Circuit held that courts must address the implication of an arbitration clause containing a class-action waiver *before*, not after, a class is certified.  *Id.* (the "district court erred when it declined to consider, *before* certifying class actions against Marriott, the import of a purported class-action waiver signed by every putative class member.")  The Fourth Circuit's conclusion is unequivocal: "this is the only approach consistent with the nature of class actions and the logic of class waivers." *Id.*  That is because "a class-waiver defense is not a defense to liability but to being required to litigate a class action at all.  If that defense is addressed only after a class

action already has been litigated to the merits, then it is effectively lost." *Id.* at 687. The Fourth Circuit noted that the "district court provided no other reason for declining to rule on Marriott's waiver defense before certifying a class against it, and none is apparent to us." *Id.* As a result, the Fourth Circuit held that "the district court erred by certifying multiple classes against Marriott consisting entirely of plaintiffs who had signed a putative class waiver without first addressing the import of that waiver. Accordingly, we vacate the certification of all classes against Marriott and remand to the district court so that it may undertake this inquiry in the first instance." *Id.*

In the Order Menzies requests this Court reconsider, the Court certified a class containing thousands of individuals across dozens of job classifications that do not have standing to participate in class action litigation generally and this class specifically – including Plaintiff Amaya. Unfortunately, the Court did not have the benefit of the Fourth Circuit's decision in *Marriott* because it was published after the parties completed briefing, and after the original date set for hearing prior to reassignment. Given *Marriott*'s clear guidance—which is consistent with the approach taken by courts in this Circuit[3]—Menzies respectfully asks the Court to reconsider its order granting certification and, in so doing, to address the import of the class waivers in determining the appropriate scope of this case.

///

///

///

---

[3] *See, e.g., Lindsay v. Carnival Corp.,* No. C 20-982, 2021 WL 2682566, at *4 (W.D. Wash. June 30, 2021) (denying class certification as barred by class waiver); *Archer v. Carnival Corp. & PLC,* No. 20-cv-04203, 2020 WL 6260003, at *8 (C.D. Cal. Oct. 20, 2020) (finding that because the plaintiffs' motion for certification was barred by class waiver there was no need to address whether the plaintiffs' claims satisfied the requirements for certification set forth in Rule 23(a) and 23(b)(3)); "); *Avecilla v. Live Nation Entertainment, Inc.*, No. CV 23-1943 PA, 2023 WL 5354401 (C.D. Cal. 2023) (concluding that class-action waiver was valid and dismissing class action claims without addressing the Rule 23 requirements); *cf. Lawson v. Grubhub, Inc.,* 13 F.4th 908, 913 (9th Cir. 2021) (affirming that class was not "worthy of certification" where all class members except one representative signed waivers).

## V. **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court grant its Motion for Reconsideration.

DATED: February 22, 2024

**FOLEY & LARDNER LLP**
Christopher Ward
Kevin Jackson


*/s/ Christopher Ward*
Christopher Ward
Attorneys for Defendant MENZIES AVIATION (USA), INC.