C. JOE SAYAS, JR. (CA Bar No. 122397)
cjs@joesayaslaw.com
KARL P. EVANGELISTA (CA Bar No. 250685)
kpe@joesayaslaw.com
**LAW OFFICES OF C. JOE SAYAS, JR.**
500 N. Brand Boulevard, Suite 2000
Glendale, California 91203
Telephone: (818) 291-0088
Facsimile: (818) 240-9955

DAVID P. KING (CA Bar No. 136765)
dpk@kcmlaw.net
**KING CHENG MILLER & JIN, LLP**
150 N. Santa Anita Ave., Ste. 410
Arcadia, California 91006
Telephone: (626) 304-9001
Facsimile:  (626) 304-9002

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA PATARICA AMAYA, an individual; and ANIBAL SILVA, an individual; on behalf of themselves and others similarly situated, <br><br>            Plaintiffs, <br><br>      vs. <br><br> MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive, <br><br>            Defendants. | Case No. 2:22-cv-05915-HDV-MARx <br><br> <u>CLASS ACTION</u> <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT MENZIES AVIATION (USA), INC.'S MOTION FOR RECONSIDERATION OF CLASS CERTIFICATION ORDER** <br><br> Date:        April 11, 2024 <br> Time:       10:00 a.m. <br> Judge:     Hon. Hernán D. Vera <br> Ctrm:      5B, 5th Floor |

# TABLE OF CONTENTS

**Page**

I.    **INTRODUCTION**                                                                 1

II.   **RECONSIDERATION UNDER LOCAL RULE 7-18 IS AN EXTRAORDINARY AND RARELY-GRANTED REMEDY THAT REQUIRES A SIGNIFICANT SHOWING FROM THE MOVING PARTY**                                  2

    A.    **Decision in Case of *In re Marriott International, Inc.* Preceded This Court's Certification Order by More Than 5 Months, Such That It Cannot Be a Basis of Reconsideration Under Local Rule 7-18**                                                          3

    B.    **A Fourth Circuit Decision Cannot Constitute a Material Difference in, or Change of, Controlling Law Under Local Rule 7-18**                                              4

III.  **COURTS IN THIS DISTRICT REGULARLY DECIDE CLASS CERTIFICATION PRIOR TO ADJUDICATING ARBITRATION DEFENSES WITH ISSUES COMMON TO THE CLASS**            5

IV.   **MENZIES' ACTIONS AND INACTION WAIVED ANY CONTRACTUAL RIGHT TO ARBITRATE**                                8

V.    **CONCLUSION**                                                                   9

# **TABLE OF AUTHORITIES**

*Page(s)*

C<small>ASES</small>

*Archer v. Carnival Corp. & PLC*, 2020 U.S. Dist. LEXIS 199304
    (C.D. Cal. Oct. 20, 2020) ......... 7

*Avecilla v. Live Nation Entm't, Inc.*, 2023 U.S. Dist. LEXIS 139169
    (C.D. Cal. Aug. 7, 2023) ......... 7

*Brown v. U.S.*, 2011 U.S. Dist. LEXIS 9215 (C.D. Cal. Jan. 31, 2011) ......... 2

*Garcia v. Cent. Coast Rests., Inc.*, 2022 U.S. Dist. LEXIS 38803
    (N.D. Cal. Mar. 4, 2022) ......... 6

*Gold Value Int'l Texile, Inc. v. Sanctuary Clothing, LLC*,
    2017 U.S. Dist. LEXIS 181296 (C.D. Cal. May 12, 2017) ......... 5

*Hardwick v. Hoovestol, Inc.*, 2023 U.S. Dist. LEXIS 65984
    (C.D. Cal. Apr. 14, 2023) ......... 6

*Hill v. Xerox Business Servs., LLC*, 59 F.4th 457 (9th Cir. 2023) ......... 6 n.3, 8-9

*In re Honest Co. Sec. Litig.*, 2022 U.S. Dist. LEXIS 237487
    (C.D. Cal. Aug. 25, 2022) ......... 4

*In re Marriott International, Inc.*, 78 F.4th 677 (2023) ......... 3, 4, 6 n.3

*In re Marriott Int'l Customer Data Sec. Breach Litig.*, 35 F.R.D. 137
    (D. Md. Nov. 29, 2023) ......... 6 n.3

*Ketab Corp. v. Mesriani Law Grp.*, 2016 U.S. Dist. LEXIS 29658
    (C.D. Cal. Mar. 7, 2016) ......... 1 n.1

*Kinney v. Marcus*, 2016 U.S. Dist. LEXIS 193795 (C.D. Cal. Jul. 11, 2016) ......... 1 n.1

*Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877 (9th Cir. 2000) ......... 2, 3, 4, 5

*Lawson v. Grubhub, Inc.*, 13 F.4th 908 (9th Cir. 2021) ......... 7 n.4

*Lindsay v. Carnival Corp.*, 2021 U.S. Dist. LEXIS 122616
    (W.D. Wash. Jun. 30, 2021) ......... 7

*Olander Enters., Inc. v. Spencer Gifts, LLC*, 2011 U.S. Dist. LEXIS 168769
    (C.D. Cal. Oct. 21, 2011) ......... 5

*Rivera v. UHS of Del., Inc.*, 2018 U.S. Dist. LEXIS 228605
    (C.D. Cal. Mar. 14, 2018) ......... 2-3, 5

*Rocco v. Nat'l Distrib. Ctrs., LLC*, 2023 U.S. Dist LEXIS 156804
    (C.D. Cal. Aug. 30, 2023) ......... 1 n.1

*Ronk v. Hudson*, 2022 U.S. Dist. LEXIS 96173 (C.D. Cal. May 12, 2022) ......... 5

PLAINTIFFS' OPPOSITION TO DEFENDANT MENZIES AVIATION (USA), INC.'S
MOTION FOR RECONSIDERATION OF CLASS CERTIFICATION ORDER

# TABLE OF AUTHORITIES (cont'd)

*Page(s)*

**CASES (cont'd)**

*Rushing v. Williams-Sonoma, Inc.*, 2024 U.S. Dist. LEXIS 32868
   (C.D. Cal. Feb. 21, 2024) ............ 6

*Salas v. Toyota Motor Sales*, 2024 U.S. Dist. LEXIS 27959
   (C.D. Cal. Jan. 10, 2024) ............ 6

*U.S. v. Graf*, 610 F.3d 1148 (9th Cir. 2010) ............ 8

*Ventrees v. Japan Airlines*, 747 F.3d 716 (9th Cir. 2014) ............ 8

**STATUTES**

*Fed. Rule Civ. Proc. 23* ............ 6, 7

*Fed. Rule Civ. Proc. 60(b)* ............ 2

**LOCAL RULES**

C.D. Cal. Local Rule 7-3 ............ 1 n.1

C.D. Cal. Local Rule 7-18 ............ 3, 4

## I.    **INTRODUCTION**

On February 8, 2024, this Court issued its "Order Granting Plaintiffs' Motion for Class Certification" (hereafter the "Certification Order"), which provided a comprehensive, well-reasoned explanation of the Court's decision to grant class certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure ("FRCP").  Dkt. No. 69.  By its Motion for Reconsideration ("Motion"), Defendant Menzies Aviation (USA), Inc. ("Menzies") now asks the Court to reconsider its Certification Order.  In its undue haste to file the Motion, Menzies failed to first contact Plaintiffs' counsel "to discuss thoroughly…the substance of the contemplated motion and any potential resolution," in direct violation of this Court's Civil Standing Order, section IX (A), and Local Rule 7-3 of the U.S. District Court for the Central District of California.[1]

The pre-filing discussion would have saved precious time.  In challenging the Court's ruling, for instance, Menzies misconstrues the standards required for the extraordinary remedy they seek under Local Rule 7-18 of the U.S. District Court for the Central District of California ("Local Rule 7-18").  Menzies' Motion for Reconsideration does not identify any decision by the Supreme Court, the Ninth Circuit, or any other court with **binding authority** over this Court that would present the change or material difference in controlling law

---

[1] Menzies' Notice of Motion failed to include the mandatory statement of compliance with Local Rule 7-3, as no such pre-filing discussion ever occurred.  Dkt. No. 70; *see* C.D. Cal. L.R. 7-3.  Courts in this district have held that failure to comply with Local Rule 7-3, in and of itself, can serve as a sufficient basis to deny or strike a party's motion.  *See, e.g., Rocco v. Nat'l Distrib. Ctrs., LLC*, No. 5:23-cv-00623, 2023 U.S. Dist. LEXIS 156804, at *3 (C.D. Cal. Aug. 30, 2023) ("This motion does not comply with the meet-and-confer requirements of Local Rule 7-3 and the Civil Standing Order because it fails to include a statement to show that the parties met and conferred on the issues raised in this motion. For this reason, the Motion for Reconsideration is DENIED."); *Kinney v. Marcus*, No. CV 16-3279, 2016 U.S. Dist. LEXIS 193795, at *1-2 (C.D. Cal. Jul. 11, 2016) (denying motion for reconsideration for failing to meet and confer as required by Local Rule 7-3); *Ketab Corp. v. Mesriani Law Grp.*, No. CV 14-07241, 2016 U.S. Dist. LEXIS 29658, at *6-7 (C.D. Cal. Mar. 7, 2016) (denying motion for reconsideration for failure to timely satisfy meet-and-confer requirements of Local Rule 7-3, where filing was made on same day of counsel's pre-filing conference).

---

PLAINTIFFS' OPPOSITION TO DEFENDANT MENZIES AVIATION (USA), INC.'S
MOTION FOR RECONSIDERATION OF CLASS CERTIFICATION ORDER

required under Local Rule 7-18. Additionally, Menzies' reliance on an out-of-circuit ruling issued more than 5 months prior to the Certification Order fails to meet the requirement, under Local Rule 7-18, that reconsideration be reserved **only** for changes or material difference in law that occurred **after** issuance of the challenged order. There is simply no basis under the plain language of Local Rule 7-18 for the Court to grant reconsideration here.

Moreover, there is simply no support for Menzies' specious suggestion that the Fourth Circuit's ruling in the case of *In re Marriott International, Inc.* applies to a purportedly standard practice among district courts in the Ninth Circuit: to wit, that courts must first adjudicate an arbitration defense—even in the absence of a motion to compel arbitration—prior to ruling on any class certification under FRCP Rule 23. As detailed below, district courts in the Ninth Circuit have regularly ruled on class certification prior to resolving arbitration defenses common to a class, and the district court cases cited to in Menzies' Motion for Reconsideration posit no prohibitions on such practice.

## II. RECONSIDERATION UNDER LOCAL RULE 7-18 IS AN EXTRAORDINARY AND RARELY-GRANTED REMEDY THAT REQUIRES A SIGNIFICANT SHOWING FROM THE MOVING PARTY

A court has discretion to reconsider an order pursuant to FRCP Rule 60(b). *Fed. R. Civ. Proc., Rule 60(b)*. It is well-established that the exercise of such discretion is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see Brown v. U.S.*, No. CV 09-8168, 2011 U.S. Dist. LEXIS 9215, at *5 (C.D. Cal. Jan. 31, 2011) ("Motions for reconsideration are disfavored and rarely granted."). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc.*, 228 F.3d at 890 (citation omitted).

In this district, motions for reconsideration are also governed by Local Rule 7-18, which courts deem coextensive with FRCP Rule 60(b). *Rivera v. UHS of Del., Inc.*, No. EDCV

15-00863, 2018 U.S. Dist. LEXIS 228605, at *5 (C.D. Cal. Mar. 14, 2018).  Local Rule 7-18 provides that a motion for reconsideration of the decision on any motion may be made only on the grounds of:

(a)     a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or

(b)     the emergence of new material facts or a change of law occurring after the Order was entered, or

(c)     a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

C.D. Cal. L.R. 7-18.  Menzies' motion asks that this Court grant reconsideration due to a supposed material difference or change in law.  *See* C.D. Cal. L.R. 7-18, *subds. (a) & (b)*; *see also Kona Enters., Inc.*, *supra*, 228 F.3d at 890 (courts have authority under FRCP Rules 59(e) and 60(b) to grant reconsideration on account of "an intervening change in the controlling law").

A.      **Decision in Case of *In re Marriott International, Inc.* Preceded This Court's Certification Order by More Than 5 Months, Such That It Cannot Be a Basis of Reconsideration Under Local Rule 7-18**

Specifically, Menzies asserts that reconsideration is warranted for a material difference in law, and/or a change of law, contained in the Fourth Circuit's decision in the case of *In re Marriott International, Inc.*, 78 F.4th 677 (2023).  But as noted here, that decision was issued more than 5 months prior to the Certification Order, such that it cannot be the basis for reconsideration under subsections (a) and (b) of Local Rule 7-18.

The express language of Local Rule 7-18 makes clear that a change of law warranting the extraordinary relief of reconsideration under Local Rule 7-18 must "occur[] after the Order was entered." C.D. Cal. L.R. 7-18, *subd. (b)*.  Similarly, a material difference in law can support reconsideration under Local Rule 7-18(a) only if it "could not have been known to the party moving for reconsideration at the time the Order was entered." C.D. Cal. L.R. 7-

18, *subd. (a)*.

The Fourth Circuit's decision in the case of *In re Marriott International, Inc.* was issued on August 18, 2023, more than 5 months prior to the February 8, 2024 Certification Order. *In re Marriott International, Inc.*, 78 F.4th at 677. In no way can it be characterized as a "change of law occurring **after the Order was entered**." *See* C.D. Cal. L.R. 7-18(b) (emphasis supplied). Nor can it be said that the months-long decision could not have been known to Menzies "at the time the Order was entered" on February 8, 2024, as required by Local Rule 7-18(a). *See In re Honest Co. Sec. Litig.*, No. 2:21-cv-07405, 2022 U.S. Dist. LEXIS 237487, at *6 (C.D. Cal. Aug. 25, 2022) (Ninth Circuit decision that predated District Court decision by 11 days "does not offer a cognizable ground for reconsideration under Local Rule 7-18 because it did not emerge after the Order was entered and, with the exercise of reasonable diligence, could have been known to Movants at the time the Order was entered").[2]

The timing of the issuance of Menzies' proffered Fourth Circuit decision simply forecloses the availability of reconsideration under Local Rule 7-18. *See* C.D. Cal. L.R. 7-18, *subds. (a) & (b)*; *see also Kona Enters., Inc.*, *supra*, 228 F.3d at 890 (courts have authority under FRCP Rules 59(e) and 60(b) to grant reconsideration on account of "an **intervening change** in the controlling law") (emphasis supplied).

## B.    A Fourth Circuit Decision Cannot Constitute a Material Difference in, or Change of, Controlling Law Under Local Rule 7-18

Moreover, even if the decision in the case of *In re Marriott International, Inc.* satisfied the timing requirements of Local Rule 7-18, the fact that it has no binding authority on this

---

[2] Menzies' assertion that it could not have known of the August 18, 2023 decision in the case of *In re Marriott International, Inc.* when it submitted its Opposition to class certification on June 12, 2023 is a red herring. As noted above, the express language of Local Rule 7-18 makes clear that knowledge of the proffered difference in law is properly measured from the date of the challenged Order, not the date of the preceding opposition brief leading to same. Regardless, Menzies had more than 5 months from the issuance of the Fourth Circuit's decision to attempt to bring it to the Court's attention, such as through a Request for Judicial Notice or Motion for Leave to File Supplemental Briefing. Menzies failed to do so.

_____

4

PLAINTIFFS' OPPOSITION TO DEFENDANT MENZIES AVIATION (USA), INC.'S
MOTION FOR RECONSIDERATION OF CLASS CERTIFICATION ORDER

Court is likewise fatal to Menzies' request for reconsideration under Local Rule 7-18.

Courts in this district have made clear that a "material difference in law" or "change in law" under Local Rule 7-18 requires a change in **controlling law**, such as a decision from the Ninth Circuit or the Supreme Court of the United States. *See, e.g., Ronk v. Hudson*, No. 2:20-cv-09843, 2022 U.S. Dist. LEXIS 96173, at * 3-4 (C.D. Cal. May 12, 2022) (denying motion for reconsideration under Local Rule 7-18 because movant "does not identify any decision by the Supreme Court, the Ninth Circuit, or **any other court with binding authority over this court** that presents a material difference in law from what this court considered in issuing its…Order.") (emphasis supplied); *Rivera v. UHS of Del., Inc.*, No. EDCV 15-00863, 2018 U.S. Dist. LEXIS 228605, at *6-8 (C.D. Cal. Mar. 14, 2018) (change in law under Local Rule 7-18 requires "change in controlling law"); *Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC*, No. LA CV16-00339, 2017 U.S. Dist. LEXIS 181296, at *29 (C.D. Cal. May 12, 2017) ("[T]here has been no intervening change in controlling law that warrants reconsideration under Local Rule 7-18…"); *Olander Enters., Inc. v. Spencer Gifts, LLC*, No. SACV 09-01372, 2011 U.S. Dist. LEXIS 168769, at *6-7 (C.D. Cal. Oct. 21, 2011) (denying motion for reconsideration under Local Rule 7-18 because movant "does not cite any intervening controlling law decided after the Court issued its August 25, 2011 Order").

A Fourth Circuit decision, regardless of any potential persuasiveness, simply cannot satisfy this standard. *See id.*; *see also Kona Enters., Inc., supra*, 228 F.3d at 890 ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an **intervening change in the controlling law**.") (emphasis supplied). This Court is simply not duty-bound to apply the law of the Fourth Circuit; it applies the binding authority of district courts in the Ninth Circuit.

### III. COURTS IN THIS DISTRICT REGULARLY DECIDE CLASS CERTIFICATION PRIOR TO ADJUDICATING ARBITRATION DEFENSES WITH ISSUES COMMON TO THE CLASS

Contrary to Menzies' suggestion, the Fourth Circuit's ruling in the case of *In re Marriott*

*International, Inc.* does not apply a *de facto* rule—ostensibly followed by district courts in the Ninth Circuit—that adjudication of class certification issues must always be deferred until after a ruling on arbitration defenses.[3]  Rather, district courts in this Circuit regularly issue class certification orders under FRCP Rule 23 prior to adjudicating arbitration defenses with issues common to the certified class.  *See, e.g., Rushing v. Williams-Sonoma, Inc.*, No. 16-cv-01421, 2024 U.S. Dist. LEXIS 32868, at *19-20 (C.D. Cal. Feb. 21, 2024) (granting class certification in face of class-wide arbitration defense where plaintiff "demonstrated her ability to challenge the arbitration agreement and may continue to do so – if the issue is joined by WSI – on behalf of absent class members" on a common basis); *Salas v. Toyota Motor Sales*, No. 2:15-cv-08629, 2024 U.S. Dist. LEXIS 27959, at *11 (C.D. Cal. Jan. 10, 2024) (rejecting defendant argument that "existence of arbitration clauses affecting 'some class members' defeated predominance and precluded class certification entirely; class certification granted); *Hardwick v. Hoovestol, Inc.*, No. CV 20-7505, 2023 U.S. Dist. LEXIS 65984, at *3-4 (C.D. Cal. Apr. 14, 2023) (ruling on motion to compel arbitration filed subsequent to district court's issuance of Order granting class certification); *Garcia v. Cent. Coast Rests., Inc.*, No. 18-cv-02370, 2022 U.S. Dist. LEXIS 38803, at *11-16 (N.D. Cal. Mar. 4, 2022) (certifying class action where plaintiff has standing and typical defenses to enforceability of arbitration agreements asserted against entire class).

The district court cases cited in Menzies' Motion for Reconsideration do not stand for

---

[3] The Fourth Circuit's August 18, 2023 decision vacated the class certification order and remanded the case to the lower court for further proceedings.  *In re Marriott International, Inc.*, *supra*, 78 F.4th at 690.  On November 29, 2023, the District of Maryland reinstated its Order granting class certification upon a finding that the defendant had waived its class-waiver defenses by actively litigating in federal court.  *In re Marriott Int'l Customer Data Sec. Breach Litig.*, 2023 U.S. Dist. LEXIS 212728, 35 F.R.D. 137, at *59-61, 70 (D. Md. Nov. 29, 2023).  Similarly, as noted below, the actions of Menzies in strategically choosing to actively litigate this case before this Court for 18 months, and seeking partial summary judgment that would have defeated the claims made on behalf of Class Members had it been granted, support a finding that Menzies waived its right to enforce its arbitration agreements.  *See Hill v. Xerox Business Servs., LLC*, 59 F.4th 457 (9th Cir. 2023).

6

PLAINTIFFS' OPPOSITION TO DEFENDANT MENZIES AVIATION (USA), INC.'S
MOTION FOR RECONSIDERATION OF CLASS CERTIFICATION ORDER

the proposition that there is a *de facto* timing requirement barring district courts from deciding class certification prior to adjudication of arbitration defenses. Rather, in those cases, the courts simply found that they need not adjudicate the certification factors under FRCP Rules 23(a) and 23(b) because those courts—in exercising their inherent authority to efficiently manage class actions before them—had sufficient grounds on the record to find that an enforceable arbitration agreement barred the class action from proceeding in federal court. *See Avecilla v. Live Nation Entm't, Inc.*, No. CV 23-1943, 2023 U.S. Dist. LEXIS 139169, at *14-15 (C.D. Cal. Aug. 7, 2023) (granting defendants' Motion to Compel Arbitration and denying plaintiffs' motion to continue deadline to file class certification motion as moot); *Lindsay v. Carnival Corp.*, No. C20-982, 2021 U.S. Dist. LEXIS 122616, at *13 (W.D. Wash. Jun. 30, 2021) (ruling that class certification is "barred by the Cruise Contract's class action waiver," such that "the Court need not address whether Plaintiffs satisfy the requirements for class certification under Rule 23 or whether joinder is appropriate under Rule 42(b)"); *Archer v. Carnival Corp. & PLC*, No. 2:20-cv-04203, 2020 U.S. Dist. LEXIS 199304, at *21 (C.D. Cal. Oct. 20, 2020) (ruling that because it "has already found that [class certification] is barred by the Passage Contract," the court "does not need to address whether Plaintiffs satisfy the [FRCP Rules] 23(a) or 23(b)(3) requirements for class certification"). Contrary to Menzies' contention, these cases do not stand for the proposition that district courts must always delay adjudication of class action issues in favor of ruling on the enforceability of arbitration agreements with class waivers. *See id.*[4]

---

[4] Menzies' Motion for Reconsideration also cites to *Lawson v. Grubhub, Inc.*, a Ninth Circuit decision affirming a denial of class certification. 13 F.4th 908, 917 (9th Cir. 2021). There, the district court had denied class certification on grounds of typicality and adequacy where the proposed class representative had opted out of the arbitration agreement applicable to all but one other putative class member, such that "the proceedings would be unlikely to generate common answers." *Lawson*, 13 F.4th at 913. In contrast, the Court here expressly found that Menzies' arbitration defenses "presents a common question of law that is suitable for classwide adjudication," that Plaintiff "Amaya is well positioned to represent the interests of those Menzies employees who do not unambiguously fall under *Saxon*," and that the "fact

---

PLAINTIFFS' OPPOSITION TO DEFENDANT MENZIES AVIATION (USA), INC.'S
MOTION FOR RECONSIDERATION OF CLASS CERTIFICATION ORDER

## IV.    MENZIES' ACTIONS AND INACTION WAIVED ANY CONTRACTUAL RIGHT TO ARBITRATE

Menzies admits there is a potentially fatal flaw in its position: its waiver of the right to arbitrate. *See* Dkt. No. 70-1, at fn. 2. But Menzies does not develop its no-waiver argument; it does not acknowledge all of the facts that are pertinent to the waiver inquiry, and it does not cite any authority in support of its position.

The Court should therefore disregard Menzies' cryptic, undeveloped no-waiver argument. *See Ventress v. Japan Airlines*, 747 F.3d 716, 723 n. 8 (9th Cir. 2014) ("We decline to address this undeveloped argument, which is not supported by citations to the record, argument, or any legal authority."); *U.S. v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived."). And the Court need not reach the waiver-of-arbitration issue at this juncture in any event, because Menzies' motion should be denied for many other reasons, as explained above.

Moreover, Plaintiffs have begun the Local Rule 7-3 process regarding their Motion for Summary Judgment that Menzies has waived its right to compel arbitration because: (1) Menzies has known of its purported right to compel arbitration since it filed its Answer to the First Amended Complaint on October 25, 2022, *see* Dkt. No. 12, at p. 12 (Twenty-Fourth Defense (Arbitration)), and (2) since then it has intentionally acted in numerous ways that are inconsistent with said purported right.[5] *See Hill v. Xerox Business Servs., LLC*, 59 F.4th 457,

_____

that [Plaintiffs] signed arbitration agreements puts them in the *same* position as virtually every Menzies employee in California…and gives them the capacity and willingness to prosecute the issue vigorously on behalf of the class"). *See* Dkt. No. 69, at p. 9.

[5] As clear from the records in this 19-month litigation, Menzies chose not to move to compel arbitration. Instead, it actively participated in litigation, engaged in discovery, and sought affirmative relief from this Court through its Motion for Summary Judgment to defeat claims made on behalf of Plaintiffs and Class Members.

_____

PLAINTIFFS' OPPOSITION TO DEFENDANT MENZIES AVIATION (USA), INC.'S
MOTION FOR RECONSIDERATION OF CLASS CERTIFICATION ORDER

468 (9th Cir. 2023) (two-element test for waiver of right to compel arbitration).[6]

**V.      CONCLUSION**

For the foregoing reasons, Plaintiffs request that the Court deny Defendant's Motion for Reconsideration in its entirety.

DATED: March 21, 2024                **LAW OFFICES OF C. JOE SAYAS, JR. and**

**KING CHENG MILLER & JIN LLP**

By:    _/s/ C. Joe Sayas, Jr._
        C. JOE SAYAS, JR.
        KARL P. EVANGELISTA
        Attorneys for Plaintiffs

---

[6] While it is Plaintiffs' position that the waiver-of-arbitration issue can be considered before or after class certification, the briefing in Plaintiffs' upcoming Motion for Summary Judgment as to Menzies' Twenty-Fourth Defense (Arbitration) provides an opportunity for this Court to rule on the issue at that juncture.