CHRISTOPHER WARD, CA Bar No. 238777
   cward@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE: 213.972.4500
FACSIMILE: 213.486.0065

KEVIN JACKSON, CA Bar No. 278169
   kjackson@foley.com
**FOLEY & LARDNER LLP**
11988 EL CAMINO REAL, SUITE 400
SAN DIEGO, CA 92130-2594
TELEPHONE: 858.847.6700
FACSIMILE: 858.792.6773

Attorneys for Defendant MENZIES
AVIATION (USA), INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA PATRICIA AMAYA, an individual; and ANIBAL SILVA, an individual; on behalf of themselves and others similarly situated,<br><br>                Plaintiffs,<br><br>vs.<br><br>MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>                Defendants. | Case No. 2:22-cv-05915-HDV-MARx<br><br>**DEFENDANT MENZIES AVIATION (USA), INC.'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**<br><br>Date: April 11, 2024<br>Time: 10:00 a.m.<br>Judge: Hon. Hernán D. Vera<br>Ctrm.: 5B, 5th Floor<br><br>Complaint filed: August 19, 2022<br>FAC filed: August 30, 2022<br>SAC filed: May 9, 2023 |

## I. INTRODUCTION

In opposing Menzies' Motion for Reconsideration, Plaintiffs rely solely on arguments that are completely technical in nature. In so doing, Plaintiffs do not dispute that *In re Marriott International, Inc.*, 78 F. 4th 677 (4th Cir. 2023) ("*Marriott*") is directly relevant, important, and applicable to the issue raised in the Motion. Lacking any substantive basis to distinguish *Marriott*, Plaintiffs place undue focus on the Local Rules, but this Court has complete discretion to hear Menzies' Motion for Reconsideration, notwithstanding Menzies' inability to comply with Local Rule 7-3's pre-filing meet and confer requirement. Menzies filed a Rule 23(f) Petition for Permission to Appeal the Court's Order Granting Class Certification, and in preparing that Petition uncovered the Fourth Circuit's landmark decision in *Marriott*, which held as a matter of first impression that courts must address the implication of an arbitration clause containing a class-action waiver *before*, not after, a class is certified. That case is the ***first*** United States Court of Appeal case to address this issue and determine that a District Court's failure to consider the import of class action waivers before certifying a class constituted grounds for reversal, which constituted a material change in law that gives rise to grounds to seek relief directly from this Court to reconsider its Order. As such, Menzies determined that it would be prudent and beneficial to all parties to afford this Court an opportunity to consider new and highly relevant case of first impression in reconsidering its Order. Unfortunately, the short timeframe (merely 14 days) during which Menzies had to seek permission to appeal and/or reconsideration negated its ability to meet and confer with Plaintiffs in a timely manner—which would have been a formal, futile effort given Plaintiffs' position throughout this litigation, in moving for class certification, and in opposing Menzies' Petition and Motion.

As Plaintiffs have suffered no prejudice from Menzies' inability to meet and confer, the Court should exercise its discretion to reconsider its Order certifying a class containing thousands of individuals across dozens of job classifications that do not have standing to participate in class action litigation generally and this class specifically

pursuant to a material change in law under *Marriott*. Menzies respectfully requests that the Court consider the Motion for Reconsideration on the merits.

## II.   ARGUMENT

### A.   Plaintiffs Suffer No Prejudice From Menzies' Failure To Meet And Confer, And The Court Should Exercise Its Discretion To Consider The Motion For Reconsideration On The Merits

While it has been clear throughout this litigation that Plaintiffs' position regarding the import of Menzies' arbitration agreement would remain unchanged (as it had already been thoroughly addressed in prior discussions, pleadings, and in the class certification proceedings)—as well as that Plaintiffs' Oppositions to both the Petition and the instant Motion make clear that Plaintiffs would not have stipulated to any relief Menzies seeks—Menzies expresses its sincerest apologies to the Court for not adhering to the L.R. 7-3's pre-filing requirement. Given the short turnaround to seek permission to appeal and/or reconsideration—a mere 14 days—strict application of the Local Rules in this case would be problematic and unduly harsh. Moreover, Courts in this District recognize that a party's "failure to strictly comply with the Local Rules does not automatically require the denial of a party's motion, particularly where the non-moving party has suffered no apparent prejudice because of the failure to comply." *See Addaday, Inc. v. Artist Int'l Co., Ltd*, No. 221CV05525ABPLAX, 2022 WL 1516052, at *2 (C.D. Cal. Apr. 19, 2022) (declining to summarily deny Motion for Reconsideration based on party's failure to comply with Local Rule 7-3); *ECASH Techs., Inc. v. Guagliardo*, 35 Fed. App'x 498, 500 (9th Cir. May 13, 2002) ("The Central District of California's local rules do not require dismissal of appellee's motions for failure to satisfy the meet-and-confer requirements.") As Plaintiffs have suffered no apparent prejudice from Menzies' failure to meet and confer before filing the instant Motion for Reconsideration, Menzies respectfully requests that the Court consider the Motion on the merits.

### B. Plaintiffs Rely On Strict Readings Of L.R. 7-18 To Avoid Confronting The Fourth Circuit's Decision In *Marriott* And Its Significant Impact On This Case

Plaintiffs' Opposition further relies on a strict reading of the Local Rules to argue that the Court should deny Menzies' Motion because *Marriott* was decided five months before the Court issued its Order, and because it is not "controlling" or "binding" precedent. To be certain, in no event could Menzies have brought the *Marriott* decision to the Court's attention in its Opposition to Plaintiffs' Motion for Class Certification, which was filed two months prior to *Marriott*'s publication. Moreover, because this Court is within the Ninth Circuit, Menzies did not continuously monitor every case that was published outside of the Ninth Circuit while Plaintiffs' Motion for Class Certification was under submission. Thus, Plaintiffs' argument that Menzies did not exercise reasonable diligence in failing to bring *Marriott* to the Court's attention is once again an attempt to avoid confronting the fact it is directly relevant and highly persuasive, and thus justifies the Court reconsidering its Order. In Section II(C) of their Opposition, Plaintiffs argue that a Fourth Circuit decision cannot constitute a "material difference in, or change of, controlling law" under L.R. 7-18. Plaintiffs' myopic focus ignores the reality that the Fourth Circuit decision is the ***only*** United States Court of Appeals to address the issue of *when* a Court should consider the import of an arbitration agreement containing a class action waiver, which was not available to the parties at the time they fully briefed class certification. *Marriott* at 686 (observing that while "no court has had occasion to expressly hold as much," the "consensus practice" of courts is to "resolve the import of waivers at the certification stage—before they certify a class, and usually as the first order of business.") While Menzies does not suggest that the Court is bound by *Marriott*, it observed correctly that *Marriott* relied on several cases from District Courts within the Ninth Circuit in identifying the "consensus practice," and then concluding that courts must address the implication of an arbitration clause containing a class-action waiver *before*, not after, a class is certified. *Id.*

### C. Menzies Did Not Waive Its Right To Enforce The Arbitration Agreement, And Plaintiffs' Arguments To the Contrary Are Not Appropriately Before The Court

In a final attempt to avoid addressing *Marriott*, Plaintiffs latch onto a footnote in Menzies' Motion to argue that "Menzies admits there is a potentially fatal flaw in its position; its waiver of the right to arbitrate." [Dkt. 72, p. 8] Menzies provided this footnote in the "Factual and Procedural Background" section to provide the Court with a context of why it would have been without any practical effect to move to compel arbitration against one of the two Plaintiffs (Amaya), where the other one (Silva) is covered by *Saxon* and therefore not bound by the arbitration agreement. In other words, moving to compel arbitration against Amaya would have done nothing to prevent Silva from continuing to pursue class claims. Moreover, this footnote was certainly not intended to fully brief the "waiver" issue, and Plaintiff concedes that "the Court need not reach the waiver-of-arbitration issue at this juncture." [Dkt. 72, p. 8.] Menzies looks forward to the opportunity to fully brief its position when it opposes Plaintiffs' Motion for Summary Judgment. For now, however, the Court should exercise its discretion to reconsider its Order in light of *Marriott* and address the import of the class waivers.

### III. CONCLUSION

For the foregoing reasons, Menzies respectfully requests that the Court reconsider its certification Order.

DATED: March 28, 2024

**FOLEY & LARDNER LLP**
Christopher Ward
Kevin Jackson

*/s/ Christopher Ward*
Christopher Ward
Attorneys for Defendant MENZIES AVIATION (USA), INC.