UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA PATRICIA AMAYA et al., <br><br> Plaintiffs, <br><br> v. <br><br> MENZIES AVIATION (USA), Inc. et al., <br><br> Defendants. | Case No. 2:22-cv-05915-HDV (MARx) <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [DKT. NO. 70]** |

## I. INTRODUCTION

Plaintiffs assert a putative class action suit against their employer Menzies for violation of wage-and-hour laws and failure to reimburse business expenses under California Labor Code § 2802. Before the Court is Defendant Menzies Aviation USA, Inc.'s Motion for Reconsideration under Local Rule 7-18 ("Motion") [Dkt. No. 70] asking the Court to change its ruling on class certification based on a recent Fourth Circuit case, *In re Marriott International, Inc.*, 78 F.4th 677 (4th Cir. 2023).[1] Specifically, Menzies seeks reconsideration of this Court's February 8, 2024 Order granting Plaintiffs' Motion for Class Certification ("Certification Order") [Dkt. No. 69]. The Court's Certification Order ruled that the question of whether Menzies' arbitration agreements with class members fell under the Federal Arbitration Act exemption presented a common question suitable for classwide adjudication. Certification Order at 9. The Court further held that Plaintiffs Dora Patricia Amaya and Anibal Silva, who had also signed arbitration agreements, were well-positioned to represent the interests of Menzies employees who did not unambiguously fall under the exemption recognized in *Southwest Airlines Co. v. Saxon*, 142 S. Ct. 1783 (2022). *Id.*

The Court **denies** Defendant's Motion on multiple grounds. Procedurally, the Fourth Circuit case relied on by Defendant as its principal basis for reconsideration was issued **before** the Order was entered and should have been submitted in a Notice of Supplemental Authority. More importantly, the *In re Marriott* case is not controlling in this circuit and is not substantively persuasive here. But even if it was, the primary defense to the class action waiver issue—namely, that Menzies waived its right to enforce the arbitration agreement—is being heard in a summary judgment motion set for June 2024. There is no practical or legal reason to reconsider class certification now.

## II. LEGAL STANDARD

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) or Rule 60(b). Rule 59(e) provides that a court may alter or amend a judgment and Rule 60(b) provides for

---

[1] Defendant filed its Motion on February 22, 2024. Plaintiffs filed their Opposition ("Opp.") [Dkt. No. 72] on March 21, 2024, and Defendant filed its Reply [Dkt. No. 73] on March 28, 2024.

relief from a final judgment, order, or proceeding. *See* Fed. R. Civ. P. 59(e), 60. Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). In this district, motions for reconsideration are also governed by Central District Local Rule 7-18. "Courts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b)." *Midland National Life Ins. Co. v. Jones*, No. EDCV 18-2108 JGB, 2021 WL 1035120, at *1 (C.D. Cal. Feb. 5, 2021) (*Jones*) (quoting *Tawfilis v. Allergan, Inc.*, No. SACV 15-307-JLS, 2015 WL 9982762, at *1 (C.D. Cal. Dec. 14, 2015)). Local Rule 7-18(a) provides that a motion for reconsideration may be made on one of the following exclusive grounds:

> (a) a **material difference** in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence **could not have been known to the party moving for reconsideration at the time of such decision**, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. L.R. 7-18 (emphasis added). "Unhappiness with the outcome is not included within the rule; unless the moving party shows that one of the stated grounds for reconsideration exists, the Court will not grant a reconsideration." *Jones,* at *2 (citation omitted). The determination of whether to grant a motion for reconsideration is a matter left to the discretion of the Court. *See Thomas v. Cadence Cap. Invs. LLC*, No. 2:22-CV-07944-SPG-SK, 2023 WL 4237608, at *1 (C.D. Cal. May 3, 2023).

**III.   DISCUSSION**

Defendant contends that reconsideration is appropriate because the Fourth Circuit's decision in *In re Marriott* constitutes a "material difference in … law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known" at the time the parties fully briefed the issue to the Court. Motion at 1; C.D. Cal. L.R. 7-18. *In re Marriott* takes a different approach from the one taken in the Certification Order, ruling that "the time to address a contractual class waiver is before, not after, a class is certified," finding that a "district court erred by certifying

3

1  multiple classes against Marriot consisting entirely of plaintiffs who had signed a putative class
2  waiver without first addressing the import of that waiver." *Id.* at 686–87.
3       Rule 7-18 is far from satisfied in this instance. The Defendant selectively quotes Rule 7-18,
4  ignoring that the material difference identified be unknown to the party "**at the time of such**
5  **decision**." *Id.* (emphasis added). The *In re Marriot* decision was issued on August 18, 2023, over
6  five months ***before*** the Certification Order was issued. As such, knowledge of this case was known
7  to Menzies well before the Order was issued and could have been brought to the Court's attention
8  with reasonable diligence through a Notice of Supplemental Authority. Instead, Defendant waited
9  until March 2024 to bring this Motion to cite an August 2023 case.
10      On the merits, Menzies' arguments also fall short. A decision from the Fourth Circuit does
11 not constitute controlling precedent for this Court. Sister courts have ruled that a "material
12 difference in law" or "change in law" under Rule 7-18 requires a change in controlling law, like a
13 decision from the Ninth Circuit or the Supreme Court of the United States. *See*, *e.g.*, *Ronk v.*
14 *Hudson*, No. 220CV09843FLAASX, 2022 WL 3013217, at *2 (C.D. Cal. May 12, 2022) (denying
15 motion for reconsideration under Local Rule 7-18 because movant "does not identify any decision
16 by the Supreme Court, the Ninth Circuit, or any other court with binding authority over this court
17 that presents a material difference in law from what this court considered in issuing its … Order.");
18 *Rivera v. UHS of Delaware, Inc.*, No. EDCV1500863JGBDTBX, 2018 WL 6177235, at *3 (C.D.
19 Cal. Mar. 14, 2018) (accord). Defendant cites to no authority in the Ninth Circuit requiring courts to
20 defer class certification until after resolving arbitration defenses common to the class. Rather,
21 district courts in the Ninth Circuit regularly issue class certification orders under Federal Rule of
22 Civil Procedure 23 ***prior*** to adjudicating arbitration defenses with issues common to the certified
23 class. *See*, *e.g.*, *Rushing v. Williams-Sonoma, Inc.*, No. 16-CV-01421-WHO, 2024 WL 779601, at
24 *7 (N.D. Cal. Feb. 21, 2024) (granting class certification in face of class-wide arbitration defense
25 where plaintiff "demonstrated her ability to challenge the arbitration agreement and may continue to
26 do so – if the issue is joined by WSI – on behalf of absent class members" on a common basis);
27 *Salas v. Toyota Motor Sales, U.S.A., Inc.*, No. 2:15-CV-08629-HDV-E, 2024 WL 606166, at *4
28 (C.D. Cal. Jan. 10, 2024) (rejecting defendant argument that "existence of arbitration clauses

affecting 'some class members' defeated predominance and precluded class certification entirely"; class certification granted); *Hardwick v. Hoovestol, Inc.*, No. CV 20-7505-DMG (MAAx), 2023 U.S. Dist. LEXIS 65984, at *1–4 (C.D. Cal. Apr. 14, 2023) (ruling on motion to compel arbitration filed subsequent to district court's issuance of Order granting class certification).

Finally, Plaintiffs would be unfairly prejudiced by granting reconsideration at this time, given Menzies' failure to raise the relevance of the *In re Marriott* decision. The waiver issue is likely to be teed up at the summary judgment stage, so any prejudice to Defendant is ameliorated by the fact that the issue is still to be adjudicated.[2]

## IV.  CONCLUSION

Menzies has not shown that reconsideration of the Court's February 8, 2024 Certification Order is warranted under Local Rule 7-18. Menzies' Motion is therefore ***denied.***

Dated:   May 1, 2024

_____
Hernán D. Vera
United States District Judge

---

[2] The Court also admonishes Defendant for failing to comply with meet-and-confer requirements under Local Rule 7-3. Parties are to comply with Local Rule 7-3 before filing any noticed motion.