C. JOE SAYAS, JR. (CA Bar No. 122397)
KARL P. EVANGELISTA (CA Bar No. 250685)
**LAW OFFICES OF C. JOE SAYAS, JR.**
500 N. Brand Boulevard, Suite 2000
Glendale, California 91203
Telephone: (818) 291-0088
Facsimile: (818) 240-9955

DAVID P. KING (CA Bar No. 136765)
**KING CHENG MILLER & JIN, LLP**
150 N. Santa Anita Ave., Suite 410
Arcadia, California 91006
Telephone: (626) 304-9001
Facsimile:  (626) 304-9002

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA PATRICIA AMAYA, an individual; and ANIBAL SILVA, an individual; on behalf of themselves and others similarly situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No. 2:22-cv-05915-HDV-MARx<br><br>CLASS ACTION<br><br>**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:      June 20, 2024<br>Time:      10:00 a.m.<br>Judge:     Hon. Hernán D. Vera<br>Ctrm:      5B, 5th Floor,<br>               First Street U.S. Courthouse |

1

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

Pursuant to Local Rule 56-1 and this Court's Standing Order, Plaintiffs Patricia Amaya and Anibal Silva respectfully submit the following Statement of Uncontroverted Facts and Genuine Disputes in Support of Plaintiffs' Motion for Partial Summary Judgment.

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 1.    The Complaint in this action was filed on August 19, 2022, by Plaintiff Dora Patricia Amaya ("Amaya"), a Passenger Service Agent employee, on behalf of herself and others similarly situated against her employer, Defendant Menzies Aviation (USA), Inc. ("Menzies"). Dkt. 1. | Undisputed. | N/A | |
| 2.    Plaintiffs filed the First Amended Complaint ("FAC") on August 30, 2022, which added Brayan Lozano Gonzales – a former Ramp Agent of Menzies – as a Plaintiff. Dkt. 7 | Undisputed. | N/A | |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 3.    In a September 8, 2022 letter to Plaintiffs' counsel, Menzies' counsel stated  that Ms. Amaya signed an Alternative Dispute Resolution Agreement ("ADR Agreement") that purportedly  requires her to submit all employment disputes to arbitration, and prohibits her from joining a class action or serving as a class representative. Declaration of C. Joe Sayas, Jr. ("Sayas Decl.") ¶ 2, Ex. 1. | Undisputed. | N/A | |

3

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 4.    The letter did not state that Menzies would move the Court to compel arbitration, but stated its "trust" that Ms. Amaya would refrain from serving the Summons and Complaint and instead would arbitrate "if she desire to do so." Sayas Decl., Ex. 1. | Undisputed, although Menzies questions whether this fact is material. | N/A | Material as to whether Menzies' intentional acts vis-à-vis the present court action are inconsistent with its purported right to compel arbitration. *See Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 468 (9th Cir. 2023) (two elements of waiver are: "(1) knowledge of an existing right to compel arbitration; and (2) intentional acts inconsistent with that right"). |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 5.    Plaintiffs' counsel responded in a September 29, 2022 letter which stated that *Southwest Airlines Co. v. Saxon*, 142 S.Ct. 1783 (2022) invalidated Menzies' purported arbitration agreement. Sayas Decl., ¶ 3, Ex. 2. | Undisputed. | N/A | |
| 6.    Menzies' counsel responded by requesting a two-week extension of time to file a responsive pleading, including a Motion to Compel Arbitration, as confirmed in an October 11, 2022 email. Sayas Decl. ¶ 4, Ex. 3. | Undisputed. | N/A | |
| 7.    But Menzies did not file a motion in this action to compel Amaya to arbitrate. Sayas Decl. ¶ 4. | Undisputed. | N/A | |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 8. Instead, Menzies "elected," as it admitted in its recent Motion for Reconsideration, to file an Answer to the FAC, instead of moving to compel arbitration. Dkt. 70-1, at 2:11-15. | Undisputed that Menzies answered the FAC and has not moved to compel arbitration.[1] | N/A | Material as to whether Menzies' intentional acts vis-à-vis the present court action are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |
| 9. Menzies filed its Answer to the FAC on October 25, 2022. Dkt. 12. | Undisputed. | N/A | |

---

[1] Many of Plaintiffs' facts herein contain characterizations and arguments, which Menzies believes is inappropriate. Rather than repeatedly point out such characterizations in the "Opposition" column and clog up this document, Menzies will simply reference this footnote going forward and trust the Court can discern that a further response to Plaintiffs' characterizations of objective facts is not necessary.

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8827-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 10.     Menzies' Answer to the FAC includes a Twenty-Fourth Defense (Arbitration), which alleges that "Plaintiffs and the putative class they seek to represent are required to submit their claims to final and binding arbitration on an individual basis." Dkt. 12, p. 12, ¶ 24. | Undisputed. | N/A | |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 11.    Menzies did not ask leave of Court to be relieved from its case management and discovery obligations; instead, Menzies' counsel met-and-conferred and exchanged communications with Plaintiffs' counsel to discuss discovery and motion matters, as well as scheduling management, including a trial estimate, in this case. Sayas Decl. ¶ 5. | Undisputed that Menzies complied with its case management and discovery obligations based on the FAC's addition of Gonzalez as party plaintiff. | *See* Menzies' Footnote 1. | Material as to whether Menzies' intentional acts vis-à-vis the present court action are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |
| 12.    From these discussions, the parties filed their "Joint Federal Rule of Civil Procedure 26(f) Report for Scheduling Conference on December 5, 2022." Sayas Decl., ¶ 6; Dkt. 19. | Undisputed. | N/A | |

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 13.    In this Joint Report, Menzies outlined its litigation plan to the Court: that it "anticipate[d] filing a motion for summary judgment, or summary adjudication, on the issue of whether one or more of the claims asserted by Plaintiffs are preempted by an applicable collective bargaining agreement, among others." Dkt. 19, 4:16-18. | Disputed in part, but undisputed that the Joint Report contains the quoted language. | Menzies' litigation plan is a matter of strategy and work product and its strategic considerations are not fully captured in a Joint Status Report. [Declaration of Christopher Ward ("Ward Decl."), ¶ 15.] | Determination of Menzies' waiver of purported right to compel arbitration is determined by its "intentional acts" in litigation, including its documented representations to the Court, rather than any privileged secret strategy ostensibly harbored by counsel. *See Hill*, *supra*. |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 14.    Menzies further represented to the Court that it did "not anticipate filing any motions regarding parties, claims, amended pleadings, venue, or other procedural matters." Dkt. 19, 4:13-14. | Undisputed that the Joint Report contains the quoted language. | *See* Menzies' Footnote 1. | Material as to whether Menzies' intentional acts vis-à-vis the present court action, including its documented representations to the Court, are inconsistent with its purported right to compel arbitration. *See Hill, supra.* |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 15.    Menzies further detailed its discovery plan in this case: that it "intend[ed] to conduct standard written discovery, including propounding interrogatories and document requests, as well as depositions of both named Plaintiffs." Dkt. 19, 6:25-26. | Disputed in part, but undisputed that the Joint Report contains the quoted language. | Menzies' litigation and discovery plan is a matter of strategy and work product and its strategic considerations are not fully captured in a Joint Status Report.  [Ward Decl., ¶ 15.] | Determination of Menzies' waiver of purported right to compel arbitration is determined by its "intentional acts" in litigation, including its documented representations to the court, rather than any privileged secret strategy ostensibly harbored by counsel.  *See Hill*, *supra*. |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

| | | | |
|---|---|---|---|
| 16.    At no point did Menzies state any intent to file a motion to compel arbitration. Dkt. 19. | Undisputed to the extent Plaintiffs' proposed fact is limited to the content of the Joint Status Report.  If not so limited, disputed. | Menzies has considered and expressed its belief that Amaya and putative class members are bound by the ADR Policy and would enforce its rights arising from that binding effect throughout this litigation. [Ward Decl., ¶ 15.] | Outside of requesting an extension to file a Motion to Compel Arbitration or other responsive pleading in response to Plaintiffs' First Amended Complaint, Menzies has made no statement confirming an unequivocal intent to file a Motion to Compel Arbitration in this litigation, and nothing in paragraph 15 of Mr. Ward's declaration states to the contrary. Indeed, Menzies' opposition papers to this motion remain conspicuously |

---

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES**
**IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**
4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| | | | *devoid of an unequivocal statement that Menzies intends to file a Motion to Compel Arbitration in this case.* |
| 17.    From this Court's list of ADR Procedures under Local Rule 16-15.4, Menzies elected ADR Procedure No. 1 which involves an appearance before a magistrate judge for settlement proceedings rather than ADR Procedure No. 3 – a private dispute resolution proceeding. Sayas Decl. ¶ 7; *see also* Dkt. 19, 7:15-17. | Undisputed, although Menzies questions whether this fact is material. | N/A | Material as to whether Menzies' intentional acts vis-à-vis the present court action, including in seeking to avail of the judicial benefits afforded to litigants remaining in court, are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 18.      Accordingly, the Court entered a Scheduling Order on December 16, 2022 which set discovery and motion schedules based on the parties' Joint Report. Dkt. 22. | Undisputed, although Menzies questions whether this fact is material. | N/A | Material as to whether Menzies' intentional acts vis-à-vis the present court action, including efforts to set case deadlines that would be mooted by an ostensible secret strategy to belatedly move to compel arbitration, are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 19.    On December 2, 2022, Plaintiffs served Interrogatories requesting discovery of the names and contact information of all Class Members but Menzies objected. Sayas Decl. ¶ 8. | Undisputed, although Menzies questions whether this fact is material. | N/A | Foundational as to Menzies' active participation in extensive class discovery, which is material as to whether Menzies' intentional acts vis-à-vis the present court action are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 20.    In a discovery dispute adjudicated before Magistrate Judge Margo A. Rocconi. Menzies sought the following relief from the Court: a) that the Court impose the *Belaire-West* notice and opt-out procedures that Plaintiffs must follow before Menzies provides the class information; b) that the Court order Plaintiffs to pay the costs of administering the notice and opt-out procedures; and c) that Plaintiffs' counsel be required to provide certain information or disclosures to Class Members if they communicate with them. Sayas Decl. ¶ 9. | Undisputed, although Menzies questions whether this fact is material. | N/A | Material as to whether Menzies' intentional acts vis-à-vis the present court action, including its active participation in class discovery and in seeking judicial relief regarding same, are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 21.    On February 6, 2023, the Court denied Menzies' first two requests for relief, ordering Menzies to provide the class information without the *Belaire-West* notice and denied Menzies' "Motion for Plaintiffs to pay the cost of the *Belaire-West* notice." However, the Court partly granted Menzies' third request that Plaintiffs provide certain disclosures in its communications with Class Members.  Sayas Decl. ¶ 10; Dkt. 28, at 4-5. | Undisputed, although Menzies questions whether this fact is material. | N/A | Material as to whether Menzies' intentional acts vis-à-vis the present court action, including its active participation in class discovery and in seeking judicial relief regarding same, are inconsistent with its purported right to compel arbitration.  *See Hill*, *supra*. |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 22.    Subsequently, Menzies' counsel met-and-conferred with Plaintiffs' counsel to jointly prepare and eventually filed a Stipulated Protective Order ("SPO"), and the Magistrate Judge granted approval of the SPO on February 24, 2023. Sayas Decl. ¶ 11; Dkt. 31. | Undisputed, although Menzies questions whether this fact is material. | N/A | Material as to whether Menzies' intentional acts vis-à-vis the present court action, including its active participation in class discovery and in seeking judicial relief regarding same, are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**
4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 23.    Menzies' counsel coordinated with Plaintiffs' counsel in jointly preparing a Class Certification Dates Worksheet that contains the parties' agreed dates on class certification briefings, expert discovery cut-off, expert disclosure, and non-expert discovery cut-off. Sayas Decl. ¶ 12; Dkts. 19, 32, 34, 36. | Undisputed, although Menzies questions whether this fact is material. | N/A | Material as to whether Menzies' intentional acts vis-à-vis the present court action, including efforts to set case deadlines that would be mooted by an ostensible secret strategy to belatedly move to compel arbitration, are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 24.    In a rolling production until March 16, 2023, Menzies then produced voluminous time and pay records including extensive electronic data pertaining to approximately 5,462 Class Members. Sayas Decl. ¶ 13. See Dkt. 44-1, at 3;3-4. | Undisputed, although Menzies questions whether this fact is material. | N/A | Material as to whether Menzies' intentional acts vis-à-vis the present court action, including its active participation in class discovery, are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 25.    In communications with Class Members that followed, Plaintiffs' counsel incorporated the disclosures sought by Menzies and which were ordered by the Court. Sayas Decl. ¶ 14. | Undisputed, although Menzies questions whether this fact is material. | N/A | Material as to whether Menzies' intentional acts vis-à-vis the present court action, including its active participation in class discovery and in seeking judicial relief regarding same, are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |
| 26.    Menzies participated in extensive discovery in terms of conducting and responding to various discovery modes within the context of this litigation. Sayas Decl. ¶ 15. | Undisputed that Menzies participated in discovery, although Menzies questions whether this fact is material. | N/A | Material as to whether Menzies' intentional acts vis-à-vis the present court action are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 27.    Menzies's discovery sought information regarding claims not only of the named Plaintiffs but expanded its scope to include claims made on behalf of Class Members. Sayas Decl. ¶ 16. | Undisputed that Menzies engaged in pre-certification discovery exploring Plaintiffs' claims and their knowledge of putative class members' claims. | *See* Menzies' Footnote 1. | Material as to whether Menzies' intentional acts vis-à-vis the present court action are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 28.    Menzies Fed.R.Civ.P. Rule 34 Requests for Production of Documents, for instance, sought production of the following: "REQUEST FOR PRODUCTION NO. 22: All DOCUMENTS that RELATE TO YOUR allegation in the COMPLAINT that DEFENDANT "continue[s] to fail to provide CLASS MEMBERS with all accrued wages and compensation within the time limits prescribed by the California Labor Code.'" Sayas Decl. ¶ 17. | Undisputed that Menzies' discovery requests contain the quoted language directed at Plaintiffs' claims and their knowledge of putative class members' claims, although Menzies questions whether this fact is material. | *See* Menzies' Footnote 1. | Material as to whether Menzies' intentional acts vis-à-vis the present court action, including its active participation in class discovery, are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 29.    Menzies' broad discovery also sought the following: "REQUEST FOR PRODUCTION NO. 5: All DOCUMENTS which RELATE TO the allegations of this action or the allegations in the COMPLAINT, including statements, declarations, affidavits, and electronic recordings, but excluding pleadings filed and served in this action." Sayas Decl. ¶ 18. | Undisputed that Menzies' discovery requests contain the quoted language directed at Plaintiffs' claims and their knowledge of putative class members' claims, although Menzies questions whether this fact is material. | *See* Menzies' Footnote 1. | Material as to whether Menzies' intentional acts vis-à-vis the present court action, including its active participation in class discovery, are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 30.     Menzies' broad discovery also sought the following: "REQUEST FOR PRODUCTION NO. 6: All DOCUMENTS which RELATE TO any COMMUNICATIONS between YOU and anyone other than YOUR attorneys regarding the allegations in the COMPLAINT." Sayas Decl. ¶ 19. | Undisputed that Menzies' discovery requests contain the quoted language directed at Plaintiffs' claims and their knowledge of putative class members' claims, although Menzies questions whether this fact is material. | *See* Menzies' Footnote 1. | Material as to whether Menzies' intentional acts vis-à-vis the present court action, including its active participation in class discovery, are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 31.    Menzies' broad discovery also sought the following: "REQUEST FOR PRODUCTION NO. 7: All DOCUMENTS which RELATE TO any written or recorded statements obtained or received by YOU concerning any of the allegations in the COMPLAINT." Sayas Decl. ¶ 20. | Undisputed that Menzies' discovery requests contain the quoted language directed at Plaintiffs' claims and their knowledge of putative class members' claims, although Menzies questions whether this fact is material. | *See* Menzies' Footnote 1. | Material as to whether Menzies' intentional acts vis-à-vis the present court action, including its active participation in class discovery, are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |
| 32.    Menzies' broad discovery also sought the following: "REQUEST FOR PRODUCTION NO. 10: All DOCUMENTS that RELATE TO injuries for which YOU seek damages in the COMPLAINT." Sayas Decl. ¶ 21. | Undisputed that Menzies' discovery requests contain the quoted language directed at Plaintiffs' claims and their knowledge of putative class members' claims, although Menzies questions whether this fact is material.. | *See* Menzies Footnote 1. | Material as to whether Menzies' intentional acts vis-à-vis the present court action, including its active participation in class discovery, are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**
4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 33.    Menzies' broad discovery also sought the following: "REQUEST FOR PRODUCTION NO. 20: All DOCUMENTS that RELATE TO YOUR allegation in the COMPLAINT that DEFENDANT has engaged in 'unfair business practices.'" Sayas Decl. ¶ 22. | Undisputed that Menzies' discovery requests contain the quoted language directed at Plaintiffs' claims and their knowledge of putative class members' claims, although Menzies questions whether this fact is material.. | *See* Menzies Footnote 1. | Material as to whether Menzies' intentional acts vis-à-vis the present court action, including its active participation in class discovery, are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |
| 34.    Within the framework of this litigation, Menzies took the depositions of Plaintiff Amaya on April 26, 2023, and Plaintiff Silva on May 19, 2023. Sayas Decl. ¶ 23. | Undisputed that Menzies took Plaintiffs' depositions on the dates noted. | *See* Menzies' Footnote 1. | Material as to whether Menzies' intentional acts vis-à-vis the present court action, including its active participation in class discovery, are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**
4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 35.    In depositions of both Amaya and Silva, Menzies inquired on matters pertaining to claims of the individual Plaintiffs as well as those other claims made on behalf of the class. Sayas Decl. ¶ 24. | Undisputed that Menzies' asked Plaintiffs questions about their claims and their knowledge of putative class members' claims. | *See* Menzies' Footnote 1. | Material as to whether Menzies' intentional acts vis-à-vis the present court action, including its active participation in class discovery, are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

| | | |
|---|---|---|
| 36.    In taking both Plaintiffs' depositions, Menzies inquired about their qualifications to serve as class representatives, their knowledge of Menzies operations, and company-wide employment practices as they apply to other employees and those outside the Plaintiff's departments and locations. Sayas Decl., ¶ 25, Ex. 4 (excerpts of transcript of Deposition of Anibal Silva), 45:3-6; 45:20-46:2; 46:9-20; 47:1-10; 47:17-25; 58:4-8; 64:2-5; 64:10-24; 68:10-20; 88:17-89:6; 92:6-13; 95:14-96:1; 122:16-21; 123:1-10; 125:5-12; 145:10-15; 145:20-146:3; 146:16-24; 147:21-25; Ex. 5 (excerpts of transcript of | Undisputed. | N/A |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| Deposition of Patricia Villagra,[2] 68:13 – 69:6; 69:.0-13; 69:19-25; 75:18-24; 76:13-22; 77:4-10; 77:13-78:2; 93:13-94:25; 102:20-103:3; 103:25-104:4; 157:16-24; 158:19-23; 161:4-7; 161:11-15. | | | |
| 37.    Menzies produced its Rule 30(b)(6) designee and an additional six of its managers and participated in multiple depositions noticed by Plaintiffs. Sayas Decl. ¶ 26. | Undisputed, although Menzies questions whether this fact is material. | N/A | Material as to whether Menzies' intentional acts vis-à-vis the present court action, including its active participation in class discovery, are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |

---

[2] Ms. Amaya's new surname following marriage is "Villagra." Sayas Decl., Ex. 5, 9:24-10:14.

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**
4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 38.    Much time was spent between Menzies and Plaintiffs' counsel in meet-and-confer discussions on arranging managers' deposition dates and discussing the need to complete these depositions before the class certification briefings. Sayas Decl. ¶ 27. | Undisputed that counsel had communications regarding deposition scheduling, although Menzies questions whether this fact is material. | *See* Menzies' Footnote 1. | Material as to whether Menzies' intentional acts vis-à-vis the present court action, including its active participation in class discovery, are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |
| 39.    Menzies continued to engage in meet and confer discussions on additional depositions and interrogatories that may exceed the number allowed under the Federal Rules of Civil Procedure. Sayas Decl. ¶ 28. | Undisputed that counsel had communications regarding scope of discovery, although Menzies questions whether this fact is material. | *See* Menzies' Footnote 1. | Material as to whether Menzies' intentional acts vis-à-vis the present court action, including its active participation in class discovery, are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 40. Menzies also provided answers to Plaintiffs' First Set of Interrogatories, while its compliance with Plaintiffs' Second Set of Interrogatories remains pending. Sayas Decl. ¶ 29. | Undisputed that Menzies served answers to Plaintiff's First Set of Interrogatories, although Menzies questions whether this fact is material | *See* Menzies' Footnote 1. | Material as to whether Menzies' intentional acts vis-à-vis the present court action, including its active participation in class discovery, are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |
| 41. Menzies produced additional categories of documents other than the time and pay records in further response to Plaintiffs Rule 34 Request. Sayas Decl. ¶ 30. | Undisputed that Menzies produced documents in response to Plaintiffs' discovery requests, although Menzies questions whether this fact is material. | N/A | Material as to whether Menzies' intentional acts vis-à-vis the present court action, including its active participation in class discovery, are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**
4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 42.    Menzies and Plaintiffs' counsel recently completed their prolonged pre-filing meet-and-confer communications on Menzies' compliance with Plaintiffs' Interrogatories and Requests for Production in compliance with Local Rule 37-1, but were unable to resolve their disputes.  Sayas Decl. ¶ 31. | Disputed, and Menzies questions whether this fact is material. | Counsel for all Parties are continuing to discuss discovery matters consistent with the Court's recommendation following the April 11, 2024 hearing on Menzies' Motion for Reconsideration. *See also* Menzies' Footnote 1. | Material as to whether Menzies' intentional acts vis-à-vis the present court action, including its active participation in class discovery, are inconsistent with its purported right to compel arbitration.  *See Hill*, *supra*. |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 43.    On April 2, 2024, Plaintiffs emailed the parties' request for a Pre-Motion Telephonic Conference with the Magistrate Judge and provided three alternative times agreed between the parties, as required by the Judge's Procedures on Discovery Motions.  Sayas Decl. ¶ 32. | Undisputed, although Menzies questions whether this fact is material. | N/A | Material as to whether Menzies' intentional acts vis-à-vis the present court action, including its active participation in class discovery, are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |
| 44.    If the discovery disputes are not resolved, Joint Stipulations regarding Plaintiffs' Motion to Compel Menzies' Compliance will be filed for adjudication by the Magistrate Judge. Sayas Decl. ¶ 33. | Disputed and immaterial. | Menzies cannot speculate as to what will happen in the future as part of an undisputed fact. | Material as to whether Menzies' intentional acts vis-à-vis the present court action, including its active participation in class discovery, are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 45.    After electing to file an Answer to Plaintiffs' First Amended Complaint, Menzies then stipulated with Plaintiffs to file the Second Amended Complaint ("SAC"). Sayas Decl. ¶ 34; Dkt. 38, 39. | Undisputed that Menzies answered the FAC and stipulated to Plaintiffs' filing the SAC. | *See* Menzies' Footnote 1. | Material as to whether Menzies' intentional acts vis-à-vis the present court action are inconsistent with its purported right to compel arbitration. *See Hill, supra.* |
| 46.    The SAC, filed on May 9, 2023, names Amaya and Anibal Silva ("Silva") as Plaintiffs on behalf of themselves and others similarly situated; Silva, another ramp agent, replaced Brayan Gonzales as a named Plaintiff. Sayas Decl. ¶ 35; Dkt. 40. | Undisputed. | N/A | |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 47. Menzies again elected to file an Answer to the SAC on June 5, 2023, which similarly asserted a Twenty-Fourth Defense (Arbitration). Sayas Decl. ¶ 36; Dkt. 45, Page 13 of 13. | Undisputed that Menzies answered the SAC and asserted the affirmative defense noted. | N/A | |
| 48. As of the time of its Answer to the SAC, Menzies had not filed a motion to compel arbitration. Sayas Decl. ¶ 37. | Undisputed that Menzies has not moved to compel arbitration. | | |
| 49. Plaintiffs filed their Motion for Class Certification on May 22, 2023. Sayas Decl. ¶ 38; Dkt. 41. | Undisputed. | N/A | |

4894-8277-7784.2

| | | |
|---|---|---|
| 50.    In Menzies' June 12, 2023 Opposition to the Motion for Class Certification, it asserted: "At all times during the class period, Menzies has maintained an Alternative Dispute Resolution mechanism by which employees waive their right to present various claims – including *all* the class claims at issue here – in any forum other than binding individual arbitration. [[Declaration of Talin Bazerkanian] ¶¶ 6-7, Ex. H.] Pursuant to that policy, each employee who enters into an ADR Agreement agrees that the ADR Policy 'prohibits you from joining or otherwise participating in a class action or as a collective action | Undisputed. | N/A |

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| representative, or otherwise consolidating a covered claim with the claims of others.' [*Id.*] Virtually all of Menzies' California non-exempt employees are subject to the ADR Policy – including *both* Plaintiffs and *every one* of the declarants relied upon by Plaintiffs in support of their Motion. [*Id.* ¶ 8.]" Sayas Decl. ¶ 39; Dkt. 50, Page 10 of 23, at lines 6-15. | | | |
| 51.     Menzies admits that individuals in the Ramp Agent classification are not so disqualified from arbitration pursuant to *Saxon.* Dkt. 50, page 3, fn.1. | Undisputed that Menzies interprets the *Saxon* decision to mean the ramp agent job duties make them "transportation workers" under Section 1 of the Federal Arbitration Act. | N/A | |

4894-8277-7784.2

| | | | |
|---|---|---|---|
| 52. In its Opposition to Plaintiffs' Motion for Class Certification, Menzies sought to defeat class certification entirely rather than to refine the scope of the class. Dkt. 50, 25:20-22. | Undisputed that Menzies opposed class certification, but disputed the extent Plaintiffs contend Menzies had a duty to define for Plaintiffs what an appropriate class scope might be. | *See, e.g., Tschudy v. J.C. Penney Corp., Inc.*, No. 11CV1011 JM (KSC), 2015 WL 8484530, at *6 (S.D. Cal. Dec. 9, 2015) (citing Fed.R.Civ.P. 23(c)(1)(B) ("Plaintiffs have the burden to define the "class and the class claims.")) | Plaintiffs do not contend that Menzies had a duty to define an appropriate class scope, but rather, that Menzies sought to defeat class certification in its entirety, including as to Ramp Agents Menzies concedes are exempt from the FAA under *Saxon*. Menzies' decision to seek such class-wide adjudication from this Court, rather than seeking to compel arbitration for those putative class members other than Ramp Agents that Menzies' contend remain subject to |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| | | | arbitration, is inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |
| 53.    Despite the foregoing statement in its Opposition, Menzies failed to move the Court for an order compelling Amaya, Silva, or any of the declarants in support of Plaintiffs' Motion for class certification, or to assert its intent to file such motion to compel arbitration. Sayas Decl. ¶ 40. | Undisputed that Menzies has not moved to compel arbitration. | *See* Menzies' Footnote 1. | Material as to whether Menzies' intentional acts vis-à-vis the present court action are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |
| 54.    On July 10, 2023, the parties filed a Joint Case Management Statement per Court's Reassignment Order. Sayas Decl. ¶ 41; Dkt. 56. | Undisputed. | N/A | |

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 55.     In the Joint Case Management Statement, Menzies mentioned arbitration to the extent that it disputed Plaintiffs' claims as suitable for class treatment, including because "the vast majority of the putative class is subject to enforceable arbitration agreements" (Dkt. 56, 3:18-21), but Menzies again failed to move nor assert any intent to move the Court for an order compelling arbitration. Sayas Decl. ¶ 42. | Undisputed that Menzies used the quoted language and has not to this point moved to compel arbitration. | *See* Menzies' Footnote 1. | Material as to whether Menzies' intentional acts vis-à-vis the present court action are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |
| 56.     On July 27, 2023, the parties filed a Joint Rule 26(f) Report for August 24, 2023 Scheduling Conference. Sayas Decl. ¶ 43; Dkt. 58. | Undisputed. | N/A | |

41

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 57.    In the Joint Report, Menzies stated that "the vast majority of the putative class is subject to enforceable arbitration agreements." Dkt. 58, 3:10-11. | Undisputed. | N/A | |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

| | | | |
|---|---|---|---|
| 58.    Again, Menzies did not assert any intent to file a motion to compel arbitration, but reiterated its prior representation to the Court in 2022 that "Menzies does not anticipate filing any motions regarding parties, claims, amended pleadings, venue or other procedural matters." Dkt. 58; 6:23-25. | Disputed. | Menzies stated that it was addressing the import of the arbitration agreement and class waiver at the class certification stage.  [Dkt. 58, 3:8-11.] | Menzies' cited language states that it "disputes that Plaintiffs' claims are suitable for class treatment, as set forth in greater detail in its Opposition to Plaintiffs' Motion for Class Certification, including in part that the vast majority of the putative class is subject to enforceable arbitration agreements."  [Dkt. 58, 3:8-11.] Nothing in the Joint Rule 26(f) report states any intent on the part of Menzies to file a Motion to Compel Arbitration, or |

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| | | | otherwise contradicts Menzies' assertion that it would not be filing "any motions regarding parties, claims, amended pleadings, venue or other procedural matters." |
| 59.    Menzies did, however, state that it "anticipate[d] filing a motion for summary judgment, or summary adjudication, on the issue of whether one or more of the claims asserted by Plaintiffs are preempted by an applicable collective bargaining agreement, among others." Dkt. 58, 7:2-4. | Undisputed the report contains the quoted language. | *See* Menzies' Footnote 1. | Material as to whether Menzies' intentional acts vis-à-vis the present court action, including its stated intent to seek broad judicial relief via a Rule 56 motion, are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 60.    Menzies, like Plaintiffs, requested the Court for a jury trial on the class claims. Dkt. 58, 12:23. | Undisputed, although Menzies questions whether this fact is material. | N/A | Material as to whether Menzies' intentional acts vis-à-vis the present court action, including in seeking to avail of the judicial benefits afforded to litigants remaining in court, are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 61.    Menzies reaffirmed its prior selection of ADR Procedure No. 1, indicating Menzies' choice to seek the assistance of a magistrate judge for settlement of the claims made against it in this litigation. Dkt. 58, 12:4-5. | Undisputed, although Menzies questions whether this fact is material. | | Material as to whether Menzies' intentional acts vis-à-vis the present court action, including in seeking to avail of the judicial benefits afforded to litigants remaining in court, are inconsistent with its purported right to compel arbitration. *See Hill*, *supra*. |
| 62.    On September 14, 2023, Menzies filed a Motion for Partial Summary Judgment. Sayas Decl. ¶ 44; Dkt. 65. | Undisputed. | | |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 63.    Menzies sought judgment from this Court to dismiss the entire Third Cause of Action in the SAC for failure to indemnify Plaintiffs and Class Members for business expenses they incurred in the discharge of their duties in violation of California Labor Code § 2802. Sayas Decl. ¶ 45; Dkt. 65. | Disputed. | Menzies' motion is directed only to Plaintiffs' claims given there was no class certified at the time of the motion's filing.  [Dkt. 65; *cf*. Dkt. 69.] | Menzies' Motion for Partial Summary Judgment argued that Plaintiffs' reimbursement claim as to all employees, *see* Dkt. 65-1, p. 10:13-16, is preempted in that it required interpretation of CBA language, in support of which Menzies submitted the seven (7) CBAs relevant for all class members, rather than only the CBA applicable to the named plaintiffs.  Dkt. 65-7 (Declaration of Bazerkanian), p. 3:14 – 4:22. |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 64.    An adjudication of this motion by this Court in Menzies' favor would have adversely impacted the wage reimbursement claims not only of named Plaintiffs but also of the entire class, thereby seeking the significant benefit of an order dismissing class claims – relief it would not have obtained in arbitration Sayas Decl. ¶ 46. | Disputed. | This is a question of law inappropriate for a statement of facts.  *See* Dkt. 57 (Civil Standing Order for Judge Vera), p. 10, lines 18-19.  Menzies' motion was also directed only to Plaintiffs' claims given there was no class certified at the time of the motion's filing.  [Dkt. 65; *cf.* Dkt. 69.]. | Menzies' Motion for Partial Summary Judgment argued that Plaintiffs' reimbursement claim as to all employees, *see* Dkt. 65-1, p. 10:13-16, is preempted in that it required interpretation of CBA language, in support of which Menzies submitted the seven (7) CBAs relevant for all class members, rather than only the CBA applicable to the named plaintiffs.  Dkt. 65-7 (Declaration of Bazerkanian), p. 3:14 – 4:22. |

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 65.    The Court denied Menzies' Motion for Partial Summary Judgment on December 7, 2023. Sayas Decl. ¶ 47; Dkt. 68. | Undisputed. | | |
| 66.    On February 8, 2024, the Court granted Plaintiffs' Motion for Class Certification, including with respect to Plaintiffs' Labor Code Section 2802 reimbursement claim. Sayas Decl. ¶ 48; Dkt. 69. | Undisputed. | N/A | |
| 67.    On February 22, 2024, Menzies filed a motion for reconsideration of the Court's order granting Plaintiffs' motion for class certification. Sayas Decl. ¶ 49; Dkt. 70. | Undisputed | N/A | |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 68.    In its motion, Menzies asserts that "the Court certified a class containing thousands of individuals across dozens of job classifications that do not have standing to participate in class action litigation generally and this class specifically – including Plaintiff Amaya." Sayas Decl. ¶ 50; Dkt. 70, 5:9-12. | Undisputed. | N/A | |
| 69.    Menzies did not, however, move nor assert an intent to file any motion(s) to compel any of those thousands of individuals to proceed to individual arbitrations. Sayas Decl., ¶ 51; Dkt. 70. | Undisputed that Menzies has not moved to compel arbitration in this case as of this motion. | *See* Menzies' Footnote 1. | Material as to whether Menzies' intentional acts vis-à-vis the present court action are inconsistent with its purported right to compel arbitration. *See Hill, supra.* |

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2

## CONCLUSIONS OF LAW

| **Conclusions of Law** | **Relevant Facts** |
|---|---|
| Menzies had knowledge of its existing right to arbitrate no later than September 8, 2022. | Facts 1-6, 9, 10. |
| Menzies has acted inconsistently with that right. | Facts 7-8, 11-69. |
| Menzies accordingly has waived its right to arbitrate. *Morgan v Sundance, Inc.*, 596 U.S. 411 (2022)*; Hill v. Xerox Business Services, LLC*, 59 F.4th 457, 460 (9th Cir. 2023); *Salas v. Toyota Motor Sales,, U.S.A. Inc.*, Case No. 2:15-cv-08629-HDV-E, 2024 WL 606166 *7 (C.D. Cal. Jan. 10, 2024). | |
| The Twenty-Fourth Affirmative Defense (Arbitration) in Menzies' Answer to the Second Amended Complaint should be stricken. | |

4894-8277-7784.2

1   DATED: May 9, 2024                    **LAW OFFICES OF C. JOE SAYAS, JR. and**

2                                         **KING CHENG MILLER & JIN LLP**

3

4                                         By:    _/s/ C. Joe Sayas, Jr._

5                                                C. JOE SAYAS, JR.

6                                                KARL P. EVANGELISTA
                                                 Attorneys for Plaintiffs
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND GENUINE DISPUTES
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

4894-8277-7784.2