CHRISTOPHER WARD, CA Bar No. 238777
  cward@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE:  213.972.4500
FACSIMILE:   213.486.0065

KEVIN JACKSON, CA Bar No. 278169
  kjackson@foley.com
**FOLEY & LARDNER LLP**
11988 EL CAMINO REAL, SUITE 400
SAN DIEGO, CA 92130-2594
TELEPHONE:  858.847.6700
FACSIMILE:   858.792.6773

Attorneys for Defendant
MENZIES AVIATION (USA), INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA PATRICIA AMAYA, an individual; and ANIBAL SILVA, an individual; on behalf of themselves and others similarly situated, | Case No. 2:22-cv-05915-HDV-MARx |
| | CLASS ACTION |
| Plaintiffs, | **DEFENDANT'S STATEMENT OF ADDITIONAL UNCONTROVERTED MATERIAL FACTS AND GENUINE DISPUTES IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| vs. | |
| MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | Date:      June 20, 2024 |
| | Time:      10:00 a.m. |
| | Judge:    Hon. Hernán D. Vera |
| | Ctrm:     5B, 5th Floor, First Street U.S. Courthouse |

**DEFENDANT'S STATEMENT OF ADDITIONAL UNCONTROVERTED MATERIAL FACTS AND GENUINE DISPUTES IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**
4884-2672-6841.1

Pursuant to Local Rule 56-1 and this Court's Standing Order, Defendant Menzies Aviation (USA), Inc. respectfully submit the following Statement of Additional Material Uncontroverted Facts and Genuine Disputes in Opposition to Plaintiffs' Motion for Partial Summary Judgment.

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 70. After the Supreme Court's issued *AT&T Mobility LLC v. Concepcion*, 563 U.S. 321 (2011), adopted an Alternative Dispute Resolution Policy ("ADR Policy") at all its locations in the United States, including its employees in California. Declaration of Talin Bazerkanian ("Bazerkanian Decl."), ¶ 6; Dkt. 50-2. | Undisputed. | | |

**DEFENDANT'S STATEMENT OF ADDITIONAL UNCONTROVERTED MATERIAL FACTS AND GENUINE DISPUTES IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

4884-2672-6841.1

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 71.    The ADR Policy includes a waiver of the right to participate in class or otherwise representative action litigation. Bazerkanian Decl., ¶ 7; Dkt. 50-2. | Undisputed. | | |
| 72.    For California employees hired from August 2018 to the present, every non-exempt employee has agreed in writing to the ADR Policy, and presently other than a small number of exempt employees who have declined, virtually all California Menzies employees have agreed in writing to the ADR Policy.  Bazerkanian Decl., ¶ 8; Dkt. 50-2. | Undisputed. | | |

**DEFENDANT'S STATEMENT OF ADDITIONAL UNCONTROVERTED MATERIAL FACTS AND GENUINE DISPUTES IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

4884-2672-6841.1

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 73.     Between its adoption of the ADR Policy and the July 21, 2021 filing of *Lopez v. Aircraft Serv. Int'l, Inc. and Menzies Aviation (USA), Inc.*, Menzies has succeeded every time either persuading would-be class action litigants to dismiss their class claims, successfully moved to compel individual arbitration, or dissuaded their counsel against pursuing class litigation.  [Ward Decl., ¶ 3.] | Undisputed, but irrelevant on the waiver issue in this case. | | |

**DEFENDANT'S STATEMENT OF ADDITIONAL UNCONTROVERTED MATERIAL FACTS AND GENUINE
DISPUTES IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

4884-2672-6841.1

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 74.    On July 21, 2021, a former employee of Menzies' into-plane fueling operation filed a single cause of action Private Attorneys General Act ("PAGA") complaint currently captioned *Lopez v. Aircraft Serv. Int'l, Inc. and Menzies Aviation (USA), Inc.*, Case No. 2:21-cv-07108 (C.D. Cal).  [*Lopez* Dkt. 1]. | Undisputed, but irrelevant on the waiver issue in this case. | | |
| 75.    The *Lopez* case was the first PAGA-only action filed against Menzies since 2014. [Ward Decl., ¶ 4.]. | Undisputed, but irrelevant on the waiver issue in this case. | | |

**DEFENDANT'S STATEMENT OF ADDITIONAL UNCONTROVERTED MATERIAL FACTS AND GENUINE DISPUTES IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

4884-2672-6841.1

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 76. Menzies moved to stay the *Lopez* matter pending the Supreme Court's anticipated decision in *Viking River Cruises, Inc. v. Moriana*, 596 U.S. ___ (2022). [*Lopez* Dkt. 22.] | Undisputed, but relevance to waiver in the present case is limited to Menzies' failure to likewise move for a stay in this action. | | |
| 77. The Supreme Court issued its opinions in *Viking River* and *Southwest Airlines Co. v. Saxon*, 596 U.S. 450, ___ (2022) in June 2002. *See Viking River* (pub. June 15, 2022); *Saxon* (pub. June 6, 2022). | Undisputed, but irrelevant on the waiver issue in this case. | | |
| 78. Menzies moved to compel arbitration in *Lopez* on July 14, 2002. [*Lopez* Dkt. 29.] | Undisputed, but relevance to waiver in the present case is limited to Menzies' failure to likewise move to compel arbitration in this action. | | |

**DEFENDANT'S STATEMENT OF ADDITIONAL UNCONTROVERTED MATERIAL FACTS AND GENUINE DISPUTES IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

4884-2672-6841.1

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 79.     Lopez opposed the motion to compel arbitration in part arguing he was a "transportation worker" under *Saxon*.  [*Lopez* Dkt. 34.] | Undisputed, but relevance to waiver in the present case is limited to Menzies' failure to likewise move to compel arbitration in this action. | | |
| 80.     On December 13, 2022 the Hon. Dolly M. Gee denied Menzies' motion to compel in *Lopez*, writing that "an employee who adds fuel to cargo planes is not literally moving goods" but is in "physical and temporal proximity to the interstate movement of goods" and "so closely related to interstate transportation as to be practically a part of it."  [*Lopez* Dkt. 39.] | Undisputed, but relevance to waiver in the present case is limited to Menzies' failure to likewise move to compel arbitration in this action. | | |

**DEFENDANT'S STATEMENT OF ADDITIONAL UNCONTROVERTED MATERIAL FACTS AND GENUINE DISPUTES IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

4884-2672-6841.1

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 81. On January 9, 2023, Menzies appealed Judge Gee's Order denying its Motion to Compel Arbitration. [*Lopez* Dkt. 41.] | Undisputed, but relevance to waiver in the present case is limited to Menzies' failure to likewise move to compel arbitration in this action. | | |
| 82. Menzies filed its Opening Brief in *Lopez* on April 10, 2023, Lopez filed his Opposition Brief on August 22, 2023, and Menzies filed its Reply Brief on October 19, 2023. [*Danny Lopez v. Aircraft Service Int'l, Inc., et al.*, Case No. 23-55015 (9th Cir.), Dkts. 10-41.] | Undisputed, but relevance to waiver in the present case is limited to Menzies' failure to likewise move to compel arbitration in this action. | | |

**DEFENDANT'S STATEMENT OF ADDITIONAL UNCONTROVERTED MATERIAL FACTS AND GENUINE DISPUTES IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

4884-2672-6841.1

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 83.    The Ninth Circuit held oral argument in *Lopez* on January 8, 2024 and has yet to issue an opinion.  [*Lopez* App. Dkt. 51.] | Undisputed, but relevance to waiver in the present case is limited to Menzies' failure to likewise move to compel arbitration in this action. | | |
| 84.    Menzies notified this Court of the *Lopez* matter at Footnote 1 of its Opposition to Plaintiffs' Motion for Class Certification. [Dkt. 50.] | Undisputed, but relevance to waiver in the present case is limited to Menzies' failure to likewise move to compel arbitration in this action. | | |
| 85.    Plaintiffs served Menzies with the First Amended Complaint on September 21, 2022. [Ward Decl., ¶ 5.] | Undisputed. | | |

**DEFENDANT'S STATEMENT OF ADDITIONAL UNCONTROVERTED MATERIAL FACTS AND GENUINE DISPUTES IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

4884-2672-6841.1

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 86.    Menzies did not know Plaintiffs had filed the FAC before receiving service on September 21, 2022. [Ward Decl., ¶ 6.] | Undisputed in that Plaintiffs and their counsel have no understanding of Menzies' asserted state of mind. It is irrelevant. | | |
| 87.    During the October 11, 2022 telephone conference, counsel for Menizes asked for additional time respond to the FAC because he and Menzies wanted to consider its options regarding potential arbitration. [Ward Decl., ¶ 7.] | Undisputed in that Plaintiffs and their counsel have no knowledge regarding Menzies' motivations for requesting an extension of the deadline to file a Motion to Compel Arbitration or other responsive pleading. | | |

**DEFENDANT'S STATEMENT OF ADDITIONAL UNCONTROVERTED MATERIAL FACTS AND GENUINE DISPUTES IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**
4884-2672-6841.1

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 88.    Menzies and counsel concluded that a successful motion to compel arbitration as to Amaya would still require litigation of class claims advanced by Plaintiff Gonzalez. [Ward Decl., ¶ 8.] | Undisputed in that Plaintiffs and their counsel have no understanding of Menzies' asserted state of mind, but irrelevant. | | |

**DEFENDANT'S STATEMENT OF ADDITIONAL UNCONTROVERTED MATERIAL FACTS AND GENUINE DISPUTES IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

4884-2672-6841.1

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 89.    In light of the pending ruling on Menzies' motion to compel arbitration in *Lopez*, Menzies and counsel concluded a parallel motion to compel arbitration only as to Plaintiff Amaya would result in unnecessary motion practice for all parties that would be affected by how Judge Gee ruled in *Lopez*.  [Ward Decl., ¶ 8.] | Undisputed in that Plaintiffs and their counsel have no understanding of Menzies' asserted state of mind. Disputed as to Menzies' analysis as to the import of a *Lopez* ruling in this case.Disputed as to whether motion to compel Amaya's arbitration is unnecessary. | Plaintiffs disagree that a District Court determination of arbitrability in *Lopez* would have a dispositive effect on the issue of arbitrability in this case, or that an adjudication limited to fuelers would necessarily have bearing on the issue of arbitrability for non-fuelers. A motion to compel Amaya's arbitration is necessary to preserve Menzies' right to arbitrate. | |

**DEFENDANT'S STATEMENT OF ADDITIONAL UNCONTROVERTED MATERIAL FACTS AND GENUINE DISPUTES IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

4884-2672-6841.1

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 90.    Based on Menzies' and its counsel's conclusions, Menzies answered the FAC and asserted affirmative defenses. [Ward Decl., ¶ 9; Dkt. 12.] | Undisputed in that Plaintiffs and their counsel have no understanding of Menzies' asserted state of mind. | In its Motion for Reconsideration, Menzies stated that it elected to file its Answer to the FAC. Dkt.70. | |
| 91.    Menzies produced exemplar ADR Policy agreements and those signed by Amaya and Gonzalez in response to Plaintiffs' discovery requests.  [Ward Decl., ¶ 10; Dkt. 50.] | Undisputed. | | |
| 92.    Menzies' counsel asked questions to authenticate Amaya's ADR Policy agreement during her deposition. [Dkt. 50, p. 13, ln. 8-19.] | Undisputed. | | |

**DEFENDANT'S STATEMENT OF ADDITIONAL UNCONTROVERTED MATERIAL FACTS AND GENUINE DISPUTES IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**
4884-2672-6841.1

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 93.    After Plaintiffs filed the SAC replacing Gonzalez with Silva as party plaintiff, Menzies and counsel concluded that a successful motion to compel arbitration as to Amaya will still require litigation of class claims advanced by Plaintiff Silva.  [Ward Decl., ¶ 11.] | Undisputed in that Plaintiffs and their counsel have no understanding of Menzies' asserted state of mind. | | |
| 94.    Menzies' counsel asked questions to authenticate Silva's ADR Policy agreement during his deposition. [Dkt. 50, p. 13, ln. 8-19.] | Undisputed. | | |
| 95.    Plaintiffs' briefing in support of class certification identifies arbitration as a common question appropriate for class action treatment. [Dkt. 53, II(A), p. 1:16-2:16.] | Undisputed. | | |

**DEFENDANT'S STATEMENT OF ADDITIONAL UNCONTROVERTED MATERIAL FACTS AND GENUINE DISPUTES IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

4884-2672-6841.1

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 96.    During a status conference held by the Court, counsel for Menzies asked to have Plaintiffs' Motion for Class Certification and its proposed Motion for Partial Summary Judgment at the same time based on counsel's belief that that the issues presented in a partial summary judgment would be relevant to Plaintiffs' individual ability to serve as class representatives.  [Ward Decl., ¶ 12; Dkt. 64.] | Undisputed in that Plaintiffs and their counsel have no understanding of Menzies' asserted state of mind | | |
| 97.    The Court reset the hearing on Plaintiffs' Motion for Class Certification for October 25, 2023.  [Dkt. 64.] | Undisputed. | | |

4884-2672-6841.1

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 98.    During the October 25, 2023 hearing, Menzies' counsel argued that arbitration was a barrier to class certification. [Ward Decl., ¶ 13.] | Undisputed to the extent that Menzies argued that arbitration was a barrier to satisfaction of the requirements set out in Rule 23 of the Federal Rules of Civil Procedure. | | |
| 99.    On February 22, 2024, Menzies filed a Petition for Permission to Appeal Under Rule 23(f) with the Ninth Circuit which cited *In re Marriott Int'l, Inc.*, 78 F.4th 677 (4th Cir. 2023).  [Ward Decl., ¶ 14.] | Undisputed. | | |

**DEFENDANT'S STATEMENT OF ADDITIONAL UNCONTROVERTED MATERIAL FACTS AND GENUINE DISPUTES IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**
4884-2672-6841.1

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 100.   On February 22, 2024, Menzies filed a Motion for Reconsideration with the Court which cited *In re Marriott Int'l, Inc.*, 78 F.4th 677 (4th Cir. 2023).  [Dkt. 70.] | Undisputed. | | |

## CONCLUSIONS OF LAW

| Conclusions of Law | Relevant Facts |
|---|---|
| Menzies had knowledge of its existing right to arbitrate no later than September 8, 2022. | Facts 1-6, 9, 10. (Not disputed). |
| Menzies has acted consistently with that right. | Facts 70-100. |
| Menzies has not waived its right to arbitrate. *Hill v. Xerox Business Services, LLC*, 59 F.4th 457, 460 (9th Cir. 2023); *Salas v. Toyota Motor Sales,, U.S.A. Inc.*, Case No. 2:15-cv-08629-HDV-E, 2024 WL 606166 *7 (C.D. Cal. Jan. 10, 2024). | Facts 70-100. |
| The Twenty-Fourth Affirmative Defense (Arbitration) in Menzies' Answer to the | Facts 70-100. |

**DEFENDANT'S STATEMENT OF ADDITIONAL UNCONTROVERTED MATERIAL FACTS AND GENUINE DISPUTES IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**
4884-2672-6841.1

| Second Amended Complaint should not be stricken. | |
|---|---|

DATED: April 25, 2024 **FOLEY & LARDNER, LLP**

By:     _/s/ Christopher Ward._
Christopher G. Ward
Kevin Jackson
Attorneys for Plaintiffs

**DEFENDANT'S STATEMENT OF ADDITIONAL UNCONTROVERTED MATERIAL FACTS AND GENUINE DISPUTES IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**
4884-2672-6841.1