C. JOE SAYAS, JR. (CA Bar No. 122397)
KARL P. EVANGELISTA (CA Bar No. 250685)
**LAW OFFICES OF C. JOE SAYAS, JR.**
500 N. Brand Boulevard, Suite 2000
Glendale, California 91203
Telephone: (818) 291-0088
Facsimile: (818) 240-9955

DAVID P. KING (CA Bar No. 136765)
**KING CHENG MILLER & JIN, LLP**
150 N. Santa Anita Ave., Suite 410
Arcadia, California 91006
Telephone: (626) 304-9001
Facsimile: (626) 304-9002

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA PATRICIA AMAYA, an individual; and ANIBAL SILVA, an individual; on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:22-cv-05915-HDV-MARx<br><br>CLASS ACTION<br><br>**DECLARATION OF C. JOE SAYAS, JR. IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:   June 20, 2024<br>Time:   10:00 a.m.<br>Judge:  Hon. Hernán D. Vera<br>Ctrm:   5B, 5th Floor,<br>         First Street U.S. Courthouse |

s

## DECLARATION OF C. JOE SAYAS, JR.

I, C. Joe Sayas, Jr., hereby declare:

1. I am an attorney admitted to practice before this Court and all the courts of the State of California. I am counsel of record for Plaintiffs Dora Patricia Amaya and Anibal Silva (collectively, "Plaintiffs") in this action. I have personal knowledge of the facts stated in this declaration, and, if called as a witness, I could and would competently testify thereto.

2. A true and correct copy of a September 8, 2022 letter that I received from Kevin Jackson, writing as counsel for Defendant Menzies Aviation (USA), Inc., is attached hereto as **Exhibit 1**. Mr. Jackson's letter asserted that Ms. Amaya signed an Alternative Dispute Resolution Agreement that Menzies asserted required Ms. Amaya to submit all employment disputes to arbitration.

3. I responded in a September 29, 2022 letter, a true and correct copy of which is attached hereto as **Exhibit 2.**

4. Attached hereto as **Exhibit 3** is a true and correct copy of an October 11, 2022 email I that received from Mr. Jackson, which confirmed that Plaintiffs agreed to give Menzies a 2-week extension "to file its responsive pleading, including a Motion to Compel Arbitration." Despite the extension granted, Menzies did not file a motion in this action to compel Amaya to arbitrate.

5. Menzies did not ask leave of Court to be relieved from its case management and discovery obligations as a party litigant in this case; instead, Menzies' counsel met-and-conferred and exchanged communications with Plaintiffs' counsel to discuss discovery and motion matters, as well as scheduling management, including a trial estimate, in this case.

6. From these discussions, the parties filed their "Joint Federal Rule of Civil Procedure 26(f) Report for Scheduling Conference on December 5, 2022." *See* Dkt. 19.

7. From this Court's list of ADR Procedures under Local Rule 16-15.4, Menzies elected ADR Procedure No. 1 which involves an appearance before a

1  magistrate judge for settlement proceedings rather than ADR Procedure No. 3 – a
2  private dispute resolution proceeding. *See also* Dkt. 19, 7:15-17.

3      8.    On December 2, 2022, Plaintiffs served Interrogatories requesting
4  discovery of the names and contact information of all Class Members but Menzies
5  objected.

6      9.    In a discovery dispute adjudicated before Magistrate Judge Margo A.
7  Rocconi. Menzies sought the following relief from the Court: a) that the Court impose
8  the *Belaire-West* notice and opt-out procedures that Plaintiffs must follow before
9  Menzies provides the class information; b) that the Court order Plaintiffs to pay the
10 costs of administering the notice and opt-out procedures; and c) that Plaintiffs' counsel
11 be required to provide certain information or disclosures to Class Members if they
12 communicate with them.

13     10.    On February 6, 2023, the Court denied Menzies' first two requests for
14 relief, ordering Menzies to provide the class information without the *Belaire-West*
15 notice and denied Menzies' "Motion for Plaintiffs to pay the cost of the *Belaire-West*
16 notice." However, the Court partly granted Menzies' third request that Plaintiffs
17 provide certain disclosures in its communications with Class Members. *See* Dkt. 28, at
18 4-5.

19     11.    Subsequently, Menzies' counsel met-and-conferred with Plaintiffs' counsel
20 to jointly prepare and eventually filed a Stipulated Protective Order ("SPO"), and the
21 Magistrate Judge granted approval of the SPO on February 24, 2023. *See* Dkt. 31.

22     12.    Menzies' counsel coordinated with Plaintiffs' counsel in jointly preparing
23 a Class Certification Dates Worksheet that contains the parties' agreed dates on class
24 certification briefings, expert discovery cut-off, expert disclosure, and non-expert
25 discovery cut-off. *See* Dkts. 19, 32, 34, 36.

26     13.    In a rolling production until March 16, 2023, Menzies then produced
27 voluminous time and pay records including extensive electronic data pertaining to
28 approximately 5,462 Class Members. *See* Dkt. 44-1, at 3:3-4.

14. In communications with Class Members that followed, Plaintiffs' counsel incorporated the disclosures sought by Menzies and which were ordered by the Court.

15. Menzies participated in extensive discovery in terms of conducting and responding to various discovery modes within the context of this litigation.

16. Menzies's discovery sought information regarding claims not only of the named Plaintiffs but expanded its scope to include claims made on behalf of Class Members.

17. Menzies Fed.R.Civ.P. Rule 34 Requests for Production of Documents, for instance, sought production of the following: "REQUEST FOR PRODUCTION NO. 22: All DOCUMENTS that RELATE TO YOUR allegation in the COMPLAINT that DEFENDANT "continue[s] to fail to provide CLASS MEMBERS with all accrued wages and compensation within the time limits prescribed by the California Labor Code.'"

18. Menzies' broad discovery also sought the following: "REQUEST FOR PRODUCTION NO. 5: All DOCUMENTS which RELATE TO the allegations of this action or the allegations in the COMPLAINT, including statements, declarations, affidavits, and electronic recordings, but excluding pleadings filed and served in this action."

19. Menzies' broad discovery also sought the following: "REQUEST FOR PRODUCTION NO. 6: All DOCUMENTS which RELATE TO any COMMUNICATIONS between YOU and anyone other than YOUR attorneys regarding the allegations in the COMPLAINT."

20. Menzies' broad discovery also sought the following: "REQUEST FOR PRODUCTION NO. 7: All DOCUMENTS which RELATE TO any written or recorded statements obtained or received by YOU concerning any of the allegations in the COMPLAINT."

21. Menzies' broad discovery also sought the following: "REQUEST FOR PRODUCTION NO. 10: All DOCUMENTS that RELATE TO injuries for which YOU seek damages in the COMPLAINT."

22. Menzies' broad discovery also sought the following: "REQUEST FOR PRODUCTION NO. 20: All DOCUMENTS that RELATE TO YOUR allegation in the COMPLAINT that DEFENDANT has engaged in 'unfair business practices.'"

23. Within the framework of this litigation, Menzies took the depositions of Plaintiff Amaya on April 26, 2023, and Plaintiff Silva on May 19, 2023.

24. In depositions of both Amaya and Silva, Menzies inquired on matters pertaining to claims of the individual Plaintiffs as well as those other claims made on behalf of the class.

25. In taking both Plaintiffs' depositions, Menzies inquired about their qualifications to serve as class representatives, their knowledge of Menzies operations, and company-wide employment practices as they apply to other employees and those outside the Plaintiff's departments and locations. True and correct copies of excerpts from the deposition of Plaintiff Silva are attached hereto as **Exhibit 4.** True and correct copies of excerpts from the April 26, 2023 deposition of Plaintiff Amaya are attached hereto as **Exhibit 5**.

26. Menzies produced its Rule 30(b)(6) designee and six of its managers and participated in multiple depositions noticed by Plaintiffs.

27. Much time was spent between Menzies' and Plaintiffs' counsel in meet-and-confer discussions on the necessity of and arranging managers' deposition dates and discussing the need to complete these depositions before the class certification briefings.

28. Menzies continued to engage in meet and confer discussions on additional depositions and interrogatories that may exceed the number allowed under the Federal Rules of Civil Procedure.

29. Menzies also provided answers to Plaintiffs' First Set of Interrogatories, while its compliance with Plaintiffs' Second Set of Interrogatories remains pending.

30. Menzies produced additional categories of documents other than the time and pay records in further response to Plaintiffs Rule 34 Request.

31. Menzies and Plaintiffs' counsel recently completed their prolonged pre-filing meet-and-confer communications on Menzies' compliance with Plaintiffs' Interrogatories and Requests for Production in compliance with Local Rule 37-1, but were unable to resolve their disputes.

32. On April 2, 2024, Plaintiffs emailed the parties' request for a Pre-Motion Telephonic Conference with the Magistrate Judge and provided three alternative times agreed between the parties, as required by the Judge's Procedures on Discovery Motions.

33. If the discovery disputes are not resolved, Joint Stipulations regarding Plaintiffs' Motion to Compel Menzies' Compliance will be filed for adjudication by the Magistrate Judge.

34. After electing to file an Answer to Plaintiffs' First Amended Complaint, Menzies then stipulated with Plaintiffs to file the Second Amended Complaint ("SAC"). *See* Dkts. 38, 39.

35. The SAC, filed on May 9, 2023, names Amaya and Anibal Silva ("Silva") as Plaintiffs on behalf of themselves and others similarly situated; Silva, another ramp agent, replaced Brayan Gonzales as a named Plaintiff. *See* Dkt. 40.

36. Menzies again elected to file an Answer to the SAC on June 5, 2023, which similarly asserted a Twenty-Fourth Defense (Arbitration). *See* Dkt. 45, Page 13 of 13.

37. As of the time of its Answer to the SAC, Menzies had not filed a motion to compel arbitration.

38. Plaintiffs filed their Motion for Class Certification on May 22, 2023. *See* Dkt. 41.

39. In Menzies' June 12, 2023 Opposition to the Motion for Class Certification, it asserted: "At all times during the class period, Menzies has maintained an Alternative Dispute Resolution mechanism by which employees waive their right to present various claims – including *all* the class claims at issue here – in any forum other than binding individual arbitration. [[Declaration of Talin Bazerkanian] ¶¶ 6-7, Ex. H.] Pursuant to that policy, each employee who enters into an ADR Agreement agrees that the ADR Policy 'prohibits you from joining or otherwise participating in a class action or as a collective action representative, or otherwise consolidating a covered claim with the claims of others.' [*Id.*] Virtually all of Menzies' California non-exempt employees are subject to the ADR Policy – including *both* Plaintiffs and *every one* of the declarants relied upon by Plaintiffs in support of their Motion. [*Id.* ¶ 8.]" *See* Dkt. 50, Page 10 of 23, at lines 6-15.

40. Despite the foregoing statement in its Opposition, Menzies failed to move the Court for an order compelling Amaya, Silva, or any of the declarants in support of Plaintiffs' Motion for class certification, or to assert its intent to file such motion to compel arbitration. In the same Opposition to Plaintiffs' Motion for Class Certification, Menzies asked the Court to "deny the Motion in its entirety" despite acknowledging that Ramp Agents like Silva are "not so disqualified from arbitration." *See* Dkt. 50, page 25, at lines 21-22; page 3, fn.1.

41. On July 10, 2023, the parties filed a Joint Case Management Statement per Court's Reassignment Order. *See* Dkt. 56.

42. In the Joint Case Management Statement, Menzies mentioned arbitration to the extent that it disputed Plaintiffs' claims as suitable for class treatment, including because "the vast majority of the putative class is subject to enforceable arbitration agreements" (Dkt. 56, 3:18-21), but Menzies again failed to move nor assert any intent to move the Court for an order compelling arbitration.

43. On July 27, 2023, the parties filed a Joint Rule 26(f) Report for August 24, 2023 Scheduling Conference. *See* Dkt. 58.

44. On September 14, 2023, Menzies filed a Motion for Partial Summary Judgment. *See* Dkt. 65.

45. Menzies sought judgment from this Court to dismiss the entire Third Cause of Action in the SAC for failure to indemnify Plaintiffs and Class Members for business expenses they incurred in the discharge of their duties in violation of California Labor Code § 2802. *See* Dkt. 65.

46. An adjudication of this motion by this Court in Menzies' favor would have adversely impacted the wage reimbursement claims not only of named Plaintiffs but also of the entire class,. Menzies therefore sought in this litigation a court order dismissing class claims against it – a significant benefit it would not have obtained in arbitration.

47. The Court denied Menzies' Motion for Partial Summary Judgment on December 7, 2023. *See* Dkt. 68.

48. On February 8, 2024, the Court granted Plaintiffs' Motion for Class Certification, including with respect to Plaintiffs' Section 2802 reimbursement claim. *See* Dkt. 69.

49. On February 22, 2024, Menzies filed a motion for reconsideration of the Court's order granting Plaintiffs' motion for class certification. *See* Dkt. 70.

50. In its motion, Menzies asserts that "the Court certified a class containing thousands of individuals across dozens of job classifications that do not have standing to participate in class action litigation generally and this class specifically – including Plaintiff Amaya." *See* Dkt. 70, 5:9-12.

///

51. Menzies did not, however, move nor assert an intent to file any motion(s) to compel Plaintiff Amaya or any of those thousands of individuals to proceed to individual arbitrations. *See* Dkt. 70.

52. On March 21, 2024, I had a teleconference with Menzies' counsel to discuss Plaintiffs' intent to file a motion for partial summary judgment as to the Twenty-Fourth Affirmative Defense (Arbitration) in Menzies' Answer to the Second Amended Complaint, in compliance with Local Rule 7-3. The conference of counsel was conducted in furtherance of my prior e-mail correspondence with Menzies' counsel regarding Plaintiffs' position that Menzies had waived the right to compel arbitration. At the conclusion of this Local Rule 7-3 conference, the parties were unable to reach an agreement that would make Plaintiffs' Motion for Partial Summary Judgment unnecessary.

I declare under penalty of perjury under the laws of the United States and of the State of California that the foregoing is true and correct.

Executed on May 9, 2024 in Glendale, California.

/s/ C. Joe Sayas, Jr.
C. JOE SAYAS, JR.
