CHRISTOPHER WARD, CA Bar No. 238777
   cward@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE:  213.972.4500
FACSIMILE:    213.486.0065

KEVIN JACKSON, CA Bar No. 278169
   kjackson@foley.com
**FOLEY & LARDNER LLP**
11988 EL CAMINO REAL, SUITE 400
SAN DIEGO, CA 92130-2594
TELEPHONE:  858.847.6700
FACSIMILE:    858.792.6773

Attorneys for Defendant
MENZIES AVIATION (USA), INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA PATRICIA AMAYA, an individual; and ANIBAL SILVA, an individual; on behalf of themselves and others similarly situated,<br><br>                              Plaintiffs,<br><br>          vs.<br><br>MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>                              Defendants. | Case No. 2:22-cv-05915-HDV-MARx<br><br>**DECLARATION OF CHRISTOPHER WARD IN SUPPORT OF DEFENDANT MENZIES AVIATION (USA), INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:      June 6, 2024<br>Time:     10:00 a.m.<br>Ctrm.:    5B, 5th Floor<br>Judge:    Hon. Hernán D. Vera<br><br>Complaint Filed:  August 19, 2022<br>FAC Filed:          August 30, 2022<br>SAC Filed:          May 9, 2023 |

## DECLARATION OF CHRISTOPHER WARD

I, Christopher Ward, declare as follows:

1.    I am a partner at Foley & Lardner LLP, counsel of record for Defendant Menzies Aviation (USA), Inc. (hereinafter referred to as "Menzies" or "Defendant") in the above-captioned action.  I am admitted to practice in the United States District Court for the Central District of California.  I have personal knowledge of each of the facts set forth below, and if called to testify, could and would testify competently thereto.

2.    I have represented Menzies for all California Labor & Employment litigation matters since 2005.  Menzies is an international enterprise headquartered in the United Kingdom and has has never employed any in-house legal counsel in the United States for all the time I have represented the enterprise.  As a consequence, for well over a decade I have effectively functioned as Menzies' outside US General Counsel in addition to their primary California Labor & Employment litigation counsel. As such, I have extensive, direct personal knowledge of the Menzies' legal matters and litigation activity attested to in this Declaration.

3.    Between its adoption of the ADR Policy and the July 21, 2021 filing of *Lopez v. Aircraft Serv. Int'l, Inc. and Menzies Aviation (USA), Inc.*, Menzies has asked me to address every threatened class action or PAGA litigation and respond to all such litigation that has been filed.  In every circumstance where the plaintiff or proposed plaintiff has bound himself or herself to the ADR Policy, which I estimate to be bearly a dozen times, I have alerted counsel for these matters to the existence of the ADR Policy and the obligation to proceed, if at all, only in binding arbitration.  In every such circumstance prior to the filing of the *Lopez* matter below, the attorneys representing the proposed plaintiff have either declined to move forward with class action litigation, or in the case of an actual filing, have either dismissed their class claims or unsuccessfully opposed a motion to compel individual arbitration.

4.    On July 21, 2021, a former employee of Menzies' into-plane fueling operation filed a single cause of action Private Attorneys General Act ("PAGA")

WARD DECL ISO OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT
-1-        Case No. 2:22-cv-05915-HDV-MARx

complaint currently captioned *Lopez v. Aircraft Serv. Int'l, Inc. and Menzies Aviation (USA), Inc.*, Case No. 2:21-cv-07108 (C.D. Cal). The *Lopez* case was the first PAGA-only action filed against Menzies since 2014.

5.   Plaintiffs served Menzies with the First Amended Complaint in this matter on September 21, 2022.

6.   Prior to service of the FAC, neither I nor anyone at Menzies had knowledge that Plaintiffs had filed the FAC.

7.   During the October 11, 2022 telephone conference, co-counsel for Menzies, Kevin Jackson, asked for additional time respond to the FAC because he and I, as counsel representing Menzies, wanted to consider the options regarding potential arbitration and make appropriate recommendations to our client as to the most efficient course of action to take and best use of Menzies' resources.

8.   Menzies and counsel concluded from these discussions that a successful motion to compel arbitration as to Amaya would still require Menzies to litigate the class claims advanced by Plaintiff Gonzalez, such that motion practice at that stage would result in Menzies' devoting resources to this litigation that, even if successful, would not change the nature of what Menzies would have to do to defend the case, particularly while the *Lopez* matter was awaiting ruling on a motion to compel arbitration. We thus concluded a parallel motion to compel arbitration only as to Plaintiff Amaya would result in unnecessary motion practice for all parties that would be affected by how Judge Gee ruled in *Lopez*.

9.   Based on Menzies' and our conclusions, Menzies answered the FAC and asserted affirmative defenses that specifically included arbitration.

10.   During discovery, Plaintiffs propounded, among other written discovery, document requests to which the ADR Policy was responsive. Menzies therefore produced Menzies produced exemplar ADR Policy agreements and those signed by Amaya and Gonzalez in response to Plaintiffs' discovery requests.

///

WARD DECL ISO OPPOSITION TO MOTION FOR CLASS CERTIFICATION

-2-                Case No. 2:22-cv-05915-HDV-MARx

11.     After Plaintiffs filed the SAC replacing Gonzalez with Silva as party plaintiff, Mr. Jackson and I conferred to revisit the possibility of a motion to compel arbitration or potential answer, given how the *Lopez* case had progressed in the interim period of time.  Mr. Jackson and I ultimately reached the same conclusions as those detailed in Paragraphs 8-9 of this Declaration.  For those reasons, Menzies elected to answer the SAC again asserting arbitration as an affirmative defense.

12.     During a status conference held by the Court on August 24, 2023 to discuss rescheduling of the hearing on Plaintiffs' Motion for Class Certification after reassignment from another district judge, I asked to have Plaintiffs' Motion for Class Certification set for hearing in a way that would permit its proposed Motion for Partial Summary Judgment to be heard on the same date.  I explained my reasoning for this request that I believed the issues presented in a partial summary judgment would be relevant to Plaintiffs' individual ability to serve as class representatives and it would thus be an efficiency in my view to address all those questions in a consolidated hearing.

13.     During the October 25, 2023 hearing, I argued, among other reasons, that the class proposed by Plaintiffs was not proper for certification because arbitration was a barrier to class certification.

14.     On February 22, 2024, Menzies filed a Petition for Permission to Appeal Under Rule 23(f) with the Ninth Circuit which cited *In re Marriott Int'l, Inc.*, 78 F.4th 677 (4th Cir. 2023).

15.     Throughout the materials submitted in support of their partial motion for summary judgment, Plaintiffs characterize portions of status reports and other materials submitted jointly to the Court as detailing Menzies' litigation plans and strategy. Menzies' litigation plan and strategies are of course attorney work product based on attorney-client communications.  What Menzies has elected to put in a joint report submitted to the Court certainly does not fully capture its work product- and privileged-protected strategic considerations and it is my view that it would be inappropriate to fully describe litigation plans and strategies in joint reports submitting to a court.

1    I declare under penalty of perjury under the laws of the States of California and

2    Illinois and the United States that the foregoing is true and correct.

3    Executed on April 25, 2024 at Chicago, Illinois.

4

5    /s/ Christopher Ward                                s
     Christopher Ward

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4874-4964-5497.1