C. JOE SAYAS, JR. (CA Bar No. 122397)
KARL P. EVANGELISTA (CA Bar No. 250685)
**LAW OFFICES OF C. JOE SAYAS, JR.**
500 N. Brand Boulevard, Suite 2000
Glendale, California 91203
Telephone: (818) 291-0088
Facsimile: (818) 240-9955

DAVID P. KING (CA Bar No. 136765)
**KING CHENG MILLER & JIN, LLP**
150 N. Santa Anita Ave., Ste. 410
Arcadia, California 91006
Telephone: (626) 304-9001
Facsimile: (626) 304-9002

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA PATRICIA AMAYA, an individual; and ANIBAL SILVA, an individual; on behalf of themselves and others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | Case No. 2:22-cv-05915-HDV-MARx<br><br>CLASS ACTION<br><br>**APPLICATION FOR APPOINTMENT OF C. JOE SAYAS, JR., ESQ. AND DAVID P. KING, ESQ. AS CLASS COUNSEL** |

---

a
APPLICATION FOR APPOINTMENT OF C. JOE SAYAS, JR., ESQ. AND DAVID P. KING, ESQ.
AS CLASS COUNSEL

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

On February 8, 2024, this Court issued its "Order Granting Plaintiffs' Motion for Class Certification" (hereafter the "Certification Order"), upon grounds that the class claims asserted by Plaintiffs Dora Patricia Amaya and Anibal Silva (collectively, "Plaintiffs") satisfy the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure ("FRCP"). Dkt. No. 69.

By this Application, Plaintiffs now seek an Order appointing Plaintiffs' co-Lead Counsel—C. Joe Sayas, Jr., Esq. of the Law Offices of C. Joe Sayas, Jr. and David P. King, Esq. of King, Cheng, Miller & Jin, LLP—as co-Class Counsel for the certified class. Mr. Sayas will serve as lead counsel for the Plaintiffs in this case.

## I. PLAINTIFFS' COUNSEL SATISFY THE REQUIREMENTS FOR APPOINTMENT AS CLASS COUNSEL

Unless a specific statute provides otherwise, a court certifying a class must appoint class counsel. *Fed. R. Civ. Proc. 23(g)(1)*. In making such appointment, the court must consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. *Fed. R. Civ. Proc. 23(g)(1)(A)*.

### A. Plaintiffs' Counsel Have Done Extensive Work and Investigation to Identify and Develop the Claims in This Action

As detailed in the Declaration of C. Joe Sayas, Jr. submitted in support of class certification, Plaintiffs' counsel have done extensive work in identifying and investigating the claims in this action. *See* Dkt. No. 41-2, "Declaration of C. Joe Sayas, Jr. in Support of Plaintiffs' Motion for Class Certification," attached hereto as Exhibit A for ease of reference. Through numerous interactions, Plaintiffs' counsel obtained valuable information from Plaintiffs regarding their respective employment experiences at Menzies and the claims asserted in the operative Second Amended Complaint. *See* Dkt. No. 41-2, at ¶ 14; Dkt. No.

---

1
APPLICATION FOR APPOINTMENT OF C. JOE SAYAS, JR., ESQ. AND DAVID P. KING, ESQ. AS CLASS COUNSEL

40. In the course of discovery, Plaintiffs' counsel also obtained the class list in this case through discovery, and a motion to compel filed before the Magistrate Judge, without the limitations of a prolonged *Belaire-West* process sought by Defendant Menzies Aviation (USA), Inc. (hereafter, "Menzies"). *See* Dkt. No. 28. Subsequently, Plaintiffs' counsel caused investigation letters to be sent to putative class members in order to further the investigation of Plaintiffs' claims asserted on behalf of the proposed class. *See* Dkt. No. 41-2, at ¶¶ 11-12. Counsel's investigation letters resulted in important dialogue with numerous class members, including extensive telephone interviews, that investigated these individuals' employment experiences and served to identify all relevant wage-and-hour claims in this litigation. *See* Dkt. No. 41-2, at ¶ 12. Indeed, Plaintiffs' counsel's investigatory work resulted in twenty-nine (29) class-member declarations submitted in support of Plaintiffs' class certification motion. *See* Dkt. No. 41-2, at ¶ 13.

In their discovery, Plaintiffs' counsel obtained voluminous and valuable documents and continue to receive an ongoing production of more documents relevant to the Plaintiffs' causes of action. *See* Dkt. No. 58, at § 8. Counsel took depositions of eight (8) of Menzies' key managers, and are coordinating schedules of additional depositions pending the completion of document production as part of their continuing discovery. *See id*. They worked with defense counsel in the submission of Joint Reports to the Court. *See* Dkt. No. 19, Dkt. No. 56, Dkt. No. 58. In addition to moving for class certification, and opposing Menzies' motion for Reconsideration of the Court Order granting certification, Plaintiffs' counsel also opposed Menzies' summary judgment motion and filed Plaintiffs' separate summary judgment motion. *See* Dkt. No. 41, Dkt. No. 65-2, Dkt. No. 72, Dkt. No. 76.

**B. Plaintiffs' Counsel Have Extensive Experience in Handling Class Actions, Other Complex Litigation, and Wage-and-Hour Claims Similar to Those Asserted in This Litigation**

Plaintiffs' counsel have substantial experience in handling class actions and other complex litigation, including in the type of wage-and-hour claims asserted in this recently-certified class action. *See* Dkt. No. 41-2, at ¶¶ 15-19; Dkt. No. 41-4, "Declaration of David

P. King in Support of Motion for Class Certification," attached hereto as Exhibit B for ease of reference, at ¶¶ 2-6.

### C. Plaintiffs' Counsel Have Extensive Knowledge of the Applicable Wage-and-Hour Laws, and Have Committed to Providing the Necessary Resources to Fairly and Adequately Represent the Class

Plaintiffs' counsel also have extensive knowledge of the California wage-and-hour laws applicable in this litigation, as reflected in the numerous class and individual wage-and-hour cases they have successfully handled. *See* Dkt. No. 41-2, at ¶¶ 15-19; Dkt. No. 41-4, at ¶¶ 2-6. Moreover, they have committed themselves to providing the necessary resources to fairly and adequately litigate this certified class action on behalf of the class. *See* Dkt. No. 41-2, at ¶¶ 15, 18-19.

## II. CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court appoint C. Joe Sayas, Jr., Esq. of the Law Offices of C. Joe Sayas, Jr., and David P. King, Esq. of King, Cheng, Miller & Jin, LLP, as co-Class Counsel for the class previously certified by the Court by its Order dated February 8, 2024.

DATED: May 24, 2024             **LAW OFFICES OF C. JOE SAYAS, JR.**

                                By:   */s/ C. Joe Sayas, Jr.*
                                      C. JOE SAYAS, JR.
                                      Attorneys for Plaintiffs

DATED: May 24, 2024             **KING CHENG MILLER & JIN LLP**

                                By:   */s/ David P. King*
                                      DAVID P. KING
                                      Attorneys for Plaintiffs

**Local Rule 5-4.3.4(a)(2) Attestation**

I, C. Joe Sayas, Jr., hereby attest that all signatories listed above, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.

Dated: Dated: May 24, 2024         /s/ C. Joe Sayas, Jr.
                                                    C. JOE SAYAS, JR.

---