# Exhibit A

**LAW OFFICES OF C. JOE SAYAS, JR.**
C. JOE SAYAS, JR. (Bar No. 122397)
KARL P. EVANGELISTA (Bar No. 250685)
500 N. Brand Boulevard, Suite 980
Glendale, California 91203
Telephone: (818) 291-0088
Facsimile: (818) 240-9955

**KING CHENG MILLER & JIN, LLP**
DAVID P. KING (Bar No. 136765)
3675 Huntington Drive, Suite 200
Pasadena, California 91107
Telephone: (626) 304-9001
Facsimile: (626) 304-9002

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA PATRICIA AMAYA, an individual; and ANIBAL SILVA, an individual; on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: 2:22-cv-05915-MCS-MAR<br>Hon. Mark C. Scarsi<br><br>CLASS ACTION<br><br>**DECLARATION OF C. JOE SAYAS, JR. IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date: July 24, 2023<br>Time: 9:00 a.m.<br>Location: Courtroom 7C |

///
///
///
///
///

1

DECLARATION OF C. JOE SAYAS, JR. IN SUPPORT OF PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION

# DECLARATION OF C. JOE SAYAS, JR.

I, C. Joe Sayas, Jr., hereby declare:

1. I am an attorney admitted to practice before this Court and all the courts of the State of California. I am counsel of record for Plaintiffs Dora Patricia Amaya and Anibal Silva (collectively, "Plaintiffs") in this action. I have personal knowledge of the facts stated in this declaration, and, if called as a witness, I could and would competently testify thereto.

2. Attached hereto as Exhibit 1 is a true and correct copy of relevant excerpts from the transcript of the deposition of Talin Bazerkanian, who was designated by Defendant Menzies Aviation (USA), Inc. ("Menzies") as its representative deponent pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and whose deposition was taken in this case by Plaintiffs on April 13, 2023.

3. Attached hereto as Exhibit 2 is a true and correct copy of relevant excerpts from the transcript of the deposition of Brian Galindo, a managerial employee of Defendant Menzies, whose deposition was taken in this case by Plaintiffs on May 3, 2023.

4. Attached hereto as Exhibit 3 is a true and correct copy of relevant excerpts from the transcript of the deposition of Jose A. Salcedo Garcia, a managerial employee of Defendant Menzies, whose deposition was taken in this case by Plaintiffs on May 5, 2023.

5. Attached hereto as Exhibit 4 is a true and correct copy of relevant excerpts from the transcript of the deposition of Lizette Medina, a managerial employee of Defendant Menzies, whose deposition was taken in this case by Plaintiffs on May 3, 2023.

6. Attached hereto as Exhibit 5 is a true and correct copy of relevant excerpts from the transcript of the deposition of Dave Funes, a managerial employee of Defendant Menzies, whose deposition was taken in this case by Plaintiffs on May 5, 2023.

7. Attached hereto as Exhibit 6 is a true and correct copy of a 4-page document titled "ATTENDANCE MANAGEMENT +POINTS POLICY," which was produced to Plaintiffs by Defendant Menzies in discovery with Bates-stamp number MENZIES_000339 through MENZIES_000342.

DECLARATION OF C. JOE SAYAS, JR. IN SUPPORT OF PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION

8. Attached hereto as <u>Exhibit 7</u> is a true and correct copy of a 2-page document titled "KRONOS MEAL PERIOD CLOCKING POLICY AND REMINDER OF MEAL AND REST PERIOD POLICIES AND REQUIREMENTS," which was produced to Plaintiffs by Defendant Menzies in discovery with Bates-stamp number MENZIES_000440 through MENZIES_000441.

9. Attached hereto as <u>Exhibit 8</u> is a true and correct copy of a 5-page document which are excerpts from a document titled "EMPLOYEE HANDBOOK CALIFORNIA" which was produced to Plaintiffs by Defendant Menzies in discovery with Bates-stamp number MENZIES_000295 through MENZIES_000297, including MENZIES 000306 through MENZIES 000307.

10. Attached hereto as <u>Exhibit 9</u> is a true and correct copy of a 1-page document titled "LAX MISSED PUNCH FORM (MPF)," which was produced to Plaintiffs by Defendant Menzies in discovery with Bates-stamp number MENZIES_000709.

11. During discovery this action, Plaintiffs proffered an interrogatory to Defendant Menzies requesting that it identify and provide contact information (i.e., a class list) of the putative class members in this case, as defined in Plaintiffs' operative Complaint. By Order dated February 16, 2023, this Court ordered Menzies to provide the requested class-list information, pursuant to which Menzies produced a class list containing information for more than 5,000 class members.

12. Upon receipt of the class-list information, my co-counsel and I caused investigation letters to be mailed by our offices to the putative class members. Since then, communications have ensued between numerous class members and Plaintiffs' Team. Plaintiffs' Team also reached out via telephone to other putative class members to obtain information regarding their employment experiences with Menzies.

13. Plaintiffs are submitting twenty-nine (29) declarations from non-party class members who agreed to provide declarations in support of this class certification motion. Plaintiffs are also submitting a declaration from Frederic Poag, the former exempt manager of Menzies with whom Plaintiffs' counsel spoke in the course of our investigation. Mr. Poag's

declaration corroborates many of the wage-and-hour violations described in the class-member declarations.

14.  Plaintiffs and the class members share a common interest in challenging Defendant Menzies' actions as alleged in the operative Complaint. Based on my and co-counsel's interactions with them, I believe Plaintiffs understand the nature of this action and their duties and obligations as class representatives. They have rovided valuable information and ably assisted their counsel in the prosecution of this litigation. I am not aware of any conflict that I, my firm, my co-counsel David King, Esq., or Plaintiffs (i.e., the proposed class representatives), would have in connection with prosecuting the present action on behalf of the proposed class of former and current employees of Defendant Menzies.

15.  I am Lead Counsel for Plaintiffs in this action. Plaintiffs are represented by counsel highly experienced in wage-and-hour class action litigation, and in the event of certification, we will fairly and adequately protect the interests of the class. I have worked as a civil trial attorney in California for more than 30 years, after having completed my academic degrees from the University of the Philippines and Georgetown University Law Center. I have served as lead counsel and tried several jury and bench trials to verdict in Los Angeles, Orange, and San Bernardino Superior Courts. I have also argued before state and federal appellate courts. I have been honored by the Daily Journal as a Top Labor and Employment Attorney in California in 2015. I have been consistently selected as a "Super Lawyer" by the Los Angeles Magazine, and have been a long time member of the Million Dollar Advocates Forum. In recognition of my legal work in the area of employment and civil rights, I have received the 2018 Presidential Award for Outstanding Filipino Overseas from the Office of the President of the Philippines.

16.  My litigation firm has helped thousands of employees recover unpaid compensation, including minimum wage, overtime, employee reimbursements, meal and rest premium wages, by pursuing class and individual actions under the California Labor Code and the federal Fair Labor Standards Act. Since 2006, I have prosecuted private enforcement actions under the California Labor Code Private Attorney General Act of 2004 ("PAGA"),

when the said statute was still in its early stages. Pursuing remedies under state and federal laws, my firm's efforts have led to numerous favorable settlements and recoveries for the benefit of employees. My firm, in collaboration with others, helped recover back wages for a wide cross section of employees, ranging from nurses, respiratory therapists, salespersons, guards, truck drivers, couriers, technicians, bus drivers, office workers, cashiers, janitors, caregivers, parking attendants, domestic workers, pressmen, machinists, bookkeepers, secretaries, accountants, and underwriters. Besides the present case, my law firm has been appointed and served as lead class counsel in a number of cases including the following:

- For a class of 526 truck drivers alleging misclassification as independent contractors in a class action certified by the U.S. District Court for the Central District of California. This case resulted in a $20 million eleventh hour settlement before trial and approved by the Hon. R. Gary Klausner.
- For a class of 540 misclassified port truck drivers in a class action certified by the U.S. District Court for the Central District of California. My firm obtained a summary judgment ruling adjudicating that the drivers are employees and not independent contractors. This case resulted in an $11.04 million recovery pursuant to a settlement which further required Defendants to re-classify its port truck drivers as employees, allowing the drivers to obtain employment benefits including health, retirement, medical and vacation leaves, and Workers Compensation coverage. The case was also significant for establishing a joint employer liability of an affiliated entity that ultimately paid the common fund. Here, the late Hon. Beverly Reid O'Connell of the US District Court acknowledged the "significant time and energy" that class counsel "skillfully devoted to this case."
- For a class of parking employees in a certified class action: Settled for $4.7 million.
- For a class of retirement facility caregivers and other non-exempt employees: Settled for $3.75 million.
- For a class of 190 truck drivers in a certified class action: Settled for $2.72 million.
- For a class of bus drivers denied meal and rest breaks: Settled for $2.15 million.

5

DECLARATION OF C. JOE SAYAS, JR. IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

- For a class of hospital employees: Settled for $1.9 million.
- For a class of supermarket employees: Settled for $1.25 million.
- For a class of laboratory couriers: Settled for $1.1 million, where the Hon. Margaret Morrow of the United States District Court remarked that "counsel achieved an excellent result" given "the factual difficulties plaintiffs faced gathering evidence to prove their claims".
- For a class of mobile radiologists and phlebotomists: Settled for $900,000.
- For a class of skilled nursing facility employees: Settled for $800,000.
- For a class of automotive service technicians: Settled for $700,000.

17. In addition, my firm has obtained recoveries for individual low wage earning employees. These include successful litigation on behalf of: immigrant workers discriminated against due to their race ($8.9 million); a nanny for minimum-wage violations (verdict of $827,500); a data-entry clerk for disability discrimination ($650,000); two housekeepers for overtime violations ($500,000); and a security guard for unpaid wages ($425,000). My firm has also helped individual clients in a variety of civil cases, resulting in the following recoveries:

- For a family in a personal injury lawsuit arising from a disputed pedestrian accident: $4.6 million.
- For a group of policyholders who were sold "vanishing premium" life insurance policies and who sought relief under California's Unfair Competition Law ("UCL"): restitution valued at $3 million.
- For a group of retirees who were sold unsuitable equity indexed annuity policies without appropriate disclosures and sought relief under UCL: $2.25 million.
- For the parents of a mentally disabled man shot and killed by a Long Beach police officer in a federal civil rights case: $2 million
- For a homeowner couple who were denied benefits by their insurance carrier for water damages to their Riverside home: $1.5 million. Another couple from Orange County recovered $650,000, while another homeowner from Los Angeles recovered $500,000 in insurance bad faith actions. The issues involved interpretation of complex

6

DECLARATION OF C. JOE SAYAS, JR. IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

exclusionary provisions and evaluation of insurance claims handling practices.

- For a disabled senior injured while getting off a van operated by a paratransit company: $1 million and change in the company's safety practices.
- For a wife who lost her husband in an accident where the husband rear ended a stopped vehicle on the freeway: $950,000.

18. In this class action, I have been and will be assisted by a team of experienced lawyers who have each litigated employment cases for many years, including Karl P. Evangelista, Esq. at my firm. Mr. Evangelista has been practicing labor and employment litigation for the past 19 years. He began his practice of law in 2004, as an associate in the firm of Messing, Rudavsky & Weliky, P.C., in Boston, Massachusetts, with a concentration on plaintiff-side labor and employment litigation. Mr. Evangelista was then admitted to practice in the State of California in 2007, and joined the Law Offices of C. Joe Sayas, Jr. that same year. He received his *Juris Doctor* from Boston College Law School in 2004, and obtained his Bachelor of Arts degree, *cum laude*, with high departmental honors in History, from Clark University in Worcester, Massachusetts. For the past 19 years, Mr. Evangelista has primarily focused his litigation practice in the area of employment law, handling both individual and class action cases. He has assisted in the planning, investigation, discovery, pleadings and law-and-motion work in this matter.

19. I am also being assisted by my able co-Lead Counsel, David P. King, Esq., of the law firm King Cheng Miller & Jin, LLP. Mr. King received his *Juris Doctor* from The University of Chicago Law School in 1984, and is an accomplished civil trial attorney with decades of litigation experience. He has also been actively assisting in planning, investigation, discovery, and law-and-motion work in this matter.

I declare under penalty of perjury under the laws of the United States and of the State of California that the foregoing is true and correct.

Executed on May 22, 2023 in Glendale, California.

                                           /s/ C. Joe Sayas, Jr.
                                           C. JOE SAYAS, JR.