1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         CENTRAL DISTRICT OF CALIFORNIA

10

11   DORA PATRICIA AMAYA, an individual;          Case No. 2:22-cv-05915 HDV MARx
     and ANIBAL SILVA, and individual; on
12   behalf of themselves and other similarly     **ORDER DENYING PLAINTIFFS'**
     situated,                                    **MOTION FOR PARTIAL SUMMARY**
13                                                **JUDGMENT [76]**
14                      Plaintiffs,

15   v.

16

17   MENZIES AVIATION (USA), INC., a
     Delaware corporation; and DOES 1 through
18   10, inclusive,

19                      Defendants.

20

21

22

23

24

25

26

27

28

                                          1

1    **I.    INTRODUCTION**

2          This class action concerns current and former employees of Menzies Aviation (USA), Inc.

3    ("Menzies") who assert various violations of the California Labor Code.  Pending before the Court is

4    Plaintiffs' Motion for Partial Summary Judgment ("Motion"), which asks the Court to find that

5    Menzies waived its right to arbitrate.  [Dkt. No. 76].

6          The Court finds that Menzies' actions in this litigation are distinct from those supporting

7    waiver in *Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 476 (9th Cir. 2023), and related cases, and

8    are consistent with a defendant participating in litigation in the normal course.  The Court therefore

9    concludes that Menzies has not waived its right to compel arbitration.  The Motion is denied.

10   **II.    RELEVANT BACKGROUND**

11         On August 19, 2022, Dora Patricia Amaya brought this action against Defendant Menzies

12   Aviation USA, Inc. on behalf of herself and others similarly situated.[1]  Complaint [Dkt. No. 1].

13   Amaya amended her pleading with a First [Dkt. No. 7],[2] and later Second Amended Complaint

14   ("SAC") by adding former ramp agent Anibal Silva as a plaintiff and proposed class representative

15   on May 8, 2023.  [Dkt. No. 40].  Plaintiffs allege that Menzies imposed excessive workloads on their

16   non-exempt employees, resulting in (1) failure to pay wages for missed meal periods, in violation of

17   the California Labor Code §§ 226.7 and 512, and Wage Order 9 of the California Industrial Welfare

18   Commission; (2) failure to pay wages for missed rest periods, pursuant to California Labor Code

19   § 226.7 and Wage Order 9; (3) failure to reimburse business expenses, in violation of California

20

---

21   [1] Before this action was filed, on July 21, 2021, a former employee of Menzies filed a Private
     Attorneys General Act complaint, currently captioned as *Lopez v. Aircraft Serv. Int'l, Inc. and*
22   *Menzies Aviation (USA), Inc.,* Case No. 2:21-cv-07108 (C.D. Cal) [Dkt. No. 1].  In June 2022, the
     Supreme Court issued two landmark opinions: *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639
23   (2022), and *Southwest Airlines Co. v. Saxon*, 596 U.S. 450 (2022).  Both decisions portended
     significant impacts on the Menzies ADR Policy and the scope of its enforceability within California.
24   Following these two decisions, Menzies moved to compel arbitration in the *Lopez* action.  Menzies
     appealed the order denying that motion, and an outcome on that matter remains pending in the Ninth
25   Circuit.
26
27   [2] Amaya initially amended her pleading with a First Amended Complaint ("FAC") by adding former
     ramp agent Brayan Lozano Gonzalez as a plaintiff and proposed class representative on August 30,
28   2022, before amending it again on May 8, 2023.  FAC [Dkt. No. 7].

1  Labor Code § 2802 and Wage Order 9; (4) failure to provide accurate, itemized wage statements

2  record keeping under California Labor Code § 226 and Wage Order 9; (5) waiting-time penalties

3  under Labor Code § 203; and (6) unfair competition in violation of Cal. Bus. & Prof. Code § 17200.

4  SAC ¶¶ 40–72.[3]

5      In a September 8, 2022 letter to Plaintiffs' counsel, Menzies' counsel stated that Ms. Amaya

6  signed an Alternative Dispute Resolution Agreement ("ADR Agreement") that purportedly requires

7  her to submit all employment disputes to arbitration and prohibits her from joining a class action or

8  serving as a class representative.  Statement of Undisputed Facts ("SUF") at 3.  On September 9,

9  2022, Plaintiffs' counsel responded with a letter stating that *Southwest Airlines Co. v. Saxon*, 596

10  U.S. 450 (2022), invalidated Menzies' purported arbitration agreement.[4]  SUF at 5.

11      The following year, on May 22, 2023, Plaintiffs filed their Motion to Certify Class ("Class

12  Cert.") [Dkt. No. 41].[5]  Plaintiffs sought to certify a class for "all individuals who worked for

13  Defendant [Menzies] in California as non-exempt employees at any time from the 4-year period

14  preceding the filing of this [action] through the present," SAC ¶ 30, and a subclass for employees

15  who were not provided company-issued cell phones or radios.  Class Cert. at 3.

16      On June 12, 2023, Menzies filed an Opposition to the Motion to Certify Class ("Class Cert.

17  Opp."). [Dkt. No. 50].[6]  Menzies argued that "virtually all of Menzies' California non-exempt

18  employees are subject to the ADR Policy, including both Plaintiffs and every one of the declarants

19  relied upon by Plaintiffs in support of their Motion."  *Id.* at 13.  On October 26, 2023, the Court

20

21  [3] On June 5, 2023, Menezies filed its Answer to Plaintiffs' SAC, denying all claims and raised as its
22  twenty-fourth defense that Plaintiffs (and the putative class they seek to represent) are required to
    submit their claims to final and binding arbitration on an individual basis.  Answer to SAC,
23  Affirmative and Other Defenses ¶ 24 [Dkt. No. 45].

24  [4] In *Saxon*, the United States Supreme Court ruled that ramp agents who physically load and unload
    cargo are exempt from arbitration under Section 1 of the Federal Arbitration Act (9 U.S.C. § 1).
25

26  [5] Plaintiffs filed a Supplement to the Motion on June 6, 2023.  [Dkt. No. 49].

27  [6] After the Opposition to the Motion to Certify Class was filed, this case was transferred to District
    Judge Hernán D. Vera on June 20, 2023.  [Dkt. No. 51].
28

1    heard oral arguments on the class certification motion.  [Dkt. No. 67].  On February 8, 2024, the

2    Court granted Plaintiffs' Motion for Class Certification, establishing a class of all of Menzies' non-

3    exempt employees within the relevant period.[7]  [Dkt. No. 69].  The Court identified the arbitration

4    issue as a common question supporting the propriety of class treatment.  [*Id.* at 9].

5            On September 14, 2023, Menzies filed a Motion for Summary Judgment regarding Plaintiffs'

6    Third Cause of Action, arguing that the claim is preempted by the Labor Management Relations Act

7    and the Railway Labor Act.  [Dkt. No. 65].  The Court denied Menzies' Motion for Summary

8    Judgment on December 7, 2023.  [Dkt. No. 68].

9            Later, on May 9, 2024, the parties filed a joint brief on Plaintiffs' Motion for Partial

10   Summary Judgment as to Menzies' twenty-fourth affirmative defense of arbitration.  The Court

11   heard oral argument on the Motion on June 6, 2024 and took the matter under submission.  [Dkt. No.

12   82].

13   **III.    LEGAL STANDARD**

14           A party may move for summary judgment on a defense.  Fed. R. Civ. P. 56(a).  Summary

15   judgment should be granted "if the movant shows that there is no genuine dispute as to any material

16   fact and the movant is entitled to judgment as a matter of law."  *Id.; accord Wash. Mut. Inc. v.*

17   *United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  Material facts are those that may affect the

18   outcome of the case.  *Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1147 (9th

19   Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A dispute is genuine

20   "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

21   *Liberty Lobby*, 477 U.S. at 248.

22           The moving party bears the initial burden of establishing the absence of a genuine dispute of

23   material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To carry its burden of production,

24   the moving party must either: (1) produce evidence negating an essential element of the nonmoving

25

26   [7] On February 22, 2024, Menzies concurrently filed a (1) a Petition for Permission to Appeal under
     Rule 23(f) with the Ninth Circuit, and (2) a Motion for Reconsideration on the Order Granting

27   Plaintiffs' Motion to Certify Class, arguing that the inclusion of individuals who signed arbitration
     agreements, and waived standing to participate, is contrary to Ninth Circuit authority.  [Dkt. No. 70].

28   The Court denied Menzies' Motion for Reconsideration on May 1, 2024.  [Dkt. No. 75].

1    party's claim or defense; or (2) show that there is an absence of evidence to support the nonmoving

2    party's case. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

3     Once the moving party has met its initial burden, Rule 56(c) requires the nonmoving party to "go

4    beyond the pleadings and by [his or] her own affidavits, or by the 'depositions, answers to

5    interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine

6    issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(c), (e)); *see also Norse v. City of Santa Cruz*,

7    629 F.3d 966, 973 (9th Cir. 2010) ("Rule 56 requires the parties to set out facts they will be able to

8    prove at trial."). "In judging evidence at the summary judgment stage, the court does not make

9    credibility determinations or weigh conflicting evidence." *Soremekun v. Thrifty Payless, Inc.*, 509

10   F.3d 978, 984 (9th Cir. 2007). "Rather, it draws all inferences in the light most favorable to the

11   nonmoving party." *Id.*

12   **IV.    DISCUSSION**

13         Plaintiffs seek a finding that Menzies waived its contractual right to arbitrate. Such waiver of

14   a right to compel arbitration requires "knowledge of an existing right to compel arbitration" and

15   "intentional acts inconsistent with that existing right." *Newirth by & through Newirth v. Aegis*

16   *Senior Communities, LLC*, 931 F.3d 935, 940 (9th Cir. 2019). Because Menzies does not contest

17   that it had knowledge of its arbitration right, the Court focuses its discussion on the second element:

18   actions inconsistent with that right.

19         In the Ninth Circuit, "[t]here is no concrete test to determine whether a party has engaged in

20   acts [] inconsistent with its right to arbitrate; rather, we consider the totality of the parties' actions."

21   *Id.* at 941 (citation omitted). Generally, this element is satisfied when a party's actions "evince[] the

22   party's partiality for a judicial resolution of the claims." *Hill v. Xerox Bus. Servs., LLC*, 59 F.4th

23   457, 472 (9th Cir. 2023); *see Martin v. Yasuda*, 829 F.3d 1118, 1125 (9th Cir. 2016) (noting this

24   element is met "when a party chooses to delay his right to compel arbitration by actively litigating

25   his case to take advantage of being in federal court" (citations omitted)).

26         In considering the totality of a party's actions, the Ninth Circuit has found waiver in a

27   number of circumstances. In *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 759 (9th Cir.

28   1988), the Ninth Circuit held that the defendant waived arbitration after taking into account its

1    "extended silence and much-delayed demand for arbitration," having taken more than two years to

2    move to compel arbitration.  The Ninth Circuit also considers substantive motions that the party

3    filed; the court in *Newirth* took note that the defendant filed a motion to dismiss the arbitrable

4    claims, seeking dismissal with prejudice.  931 F.3d at 942 (citing *Martin*, 829 F.3d at 1126 n.4

5    ("When defendants move for dismissal with prejudice on a key merits issue that would preclude

6    relief as to one or more of plaintiffs' claims . . . they are seeking a ruling on the merits.")); *Kelly v.*

7    *Pub. Util. Dist. No. 2 of Grant Cnty.*, 552 F. App'x 663, 664 (9th Cir. 2014) (reasoning that the

8    defendants' actions litigating a preliminary injunction and a motion to dismiss were inconsistent

9    with preserving their arbitration right).

10          Recently, in *Hill*, the Ninth Circuit found that the defendant waived its right to enforce a

11    2002 arbitration agreement.  In doing so, the Ninth Circuit evaluated how the defendant asserted its

12    rights under a later agreement **but not the prior, 2002 agreement** and sought discovery pertaining to

13    absent class members generally.  *Hill*, 59 F.4th at 473–74.  The Ninth Circuit also found highly

14    relevant the fact that the defendant engaged in six years of merits litigation, including filing a motion

15    for partial summary judgment that would have "struck an arrow through the heart of all class

16    members' claims."  *Id.* at 473–77.

17          Applying that standard here, the Court finds that the totality of Menzies' actions in this

18    litigation have not been inconsistent with its ADR rights.  Menzies has consistently (and repeatedly)

19    raised arbitration as an issue in this case.  Indeed, rather than remaining silent about its arbitration

20    rights, Menzies forcefully invoked its ADR policy when opposing Plaintiffs' Motion for Class

21    Certification.  And Menzies' own summary judgment motion relied on collective bargaining

22    agreements that established the company's arbitration procedure.  Plaintiffs point to the fact that

23    Menzies filed a Motion for Partial Summary Judgment that sought to dismiss Plaintiffs' Third Cause

24    of Action, but the issues in that motion were related to Plaintiffs' Motion for Class Certification,

25    which the Court heard at the same time.  Menzies' decision to bring that motion at that time, in the

26    interest of judicial efficiency, was reasonable.  The same can be said of Menzies' decision to await

27    filing a motion to compel arbitration in this case, while the appeal in *Lopez*—a matter intimately

28

1  related to this one—remains pending.  In short, the facts that led the Ninth Circuit to find waiver in

2  *Hill* are simply not present here.

3  **V.      CONCLUSION**

4          The Court finds that Menzies has not waived its right to compel arbitration.  For the

5  foregoing reasons, Plaintiffs' Motion for Partial Summary Judgment is denied.

8  Dated:     July 16, 2024

_____

                    Hernán D. Vera
                 United States District Judge

7