C. JOE SAYAS, JR. (CA Bar No. 122397)
cjs@joesayaslaw.com
KARL P. EVANGELISTA (CA Bar No. 250685)
kpe@joesayaslaw.com
**LAW OFFICES OF C. JOE SAYAS, JR.**
500 N. Brand Boulevard, Suite 2000
Glendale, California 91203
Telephone: (818) 291-0088
Facsimile: (818) 240-9955

DAVID P. KING (CA Bar No. 136765)
dpk@kcmlaw.net
**KING CHENG MILLER & JIN, LLP**
150 N. Santa Anita Ave., Ste. 410
Arcadia, California 91006
Telephone: (626) 304-9001
Facsimile:  (626) 304-9002

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA PATRICIA AMAYA, an individual; and ANIBAL SILVA, an individual; on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>  vs.<br><br>MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 2:22-cv-05915-HDV-MARx<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF FORM AND MANNER OF CLASS NOTICE**<br><br>Date:  September 26, 2024<br>Time:  10:00 a.m.<br>Judge:  Hon. Hernán D. Vera<br>Ctrm:  5B, 5th Floor |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF FORM AND MANNER OF CLASS NOTICE

## I.     **INTRODUCTION**

On February 8, 2024, this Court issued its "Order Granting Plaintiffs' Motion for Class Certification" (hereafter the "Certification Order"), upon grounds that the class claims asserted by Plaintiffs Dora Patricia Amaya and Anibal Silva (collectively, "Plaintiffs") satisfy the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure ("FRCP").[1] Dkt. No. 69.  By Order dated July 16, 2024, the Court amended the certification order to name C. Joe Sayas, Jr., Esq. of the Law Offices of C. Joe Sayas, Jr., and David P. King, Esq. of King Cheng Miller & Jin, LLP, as co-Class Counsel of the certified class.  Dkt. No. 87.

Upon issuance of the Court's certification order, counsel for Plaintiffs immediately met and conferred with counsel for Defendant Menzies Aviation (USA), Inc. (hereafter, "Defendant" or "Menzies") in an effort to obtain a stipulation on the form and manner of Class Notice required under Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure ("FRCP").  As explained below, the parties have been unable to so stipulate.

Thus, by this Motion, Plaintiffs now seek an Order approving the form and manner of the Class Notice proposed by Plaintiffs.

## II.     **FACTUAL BACKGROUND**

On February 9, 2024, immediately following the Court's ruling granting class certification in this case, counsel for Plaintiffs requested that the parties stipulate to the form and manner of notice to Class Members.  *See* Declaration of C. Joe Sayas, Jr., Esq., in Support of Plaintiffs' Motion for Approval of Form and Manner of Class Notice ("Sayas Decl."), at ¶¶ 3-4.  In response, Defendant's counsel stated that they would not so stipulate, because Defendant intended to appeal the class certification Order.  *See* Sayas Decl., at ¶ 5.

On February 22, 2024, Defendant filed both a Motion for Reconsideration of the class certification Order in this case and a Petition for Permission to Appeal under Rule 23(f)

---

[1] This class consists of Menzies' non-exempt employees in California, which as of early 2023, consisted of approximately 5,462 Class Members.  See Declaration of Kirk Marangi, M.B.A., M.A., C.V.A., in Support of Class Certification, Dkt. No. 49-1, at p. 3:3-4.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION FOR APPROVAL OF FORM AND MANNER OF CLASS NOTICE

before the Ninth Circuit Court of Appeals.  *See* <u>Sayas Decl.</u>, at ¶ 6.

On May 2, 2024, immediately following this Court's denial of Menzies' Motion for Reconsideration, Plaintiffs' counsel renewed their request that Menzies stipulate to Plaintiffs' proposed Class Notice and Exclusion Form, copies of which were again provided to Defendant's counsel for review and consideration.  *See* <u>Sayas Decl.</u>, at ¶¶ 7-8.  Defendant again declined to stipulate, stating that they opposed issuance of class notice during the pendency of: (1) Defendant's petition to the Ninth Circuit for interlocutory review of the class certification Order; and (ii) Plaintiffs' then-pending Motion for Partial Summary Judgment ("MPSJ"), on grounds that issuing such notice during said pendency would be premature.  *See* <u>Sayas Decl.</u>, at ¶ 9.

On May 23, 2024, the Ninth Circuit denied Menzies' petition for permission to appeal, under FRCP Rule 23(f), the class certification ruling in this action.  *See* <u>Sayas Decl.</u>, at ¶ 11.  Following this decision, on May 28, 2024, Plaintiffs again requested that Defendant stipulate to Plaintiffs' proposed Class Notice and Exclusion Form.  *See* <u>Sayas Decl.</u>, at ¶ 12.  In response, Defendant's counsel stated that Menzies continued to believe that it would be inappropriate to send any class notice whilst Plaintiffs' MPSJ remained pending.  *See* <u>Sayas Decl.</u>, at ¶ 13.

On July 16, 2024, the Court issued its ruling on Plaintiffs' MPSJ.  *See* <u>Sayas Decl.</u>, at ¶ 16.  On July 19, 2024, the Ninth Circuit affirmed the district court's ruling in the case of *Lopez v. Aircraft Services International, Inc. and Menzies Aviation (USA), Inc.*, 107 F.4th 1096 (9th Cir. 2024), ruling that airline fuelers are transportation workers exempt from arbitration under the Federal Arbitration Act.  *See* <u>Sayas Decl.</u>, at ¶ 17.  Following these, Plaintiffs again reached out asking Defendant to stipulate to class notice in this case.  *See* <u>Sayas Decl.</u>, at ¶ 18.

In response, Defendant's counsel stated that Menzies would not stipulate to class notice on grounds that it would be premature, as Menzies: (i) intended to file a petition for *en banc* review of the *Lopez* decision by the Ninth Circuit; and (ii) anticipated filing a motion to compel arbitration in this case.  *See* <u>Sayas Decl.</u>, at ¶ 19.

Finding that the parties had reached an impasse on the class issue notice, Plaintiffs

now move the Court for an Order issuing Class Notice to inform Class Members of the class certification Order issued nearly seven months prior to the date of this Motion. *See* <u>Sayas Decl.</u>, at ¶¶ 3, 20-21.

## III. <u>LEGAL AUTHORITY</u>

On February 8. 2024, the Court granted class certification in this case under Rule 23(b)(3) of the Federal Rules of Civil Procedure ("FRCP"). *See* <u>Dkt. No. 69</u>, at p. 5:22-26, 17:17. "Where a class is certified under Rule 23(b)(3), the notice must meet the requirements of Rule 23(c)(2)(B)…and both the content of the notice and the form of the notice must be adequate and approved by the Court." *Campbell v. Best Buy Stores, L.P.*, LA CV12-07794 JAK (SHx), 2014 U.S. Dist. LEXIS 195093, at *4-5 (C.D. Cal. Apr. 18, 2014) (internal citation omitted).

Under FRCP Rule 23(c)(2)(B), a court "must direct to class members the best notice that is practicable under the circumstances," and "[t]he notice's language must state clearly, concisely, and in plain language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." *Fine v. Kan. City Life Ins. Co.*, 2:22-cv-02071-SSS-PDx, 2024 U.S. Dist. LEXIS 19506, at *6-7 (C.D. Cal. Jan. 25, 2024) (*citing Fed. R. Civ. Proc., Rule 23(c)(2)(B)*).

Plaintiffs' proposed Class Notice satisfies all of the elements required by FRCP Rule 23(c)(2)(B). It provides clear, concise notice to class members of: (i) the nature of the action, *see* <u>Exhibit A</u> to <u>Sayas Decl.</u>, at § 2; (ii) the definition of the class certified, *see* <u>Exhibit A</u> to <u>Sayas Decl.</u>, at §§ 1-2; (iii) the class claims, issues, or defenses, *see* <u>Exhibit A</u> to <u>Sayas Decl.</u>, at § 2; (iv) class members' ability to enter an appearance through an attorney if the member so desires, *see* <u>Exhibit A</u> to <u>Sayas Decl.</u>, at § 11; (v) that the court will exclude from the class any member who requests exclusion, *see* <u>Exhibit A</u> to <u>Sayas Decl.</u>, at § 10; (vi) the time and manner for requesting exclusion, *see* <u>Exhibit A</u> to <u>Sayas Decl.</u>, at § 10; and (vii) the binding effect of a

class judgment on members, *see* <u>Exhibit A</u> to <u>Sayas Decl.</u>, at §§ 3 & 9.

Defendant does not dispute that the proposed class notice satisfies the requirements of FRCP Rule 23(c)(2)(B), but insists on a prolonged, indeterminate postponement of disseminating class notice whilst it attempts to reverse the Court's class certification Order. As there is no reasonable justification for such indeterminate delays in providing notice to class members of the Court's nearly 7-month-old Order granting class certification, Plaintiffs respectfully request that the Court issue an Order under FRCP Rule 23(c)(2)(B) directing dissemination of the Class Notice and Exclusion Form.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs request that the Court issue an Order:

(1)    approving the form, substance and requirements of the Class Notice and Exclusion Form, in the form attached as Exhibits A and B, respectively, to the <u>Declaration of C. Joe Sayas, Jr., Esq., in Support of Plaintiffs' Motion for Approval of Form and Manner of Class Notice;</u>

(2)    approving the retention of CPT Group, Inc. as the Notice Administrator;

(3)    directing Defendant to provide the Notice Administrator with an up-to-date Class List containing the names and last-known addresses of all Class Members within seven (7) days of the entry of the Court's Order;

(4)    directing the Notice Administrator to cause the court-approved Class Notice and Exclusion Form (collectively, the "Notice Packet") to be mailed by first-class mail, postage prepaid, on or before fifteen (15) days after entry of the Court's Order, to all Class Members who can be identified with reasonable effort;

(5)    directing the Notice Administrator, for Class Members who do not receive the initial mailing of the Notice Packet, based on returned or undeliverable mailings, to search for updated addresses through reasonable efforts, and re-send the Notice Packet by first-class mail, postage prepaid, using the updated addresses, within thirty (30) days of the initial mailing of Notice Packets to

Class Members; and

(6)     directing that Class Members shall have forty-five (45) days from the date of mailing of the Notice Packet they received to exercise their ability to opt out of, or request exclusion from, the certified class.

DATED: August 29, 2024          **LAW OFFICES OF C. JOE SAYAS, JR. and**

**KING CHENG MILLER & JIN LLP**

By:     _/s/ C. Joe Sayas, Jr._
        C. JOE SAYAS, JR.
        Class Counsel

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION FOR APPROVAL OF FORM AND MANNER OF CLASS NOTICE