C. JOE SAYAS, JR. (CA Bar No. 122397)
cjs@joesayaslaw.com
KARL P. EVANGELISTA (CA Bar No. 250685)
kpe@joesayaslaw.com
**LAW OFFICES OF C. JOE SAYAS, JR.**
500 N. Brand Boulevard, Suite 2000
Glendale, California 91203
Telephone: (818) 291-0088
Facsimile: (818) 240-9955

DAVID P. KING (CA Bar No. 136765)
dpk@kcmlaw.net
**KING CHENG MILLER & JIN, LLP**
150 N. Santa Anita Ave., Ste. 410
Arcadia, California 91006
Telephone: (626) 304-9001
Facsimile:  (626) 304-9002

Class Counsel

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA PATRICIA AMAYA, an individual; and ANIBAL SILVA, an individual; on behalf of themselves and others similarly situated,<br><br>                    Plaintiffs,<br><br>         vs.<br><br>MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No. 2:22-cv-05915-HDV-MARx<br><br>CLASS ACTION<br><br>**DECLARATION OF C. JOE SAYAS, JR., ESQ. IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF FORM AND MANNER OF CLASS NOTICE**<br><br>Date:       September 26, 2024<br>Time:       10:00 a.m.<br>Judge:      Hon. Hernán D. Vera<br>Ctrm:       5B, 5th Floor |

## DECLARATION OF C. JOE SAYAS, JR.

I, C. Joe Sayas, Jr., hereby declare:

1.      I am an attorney admitted to practice before this Court and all the courts of the State of California.  I am counsel of record for Plaintiffs Dora Patricia Amaya and Anibal Silva (collectively, "Plaintiffs") in this action.  My firm, the Law Offices of C. Joe Sayas, Jr., and the law firm King Cheng Miller & Jin, LLP (collectively, "Class Counsel") jointly represent the Plaintiffs and Class Members in this certified class action.  I have personal knowledge of the facts stated in this declaration, and, if called as a witness, I could and would competently testify thereto.

2.      I am submitting this declaration in support of "Plaintiffs' Motion for Approval of Form and Manner of Class Notice."

3.      On February 8, 2024, I received, via email, the Court's "Order Granting Plaintiffs' Motion for Class Certification" in this action.  *See* Dkt. No. 69.

4.      On February 9, 2024, my office sent an e-mail to counsel for Defendant Menzies Aviation (USA), Inc. (hereafter, "Defendant" or "Menzies") asking that the parties stipulate to the form and manner of notice to Class Members regarding the Court's class certification Order.  We attached a copy of Plaintiffs' draft Class Notice and Exclusion Form for Defendant's counsel's review and proposed edits.

5.      On February 13, 2024, I received an e-mail from Defendant's counsel stating that they would not stipulate to the Class Notice and Exclusion Form proposed by Plaintiffs, because they intended to appeal the class certification Order.

6.      On February 22, 2024, I was served with Defendant's: (i) "Motion for Reconsideration" of the class certification Order; and (ii) "Petition for Permission to Appeal Under Rule 23(f)."

7.      On May 1, 2024, I received, via e-mail, the Court's "Order Denying Defendant's Motion for Reconsideration."  *See* Dkt. No. 75.

8.      On May 2, 2024, I sent an e-mail to Defendant's counsel asking that they reconsider stipulating to the draft Class Notice and Exclusion Form, in light of the Court's

denial of Menzies' Motion for Reconsideration. I again attached these drafts for counsel's review.

9.    On May 8, 2024, I received an e-mail response from Defendant's counsel stating that Menzies opposed issuance of the Class Notice and Exclusion Form (collectively, the "Notice Packet") during the pendency of: (i) Defendant's petition to the Ninth Circuit for interlocutory review of the class certification Order; and (ii) Plaintiffs' Motion for Partial Summary Judgment ("MPSJ") asserting that Menzie' waived arbitration, on grounds that issuing such notice during said pendency would be premature.

10.    I responded via e-mail the same day, stating that Plaintiffs would agree to wait until after the Court's ruling on Plaintiffs' MPSJ before insisting on dissemination of the Notice Packet to Class Members.

11.    On May 23, 2024, I received the Ninth Circuit's Order denying Menzies' petition for permission to appeal, under FRCP Rule 23(f), the class certification ruling in this action.

12.    Following the Ninth Circuit's denial of Defendant's petition for interlocutory appeal of class certification, I sent another e-mail to Defendant's counsel, on May 28, 2024, again requesting that they consider stipulating to Plaintiffs' proposed Notice Packet

13.    On June 25, 2024, I received a responsive e-mail from Defendant's counsel, stating Menzies' belief that it remained inappropriate to send any class notice whilst Plaintiffs' MPSJ remained pending.

14.    Via e-mail the same day, I responded that Plaintiffs would agree to wait for the Court's ruling on Plaintiffs' MPSJ before dissemination of any class notice, so long as the parties agreed to further meet and confer on the proposed stipulation promptly following the Court's ruling. Via e-mail, Defendant's counsel agreed to so engage in further meet-and-confer discussions.

15.    On July 11, 2024, I attended the hearing on Plaintiffs' MPSJ. Following the hearing, I spoke with Defendant's counsel regarding Plaintiffs' proposed stipulation as to

DECLARATION OF C. JOE SAYAS, JR. IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF FORM AND MANNER OF CLASS NOTICE

class notice.  Counsel for the parties reiterated that we would speak again following the Court's ruling on Plaintiffs' MPSJ.

16.    On July 16, 2024, I received, via e-mail, the Court's ruling denying Plaintiffs' MPSJ.  On July 17, 2024, I contacted Defendant's counsel via e-mail and again asked that Defendant stipulate to the draft Notice Packet previously sent to Defendant's counsel.

17.    On July 19, 2024, I learned that the Ninth Circuit had affirmed in the case of *Lopez v. Aircraft Services International, Inc. and Menzies Aviation (USA), Inc.*, 107 F.4th 1096 (9th Cir. 2024), ruling that airline fuelers are transportation workers exempt from arbitration under the Federal Arbitration Act.

18.    On July 22, 2024, I sent an e-mail to Defendant's counsel reiterating Plaintiffs' request to stipulate on class notice, particularly in light of the Ninth Circuit's ruling in *Lopez*.

19.    On July 23, 2024, I received an e-mail from Defendant's counsel stating that Defendant would not stipulate to class notice on grounds that it would be premature, as Menzies: (i) intended to file a petition for *en banc* review of the *Lopez* decision by the Ninth Circuit; and (ii) anticipated filing a motion to compel arbitration in this case.

20.    On August 9, 2024, I sent an e-mail to Defendant's counsel memorializing that, despite our significant meet-and-confer efforts, the parties had reached an impasse on the issue of class notice.  I informed Defendant's counsel that Plaintiffs would be seeking a Court Order for approval of the Notice Packet and dissemination of same to Class Members.

21.    I further explained Plaintiffs' understanding that the parties' substantial meet-and-confer discussions were in full compliance with the requirements of Local Rule 7-3.  Nonetheless, I invited Defendant's counsel to provide proposed dates for a further Local Rule 7-3 conference should they deem that necessary.  I did not receive a response to this invitation.

22.    Attached hereto as <u>Exhibit A</u> is Plaintiffs' proposed "Notice of Pendency of Class Action."

23.    Attached hereto as <u>Exhibit B</u> is Plaintiffs' proposed "Exclusion Form" for any class member who may seek to request exclusion from the certified class.

---

DECLARATION OF C. JOE SAYAS, JR. IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF FORM AND MANNER OF CLASS NOTICE

1    I declare under penalty of perjury under the laws of the United States and of the State

2  of California that the foregoing is true and correct.

3    Executed on August 29, 2024 in Glendale, California.

4

5                                    _/s/ C. Joe Sayas, Jr._____

6                                    C. JOE SAYAS, JR.

DECLARATION OF C. JOE SAYAS, JR. IN SUPPORT OF PLAINTIFFS' MOTION FOR
APPROVAL OF FORM AND MANNER OF CLASS NOTICE