CHRISTOPHER WARD, CA Bar No. 238777
   cward@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE: 213.972.4500
FACSIMILE: 213.486.0065

KEVIN JACKSON, CA Bar No. 278169
   kjackson@foley.com
**FOLEY & LARDNER LLP**
11988 EL CAMINO REAL, SUITE 400
SAN DIEGO, CA 92130-2594
TELEPHONE: 858.847.6700
FACSIMILE: 858.792.6773

Attorneys for Defendant MENZIES AVIATION (USA), INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA PATRICIA AMAYA, an individual; and ANIBAL SILVA, an individual; on behalf of themselves and others similarly situated,<br><br>                Plaintiffs,<br><br>vs.<br><br>MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>                Defendants. | Case No. 2:22-cv-05915-HDV-MARx<br><br>**DEFENDANT MENZIES AVIATION (USA), INC.'S PARTIAL OPPOSITION TO PLAINTIFFS' MOTION FOR APPROVAL OF FORM AND MANNER OF CLASS NOTICE**<br><br>Date: September 26, 2024<br>Time: 10:00 a.m.<br>Judge: Hon. Hernán D. Vera<br>Ctrm.: 5B, 5th Floor<br><br>Complaint filed: August 19, 2022<br>FAC filed: August 30, 2022<br>SAC filed: May 9, 2023 |

Defendant Menzies Aviation (USA), Inc. ("Menzies"), by and through its counsel of record, respectfully partially oppose Plaintiffs' Motion for Approval of Form and Manner of Class Notice.

## I. MENZIES' NON-OPPOSITION TO THE NOTICE CONTENT

Menzies has never opposed working on the *content* of the draft notice, and Plaintiffs' Motion inaccurately and regrettably paints Menzies as completely obstinate to their requests to explore any type of agreement on notice content and/or procedure. The reality is that the parties have already agreed on the content of a draft notice, subject only to the potential need to revise any references to the class notice scope and recipients. Menzies has only objected to issuing the notice while questions of class scope – and therefore who should receive the notice – remain outstanding (*see infra*). Menzies reiterates that it does not currently oppose the content of the current draft notice, which accurately responds to the scope of the currently certified class. And if the Court ultimately refines the scope of that class definition (as Menzies believes will be necessary), Menzies is confident it can work out any needed revisions with Plaintiffs' counsel to reflect any changes to class definition and scope.

## II. ISSUING THE NOTICE BEFORE CLASS SCOPE QUESTIONS ARE RESOLVED WILL CONFUSE INDIVIDUALS AND REQUIRE SUBSEQUENT CORRECTION, CREATING INEFFICIENCY

Menzies partially opposes Plaintiffs' Motion for a single. simple reason; issuing a notice at this point in the litigation will result in confusion to individuals currently part of the class and require a second round of corrective notice at a later point in the case.

Courts in the Ninth Circuit have directed that a class comprised both of individuals subject to mandatory individual arbitration and individuals not subject to such arbitration should not be certified – meaning the ongoing viability of a currently certified class containing both types of individuals is a significant concern to the overall course and efficiency of class litigation. *See Berman v. Freedom Fin. Network, LLC*, 400 F. Supp. 3d 964, 986 (N.D. Cal. 2019) (citing *O'Connor v. Uber Techs., Inc.*, 904 F.3d 1087 (9th

Cir. 2018) for the premise that a class encompassing members with valid arbitration agreements and others not subject to them cannot be certified); s*ee also In re Marriott Int'l, Inc.*, 78 F.4th 677, 686 (4th Cir. 2023).  Menzies has on multiple occasions notified Plaintiffs and the Court that virtually 100% of Menzies' non-exempt current and former employees in California have bound themselves to Menzies' Alternative Dispute Resolution Policy.  [*See* Dkt. No. 69, pp. 8-9.]  The class as currently certified in this case includes *every* non-exempt employee of Menzies in California regardless of job title, job duties, and potential qualification as a transportation worker exempt from the Federal Arbitration Act.  However, and as the Court noted earlier [*See id*., pp. 2-3], the current class includes over 70 job classifications covering both operational and administrative classifications, and at a minimum these administrative employees <u>do not qualify as exempt transportation workers no matter how broadly the federal courts ultimately expand that exception</u> following *Southwest Airlines Co. v. Saxon*, 596 U.S. 450 (2022).  While the appellate litigation in *Lopez v. Aircraft Serv. Int'l, Inc. and Menzies Aviation (USA), Inc.*, Case No. 2:21-cv-07108 (C.D. Cal) (within the Ninth Circuit anyway[1]) has run its course, that does not alter the fact that the at least some individuals covered by the class definition are bound by enforceable individual arbitration agreements.

      Menzies is drafting a motion to compel arbitration as to the dozens of classes of employees the *Saxon* and *Lopez* decisions do not reach and begun Local Rule 7-3 discussions with Plaintiffs' counsel prior to filing such a motion.  Menzies anticipates filing that motion by the end of September.  No matter how the Court rules on that anticipated motion vis-à-vis each of the 70+ non-exempt job classifications, because at least some if not most of those classifications cannot remain part of a blended class including individuals not subject to arbitration, at a minimum the scope of this class will require some refinement.  A premature notice transmitted will therefore go to a significant number of individuals who will come out of the class, requiring a later

---

[1] Menzies is evaluating a potential petition for certiorari to the United States Supreme Court and will very likely file one seeking review of the Ninth Circuit opinion.

corrective notice (at significant additional expense) and creating confusion to individuals.

Fed. R. Civ. P. 23(c)(2)(B) indicates that notice should be "practicable under the circumstances." Sending notice to individuals who should not receive it, necessitating correction and creating unneeded expense and confusion, is not practicable under the circumstances of this case and the significant legal questions regarding class scope that still must be resolved.

### III.   CONCLUSION

For the foregoing reasons, Menzies requests the Court partially deny Plaintiffs' Motion and defer transmission of any class notice until after critical questions of arbitration enforcement and class scope can be resolved.

DATED: September 4, 2024              **FOLEY & LARDNER LLP**
Christopher Ward
Kevin Jackson


*/s/ Christopher Ward*
Christopher Ward
Attorneys for Defendant MENZIES AVIATION (USA), INC.

PARTIAL OPPOSITION TO MOTION FOR CLASS NOTICE APPROVAL
-3-   Case No. 2:22-cv-05915-HDV-MARx

4871-5793-5585.1