C. JOE SAYAS, JR. (CA Bar No. 122397)
cjs@joesayaslaw.com
KARL P. EVANGELISTA (CA Bar No. 250685)
kpe@joesayaslaw.com
**LAW OFFICES OF C. JOE SAYAS, JR.**
500 N. Brand Boulevard, Suite 2000
Glendale, California 91203
Telephone: (818) 291-0088
Facsimile: (818) 240-9955

DAVID P. KING (CA Bar No. 136765)
dpk@kcmlaw.net
**KING CHENG MILLER & JIN, LLP**
150 N. Santa Anita Ave., Ste. 410
Arcadia, California 91006
Telephone: (626) 304-9001
Facsimile: (626) 304-9002

Class Counsel

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA PATRICIA AMAYA, an individual; and ANIBAL SILVA, an individual; on behalf of themselves and others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　　　　Defendants. | Case No. 2:22-cv-05915-HDV-MARx<br><br>CLASS ACTION<br><br>**REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF FORM AND MANNER OF CLASS NOTICE**<br><br>Date:　　　September 26, 2024<br>Time:　　　10:00 a.m.<br>Judge:　　　Hon. Hernán D. Vera<br>Ctrm:　　　5B, 5th Floor |

---

a

REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF FORM AND MANNER OF CLASS NOTICE

## I. INTRODUCTION

Once a class action has been certified under Rule 23(b)(3), the Federal Rules of Civil Procedure ("FRCP") require that adequate notice be sent to class members, in order to inform them of their rights in the pending matter. *See Fed. R. Civ. Proc. 23, subd. (c)(2)(B).* Immediately following the Court's February 8, 2024 certification order, Class Counsel requested counsel for Defendant Menzies Aviation (USA), Inc. (hereafter, "Menzies") to jointly submit a proposed notice to the class. However, Menzies requested deferral of such class notice pending resolution of its Motion for Reconsideration and Rule 23(f) Petition for Permission to Appeal the certification order. Plaintiffs Dora Patricia Amaya and Anibal Silva (collectively, "Plaintiffs") accommodated this request.

After this Court denied Menzies' Motion for Reconsideration, and the Ninth Circuit denied the Rule 23(f) Petition for interlocutory appeal, Plaintiffs repeated their request for Menzies' cooperation in disseminating the class notice required by FRCP Rule 23(c)(2)(B). In response, Menzies insisted on a further postponement of any class notice pending the Court's decision on Plaintiffs' Motion for Summary Judgment. The Court issued its decision on that summary judgment motion on July 16, 2024. Plaintiffs then requested Menzies' cooperation to proceed with submission of the proposed class notice to the Court. Menzies, however, continues to insist that class notice should be postponed for an indefinite period.

Specifically, Menzies is adamant that no class notice should issue to Class Members whilst Menzies prepares to meet and confer on its still-unfiled Motion to Compel Arbitration (i.e., a motion which Menzies should have filed more than 2 years ago!).

Menzies' continued postponement of class notice cannot be justified. It serves merely to unreasonably delay and prejudice Plaintiffs in their preparations for trial, and prejudices Class Members' ability to determine their own respective courses of action vis-à-vis this certified class action.

## II. DELAY PREJUDICES PLAINTIFFS AND CLASS MEMBERS

Continued delays in providing the required class notice prejudices Plaintiffs in their

preparations for trial.[1]  As the party with the ultimate burden of proof at trial, Plaintiffs are tasked with mustering the best trial evidence in support of their claims, including testimonial and documentary evidence from Class Members.  Delays in disseminating class notice create a real danger of losing witnesses; as more time passes, Class Members may move and prove unreachable, or their memories may fade and be lost.  Documentary evidence in Class Members' possession, reflecting events that may have transpired years in the past, may be lost in their moves or simply with the passage of time.

Timely class notice of a pending class action, including required information on the nature of the certified class action and Class Members' claims at issue, will help ensure the availability of this needed evidence.

Class Members would also be prejudiced in their ability to determine their respective courses of action in relation to the certified class action.  With notice of the important information required by FRCP Rule 23(c)(2)(B), Class Members can take the appropriate steps to protect their rights, whether by choosing to participate and assist in the class action, or file a separate, independent claim in court or via arbitration.  More information is consistent with better protection to Class Members, which is the very aim of FRCP Rule 23(c)(2)(B).

## III. MENZIES' LONG-DELAYED, AND STILL-UNFILED, ARBITRATION MOTION DOES NOT JUSTIFY AN INDEFINITE POSTPONEMENT OF CLASS NOTICE

Menzies argues that class notice should be deferred since they plan to move to compel arbitration.  But this is a procedural relief that Menzies should have requested when served with the Complaint 2 years ago.  With passage of time, Menzies failed to inform the Court in various instances, including in the parties' FRCP Rule 26(f) joint submission and subsequent Case Management Reports, that it would move to compel arbitration.  Menzies

---

[1] Class Counsel is currently meeting and conferring with Menzies' counsel regarding a proposed Joint Submission to the Court on the parties' proposed trial and pre-trial schedules, on the Court's prescribed Dates Worksheet form.

REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF FORM AND MANNER OF CLASS NOTICE

now seeks to unfairly benefit from its own failure to promptly move to arbitrate, to unreasonably delay this class action litigation.

Menzies has tried to reverse this Court's class certification decision twice: through a reconsideration motion with this Court, and a petition for interlocutory appeal with the Ninth Circuit. Both have been denied, leaving the certification Order wholly intact. Menzies' long-threatened, but still unfiled, arbitration motion would be Menzies' 3rd bite at the apple, this one akin to a decertification motion that would seek to reverse at least part of the certification Order as to a subclass of employees who do not fall within the transportation worker exemption under the Federal Arbitration Act. Contrary to Menzies' assertions, the potential pendency of such a motion does not warrant an indefinite postponement of the required class notice in this case. *See Sullivan v. Kelly Servs.*, No. C 08-3893 CW, 2011 WL 31534, 2011 U.S. Dist. LEXIS 2189, at *2 (N.D. Cal. Jan. 5, 2011) (granting plaintiff's motion for "order requiring that class notice be distributed," rejecting defendant's demand that "notice should be delayed until after its impending decertification motion is resolved").

## IV. MENZIES MISCONSTRUES PRACTICABILITY REQUIREMENT OF RULE 23(c)(2)(B)

Menzies is also mistaken in its assertion that FRCP Rule 23(c)(2)(B)'s practicability requirement requires postponement of class notice. Rather than considerations of timing, the rule's requirement that class notices be "practicable under the circumstances" relate only to the notice's contents and the means by which they are to be disseminated, whether "by United States mail, electronic means, or other appropriate means." *Fed. R. Civ. Proc., Rule 23, subd. (c)(2)(B)*; *see Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 332 (C.D. Cal. Jan. 25, 2016) ("Based on the foregoing, the court finds that there is no alternative method of distribution that would be more practicable here, or any more reasonably likely to notify the class members. Under the circumstances, the court finds that the procedure for providing notice and the content of the class notice constitute the best practicable notice to class members.").

Indeed, belated class notice undermines the FRCP's directive to determine class

3
REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF FORM AND MANNER OF CLASS NOTICE

certification "at an early practicable time," *see Fed. R. Civ. Proc., Rule 23, subd. (c)(1)(A)*, so that class members may be timely notified of their rights and allowed to determine their respective courses of action in relation to the certified class action. *See Jones v. AB Acquisition LLC*, No. CV 14-8535 DSF (JEMx), 2015 U.S. Dist. LEXIS 190109, at *2-3 (C.D. Cal. Dec. 3, 2015) ("Early resolution of class certification focuses the claims and defines potential liability. It also **ensures adequate class notice and the opportunity to opt out or intervene in the litigation**." (emphasis supplied)). The practicability requirement as to class notices is not meant to justify a continued, indefinite delay of class notice for a certification Order issued more than 7 months ago.

## V. MENZIES' OSTENSIBLE FEAR OF CONFUSION IS WITHOUT BASIS; TO THE CONTRARY, ISSUING CLASS NOTICE NOW WELL INFORMS CLASS MEMBERS OF THEIR RIGHTS

The factual circumstances of this case also bely Menzies' assertion that sending class notice now would engender confusion among the class. As Menzies well knows, the Class Members in this case already received pre-certification notices of the filing of this class action, and the recovery sought on behalf of the then-putative class, in investigation letters disseminated by Plaintiffs' counsel. *See* Dkt. No. 41-2, at p. 3:14-24. Hence, a notice of class certification will supplement that prior notice, and further inform Class Members of their probable rights to receive back wages resulting from Menzies' class-wide violations. It will not, as Menzies suggests, cause sudden confusion regarding their membership in a class they were already told they could be a part of once this Court rules on certification.

Menzies' fear of confusion is more imagined than real. Any concern regarding purported confusion can simply be addressed by informing Class Members that Menzies argues that some claims are potentially subject to arbitration, and that those claims may be determined via arbitration instead of in court. *See Andrews v. Plains All Am., L.P.*, No. CV 15-4113 PSG (JEMx), 2018 WL 4191409, 2018 U.S. Dist. LEXIS 156631, at * 6-9 (C.D. Cal. Aug. 28, 2018) (rejecting defendant's request for stay of class notice pending defendant's appeal, as inherent risk of decertification does not justify delaying class notice on grounds of

confusion, proposed "curative language about the appeal in class notice provides information reasonably necessary to make a decision to remain a class member and be bound by the final judgment or opt out of the action," and "benefit of informing [class members] of their rights and the state of the litigation outweighs the potential risk of confusion due to a [potential] revised notice").

Far from confusing employees, the class notice will educate Class Members of their rights under the law, including their right to assist in contesting Menzies' arbitration defenses in this certified class action. *See* Dkt. No. 69, at p. 9:12-16 ("Because virtually every Menzies employee in California is subject to Menzies' arbitration agreement,…the question of whether such arbitration agreements fall under the Federal Arbitration Act ('FAA') exemption for 'contracts of employment of…any…class of workers engaged in foreign or interstate commerce,' 9 U.S.C. ¶ 1, presents a common question of law that is suitable for classwide adjudication.")

## VI. CONCLUSION

For the foregoing reasons, as well as those advanced in their initial moving papers, Plaintiffs request that the Court grant Plaintiffs' Motion for Approval of Form and Manner of Class Notice, and to, accordingly, direct Menzies to update its production of the Class List to allow full dissemination of this Class Notice.

DATED: September 12, 2024

**LAW OFFICES OF C. JOE SAYAS, JR. and KING CHENG MILLER & JIN LLP**

By: /s/ C. Joe Sayas, Jr.
C. JOE SAYAS, JR.
Class Counsel