1  C. JOE SAYAS, JR. (CA Bar No. 122397)
   KARL P. EVANGELISTA (CA Bar No. 250685)
2  **LAW OFFICES OF C. JOE SAYAS, JR.**
3  500 N. Brand Boulevard, Suite 2000
   Glendale, California 91203
4  Telephone: (818) 291-0088
   Facsimile: (818) 240-9955
5
   DAVID P. KING (CA Bar No. 136765)
6  **KING CHENG MILLER & JIN, LLP**
   150 N. Santa Anita Ave., Ste. 410
7  Arcadia, California 91006
   Telephone: (626) 304-9001
8  Facsimile: (626) 304-9002

9  Class Counsel

10 **UNITED STATES DISTRICT COURT**

11 **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DORA PATRICIA AMAYA, an individual; and ANIBAL SILVA, an individual; on behalf of themselves and others similarly situated, | Case No. 2:22-cv-05915-HDV-MARx<br>CLASS ACTION<br>**DISCOVERY MATTER** |
| Plaintiffs, | **LOCAL RULE 37-2 JOINT *AMENDED* STIPULATION RE:** |
| vs. | **PLAINTIFFS' MOTION TO COMPEL MENZIES TO PROVIDE** |
| MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive, | **RESPONSES TO, AND PRODUCE DOCUMENTS REQUESTED IN, PLAINTIFFS' THIRD SET OF PRODUCTION REQUESTS; and** |
| Defendants. | **REQUEST FOR SANCTIONS**<br><br>Date:    December 11, 2024<br>Time:    11:00 a.m.<br>Discovery Cutoff:  Not Set<br>Pretrial Conf. Date:  Not Set<br>Trial Date:  Not Set<br>Judge:  Hon. Margo A. Rocconi<br>Ctrm:   790 (Roybal Fed. Bldg.) |

a
LOCAL RULE 37-2 JOINT *AMENDED* STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL MENZIES TO PROVIDE RESPONSES TO, AND PRODUCE DOCUMENTS REQUESTED IN, PLAINTIFFS' THIRD SET OF PRODUCTION REQUESTS; and REQUEST FOR SANCTIONS

4863-6731-7242.1

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | **INTRODUCTORY STATEMENTS** | 1 |
|    | A. **Plaintiffs' Introductory Statement** | 1 |
|    |     1. *Post-Certification Discovery at Issue* | 2 |
|    | B. **Defendants' Introductory Statement** | 4 |
| II. | **PLAINTIFFS' CONTENTIONS, POINTS, AND AUTHORITIES** | 6 |
|     | A. **Menzies Has Continually Failed to Comply with Its Discovery Obligations** | 6 |
|     |     1. *Menzies' Limited Production Fails to Fully Comply with Their Discovery Obligations and Past Promises of Cooperation* | 8 |
|     | B. **An Order Compelling Written Responses and Production, and a Finding of Waiver as to Defendant's Discovery Objections, Should Issue Against Menzies** | 9 |
|     | C. **Plaintiffs Request Attorney-Fee Sanctions Under FRCP Rule 37(a)(5)(A)** | 11 |
| III. | **DEFENDANT'S CONTENTIONS, POINTS, AND AUTHORITIES** | 12 |
| IV. | **CONCLUSION** | 14 |
|     | A. **Plaintiffs' Conclusion** | 14 |
|     | B. **Defendant's Conclusion** | 15 |

b
LOCAL RULE 37-2 JOINT *AMENDED* STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL MENZIES TO PROVIDE RESPONSES TO, AND PRODUCE DOCUMENTS REQUESTED IN, PLAINTIFFS' THIRD SET OF PRODUCTION REQUESTS; and REQUEST FOR SANCTIONS

4863-6731-7242.1

Pursuant to Rule 37(a)(3)(B)(iv) of the Federal Rules of Civil Procedure ("FRCP"), and Local Rule 37-2 of the U.S. District Court for the Central District of California, Plaintiffs Dora Patricia Amaya and Anibal Silva (collectively, "Plaintiffs"), on the one hand, and Defendant Menzies Aviation (USA), Inc. (hereafter, "Menzies" or "Defendant"), on the other hand, respectfully submit the following "Local Rule 37-2 Joint Stipulation Re: Plaintiffs' Motion to Compel Defendant to Provide Responses to, and Produce Documents Requested in, Plaintiffs' Third Set of Production Requests."

This Joint Stipulation is made following the parties' discovery conference pursuant to Local Rule 37-1, which was commenced on August 21, 2024.

I. **INTRODUCTORY STATEMENTS**

A. **Plaintiffs' Introductory Statement**

The Class Members in this certified class action are former and current non-exempt employees of Menzies, an aviation-services company that provides ground-handling, cargo-handling, and fueling services for its customers in the airline industry. Dkt. No. 69, at p. 2:17-18. Class Members perform the baggage-handling, ticketing, check-in, fueling, and other ground-handling services provided to Menzies' airline clients at seven major California airports. *Id.* at p. 2:17-25.

Plaintiffs' operative Second Amended Complaint ("SAC") avers that Menzies imposed excessive workloads on Class Members, resulting in repeated violations of the meal- and rest-period requirements imposed by California Labor Code sections 226.7 and 512, and Wage Order 9 of the California Industrial Welfare Commission. Dkt. No. 40, at p. 2:15-20. Despite regularly failing to provide Class Members with their required meal periods, and regularly failing to allow their required rest periods, Menzies systematically failed to compensate these employees with the premium wages required by California law for missed meal and rest breaks. *Id.* at p. 12:12-15, 13:14-17. Menzies requires strict recording of meal breaks, so its own time and pay records show extensive meal-break violations, consisting of either late meal

entries (those made beyond the fifth hour) or the absence of said meal entries. Despite time records of untimely and missed breaks, Menzies' pay records also reveal that it failed to pay premium wages due to its employees. Dkt. No. 69, at p. 12:8-19; *see also* Dkt. No. 49-1, ¶¶ 8-11. Hence, there arises a presumption of Menzies' meal-break violations against Class Members.[1] *See Donohue v. AMN Servs., LLC*, 11 Cal. 5th 58, 74 (2021).

Plaintiffs' SAC further avers that Menzies violated the provisions of California Labor Code Section 2802 and Wage Order 9, which obligate California employers to cover the costs of equipment required by an employer or reasonably necessary for the performance of an employee's assigned duties. Dkt. No. 40, at p. 2:15-22. Specifically, Menzies systematically failed to indemnify Class Members for the costs of personal mobile phones employees were compelled to use in performing their work duties for Defendant. *Id.* at p. 13:26-14:12.

The SAC additionally alleges violations of Labor Code sections 203 and 226, for Menzies' failure to, respectively, timely pay wages and provide accurate itemized wage statements to Class Members. *Id.* at p. 14:13-16:10.

On February 8, 2024, this Court issued its "Order Granting Plaintiffs' Motion for Class Certification" (hereafter the "Certification Order"), upon grounds that the class claims asserted by Plaintiffs Dora Patricia Amaya and Anibal Silva (collectively, "Plaintiffs") satisfy the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure ("FRCP"). Dkt. No. 69.

### 1. *Post-Certification Discovery at Issue*

On June 21, 2024, Plaintiffs served Menzies, via counsel, with "Plaintiff's Request for Production of Documents to Defendant Menzies Aviation (USA), Inc., Set Three (Fed. R. Civ. Proc. § 34)" (hereinafter referred to as "Plaintiffs' Request"). *See* Declaration of Karl P.

---

[1] In their Motion for Class Certification, Plaintiffs submitted a Declaration from economist Kirk Marangi, who reviewed Menzies' records and estimated classwide meal-break violations amounting to approximately $9.4 million, given the available but incomplete information then produced by Defendant Menzies. Dkt. No. 49-1, ¶¶ 12-13.

2
LOCAL RULE 37-2 JOINT *AMENDED* STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL MENZIES TO PROVIDE RESPONSES TO, AND PRODUCE DOCUMENTS REQUESTED IN, PLAINTIFFS' THIRD SET OF PRODUCTION REQUESTS; and REQUEST FOR SANCTIONS

4863-6731-7242.1

Evangelista, Esq. in Support of Motion to Compel Defendant to Provide Responses to, and Produce Documents Requested in, Plaintiffs' Third Set of Production Requests ("Evangelista Decl."), filed concurrently herewith, at ¶ 4.

Plaintiffs requested important document categories involving issues that go to the heart of this case, primarily including documents reflecting Menzies' procedures on the recording of breaks, management and employee actions relating to payment of premium wages, related disciplines, and wage statements. Defendant's responses to these production requests were due on or before July 22, 2024. *See Fed. R. Civ. Proc.*, *Rule 34, subd. (b)(2)(A))*. Menzies failed to serve any responses by the due date. *See* Evangelista Decl., ¶ 5.

Class Counsel commenced meet-and-confer discussions on July 29, 2024, which led to a Local Rule 37-1 Prefiling Conference of Counsel on August 21, 2024. *See* Evangelista Decl., ¶¶ 6-10. As detailed herein, the parties' meet-and-confer dialogue continued following the parties' August 21st teleconference. *See* Evangelista Decl., ¶¶ 11-13. However, despite repeated assurances from counsel that Menzies would provide written responses and produce the requested documents, Menzies continued to withhold such cooperation. *See* Evangelista Decl., ¶¶ 11-15.

On September 6, 2024, Class Counsel proffered a draft Local Rule 37-2 Joint Stipulation to Menzies' counsel, and requested that Menzies provide their portion of the joint discovery motion within 7 days, as required by Local Rule 37-2.2. *See* Evangelista Decl., ¶ 11. In response, Menzies belatedly produced some airline contracts, a few written warnings to employees for missed meal breaks resulting in unauthorized work hours, and Excel files reflecting employee payroll data. *See* Evangelista Decl., ¶ 13.

However, a thorough review of Menzies' limited production shows that these documents are arguably responsive to only 3 of the 19 categories of documents specified in Plaintiffs' third set of production requests. *See* Evangelista Decl., ¶ 14. In other words, Menzies has still failed to respond to 16 of the 19 separate requests for production. *See id.*

Moreover, Menzies failed to provide any written discovery responses to Plaintiffs' Request. *See* Evangelista Decl., ¶¶ 14-15. Plaintiffs thus continue to be deprived of information, required by FRCP Rule 34(b)(2), regarding whether Menzies will produce some or all documents for each category, has no responsive documents for some others, and/or is withholding certain responsive documents. *See id.*

Rules 34 and 37 of the Federal Rules of Civil Procedure, and this Court's relevant caselaw, make clear that Plaintiffs are entitled to: (1) complete written responses to Plaintiffs' Request; and (2) production of all responsive documents. As Menzies continues to cynically defy its discovery obligations under the Federal Rules of Civil Procedure, this discovery motion and request for sanctions follows.

### B. Defendant's Introductory Statement

Menzies contends that Plaintiffs' Motion is wholly unnecessary and predicated upon a mischaracterization of Menzies' ongoing cooperation in responding to Plaintiffs' frequent and ongoing pursuit of duplicative and cumulative information. To date, Menzies has continuously fulfilled its discovery obligations at length, providing Plaintiffs with *tens of thousands of pages documents*, as well as dozens of spreadsheets containing millions of lines of Excel data constituting voluminous time and payroll information for the 7,000-member class. Menzies produced tens of thousands of pages of ESI, including email correspondence and attachments containing virtually all of the same information Plaintiffs falsely contend they have been deprived in the latest round of discovery. With respect to a ***single*** set of recent document requests, Menzies confirmed to Plaintiffs' counsel, telephonically and in writing, that it made a mistake, owned up to it, and inadvertently failed to timely respond to Plaintiffs' Third Set of Production Requests, and in so conceding it agreed to produce all responsive documents without objection—but reminded Plaintiffs of its extensive prior productions, the duplicative nature of many of the new requests, and that fulfilling its obligation to diligently search for additional responsive documents would require considerable time and resources.

4
LOCAL RULE 37-2 JOINT ***AMENDED*** STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL MENZIES TO PROVIDE RESPONSES TO, AND PRODUCE DOCUMENTS REQUESTED IN, PLAINTIFFS' THIRD SET OF PRODUCTION REQUESTS; and REQUEST FOR SANCTIONS

4863-6731-7242.1

Menzies has also repeatedly confirmed it is <u>not</u> withholding documents—which is clearly evinced by its voluminous and multiple rounds of production.

On September 11, 2024, Menzies made another voluminous production of 4,000 pages of documents and multiple spreadsheets containing extensive time and payroll data. Menzies recently learned that its written responses (which simply memorialize as a formality what it had already confirmed in writing—that it had produced all responsive documents) were not attached to the September production, and Menzies has since rectified that oversight and provided Plaintiffs with the written responses. Plaintiff then waited two months to review Menzies production and raise any issue or confer with Menzies' counsel regarding it, instead re-initiating the Local Rule 37 process to escalate an easily resolvable "dispute" to a formal process with the Court, falsely claiming that "Menzies' limited production shows that these documents are arguably responsive to only 3 of the 19 categories of documents specified in Plaintiffs' third set of production requests."

Menzies has gone to great lengths to pour through its electronic and physical records housed in numerous locations throughout California to comply with Plaintiffs' ongoing pursuit of cumulative and duplicative information. Menzies produced more than 4,000 pages of documents responsive to Plaintiffs' requests, including extensive contractual documentation with airlines as well as certain disciplinary forms that it had been able to gather. In addition, Menzies produced multiple large excel files containing time and payroll data (which, in effect, supplemented its multiple previous productions of the same type and scope of data to bring it current from May 2024 to present). Plaintiffs fail to alert the Court to the fact that their Requests overlap substantially with one another, and the same documents produced in response fulfill compliance with multiple separate requests. For example, Requests 1, 2, and 3 all seek disciplinary documents relating to failures to clock in and out for a meal period, fill out a missed punch form for a meal period, or failure to fill out a missed punch form for a rest period—and the same documents produced in response fulfill all three

5
LOCAL RULE 37-2 JOINT *AMENDED* STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL MENZIES TO PROVIDE RESPONSES TO, AND PRODUCE DOCUMENTS REQUESTED IN, PLAINTIFFS' THIRD SET OF PRODUCTION REQUESTS; and REQUEST FOR SANCTIONS

4863-6731-7242.1

Requests. Request 4 seeks Menzies' contracts with Airlines, and Menzies produced hundreds of contracts spanning thousands of pages (which Plaintiffs dismiss as "some airline contracts"). Similarly, Requests 5, 6, 12, 13, 14, 15, all seek various information that is reflected in payroll data and have all been fulfilled by Menzies' production of payroll data for nearly 7,000 employees. Requests 8, 9, 10, 11, 16, 17, 18, and 19 all seek documents relating to Menzies' policies and practices regarding meal periods, rest periods, and processing of employee requests for premiums—all of which have been fulfilled by Menzies' previous and recent productions, including its employee handbooks, policy documents, missed break forms, missed punch forms, and internal correspondence—which amount to tens of thousands of pages of documents. Plaintiffs' characterization that Menzies only responded to 3 of 19 categories of Requests is disingenuous and patently false—when the reality is Plaintiffs' requests in fact seek the production of just four discrete categories of documents—and Menzies has confirmed in writing that it has produced all responsive documents (and has noted that it continues to search for responsive documents in some instances insofar as certain documents have been difficult to locate). Plaintiffs' general commentary that Menzies has deprived it of information is simply wrong, and the Court need not intervene because Menzies has fulfilled its discovery obligations.

## II. PLAINTIFFS' CONTENTIONS, POINTS, AND AUTHORITIES

### A. Menzies Has Continually Failed to Comply with Its Discovery Obligations

On June 21, 2024, Plaintiffs served Menzies, via counsel, with Plaintiff's Request. *See* Evangelista Decl., at ¶ 4. Defendant Menzies failed to provide responses to these production requests by the statutory deadline of July 22, 2024. *See* Evangelista Decl., ¶ 5.

By e-mail dated July 29, 2024, Class Counsel advised Menzies' counsel that no responses had been provided for Plaintiffs' third set of production requests. *See* Evangelista Decl., ¶ 6. Plaintiffs requested that Menzies "provide…responses and production, without

6
LOCAL RULE 37-2 JOINT *AMENDED* STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL MENZIES TO PROVIDE RESPONSES TO, AND PRODUCE DOCUMENTS REQUESTED IN, PLAINTIFFS' THIRD SET OF PRODUCTION REQUESTS; and REQUEST FOR SANCTIONS

4863-6731-7242.1

objections, by no later than Monday, August 5, 2024." *See id.* Defendant did not provide a response by August 5, 2024. *See id.*

On August 12, 2024, Class Counsel sent another e-mail, noting that "Plaintiffs have yet to receive any responses to the 3rd set of production requests," nor to the "July 29, 2024 e-mail regarding same." *See* Evangelista Decl., ¶ 7. Plaintiffs' August 12th e-mail requested that, "in compliance with Judge Rocconi's prerequisite of a Pre-Motion Telephonic Conference ["PTC"] prior to any discovery motion," Menzies' counsel "provide your available dates for a PTC in the week beginning August 19, 2024." *See id.* Defendant Menzies likewise ignored this August 12th communication. *See id.*

Via e-mail dated August 19, 2024, Class Counsel asked Menzies' counsel to "please provide your available dates for a Local Rule 37-1 Prefiling Conference of Counsel," regarding Menzies' continued failure to provide responses to Plaintiffs' third set of production of requests. *See* Evangelista Decl., ¶ 8. The August 19th e-mail reiterated Plaintiffs' position that "Defendant Menzies' failure to respond to Plaintiffs' production requests waives all objections, such that Plaintiffs are entitled to an Order compelling responses and production under FRCP Rule 37(a)(3)(B)(iv)." *See id.* The August 19th e-mail also emphasized that "Plaintiffs shall be obliged to move for…an Order under FRCP Rule 37 and Local Rule 37-2" should the parties prove unable to informally resolve the discovery dispute. *See id.*

Via e-mail dated August 19, 2024, Menzies' counsel stated that Defendant would be producing the requested documents. *See* Evangelista Decl., ¶ 9. In response, Plaintiffs' counsel asked that Menzies immediately provide written responses, "under FRCP Rule 34(b)(2)(B), affirming that Menzies will produce the requested documents." *See id.*

On August 21, 2024, counsel for the parties participated in a telephonic discovery conference to discuss Plaintiffs' third set of production requests. *See* Evangelista Decl., ¶ 10. In the course of these discussions, Menzies agreed to: (1) "provide their responses to Plaintiffs' 3rd set of production requests by Wednesday, August 28, 2024"; and (2) produce

7
LOCAL RULE 37-2 JOINT ***AMENDED*** STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL MENZIES TO PROVIDE RESPONSES TO, AND PRODUCE DOCUMENTS REQUESTED IN, PLAINTIFFS' THIRD SET OF PRODUCTION REQUESTS; and REQUEST FOR SANCTIONS

4863-6731-7242.1

responsive documents by Wednesday, September 4, 2024.  *See id.*  Menzies reneged on this agreement, and as a result, has further delayed discovery.[2]

On September 6, 2024—i.e., one and ½ months subsequent to the deadline for Menzies' discovery responses under FRCP Rule 34(b)(2)(A)—Class Counsel provided Menzies, via counsel, with a draft Local Rule 37-2 Joint Stipulation Re: Plaintiffs' Motion to Compel Menzies to Provide Responses to, and Produce Documents Requested In, Plaintiffs' Third Set of Production Requests; and Request for Sanctions (hereafter, the "Joint Stipulation"), along with supporting documents.  *See* Evangelista Decl., ¶ 11.  Class Counsel requested that Menzies provide their portion of the joint discovery motion within 7 days, as required under Local Rule 37-2.2.  *See id.*

Via e-mail on September 9, 2024, Menzies' counsel again stated that they "fully intend to provide complete responses and production," but ostensibly required additional time to comply.  *See* Evangelista Decl., ¶ 12.  Via e-mail on September 10, 2024, Plaintiffs' counsel emphasized that "it has been more than 2 and ½ months since we served Plaintiffs' third set of production requests, and Menzies has still not provided any written responses nor produced any of the requested documents."  *See id.*

Class Counsel reiterated their request that Defendant timely provide their portion of the joint discovery motion, in compliance with the requirements of Local Rule 37-2.2.  *See id.*  Class Counsel advised that, "Plaintiffs are obliged to have this matter adjudicated by Judge Rocconi" if Menzies failed to fully comply with their discovery obligations.  *See id.*

### 1. *Menzies' Limited Production Fails to Fully Comply with Their Discovery Obligations and Past Promises of Cooperation*

On September 11, 2024—only after it had received and was asked to provide its

---

[2] In a prior discovery motion filed by Plaintiffs before this Court, Menzies delayed production of the Class List by insisting on a state-court style, *Belaire-West* opt-out procedure, which is not adopted in federal court. *See* Dkt. No. 23.  The Court ordered Menzies to produce the Class List without the delay and expense of Menzies' sought-for procedure.  Dkt. No. 28.

portion of Plaintiffs' Joint Stipulation—did Menzies partly produce some documents: certain airline contracts, some written warnings to employees for missed meal breaks, and 3 Excel files of time and payroll data were produced. *See* Evangelista Decl., ¶ 13. However, despite their assurances to the contrary, no written discovery responses have yet been provided by Menzies. *See id.*

Moreover, Defendant's limited production is largely incomplete. Specifically, Menzies' produced documents are arguably responsive to only 3 of the 19 production requests contained in Plaintiffs' Request: numbers 1, 4, and 14. *See* Evangelista Decl., ¶ 14. And as to those 19 production requests, the absence of any written responses continues to leave Plaintiffs uninformed as to whether Menzies will produce some or all documents, has no responsive documents, and/or is withholding certain responsive documents, thereby depriving Plaintiffs and the Class of adequate discovery to which they are entitled. *See id.*

Notwithstanding the lapse of **108 days** since Menzies' deadline to respond, and despite service of Plaintiffs' initial Joint Stipulation, Menzies has continuously refused to fully produce all documents stated in Plaintiffs' Request. Menzies' refusal and delay prejudices Plaintiffs' ability to prepare for trial, which is expected to be scheduled in this class action soon.

As such, on November 8, 2024, Class Counsel served Menzies, via counsel, with their draft "Local Rule 37-2 Joint *Amended* Stipulation Re: Plaintiffs' Motion to Compel Menzies to Provide Responses to, and Produce Documents Requested in, Plaintiffs' Third Set of Production Requests, and Request for Sanctions." *See* Evangelista Decl., ¶ 16. This motion follows.

### B. An Order Compelling Written Responses and Production, and a Finding of Waiver as to Defendant's Discovery Objections, Should Issue Against Menzies

Under FRCP Rule 34, a party may request production of documents "in the

9

LOCAL RULE 37-2 JOINT *AMENDED* STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL MENZIES TO PROVIDE RESPONSES TO, AND PRODUCE DOCUMENTS REQUESTED IN, PLAINTIFFS' THIRD SET OF PRODUCTION REQUESTS; and REQUEST FOR SANCTIONS

4863-6731-7242.1

responding party's possession, custody, or control." *Fed. R. Civ. Proc., Rule 34, subd. (a)(1)*. "The requesting party 'is entitled to individualized, complete responses to each of the [Requests for Production]..., accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." *See U.S. v. Pac. Dermatology Inst., Inc.*, No. 5:20-cv-01906-JGB-SHK, 2024 WL 3529039, 2024 U.S. Dist. LEXIS 132989, at *11 (C.D. Cal. Jun. 25, 2024). "The party to whom the [Request for Production] is directed must respond in writing within 30 days after being served." *See id.* at *10-11 (*citing Fed. R. Civ. Proc., Rule 34, subd. (b)(2)(A)*).

"Failure to object to requests for production of documents within the time required constitutes a waiver of any objection." *See Rodriguez v. Gregory Funding, LLC*, No. EDCV 21-1703-JGB (KKx), 2022 WL 19039616, 2022 U.S. Dist. LEXIS 200915, at *6 (C.D. Cal. Nov. 3, 2022) (*citing Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."); *see also Chavez v. Equifax Info. Servs.*, No. 5:20-cv-02282-JWH (SPx), 2023 WL 2559208, 2023 U.S. Dist. LEXIS 46318, at *5 (C.D. Cal. Feb. 9, 2023) ("[B]y failing to timely object to [requesting party's] discovery requests or to respond at all, [responding party] has waived her objections to these requests.").

As noted above, Plaintiffs served their Request on Defendant on June 21, 2024, such that written responses were due by July 22, 2024. *See Fed. R. Civ. Proc., Rule 34, subd. (b)(2)(A)*. As of September 6, 2024, nearly two and ½ months since Plaintiffs served their production requests, and one and ½ months after Menzies' response deadline, Menzies not only <u>failed to</u> provide any written response, but has further failed to produce a single document in response. *See* <u>Evangelista Decl.</u>, ¶ 11.

Menzies has waived all objections to Plaintiffs' Request. *See Richmark Corp.*, *supra*, 959 F.2d at 1473; *U.S. v. Pac. Dermatology Inst., Inc.*, *supra*, 2024 U.S. Dist. LEXIS 132989, at *11; *Chavez, supra*, 2023 U.S. Dist. LEXIS 46318, at *5-6; *Rodriguez, supra*, 2022 U.S. Dist. LEXIS

200915, at *6.

Consequently, Plaintiffs are entitled to a discovery Order: (1) deeming Menzies' objections, as to Plaintiffs' Request, waived due to Defendant's failure to submit timely discovery responses; (2) compelling Menzies to provide written responses to each category of Plaintiffs' Request, stating that Menzies will produce responsive documents without objection; and (3) compelling Menzies to produce all responsive documents requested in Plaintiffs' Request. *See Fed. R. Civ. Proc., Rule 37, subd. (a)(3)(B)(iv)* (party seeking discovery may move for an order compelling an answer or production where other party "fails to produce documents or fails to respond that inspection will be permitted…as requested under Rule 34").

### C. <u>Plaintiffs Request Attorney-Fee Sanctions Under FRCP Rule 37(a)(5)(A)</u>

Under FRCP Rule 37(a)(5)(A), if the Court grants this motion to compel, or the "requested discovery is provided after the motion was filed," then "the court **must**, after giving an opportunity to be heard, require the party…whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Fed. R. Civ. Proc., Rule 37, subd. (a)(5)(A)* (emphasis supplied). Under limited exceptions, the Court is not obligated to award expenses under FRCP Rule 37(a)(5)(A) where: "(i) the movant filed the motion before attempting in good faith to obtain the…discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

Here, as detailed above—*see* § **II. A.**, *supra*—Plaintiffs have made considerable efforts in good faith to obtain the discovery without court action. As there is no substantial justification for Menzies' continued refusals to provide written responses and the requested production, and an award of expenses would not be unjust, Plaintiffs request an award of

---

11
LOCAL RULE 37-2 JOINT ***AMENDED*** STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL MENZIES TO PROVIDE RESPONSES TO, AND PRODUCE DOCUMENTS REQUESTED IN, PLAINTIFFS' THIRD SET OF PRODUCTION REQUESTS; and REQUEST FOR SANCTIONS

4863-6731-7242.1

attorneys' fees against Defendant Menzies in an amount to be determined following successful resolution of this discovery motion. *See Fed. R. Civ. Proc., Rule 37, subd. (a)(5)(A)*.

### III. DEFENDANT'S CONTENTIONS, POINTS, AND AUTHORITIES

Plaintiffs' Statement is notably devoid of any analysis or argument that Menzies' multiple productions, including its recent productions in September 2024 and voluminous production of tens of thousands of pages of ESI earlier this year fail to provide responsive documents to Plaintiffs' Third Set of Requests for Production. Plaintiffs' omissions are rendered more glaring by virtue of the fact that Plaintiffs have utilized documents from Menzies' productions in recent depositions. For example, in the recent deposition of Emma Fombona, taken on October 17, 2024, Plaintiffs introduced exhibits comprised of California Missed Break Forms, Missed Punch Forms, and internal correspondence regarding the processing of Missed Break Forms and Missed Punch Forms—yet Plaintiffs simultaneously claim that Menzies has failed to produce these documents. To assist the Court, due to Plaintiffs' failure to identify with specificity which Requests remain at issue, Menzies provides the following summary.

Requests 1, 2, and 3 all seek disciplinary documents relating to failures to clock in and out for a meal period, fill out a missed punch form for a meal period, or failure to fill out a missed punch form for a rest period—and the same documents produced (i.e., copies of disciplinary actions) in response fulfill all three Requests. Menzies believes it has fulfilled its obligation to respond to all three Requests, although Menzies informed Plaintiffs that because these types of records are maintained in hard copy, Menzies will continue to search through the personnel files of *7,000 employees statewide* and will produce additional documents if it discovers them.

Request 4 seeks Menzies' contracts with Airlines, and Menzies produced hundreds of contracts spanning thousands of pages (which Plaintiffs dismiss as "some airline contracts"). This Request has been fulfilled and Menzies has produced all responsive documents in its

12
LOCAL RULE 37-2 JOINT *AMENDED* STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL MENZIES TO PROVIDE RESPONSES TO, AND PRODUCE DOCUMENTS REQUESTED IN, PLAINTIFFS' THIRD SET OF PRODUCTION REQUESTS; and REQUEST FOR SANCTIONS

4863-6731-7242.1

custody, possession, or control.

Similarly, Requests 5, 6, 12, 13, 14, 15, all seek various information that is reflected in payroll data and have all been fulfilled by Menzies' production of payroll data for nearly 7,000 employees. Specifically, these Requests seek wage statements, a sampling of wage statements, documents reflecting payment of meal and rest period premiums, and documents reflecting costs paid for meal and rest period premiums. Menzies has produced wage data for **all** of the 7,000-member class (which was produced in lieu of duplicate wage statements, given it contains the same information and as has been the case throughout this litigation), which explicitly includes the information by the above-referenced requests. Menzies produced an Excel spreadsheet containing *all* meal period premiums paid to *all class members* throughout the entire class period. Plaintiffs' counsel is aware that Menzies only uses a single payroll code to compensate employees for meal and rest period premiums. Because Plaintiffs do not explain the nature of their perceived dispute or deficiencies, it is unclear how or why they take issue with Menzies' production.

Requests 7, 8, 9, 10, 11, 16, 17, 18, and 19 all seek documents relating to Menzies' policies and practices regarding meal periods, rest periods, and processing of employee requests for premiums—all of which have been fulfilled by Menzies' previous and recent productions, including its employee handbooks, policy documents, missed break forms, missed punch forms, and internal correspondence—which amount to tens of thousands of pages of documents.

Menzies has not withheld any documents from Plaintiffs on grounds of objection or privilege. Menzies conceded that because it inadvertently missed the deadline to respond, it would provide written responses without objections confirming it would produce responsive documents in its custody, possession, or control. Menzies intended that its written responses would be served concurrently with its production on September 11, 2024, but due to administrative oversight it was not included and this issue has since been rectified with service

13
LOCAL RULE 37-2 JOINT *AMENDED* STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL MENZIES TO PROVIDE RESPONSES TO, AND PRODUCE DOCUMENTS REQUESTED IN, PLAINTIFFS' THIRD SET OF PRODUCTION REQUESTS; and REQUEST FOR SANCTIONS

4863-6731-7242.1

of objection-free written responses confirming Menzies' diligent search and production of responsive documents.

Plaintiffs' characterization that Menzies only responded to 3 of 19 categories of Requests is disingenuous and patently false—when the reality is Plaintiffs' requests in fact seek the production of just four discrete categories of documents—and Menzies has confirmed in writing that it has produced all responsive documents (and has noted that it continues to search for responsive documents in some instances insofar as certain documents have been difficult to locate). Plaintiffs' general commentary that Menzies has deprived it of information is simply wrong, and the Court need not intervene because Menzies has fulfilled its discovery obligations. There is nothing for the Court to order, because Menzies has complied in full, and Plaintiffs would be wise not to proceed with pursuing a discovery motion at all and instead continue to work cooperatively with Menzies' counsel, as has been the case throughout this litigation. Moreover, sanctions clearly are unwarranted given Plaintiffs' failure to even articulate which Requests remain at issue, or explain how Menzies' voluminous productions have failed to fulfill its obligations to produce responsive documents.

## IV. CONCLUSION

### A. Plaintiffs' Conclusion

For the reasons set forth above, Plaintiffs respectfully request that the Court issue an Order as follows:

(1) Deeming waived all of Defendant Menzies Aviation (USA), Inc.'s objections to "Plaintiff's Request for Production of Documents to Defendant Menzies Aviation (USA), Inc., Set Three (Fed. R. Civ. Proc. § 34)";

(2) Directing Defendant Menzies Aviation (USA), Inc. to, within seven (7) days of the Court's Order, provide written responses, separately as to each category of "Plaintiff's Request for Production of Documents to Defendant Menzies

Aviation (USA), Inc., Set Three (Fed. R. Civ. Proc. § 34)," stating, without objection, that it will either produce all responsive documents in its possession, custody, or control, or has no responsive documents;

(3) Directing Defendant Menzies Aviation (USA), Inc. to, within seven (7) days of the Court's Order, produce all documents in its possession, custody, or control that are responsive to Request for Production Numbers 1 through 19 in "Plaintiff's Request for Production of Documents to Defendant Menzies Aviation (USA), Inc., Set Three (Fed. R. Civ. Proc. § 34)"; and

(4) Issuing an Order to Show Cause as to why the Court should not award attorneys' fees to Plaintiffs against Defendant Menzies, pursuant to FRCP Rule 37(a)(5)(A).

### B. Defendant's Conclusion

Menzies contends that Plaintiffs' exaggerated position is manifestly contradicted by Menzies' extensive discovery efforts and cooperation with Plaintiffs, and submits that the Court need not intervene because Menzies has fulfilled its discovery obligations and continues to do so. Plaintiffs' requests for relief above, items (1)-(3), are all moot, because Menzies has already provided written responses, without objection, and produced all responsive documents. Aside from inadvertently omitting the written responses from its September 11, 2024 production—which is ultimately a harmless oversight given that Menzies had already agreed in writing to withdraw all objections and produce all responsive documents, which it had already done through prior productions and with its September 11, 2024 production—Menzies had already provided Plaintiffs with the responsive documents well before Plaintiffs initiated the meet and confer process. No relief is warranted or required, because Menzies has already complied in full. As a result, the Court should deny Plaintiffs' Motion, and sanctions are not warranted.

15
LOCAL RULE 37-2 JOINT *AMENDED* STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL MENZIES TO PROVIDE RESPONSES TO, AND PRODUCE DOCUMENTS REQUESTED IN, PLAINTIFFS' THIRD SET OF PRODUCTION REQUESTS; and REQUEST FOR SANCTIONS

4863-6731-7242.1

DATED: November 19, 2024     **LAW OFFICES OF C. JOE SAYAS, JR.**

By:    */s/ Karl Evangelista*
        C. JOE SAYAS, JR.
        KARL P. EVANGELISTA
        Attorneys for Plaintiffs

DATED: November 19, 2024     **FOLEY & LARDNER, LLP**

By:    */s/ Kevin Jackson*
        CHRISTOPHER WARD
        KEVIN JACKSON
        Attorneys for Defendant

**Local Rule 5-4.3.4(a)(2) Attestation**

I hereby attest that the other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: November 20, 2024              **LAW OFFICES OF C. JOE SAYAS, JR.**

                                      By:    /s/  Karl Evangelista
                                             KARL P. EVANGELISTA
                                             Attorneys for Plaintiffs

17
LOCAL RULE 37-2 JOINT *AMENDED* STIPULATION RE: PLAINTIFFS' MOTION TO COMPEL MENZIES TO PROVIDE RESPONSES TO, AND PRODUCE DOCUMENTS REQUESTED IN, PLAINTIFFS' THIRD SET OF PRODUCTION REQUESTS; and REQUEST FOR SANCTIONS

4863-6731-7242.1