CHRISTOPHER WARD, CA Bar No. 238777
  cward@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE: 213.972.4500
FACSIMILE: 213.486.0065

KEVIN JACKSON, CA Bar No. 278169
  kjackson@foley.com
**FOLEY & LARDNER LLP**
11988 EL CAMINO REAL, SUITE 400
SAN DIEGO, CA 92130-2594
TELEPHONE: 858.847.6700
FACSIMILE: 858.792.6773

Attorneys for Defendant
MENZIES AVIATION (USA), INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA PATRICIA AMAYA, an individual; and ANIBAL SILVA, an individual; on behalf of themselves and others similarly situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No. 2:22-cv-05915-HDV-MARx<br><br>**DECLARATION OF KEVIN JACKSON**<br><br>Judge:   Hon. Hernán D. Vera<br>Ctrm.:   5B, 5th Floor<br><br>Complaint Filed: August 19, 2022<br>FAC Filed: August 30, 2022<br>SAC Filed: May 9, 2023 |

DECLARATION OF KEVIN JACKSON
Case No. 2:22-cv-05915-HDV-MARx

4876-3474-3036.1

# DECLARATION OF KEVIN JACKSON

I, Kevin Jackson, declare as follows:

1. I am an attorney and duly licensed to practice law in the State of California and I am senior counsel at the law firm of Foley & Lardner, LLP, attorneys for Defendant Menzies Aviation (USA), Inc. ("Defendant") in the above-captioned action. I have firsthand personal knowledge of the facts contained in this declaration and if called upon to testify, I would and could do so as set forth herein.

2. I make this Declaration in support of Defendant Menzies Aviation (USA), Inc.'s ("Defendant") Portion of the Local Rule 37-2 Joint *Amended* Stipulation Re: Plaintiffs' Motion To Compel Menzies To Provide Responses To, And Produce Documents Requested In, Plaintiffs' Third Set Of Production Requests.

3. To date, Menzies has continuously fulfilled its discovery obligations at length, providing Plaintiffs with *tens of thousands of pages documents*, as well as dozens of spreadsheets containing millions of lines of Excel data constituting voluminous time and payroll information for the 7,000-member class. Menzies produced tens of thousands of pages of ESI, including email correspondence and attachments containing virtually all of the same information Plaintiffs falsely contend they have been deprived in the latest round of discovery.

4. After Menzies inadvertently missed its original deadline to respond to Plaintiff's Third Set Of Production Requests, it agreed to provide written responses, without objection, and to produce responsive documents. To date, Menzies has complied with its commitment and has produced tens of thousands of pages of responsive documents and data.

5. On September 11, 2024, Menzies made another voluminous production of 4,000 pages of documents and multiple spreadsheets containing extensive time and payroll data. Menzies recently learned that its written responses (which simply memorialize as a formality what it had already confirmed in writing—that it had produced all responsive documents) were not attached to the September production, and

Menzies has since rectified that oversight and provided Plaintiffs with the written responses.  Plaintiff then waited two months to review Menzies production and raise any issue or confer with Menzies' counsel regarding it, instead re-initiating the Local Rule 37 process to escalate an easily resolvable "dispute" to a formal process with the Court, falsely claiming that "Menzies' limited production shows that these documents are arguably responsive to only 3 of the 19 categories of documents specified in Plaintiffs' third set of production requests."

      6.     The Requests overlap substantially with one another, and the same documents produced in response fulfill compliance with multiple separate requests.  For example, Requests 1, 2, and 3 all seek disciplinary documents relating to failures to clock in and out for a meal period, fill out a missed punch form for a meal period, or failure to fill out a missed punch form for a rest period—and the same documents produced in response fulfill all three Requests.  Request 4 seeks Menzies' contracts with Airlines, and Menzies produced hundreds of contracts spanning thousands of pages (which Plaintiffs dismiss as "some airline contracts").  Similarly, Requests 5, 6, 12, 13, 14, 15, all seek various information that is reflected in payroll data and have all been fulfilled by Menzies' production of payroll data for nearly 7,000 employees.  Requests 7, 8, 9, 10, 11, 16, 17, 18, and 19 all seek documents relating to Menzies' policies and practices regarding meal periods, rest periods, and processing of employee requests for premiums—all of which have been fulfilled by Menzies' previous and recent productions, including its employee handbooks, policy documents, missed break forms, missed punch forms, and internal correspondence—which amount to tens of thousands of pages of documents.

      7.     Plaintiffs' characterization that Menzies only responded to 3 of 19 categories of Requests is disingenuous and patently false—when the reality is Plaintiffs' requests in fact seek the production of just four discrete categories of documents—and Menzies has confirmed in writing that it has produced all responsive documents (and has noted that it continues to search for responsive documents in some instances insofar as certain

documents have been difficult to locate).

8. Moreover, Plaintiffs have utilized documents from Menzies' productions in recent depositions. For example, in the recent deposition of Emma Fombona, taken on October 17, 2024, Plaintiffs introduced exhibits comprised of California Missed Break Forms, Missed Punch Forms, and internal correspondence regarding the processing of Missed Break Forms and Missed Punch Forms and payment of meal period premiums—yet Plaintiffs simultaneously claim that Menzies has failed to produce these documents.

9. Menzies intended that its written responses would be served concurrently with its production on September 11, 2024, but due to administrative oversight it was not included and this issue has since been rectified with service of objection-free written responses confirming Menzies' diligent search and production of responsive documents as of November 14, 2024.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on November 18, 2024 at San Diego, California.

_____
Kevin Jackson