1 | C. JOE SAYAS, JR. (CA Bar No. 122397)
KARL P. EVANGELISTA (CA Bar No. 250685)
2 | **LAW OFFICES OF C. JOE SAYAS, JR.**
500 N. Brand Boulevard, Suite 2000
3 | Glendale, California 91203
Telephone: (818) 291-0088
4 | Facsimile: (818) 240-9955

5 | DAVID P. KING (CA Bar No. 136765)
**KING CHENG MILLER & JIN, LLP**
6 | 150 N. Santa Anita Ave., Ste. 410
Arcadia, California 91006
7 | Telephone: (626) 304-9001
Facsimile:  (626) 304-9002
8 |
Class Counsel
9 |

10 | **UNITED STATES DISTRICT COURT**

11 | **CENTRAL DISTRICT OF CALIFORNIA**

12 |
13 | DORA PATRICIA AMAYA, an individual;)   Case No. 2:22-cv-05915-HDV-MARx
and ANIBAL SILVA, an individual; on   )   CLASS ACTION
14 | behalf of themselves and others similarly )
situated,   )
15 |                                    )   **DISCOVERY MATTER**
                                       )
16 |                  Plaintiffs,       )   **PLAINTIFFS' SUPPLEMENTAL**
                                       )   **MEMORANDUM IN SUPPORT OF**
17 |          vs.                       )   **MOTION TO COMPEL**
                                       )   **DEFENDANT MENZIES TO**
18 |                                    )   **PROVIDE RESPONSES TO, AND**
MENZIES AVIATION (USA), INC., a       )   **PRODUCE DOCUMENTS**
19 | Delaware corporation; and DOES 1    )   **REQUESTED IN, PLAINTIFFS'**
                                       )   **THIRD SET OF PRODUCTION**
20 | through 10, inclusive,              )   **REQUESTS; and REQUEST FOR**
                                       )   **SANCTIONS**
21 |                  Defendants.        )
                                       )   *C.D. Cal. Local Rule 37-2.3*
22 |                                    )
                                       )
23 |                                    )
                                       )   Date:        December 11, 2024
24 |                                    )   Time:        11:00 a.m.
                                       )   Judge:  Hon. Margo A. Rocconi
25 |                                    )   Ctrm:   790 (Roybal Fed. Bldg.)
26 |
27 |
28 |

I.   **<u>DETAILED, INDIVIDUALIZED DISCOVERY RESPONSES IN WRITING ARE REQUIRED BY STATUTE, AND ARE NOT A MERE FORMALITY AS MENZIES CONTENDS</u>**

Contrary to counsel's contention, Defendant Menzies Aviation (USA), Inc.'s (hereafter, "Menzies") repeated refusals to provide written discovery responses did not involve a failure to provide a mere "formality" to a party requesting discovery. It was a failure to abide by discovery obligations clearly set by statute.

Rule 34(a) of the Federal Rules of Civil Procedure ("FRCP") requires that a response to a request for production must be in writing and served on all parties in the litigation. *Fed. R. Civ. Proc. Rule 34, subd. (a)*. Moreover, the response must be individualized for each respective request, stating for each item or category that inspection will be permitted as requested, or that no responsive documents exist. *Fed. R. Civ. Proc. Rule 34, subds. (b)(1)(A) & (b)(2)(B)*; *Miller v. White*, 2020 U.S. Dist. LEXIS 165899, at *6-7 (C.D. Cal. Sep. 10, 2020) (requesting party is "entitled to individualized, complete responses to each of the [production requests]…, accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced"); *Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D. Cal. 2006) (responses and production must be made even if documents previously produced, and if there are no responsive documents, that should be stated in the response).

Contrary to Menzies' contention, counsel's e-mailed promises to generally produce responsive documents—which were then repeatedly broken—could not and did not satisfy the statutory requirements of FRCP Rule 34(b). *Case v. Unified Sch. Dist. No. 233*, 162 F.R.D. 147, 148 (D. Kan. May 16, 1995) (rejecting responding party's argument that "enforcement of the written response requirement of Rule 34(b) places form over substance because they have provided the documents requested"); *see also Camp v. LawA. Arena Co., LLC*, 2024 U.S. Dist. LEXIS 71421, at *38 (C.D. Cal. Mar. 22, 2024) ("To the extent [responding party] has provided responsive documents, he is still required to provide complete, full and final responses, including specifying the documents responsive to each request.")

---

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM (*C.D. CAL. L.R. 37-2.3*)

1    **II.    MENZIES' PROVISION OF WRITTEN DISCOVERY RESPONSES SIX**

2    **DAYS AFTER RECEIVING PLAINTIFFS' PORTION OF THE**

3    **AMENDED LOCAL RULE 37-2.2 JOINT STIPULATION VIOLATED ITS**

4    **DISCOVERY OBLIGATIONS**

5    Menzies is also mistaken in its contention that it has "continuously fulfilled its

6    discovery obligations at length…" in this litigation. Dkt. No. 96-4, at ¶ 3. Rather, Menzies

7    has repeatedly delayed compliance with clear discovery obligations, and only acted to make

8    partial compliance under immediate threat of a formal discovery order. Menzies' cynical

9    gamesmanship have obstructed and prejudiced Class Counsel's efforts to move this case

10   forward in preparation for trial.

11   As noted in Plaintiffs' moving papers, Menzies' written responses to Plaintiffs' third

12   set of production requests were due on July 22, 2024. *See* Dkt. No. 96-3, at ¶ 5. A week after,

13   Plaintiffs first informed Menzies that no such written responses, nor any production, had

14   been provided by the statutory deadline. *See id.* at ¶ 6. Menzies chose to ignore this attempt

15   to meet and confer. *See id.*

16   As such, on August 12, 2024, Plaintiffs sent a follow-up e-mail, again asking for written

17   responses and production of responsive documents, plus additionally requesting that Menzies

18   provide available dates for a Pre-Motion Telephonic Conference with the Honorable Margo

19   Rocconi. *See id.* at ¶ 7. Again, Menzies chose not to respond. *See id.* Indeed, Menzies would

20   not respond until after Plaintiffs provided a formal written request under Local Rule 37-1 for

21   a Prefiling Conference of Counsel. *See id.* at ¶¶ 8 – 9.

22   At the Local Rule 37-1 conference, Menzies' counsel promised to provide written

23   responses by August 28, 2024, to be followed by production of responsive documents by

24   September 4, 2024. *See id.* at ¶ 10. After this promise was broken, Plaintiffs served Menzies,

25   on September 6, 2024, with Plaintiffs' portion of a "Local Rule 37-2 Joint Stipulation Re:

26   Plaintiffs' Motion to Compel Menzies to Provide Responses to, and Produce Documents

27   Requested in, Plaintiffs' Third Set of Production Requests." *See id.* at ¶ 11.

28   Five days later, on September 11, 2024, Menzies finally produced some documents,

---

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM (*C.D. CAL. L.R. 37-2.3*)

1   but without the required written discovery responses to allow Plaintiffs to determine what

2   responsive documents had been produced, remained withheld, or simply did not exist. *See id.*

3   at ¶ 13.  Menzies would not provide any written discovery responses to Plaintiffs' third set of

4   production requests until November 14, 2024, *see* Dkt. No. 96-4, at ¶ 9, **six (6) days after**

5   **Plaintiffs had served Menzies, on November 8, 2024, with Plaintiffs' portion of the**

6   **Local Rule 37-2 Joint** *Amended* **Stipulation now before this Court**, *see* Supplemental

7   Declaration of Karl P. Evangelista ("Suppl. Decl."), filed concurrently herewith, at ¶¶ 5-6,

8   and nearly four (4) months after Menzies' deadline to respond under FRCP Rule 34(b).

9         A.      **Plaintiffs' Counsel Expressly Informed Menzies That No Written**

10                    **Discovery Responses Accompanied Their Partial Production on**

11                    **September 11, 2024, Which Menzies Again Ignored**

12        Menzies' contention that it was unaware that written discovery responses had not been

13  provided with its September 11, 2024 production are belied by the facts.  Via e-mail on

14  September 13, 2024, Plaintiffs acknowledged that they had received and would review

15  Menzies' September 11, 2024 production, but expressly informed Menzies that written

16  discovery responses to Plaintiffs' third set of production requests had still not been provided

17  and asked that these be served immediately.  *See* Exhibit A to Suppl. Decl.  Again, Menzies

18  simply chose to ignore the demand for written discovery responses.

19        Tellingly, even after Plaintiffs served their portion of the amended joint stipulation

20  under Local Rule 37-2.2, Menzies waited an additional six (6) days—i.e., until the day prior

21  to the statutory deadline for Menzies' portion of the Local Rule 37-2.2 joint stipulation—to

22  serve belated written discovery responses.  *See* Suppl. Decl., ¶¶ 5-6.

23        This act of brinkmanship is wholly incongruent with Menzies' obligation to reasonably

24  cooperate in discovery.  *See Metro. Opera Ass'n v. Local 100, Hotel Emples. & Rest. Emples. Int'l*

25  *Union*, 175 L.R.R.M. (BNA) 2870, 2004 U.S. Dist. LEXIS 17093, at *15-16 (S.D.N.Y. Aug.

26  27, 2004) (producing documents did not meet requirement for written response under FRCP

27  Rule 34(b) and did not excuse repeated failure to respond to requests, warranting discovery

28  sanctions); *Case v. Unified Sch. Dist. No. 233*, 162 F.R.D. 147, 148-49 (D. Kan. May 16, 1995)

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM (*C.D. CAL. L.R. 37-2.3*)

1   (granting motion to compel written responses and production, with sanctions, where
2   responding party provided written responses after discovery motion filed, as "delinquent
3   party cannot avoid the sanctions by then making the response to discovery request that should
4   have been made earlier").

5   **III.   MENZIES' WRITTEN DISCOVERY RESPONSES CONTINUE TO BE**
6   **DEFICIENT**

7       Moreover, despite getting an extra four months following the statutory deadline,
8   Menzies' responses to Plaintiffs' third set of production requests continue to be deficient.
9   Under the FRCP, a litigant's discovery responses "must be '**complete, explicit and**
10  **responsive**.'"  *Camp v. LawA. Arena Co., LLC*, 2024 U.S. Dist. LEXIS 71421, at *44 (C.D.
11  Cal. Mar. 22, 2024) (emphasis supplied).  As noted above, this includes the requirement that
12  the responding party "specify[] the documents responsive to each request."  *Camp* at *38.
13  And "[w]hen it is necessary to make the production in stages the response should specify the
14  beginning and end dates of the production."  *Fed. R. Civ. Proc., Rule 34, Notes of Advisory*
15  *Committee on 2015 Amendments.*  Menzies' belated responses do not comply with the foregoing.

16      **A.    Menzies' Belated Responses Do Not Specify the Documents**
17      **Responsive to Each Request**

18      In its responses to Request numbers 4, 5, 6, 12, 15, 16, 17, 18 and 19, Menzies
19  uniformly states, in an overly generalized manner, that it "has produced all responsive
20  documents in its custody, possession, or control."  *See* Exhibit C to Suppl. Decl.  Menzies,
21  however, failed to specify the documents responsive to each request, leaving Plaintiffs at a
22  loss as to which documents Menzies have in mind and violating the requirement that
23  responses be complete, explicit and responsive.  *See Camp* at *45 (responding party "must
24  serve amended responses for these requests, either identifying the responsive documents…or
25  verifying his diligent search and that no such documents exist").

26      Menzies' responses to Request numbers 1, 2, 3, 7, 8, 9, 10, 11, 13 and 14 uniformly
27  state that it "has produced responsive documents in its custody, possession, or control,"
28  although, apparently, not **all**.  *See* Exhibit C to Suppl. Decl.  Again, Menzies improperly omits

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM (*C.D. CAL. L.R. 37-2.3*)

any effort to specify the documents responsive to each category of requests. *See Camp* at *45. Menzies' obligation to specify the documents responsive to each category is increasingly important in view of the voluminous documents involved in this complex class action for wage claims of approximately 7,000 employees.[1]

**B.  Menzies Asserts Intent to Make Rolling Production Without Specifying Beginning and End Dates of Production**

Notably, Menzies' responses to Request numbers 1, 2, 3, 7, 8, 9, 10, 11, 13 and 14 omits the word "all" in its assertion of production, signaling an ostensible intention to produce further responsive documents. Indeed, in its responses to Request numbers 1, 2, 3, 7, 8, 9, and 13, Menzies also states that "[a]dditional records may exist and Defendant continues to search for responsive documents and will supplement its production if additional documents are located." *See* Exhibit C to Suppl. Decl. Such prospectively indefinite delay improperly frustrates Plaintiffs' attempts to compile the record for trial, and fails to satisfy the requirement that a litigant specify the beginning and end dates of any proposed rolling production. *See Fed. R. Civ. Proc., Rule 34, Notes of Advisory Committee on 2015 Amendments* ("When it is necessary to make the production in stages the response should specify the beginning and end dates of the production.").

DATED: November 27, 2024          **LAW OFFICES OF C. JOE SAYAS, JR.**

By:    */s/ C. Joe Sayas, Jr.*
        C. JOE SAYAS, JR.
        Class Counsel

---

[1] For instance, Plaintiffs maintain that Menzies did not pay Rest Premium wages to employees despite its practice of failing to provide rest breaks, as shown by a lack of documentation on its payroll and wage statements. As such, Plaintiffs requested that Menzies produce documents **specifically** showing Rest Premium payments. After several delays before finally sending its late response, Menzies now says it has already produced the documents, without mentioning which among the several thousands of documents were responsive to this specific request.

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM (*C.D. CAL. L.R. 37-2.3*)