UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   2:22-cv-05915-HDV-MAR                                       Date:  December 4, 2024

Title:   *Dora Patricia Amaya, et al. v. Menzies Aviation USA, Inc., et al.*

Present: The Honorable:   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| Valerie Velasco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings:**   (In Chambers) ORDER RE: MOTION TO COMPEL, DKT. 96

# I.
# BACKGROUND

Dora Patricia Amaya and Anibal Silva ("Plaintiffs") are the lead plaintiffs in a class action lawsuit against Menzies Aviation ("Defendant"), a "company that provides ground handling, cargo-handling[,] and fueling services for customers in the aviation industry." ECF Docket No. ("Dkt.") 40 ("Complaint") at 2, 5.[1]  Plaintiffs allege that Defendant regularly violated California employment law when it failed to provide timely or full uninterrupted meal and rest periods, or simply forced Plaintiffs to work through these legally required breaks. Id. at 6. Plaintiffs brought this action against Defendant claiming seven violations of California employment law for Defendant's alleged failure to properly pay and reimburse its employees and to provide accurate, itemized wage statements. Id. at 11–20.

On June 21, 2024, Plaintiffs served Defendant with their third set of requests for production of documents ("RFPs"). Dkt. 96-1 ("Joint Stip.") at 4. Defendant failed to respond to Plaintiffs' nineteen RFPs by the deadline of July 22, 2024. Id. at 5. On July 29, 2024, Plaintiffs reminded Defendant of the July 22 deadline and requested responses to its RFPs by August 5, 2024, yet Defendant failed to respond by August 5. Id. at 8–9; Dkt. 96-2, Declaration of Karl P. Evangelista in Support of Plaintiff's Motion ("Evangelista Decl."), Ex. B. Plaintiffs sent another email to Defendant on August 12, 2024, and asked Defendant for available dates to conduct a telephonic conference. Joint Stip. at 9; Evangelista Decl., Ex. C. Defendant did not respond to this email either. Joint Stip. at 9. Plaintiffs emailed Defendant again on

---

[1] All citations to electronically filed documents refer to the CM/ECF pagination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:22-cv-05915-HDV-MAR                                                              Date:  December 4, 2024

Title:   <u>Dora Patricia Amaya, et al. v. Menzies Aviation USA, Inc., et al.</u>

August 19, 2024, to which Defendant replied, stating that it would produce the documents Plaintiffs requested.  <u>Id.</u>; Evangelista Decl., Exs. D–E.  The parties conducted a telephonic conference on August 21, 2024, during which Defendant agreed to provide responses to Plaintiffs' RFPs by August 28 and produce documents by September 4.  Joint Stip. at 9–10; Evangelista Decl., Ex. F.

On September 6, 2024, having yet to receive any responses or documents, Plaintiffs conveyed, in accordance with Local Rule 37-2, its portion of the joint motion to compel to Defendant and requested it complete its portion within seven days.  Joint Stip. at 10; Evangelista Decl., Ex. G.  In response, Defendant produced about 4,000 pages of documents on September 11, 2024.  Joint Stip. at 5, 7.  However, Plaintiffs contend that the documents were responsive to only three of the nineteen RFPs, and that Defendant still had not provided any written responses to the RFPs.  <u>Id.</u> at 5–6, 11.  Defendant eventually produced written responses to Plaintiffs' RFPs on November 14, 2024; Defendant claims it inadvertently failed to submit them in September alongside the numerous documents it produced.  Dkts. 96-3, Declaration of Kevin Jackson ("Jackson Decl.") at 4; 97 ("Supp. Memo") at 4.

Ultimately, the parties remain at an impasse as to several requests, and thus Plaintiffs filed the instant motion to compel on November 20, 2024, which is before this Court on the parties' joint stipulation.  Dkt. 96.  Plaintiffs' initial motion sought written responses to each RFP, production of documents, a finding of waiver as to Defendant's discovery objections, and an award of sanctions.  Joint Stip. at 11–14.  Plaintiffs filed a supplemental memorandum on November 27, 2024, which argues Defendant's written responses remain deficient.  Dkt. 97.

The Court finds this matter suitable for resolution without oral argument.  <u>See</u> Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing set for December 11, 2024, is **VACATED,** and the request to appear remotely, Dkt. 98, is **DENIED** as moot.  For the reasons discussed below, the motion is **DENIED in part** and **GRANTED in part.**
///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:22-cv-05915-HDV-MAR   Date:  December 4, 2024

Title:  *Dora Patricia Amaya, et al. v. Menzies Aviation USA, Inc., et al.*

## II.
## GENERAL STANDARD

Generally, under the Federal Rules of Civil Procedure,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Relevancy is broadly defined to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  However, a court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).  "A party seeking discovery may move for an order compelling an answer, ... production, or inspection."  Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).  "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond."  Fed. R. Civ. P. 37(a)(4).

"In moving to compel the production of documents, the moving party bears the burden of demonstrating 'actual and substantial prejudice' from the denial of discovery."  Grossman v. Dirs. Guild of Am., Inc., No. EDCV 16-1840-GW (SPx), 2018 WL 5914242, at *4 (C.D. Cal. Aug. 22, 2018) (citing Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)).  In other words, the moving party bears the burden of demonstrating the sought discovery is relevant.  Cabrales v. Aerotek, Inc., No. EDCV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-05915-HDV-MAR  Date:  December 4, 2024

Title:  *Dora Patricia Amaya, et al. v. Menzies Aviation USA, Inc., et al.*

17-1531-JGB (KKx), 2018 WL 2121829, at *3 (C.D. Cal. May 8, 2018).  In addition, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case."  Centeno v. City of Fresno, No. 1:16-CV-653-DAD (SAB), 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).  However, ultimately, "[i]t has long been settled in this circuit that the party resisting discovery bears the burden of showing why discovery should not be allowed."  United States ex rel. Poehling v. UnitedHealth Grp., Inc., No. CV 16-8697-MWF (SSx), 2018 WL 8459926, at *9 (C.D. Cal. Dec. 14, 2018) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975) ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.")).

## III.
## DISCUSSION

### A. PLAINTIFFS' INITIAL REQUESTS ARE MOOT

Plaintiffs' motion to compel originally sought an order: (1) compelling Defendant to produce written responses to Plaintiffs' RFPs; (2) compelling Defendant to produce all responsive documents; and (3) finding that Defendant had waived any discovery objections due to its untimely response to the RFPs.  Joint Stip. at 13.

However, it appears that each of Plaintiffs' requests are now moot.  First, on November 14, 2024, Defendant produced written responses to all nineteen of Plaintiffs' RFPs.  Jackson Decl. at 4; Supp. Memo at 4; Dkt. 97-1, Supplemental Declaration of Karl P. Evangelista ("Evangelista Supp. Decl."), at 2.  Second, Defendant has provided written confirmation that it has produced all responsive documents it has so far identified and will produce certain hard-to-find documents once it locates them.  Joint Stip. at 16.  Third, Defendant has already agreed to "provide written responses without objections," and there is no evidence that Defendant is withholding any documents because of an objection.  Id. at 15, 17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-05915-HDV-MAR                                              Date:  December 4, 2024

Title:     *Dora Patricia Amaya, et al. v. Menzies Aviation USA, Inc., et al.*

Thus, since Defendant has provided written responses and produced all responsive documents without objection, and has agreed to produce any responsive documents it finds moving forward, the Court **DENIES** Plaintiffs' requests as moot. See Jafari v. Fed. Deposit Ins. Corp., No. 12-CV-2982-LAB (RBB), 2014 WL 7176460, at *4 (S.D. Cal. Dec. 5, 2014) (denying plaintiff's motion to compel as moot once defendant had produced the requested documents).

**B.     SUFFICIENCY OF DEFENDANT'S RESPONSES**

   **1.     Defendant's failure to identify which documents are responsive to each RFP**

Plaintiffs argue that Defendant has "failed to specify the document responsive to each [RFP]," which leaves them "at a loss as to which documents [Defendant] ha[s] in mind."  Supp. Memo at 4.  Plaintiffs contend that Defendant's "obligation to specify the documents responsive to each category is increasingly important in view of the voluminous documents involved in this complex class action."  Id. at 5.

Federal Rule of Civil Procedure 34 ("Rule 34") allows parties to serve on another party "a request within the scope of Rule 26(b)" for production of documents "in the responding party's possession, custody, or control."  Fed. R. Civ. P. 34(a).  The requesting party "is entitled to individualized, complete responses to each of the [Requests for Production] . . ., accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced."  Louen v. Twedt, 236 F.R.D. 502, 505 (E.D. Cal. 2006).  The party replying to RFPs must "provide complete, full and final responses, including specifying the documents responsive to each request."  Camp v. L.A. Arena Co., EDCV 22-2220-JGB (DTBx), 2024 WL 1634095, at *13 (C.D. Cal. March 22, 2024); see also Harris v. Koenig, 271 F.R.D. 356, 366 (D.D.C. 2010) (ordering a party to "produce and identify the documents responsive to each request by stating which request they refer"); Primack v. Ohio Sec. Ins. Co., No. 2:18-CV-00561-APG-NJK, 2019 WL 11795559, at *2 (D. Nev. Jan. 23, 2019) ("Parties are required to identify responsive documents in a manner adequate to permit the party receiving discovery to identify and locate which documents are responsive to which requests.") (citing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-05915-HDV-MAR                                             Date:  December 4, 2024

Title:   *Dora Patricia Amaya, et al. v. Menzies Aviation USA, Inc., et al.*

Walker v. N. Las Vegas Police Dep't, 2:14-cv-01475-JAD-NJK, 2016 WL 8732300, at *4 (D. Nev. May 13, 2016)).

Here, Defendant argues that Plaintiffs' RFPs can be broken down into four discrete categories: (1) disciplinary records related to clocking in and out for meal and rest periods; (2) Defendant's contracts with airlines; (3) wage statements and payroll data; and (4) Defendant's "policies and practices regarding meal periods, rest periods, and processing of employee requests for premiums." Joint Stip. at 14–15. These four categories contain between one and nine RFPs. Id. Defendant then identifies several groups of documents it has already produced that it contends are responsive to each category. Id.

While it appears that Defendant has indeed produced responsive documents to each of Plaintiffs' RFPs, it is entirely unclear which specific documents are responsive to each individual RFP. For example, regarding the fourth company policy category, Defendant groups together nine RFPs and explains that "tens of thousands of pages of documents" are responsive to the RFPs. Joint Stip. at 15. It is entirely unclear which documents are responsive to each of the nine RFPs. Defendant cannot unilaterally categorize RFPs and simply state imprecise groups of documents are broadly responsive to those categories. Under Rule 34, Plaintiffs are entitled to "individualized, complete responses to each of the [Requests for Production]," including "specifying the documents responsive to each request." Thus, insofar as Plaintiffs seek further responses from Defendant that identify which documents are responsive to which RFP, Plaintiffs' motion is **GRANTED**. See Tuggle v. City of Tulare, 1:19-cv-01525-NONE-SAB, 2021 WL 765273, at *5 (E.D. Cal. Feb. 26, 2021) (ordering plaintiff to "identify each responsive document for each request for production," and finding it insufficient "to merely refer to the flash drive" containing the documents); Mancini v. Ins. Corp. of N.Y., No. 07-CV-1750-L (NLS), 2009 WL 1765295, at *1, *5 (S.D. Cal. June 18, 2009) (holding a party "cannot fulfill their obligation to produce documents" when it produced all responsive documents on seventy-three computer disks "without referencing which specific documents are responsive to which specific requests," and suggesting the party "may respond to the document requests by providing a specific list of documents that are responsive to each request").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:22-cv-05915-HDV-MAR                                              Date:  December 4, 2024

Title:    *Dora Patricia Amaya, et al. v. Menzies Aviation USA, Inc., et al.*

**2.    Defendant's failure to provide a deadline to complete production**

Rule 34 requires production of responsive documents to "be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Fed. R. Civ. P. 34(b)(2)(B). Furthermore, the Advisory Note to the 2015 Amendment to Rule 34 explains that "[w]hen . . . necessary to make a production in stages the response should specify the beginning and end dates of the production." Fed. R. Civ. P. 34 advisory committee's note to 2015 amendment.

In Defendant's written responses to RFP Nos. 1–3, 7–9, and 13, it stated that "[a]dditional records may exist and Defendant continues to search for responsive documents and will supplement its production if additional documents are located." Evangelista Supp. Decl., Ex. C. Plaintiffs contend that these responses indicate that Defendant will continue to sporadically produce documents seemingly indefinitely. Supp. Memo at 6. Plaintiffs argue that this "improperly frustrates [their] attempts to compile the record for trial, and fails to satisfy the requirements that a litigant specify the beginning and end dates of any proposed rolling production." Id. (citing Fed. R. Civ. P. 34 advisory committee's note to 2015 amendment).

Defendant has not provided any deadline by which it will finish combing through its records and complete its search for responsive documents. "Plaintiff[s] [are] correct . . . that [Defendant] must provide an anticipated end date for production so that Plaintiff[s] may plan [their] discovery accordingly." Pac. Marine Propellers, Inc. v. Wartsila Def., Inc., No. 17-cv-555 BEN (NLS), 2017 WL 11704059, at *2 (S.D. Cal. 2017). The Court recognizes that it may be difficult for Defendant "to search through the personnel files" and payroll data of 7,000 employees across California, and the "tens of thousands of pages of documents" related to Defendant's policies and practices to respond completely to RFP Nos. 1–3, 7–9, and 13. Joint Stip. at 14–15. However, Defendant is a large, international company with the resources to complete this search, and Defendant has had nearly six months—since June 21, 2024—to complete production. See Patagonia, Inc. v. Anheuser Busch, LLC, CV 19-02702-VAP (JEMx), 2020 WL 6260018, at *2 (C.D. Cal. Feb. 19, 2020) (noting Anheuser Busch "is a large company with lots of resources and is obliged to deploy those resources to get the production done by a date certain"). "[T]here is no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  2:22-cv-05915-HDV-MAR | Date:  December 4, 2024 |
| Title:  <u>Dora Patricia Amaya, et al. v. Menzies Aviation USA, Inc., et al.</u> | |

justification for further delay," especially considering Defendant originally agreed to produce all responsive documents by September 4, and there is "urgency to complete document production to use the documents in motions and depositions and to inform experts."  <u>Id.</u>; Evangelista Decl., Ex. F.  Thus, "to ensure that [Defendant] complies with its obligations, and to provide Plaintiff[s] with a date certain," the Court **ORDERS** Defendant to complete its production of documents in response to Plaintiffs' RFPs **by January 6, 2025.**  <u>Pac. Marine Propellers</u>, 2017 WL 11704059, at *2.

### C. COSTS AND FEES

Pursuant to Fed. R. of Civ. P. 37(a)(5)(C) ("Rule 37"), "[i]f the motion is granted in part and denied in part, the court may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion."  Fed. R. of Civ. P. 37(a)(5)(B).  Here, Plaintiffs ask for costs.  Joint Stip. at 13–14.  However, the Motion was granted in part and denied in part, showing that each side was warranted in seeking resolution as to some of the discovery disputes.  As such, the Court declines to award costs and each party will be responsible for its own costs incurred.

However, in reviewing the emails and filings submitted to the Court as exhibits, the Court notes that this Motion could have been avoided.  Defendant routinely failed to respond to Plaintiffs' counsel's communications, and inexplicably delayed producing written responses for nearly five months.  <u>See</u> Joint Stip. at 8–10, Evangelista Decl., Exs. B–F.  On the other hand, Plaintiffs pressed forward and brought this Motion even though it largely became moot on November 14, a week before filing it on November 20.  The parties both must conduct discovery with due diligence, good faith, and in compliance with the rules.  The Court will be inclined to impose sanctions in the future if either party's actions again force the parties to procced to motion practice.
///
///
///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:22-cv-05915-HDV-MAR                                              Date:  December 4, 2024

Title:   _Dora Patricia Amaya, et al. v. Menzies Aviation USA, Inc., et al._

## IV.
## ORDER

**IT IS THEREFORE ORDERED** that:

1) Plaintiffs' motion is **DENIED as moot** with respect to their requests for the Court to compel written responses, compel production of responsive documents, and find a waiver of Defendant's discovery objections;
2) Plaintiff's motion is **GRANTED** with respect to their request for Defendant to supplement its written responses and specify which documents are responsive to which RFP;
3) the request to appear remotely, Dkt. 98, is **DENIED** as moot; and
4) the Court declines to apportion fees and costs. Each party shall bear its own costs. Defendant is **ORDERED** to complete production **by January 6, 2025**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | vv |