| | |
|---|---|
| **LAW OFFICES OF C. JOE SAYAS, JR.**<br>C. Joe Sayas, Jr. (SBN 122397)<br>Karl P. Evangelista (SBN 250685)<br>500 N. Brand Boulevard, Suite 2000<br>Glendale, California 91203<br>Tel: 818.291.0088<br>Fax: 818.240.9955 | **FOLEY & LARDNER LLP**<br>Christopher Ward (SBN 238777)<br>Kaleb Berhe (SBN 302080)<br>555 S. Flower Street, Suite 3300<br>Los Angeles, California 90071-2418<br>Tel: 213.972.4500<br>Fax: 213.486.0065 |
| **KING CHENG MILLER & JIN, LLP**<br>DAVID P. KING (SBN 136765)<br>150 N. Santa Anita Avenue, Suite 410<br>Arcadia, California 91006<br>Telephone: (626) 304-9001<br>Facsimile: (626) 304-9002<br><br>Attorneys for Plaintiffs | Kevin Jackson (SBN 278169)<br>11988 El Camino Real, Suite 400<br>San Diego, California 92130-2594<br>Tel:  858.847.6700<br>Fax:  858.792.6773<br><br>Attorneys for Defendant MENZIES AVIATION (USA), INC. |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA PATRICIA AMAYA, an individual; and ANIBAL SILVA, an individual; on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-05915-HDV-MAR<br><br>CLASS ACTION<br><br>**JOINT SUPPLEMENT TO FRCP RULE 26(f) REPORT AND REQUEST FOR CASE MANAGEMENT CONFERENCE**<br><br>Trial Date:  None Set |

**TO THE HONORABLE COURT:**

Plaintiffs Dora Patricia Amaya and Anibal Silva (collectively, "Plaintiffs"), on behalf of themselves and others similarly situated, and Defendant Menzies Aviation (USA), Inc. (hereafter, "Defendant" or "Menzies"), by and through their respective counsel of record, jointly submit this Supplement to the "Joint Rule 26(f) Report for August 24,

1

2023 Scheduling Conference" filed by Plaintiffs and Defendant (collectively, the "Parties") on July 27, 2023. *See* Dkt. 58.

This wage-and-hour class action, involving approximately 7,000 former and current non-exempt employees of Menzies, seeks recovery of premium wages for missed meal and rest breaks, as well as claims for failure to reimburse employees for the compelled use of personal cell phones on work tasks. Menzies, an aviation services company that provides ground-handling, cargo handling and fueling services for customers in the aviation industry, disputes all claims.

The Parties' Rule 26(f) Report stated the Parties' intent to, subsequent to the Court's determination on class certification, "jointly submit a Proposed Schedule of Pre-Trial and Trial Dates," so that "the Court can set new dates for the Initial Expert Disclosures, Rebuttal Expert Disclosures, Non-Expert Discovery Cut-Off and Expert Discovery Cut-Off, as well as dates for the Final Pretrial Conference and Trial, that are congruent with the Court's determination of whether this case should proceed on a class basis." Dkt. 58 at p. 13:14-23.

Since then, the Court has granted class certification in this case, Dkt. 69, appointed Class Counsel, Dkt. 87, and issued its "Order Granting Plaintiffs' Motion for Approval of Form and Manner of Class Notice" on October 1, 2024. Dkt. 95.

The Parties, however, are unable to reach an agreement as to proposed pre-trial and trial dates. The Parties therefore submit the following Supplement to their Joint Rule 26(f) Report, to request a Case Management Conference to discuss the trial-scheduling issues described in the Parties' respective statements below.

///
///
///
///
///
///

I. **PLAINTIFFS' STATEMENT**

A. **Post-Certification Procedural History**

The Complaint in this action was filed more than 2 years ago, on August 19, 2022. A trial date has not been set at this time. On February 8, 2024, the Court issued its "Order Granting Plaintiffs' Motion for Class Certification." Dkt. 69.[1] Menzies filed a Motion for Reconsideration of class certification on February 22, 2024, Dkt. 70, which the Court denied by Order dated May 1, 2024.[2] Dkt. 75.

On May 9, 2024, Plaintiffs filed a Motion for Partial Summary Judgment, Dkt. 76, which the Court denied on July 16, 2024. Dkt. 86.[3]

On the day following this Court's Order granting class certification, or on February 9, 2024, Class Counsel sent Menzies' counsel their proposed Class Notice pursuant to FRCP Rule 23(c)(2)(B). Although the parties reached agreement on the contents of the Class Notice, Menzies opposed its immediate issuance and argued that it should be sent only after arbitration issues are resolved. *See* Dkt. 89.

Unable to reach an agreement with Menzies, Plaintiffs filed a "Motion for Approval of Form and Manner of Class Notice" on August 29, 2024. Dkt. 88. Menzies filed a "Partial Opposition" on September 4, 2024. Dkt. 89. The Court granted Plaintiffs' motion on October 1, 2024.[4] Dkt. 95.

---

[1] By Order dated July 16, 2024, the Court amended the certification order to appoint Plaintiffs' counsel as Class Counsel. Dkt. 87.

[2] On February 22, 2024, Menzies also filed its "Petition for Permission to Appeal Under Rule 23(f)" to the United States Court of Appeals for the Ninth Circuit. Plaintiffs filed an Answer to Menzies' Petition on March 4, 2024. The Ninth Circuit denied the Petition by Order dated May 23, 2024.

[3] Prior to this motion, Menzies previously filed its Motion for Partial Summary Judgment on August 10, 2023, Dkt. 59, which was denied by the Court on December 7, 2023. Dkt. 68.

[4] Accordingly, the class administrator, CPT Group Inc., mailed the court-approved Notice to the Class Members on November 14, 2024. The deadline to opt out is December 30, 2024.

JOINT SUPPLEMENT TO FRCP RULE 26(f) REPORT AND REQUEST FOR
CASE MANAGEMENT CONFERENCE

Plaintiffs then filed a discovery motion on November 20, 2024. Dkt. 96. Magistrate Judge Margo A. Rocconi issued an Order on Plaintiff's Motion on December 5, 2024, granting in part and denying in part, with a deadline of January 6, 2025 for Menzies to provide supplemental responses specifying which documents are responsive, and to complete their production of responsive documents. Dkt. 99.

### B. Status of Discovery

#### 1. Written Discovery

Plaintiffs diligently conducted discovery before and after class certification. As of the date of the class certification order in this case, Plaintiffs had: (i) served Menzies a set of interrogatories pursuant to FRCP Rule 33; (ii) served Menzies two sets of production requests under FRCP Rule 34; and (iii) provided responses to, and produced documents for, Menzies' set of production requests under FRCP Rule 34.

Following the class certification order, Plaintiffs served Menzies with a third set of production requests on June 21, 2024. As noted above, Plaintiffs filed a discovery motion regarding this third set of production requests on November 20, 2024. *See* Dkt. 96. The Court partially granted Plaintiffs' motion via Order dated December 5, 2024, directing Menzies to provide supplemental responses and complete production of responsive documents by January 6, 2025. Dkt. 99.

In addition, the Parties continue to meet and confer on Menzies' supplemental production of documents responsive to prior requests, as the Parties had previously agreed to defer "merits and complete class-damages discovery needed in the post-certification stage…pending briefing and a decision by this Court on Plaintiffs' Motion for Class Certification." *See* Dkt. 58, at p. 8:22-27. To date, voluminous documents have been reviewed by Class Counsel and their consultants, but additional documents need to be obtained in order to meet Plaintiffs' burden of proving the multiple wage-related claims in this complex class action.

///
///

### 2. *Depositions*

The Parties collectively took nine (9) depositions prior to class certification. These include the depositions of Plaintiff Amaya on April 26, 2023, and Plaintiff Silva on May 19, 2023, the FRCP Rule 30(b)(6) deposition of Defendant on April 13, 2023, and the depositions of six (6) Menzies managers on various dates in May – June 2023.

In post-certification discovery, Plaintiffs have taken an additional nine (9) depositions, including the following—

(1) FRCP Rule 30(b)(1) Deposition of Tracy Aguilera, a Menzies Human Resources Manager, on May 21, 2024;

(2) FRCP Rule 30(b)(1) Deposition of Aurea Quinonez, a Menzies Human Resources Manager, on August 14, 2024;

(3) FRCP Rule 30(b)(1) Deposition of Frederic Poag, a former Duty Manager in Menzies' Operations Control Center, on August 19, 2024;

(4) FRCP Rule 30(b)(6) Deposition of Menzies on August 22, 2024;

(5) FRCP Rule 30(b)(1) Deposition of Nicole Stewart, a Menzies General Manager at San Francisco Airport, on October 11, 2024;

(6) FRCP Rule 30(b)(1) Deposition of Barry Lopez, a Menzies General Manager at San Diego Airport, on October 15, 2024;

(7) FRCP Rule 30(b)(1) Deposition of Emma Fombona, a Menzies Timekeeper, on October 17, 2024 and October 30, 2024;

(8) FRCP Rule 30(b)(1) Deposition of Kyle Stephens, a Menzies General Manager at Ontario Airport, and former General Manager at Long Beach Airport, on October 22, 2024; and

(9) FRCP Rule 30(b)(1) Deposition of Dean Dana, a Menzies Vice President of Financial Planning and Analysis, and former Senior Vice President—West Operations, on October 23, 2024.

Plaintiffs anticipate taking additional depositions in order to adequately prepare for trial.

///

### C. Parties' Impasse as to Scheduling of Trial Date and Related Deadlines

Plaintiffs believe that, with class certification decided, the Court should expeditiously set the trial date and related pre-trial deadlines in this case, in order to allow the Parties to proceed with their planning and preparations for trial in earnest and avoid further delays.

As such, on August 26, 2024, Class Counsel requested a meet-and-confer dialogue regarding the Parties' respective proposals for a pre-trial and trial schedule. The Parties thereafter conferred via telephone on August 28, 2024, during which it became clear that the Parties were unable to stipulate on mutually agreeable dates.

On September 9, 2024, Class Counsel provided Menzies' counsel with this Court's "Schedule of Pretrial and Trial Dates Worksheet," with Plaintiffs' proposed dates reflected therein. Class Counsel asked Menzies to provide their proposed dates on the worksheet, for submission to the Court. Plaintiffs did not receive these requested dates from Menzies.

On November 15, 2024, Class Counsel followed up his request for Menzies' proposed pre-trial and trial dates. However, Menzies did not provide its proposed pre-trial and trial dates, on grounds that it still intends to file its Motion to Compel Arbitration. Meanwhile, the Parties concluded their Local Rule 7-3 prefiling conference of counsel regarding Menzies' motion to compel arbitration on October 9, 2024.

Plaintiffs disagree that further delay in setting trial dates is warranted.

Plaintiffs note that Menzies has had nearly 28 months since this lawsuit's inception, and more than 10 months since the Court's class certification order, to file a Motion to Compel Arbitration. Delaying the important trial setting procedure, and conditioning it to Menzies' strategic arbitration timeline, harms the interests of this class of employees.

Here, the absence of pre-trial deadlines and a trial date have blunted all urgency in diligently moving this case forward. Without these deadlines, fact discovery completion, the exchange of expert reports and experts' depositions, and consideration of important pre-trial motions are deferred and delayed.

On the other hand, setting a trial date, as well as a hearing date for Menzies' intended motion to compel arbitration of certain employees' claims, can both be ordered. After this Court issues its ruling on arbitration under this scenario, both parties can possibly accept the outcome and thereby proceed immediately to trial as scheduled. If the arbitration issue persists or reaches the appellate level, the Court has the discretion to move the trial to a subsequent date.

As such, Plaintiffs request that the Court schedule a Case Management Conference so that the Parties and the Court may confer. Attached hereto as <u>Exhibit A</u> is Plaintiffs' proposed dates on the Court's "Schedule of Pretrial and Trial Dates Worksheet," which was recently amended to revise the September 9, 2024 version initially proffered by Class Counsel, and now contains later dates.

## II.   **DEFENDANT'S STATEMENT**

Plaintiffs' statement (which was revised after Menzies' prepared its initial draft of the joint statement that follows below) provides an incomplete picture that seeks to portray Menzies as strategically delaying trial setting, which is untrue. There is a legitimate, good faith basis informing the reason why Menzies has been "unable to stipulate to Plaintiffs' proposed pre-trial and trial dates, and Plaintiffs' have not provided an accurate characterization of the position Menzies has communicated. Rather, Menzies has communicated that it makes no practical sense for the Parties to propose such dates at this time – particularly dates that call for completion of this litigation by Summer 2025 – given the critical issues still to be sorted out in this class litigation and the positions the Parties have taken with respect to the scope of the Federal Arbitration Act's "transportation exemption" (which this Court will soon be asked to apply through a complicated, evidentiary-heavy and time-intensive motion). Given the time needed to sort such issues out, it seems to Menzies that any of the dates within the timeline proposed by Plaintiff will have to be continued or vacated, making it impractical to set them at this time.

Plaintiff's Motion for Partial Summary Judgment, filed on May 9, 2024, and denied by the Court on July 16, 2024, sought an order finding that Menzies had waived its ability

to assert individual arbitration rights coupled to class action waivers. As the Court found, Menzies has repeatedly asserted that right throughout this litigation and adequately preserved it. The fact that many class members are bound by arbitration obligations substantially impacts the merits of this case and the scope of class treatment. Plaintiffs' claim that Menzies has "10 months since the Court's class certification order, to file a Motion to Compel Arbitration" ignores their unsuccessful efforts to deprive Menzies of the ability to enforce its right to compel arbitration and the fact that these efforts contributed to more than half of that time. Moreover, as explained below, Plaintiffs rejected Menzies' efforts to narrow the scope of its impending Motion to Compel Arbitration, which has resulted in the need for far more time than anticipated to bring and properly support that Motion after Plaintiffs rebuffed Menzies' efforts to substantially narrow and streamline the process.

Menzies has been diligently preparing its Motion to Compel Arbitration following the Court's July 16, 2024 ruling, which has included Local Rule 7-3 meet and confer written communications and telephone discussions between counsel. Menzies had hoped to file the Motion during the fall of 2024 based on the belief that Plaintiffs would argue the "transportation worker" exemption applied only to limited classifications of Menzies' non-exempt workers, and approached Plaintiffs' counsel in the L.R. 7-3 process with a proposal that they only ask the Court to rule with respect to "close call" classifications under recent Supreme Court and Ninth Circuit precedent.

To Menzies' surprise, Plaintiffs took the position that *every non-exempt classification of Menzies in California* is a transportation worker (including non-exempt office workers) and would not stipulate to any narrowing of the issues/job classifications presented in the anticipated Motion. As a consequence, the Court will be tasked with applying the transportation worker analysis to dozens and dozens of job classifications, which will require review of extensive evidence regarding the job duties and work activities of each and every one of these classifications. To make a proper showing in support of its Motion, this has in turn necessitated that Menzies devote extensive time and effort to

developing evidence for the Court's consideration far beyond what it had anticipated (and what it believes is necessary[5]) when it initiated L.R. 7-3 communications following the Court's July 9, 2024 ruling. Menzies is nearing completion of that significant volume of work and anticipates filing its fully supported Motion to Compel Arbitration before the end of December 2024.

As part of the L.R. 7-3 meet and confer discussions, Plaintiffs also requested Menzies agree to an extended opposition briefing schedule, given that the Motion would have to address dozens and dozens of classifications and be demanding from an evidentiary standpoint. Menzies agreed to Plaintiffs' request in principle and proposed the Parties submit a stipulated briefing schedule to the Court once Menzies had filed its Motion and the Parties had more clarity on specific dates and timing. Based on the proposals exchanged by counsel, Plaintiffs requested 65 days to complete follow-up discovery following filing of the Motion, and then a further 14 days to file its Opposition. Menzies is agreeable to this in principle, and if the Court permits it, assuming Menzies files its Motion in December 2024 as is the current intention, that will mean Plaintiffs do not submit their Opposition brief until sometime in March 2025. Menzies will request 14 days to submit its reply materials, suggesting that briefing on the Motion to Compel Arbitration will not be complete until sometime in April 2025.

Given the scope of the Motion, which will cover every non-exempt classification Menzies has in California, the Court will be tasked with a heavy lift in ruling on the Motion. Even if the Court were to hold a hearing on the Motion in April or early May 2025, it would seem much to ask of the Court to have a ruling out before the end of Summer 2025 (if not much later). Moreover, while it is of course preliminary to plan on appellate litigation the Court's ruling on Menzies' Motion will trigger rights of immediate appeal given the

---

[5] *See Bissonnette v. LePage Bakeries Parks St., LLC*, 601 U.S. 246 (2024) (indicating that the transportation exemption should not allow for "mini trials" necessitating "extensive discovery" to determine whether the exemption applies).

upcoming Motion will deal with enforcement and rejection of arbitration rights.[6] With many dozens of classifications at issue, it is reasonable to contemplate that some appellate activity may follow.  And if it does, that appellate activity should stay proceedings in this Court because the questions on appeal will fundamentally implicate the key merits questions and scope of the evidence before this Court.  Moreover, Menzies submits that the Parties cannot work with the Court to conduct an efficient trial of this matter when substantial questions regarding the scope of the certified class (which cannot include individuals bound to arbitrate the claims in this case on an individual basis) remain outstanding.

All this is to say that Plaintiffs' proposed schedule, which includes deadlines before briefing is expected to be completed on a very complicated and time-intensive Motion to Compel Arbitration, and a proposed trial date almost certain to fall before the Court has an adequate opportunity to consider and rule on the Motion to Compel Arbitration, ignores the realities of what must still occur in this case.  Menzies' position is that until the scope of the class ultimately suitable for class-wide trial is settled, setting any such trial dates and related deadlines is an exercise in futility.  For this reason, Menzies does not believe it is appropriate or useful for the Court or the Parties to set trial dates until there is some reasonable clarity as to how the Court will rule on the Motion to Compel Arbitration, how that ruling will impact the scope of the class claims, and whether potential appellate litigation available will impact the schedule of proceedings in this Court.

As a final note on the status of discovery, Menzies has produced voluminous documents, including complete time and payroll records for nearly 6,000 of the 7,000-member class, and is working diligent on resolving an internal system issue that inadvertently omitted records for roughly 14% of the class.  However, Menzies recognizes

---

[6] *See* 9 U.S.C. § 16; *Hansen v. LMB Mortgage Servs., Inc.*, 1 F.4th 667, 671 (9th Cir. 2021).

Plaintiffs' right to discovery and is working diligently to resolve the outstanding items to ensure all parties have a complete set of time and payroll records.

Respectfully submitted,

Dated: December 11, 2024

**LAW OFFICES OF C. JOE SAYAS, JR. and KING CHENG MILLER & JIN, LLP**

By:   /s/ C. Joe Sayas, Jr.
     C. JOE SAYAS, JR.
     Class Counsel

Dated: December 11, 2024

**FOLEY & LARDNER, LLP**

By:   /s/ Christopher Ward
     CHRISTOPHER WARD
     Attorneys for Defendant Menzies Aviation (USA), Inc.

## Local Rule 5-4.3.4(a)(2) Attestation

I, C. Joe Sayas, Jr., hereby attest that all signatories listed above, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.

Dated: Dated: December 11, 2024      /s/ C. Joe Sayas, Jr.
                                           C. JOE SAYAS, JR.