# TAB 1

CHRISTOPHER WARD, CA Bar No. 238777
  cward@foley.com
KALEB N. BERHE, CA Bar No. 302080
  kberhe@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE:  213.972.4500
FACSIMILE:   213.486.0065

KEVIN JACKSON, CA Bar No. 278169
  kjackson@foley.com
**FOLEY & LARDNER LLP**
11988 EL CAMINO REAL, SUITE 400
SAN DIEGO, CA 92130-2594
TELEPHONE:  858.847.6700
FACSIMILE:   858.792.6773

Attorneys for Defendant
MENZIES AVIATION (USA), INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA PATRICIA AMAYA, an individual; and ANIBAL SILVA, an individual; on behalf of themselves and others similarly situated,<br><br>                    Plaintiffs,<br><br>vs.<br><br>MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No. 2:22-cv-05915-HDV-MARx<br><br>**DECLARATION OF CHRISTOPHER WARD IN SUPPORT OF MENZIES AVIATION (USA), INC.'S MOTION TO COMPEL ARBITRATION AND EXCLUDE COVERED CLASS MEMBERS FROM THE CERTIFIED CLASS**<br><br>Date:    February 20, 2025<br>Time:   10:00 a.m.<br>Ctrm.:   5B, 5th Floor<br>Judge:  Hon. Hernán D. Vera<br><br>Complaint Filed:  August 19, 2022<br>FAC Filed:          August 30, 2022<br>SAC Filed:          May 9, 2023 |

# DECLARATION OF CHRISTOPHER WARD

I, Christopher Ward, declare as follows:

1. I am an attorney and duly licensed to practice law in the State of California and admitted to the United States District Court for the Central District of California. I am a partner at the law firm of Foley & Lardner LLP and lead counsel for Defendant Menzies Aviation (USA), Inc. ("Defendant") in the above-captioned action. I have firsthand personal knowledge of the facts contained in this declaration and if called upon to testify, I would and could do so as set forth herein.

2. After the Court denied Plaintiffs' motion seeking partial summary judgment on Menzies' affirmative defense asserting individual arbitration, Menzies commenced the meet and confer process required by Central District of California Local Rule 7-3 in advance of bringing a motion to compel arbitration. Menzies' goal was to narrow the scope of that anticipated motion in acknowledgement that at least some of the job classifications currently part of the certified class action fall within the "transportation worker" exemption found with Section 1 of the Federal Arbitration Act, and Menzies hoped to stipulate to arbitration vis-à-vis those classification that plainly have no direct involvement in the movement of interstate goods, putting before the Court only those classifications where application of the transportation worker exemption might be considered a "close call" under the governing law. Menzies hoped to file its anticipated motion by late September or early October 2024 based on its belief that the Parties could narrow the issues and present only "close call" questions to the Court.

3. Accordingly, on September 13, 2024, Menzies' counsel sent a letter to Plaintiffs' counsel proposing a list of non-exempt job positions that Menzies contends remain subject to the FAA following *Southwest Airlines Co. v. Saxon*, 596 U.S. 450 (2022). The letter acknowledged that for the time being, the Ninth Circuit's decision in *Lopez v. Aircraft Serv. Int'l, Inc.*, 107 F.4th 1096 (9th Cir. 2024) extends *Saxon* to find "Fuelers" are also exempt transportation workers, and in the spirit of narrowing the issues for this Court to decide, Menzies agreed it would not move to compel arbitration as to

certain job classifications it acknowledged fell within *Saxon*'s and *Lopez*'s reach. Instead, Menzies proposed in that letter to focus its anticipated motion on job classifications that do not fall under the FAA's "transportation worker" exemption because they are not a "class of workers directly involved in transporting goods across state or international borders." *Saxon*, 596 U.S. 450. I directed the drafting of this letter and edited it to its final form, although it went out under the signature of my colleague Kevin Jackson because of other trial commitments I had on the date of transmission. A true and correct copy of this September 13, 2024 letter is attached hereto as Exhibit A.

4. Counsel for Plaintiffs and counsel for Menzies thereafter exchanged several emails discussing the scope of the transportation worker exception and Menzies' efforts to narrow the scope of its anticipated motion. I was copied on all these email exchanges, true and correct copies of which are attached hereto as Exhibit B. Additionally, I personally spoke with Plaintiff's lead counsel Joe Sayas over the telephone several times about Menzies' proposal to narrow the scope of its anticipated motion to a handful of job classifications because the majority of them plainly do not have "direct involvement" in transporting goods across state or international borders.

5. At no point during the meet-and-confer process did Plaintiffs' counsel ever indicate that they believed the Arbitration Agreement at issue suffers from any enforceability flaws unrelated to the transportation worker exemption or that they intended to oppose the motion on that basis. Instead, at all points during the meet and confer process, and as particularly evident from the email traffic attached as Exhibit B, Plaintiffs have taken the position that the entire class (i.e., all Menzies' non-exempt employees in California) are "transportation workers" – arguing every Menzies worker is "integral" to the larger movement of interstate goods – and rejected Menzies' efforts to narrow the scope of the motion even as to classifications that plainly have no involvement at all, let alone direct involvement, in the movement of interstate cargo (such as "Talent Acquisition," "Human Resources Administrative" and many desk/office and infrastructure positions like Safety and Training roles). Plaintiffs adhered to this

argument even after Menzies reminded Plaintiffs' counsel that the Supreme Court rejected, both in *Saxon* and *Bissonnette v. LePage Bakeries Park St., LLC*, 601 U.S. 246 (2024), an industry-wide interpretation of the transportation worker exemption, and has instead instructed lower courts to give "attention to the performance of work" in determining whether such work is "directly involved in transporting goods across state or international borders" *Id*. at 247. Instead, Plaintiffs' counsel continued to make arguments such as "administrative HR people" perform duties that are "necessary in facilitating the movement of goods across borders" and "the absence of that employee's work would cause the movement of goods to 'grind to a halt.'"

      6.    Based on this position, Menzies has unfortunately been forced to greatly expand the scope of its anticipated motion to virtually every one of its non-exempt classifications in California. While some of those classifications are plainly not directly involved in the interstate transportation of goods based on the face of the job description, many other positions are not as clear from the job description alone. Once the lengthy meet and confer conversations failed, Menzies has thus had to devote substantial time to determining what level of evidence is necessary to present to the Court while trying to minimize as much as possible the degree of "mini trials" the Court will have to conduct. While Menzies now brings this motion several months later than it had originally planned and hoped, Menzies appreciates the Court's patience waiting for Menzies to bring its motion while it has gathered evidence, interviewed managers, and helped the prepare declarations to assemble the evidence in a way it hopes makes the Court's work on this motion as easy as possible given the large scope of classifications at issue.

      7.    I deposed Plaintiff on April 26, 2023. True and correct excerpts from Plaintiff's deposition transcript are attached hereto as Exhibit C.

//

//

//

//

I declare under penalty of perjury under the laws of California, Illinois and the United States that the foregoing is true and correct.

Executed on December 26, 2024 at Elmhurst, Illinois.

/s/ Christopher Ward
Christopher Ward