# TAB 3

# EXHIBIT B

| | |
|---|---|
| **From:** | Jackson, Kevin |
| **Sent:** | Monday, September 23, 2024 5:09 PM |
| **To:** | Karl Evangelista; Moreno, Sonia; Joe Sayas; dpk@kcmlaw.net |
| **Cc:** | Ward, Christopher; Van Howe, Heidi J. |
| **Subject:** | Re: Dora Patricia Amaya, et al. v. Menzies Aviation USA Inc., Case No. 2-22-cv-05915-HDV-MAR |

Thanks Karl. We got your point, but thanks for your email. We look forward to presenting our position to the Court.

Best,

Kevin Jackson
*Senior Counsel*

Foley & Lardner LLP
11988 El Camino Real
Suite 400
San Diego, CA 92130-2594

P 858.847.6734

Visit Foley.com

---

**From:** Karl Evangelista <KPE@joesayaslaw.com>
**Sent:** Monday, September 23, 2024 5:06 PM
**To:** Jackson, Kevin <kjackson@foley.com>; Moreno, Sonia <SMoreno@foley.com>; Joe Sayas <cjs@joesayaslaw.com>; dpk@kcmlaw.net <dpk@kcmlaw.net>
**Cc:** Ward, Christopher <CWard@foley.com>; Van Howe, Heidi J. <HVanHowe@foley.com>
**Subject:** Re: Dora Patricia Amaya, et al. v. Menzies Aviation USA Inc., Case No. 2-22-cv-05915-HDV-MAR

**\*\* EXTERNAL EMAIL MESSAGE \*\***
Hi Kevin,

Plaintiffs agree that the employer-industry test was rejected in *Saxon*, and again by *Bissonnette*. However, Menzies misses Plaintiffs' point in declining to stipulate that the non-exempt employees referenced in your letter do not fall under the FAA's transportation-worker exemption.

In *Lopez* and *Ortiz*, the Ninth Circuit makes it very clear that there is no hands-on requirement to be deemed an exempt transportation worker under the FAA, and that a practical test for whether an employee's work was necessary in facilitating the movement of goods across borders is whether the absence of that employee's work would cause the movement of goods to "grind to a halt." Without the administrative HR people you mentioned, and their roles in hiring, directing, and regulating the work of other Menzies employees, and in making sure those employees are

1

properly paid for work performed, Menzies' movement of goods and passengers would grind to a halt.

Plaintiffs are thus applying the correct standard of looking at the employees' work duties rather than the nature of Menzies' industry, in accordance with *Saxon*. The Ninth Circuit noted that the "classes of workers" referenced in the exemption "are connected by what they do." The work of Menzies' non-exempt administrative employees is of course directly and necessarily connected with those of employees with a more hands-on role in the transport of passengers and goods. The administrative employees may not be involved in hands-on transport themselves, but were in a position so closely related to facilitating the movement of goods and persons through a channel of foreign and interstate transportation as to be practically a part of it.

As the parties are at an impasse, we will need the Court to make the determination of this issue. Please let us know if you wish to discuss this matter further.

Regards,

**Karl P. Evangelista, Esq. |** **LAW OFFICES OF C. JOE SAYAS, JR.**
500 N. Brand Boulevard, Suite 2000, Glendale, California 91203
Tel (818) 291-0088 • Fax (818) 240-9955 • www.joesayaslaw.com

*Note: These communications may contain confidential and privileged information. If you are not the intended recipient, please do not copy, circulate, or in any way distribute this e-mail. We request that you delete this message from your system and notify our law firm immediately to avoid inconvenience to you. Any unintended transmission does not constitute a waiver of any privilege. Thank you.*

---

**From:** Jackson, Kevin <kjackson@foley.com>
**Sent:** Friday, September 20, 2024 3:07 PM
**To:** Karl Evangelista <KPE@joesayaslaw.com>; Moreno, Sonia <SMoreno@foley.com>; Joe Sayas <cjs@joesayaslaw.com>; dpk@kcmlaw.net <dpk@kcmlaw.net>
**Cc:** Ward, Christopher <CWard@foley.com>; Van Howe, Heidi J. <HVanHowe@foley.com>
**Subject:** Re: Dora Patricia Amaya, et al. v. Menzies Aviation USA Inc., Case No. 2-22-cv-05915-HDV-MAR

Hi Karl,

Thank you for your response. We do not believe your obligation to "zealously represent all Class Members" supersedes your obligation to meet and confer in good faith, which we do not consider this to be. Your position is that non-exempt Human Resources administrators, for example, are "transportation workers." By no stretch of the imagination are such workers "directly involved
in transporting goods across state or international borders." Moreover, insofar as your position is rooted in the nature of Menzies' business and the airline industry in which it operates, such position was unambiguously rejected by the Supreme Court in *Saxon*:

"Saxon argues that because air transportation "[a]s an industry" is engaged in interstate commerce, "airline employees" constitute a "'class of workers'" covered by §1 . . . The Court of Appeals rejected Saxon's industrywide approach, see *993 F. 3d*, at 497, and so do we."

2

Instead, *Saxon* (as well as the Ninth Circuit cases you cite) require "attention to the performance of work" in determining whether such work is "directly involved
in transporting goods across state or international borders" to come within the scope of § 1's exemption.

I encourage you to take a closer look at *Saxon* and the subsequent cases you cite, which focus on the work performed, not the overall business of the company or the industry, and to reconsider such an overreaching position.

Regards,

Kevin Jackson
*Senior Counsel*

Foley & Lardner LLP
11988 El Camino Real
Suite 400
San Diego, CA 92130-2594

P 858.847.6734

Visit Foley.com

---

**From:** Karl Evangelista <KPE@joesayaslaw.com>
**Sent:** Friday, September 20, 2024 2:46:56 PM
**To:** Moreno, Sonia <SMoreno@foley.com>; Joe Sayas <cjs@joesayaslaw.com>; dpk@kcmlaw.net <dpk@kcmlaw.net>
**Cc:** Ward, Christopher <CWard@foley.com>; Jackson, Kevin <kjackson@foley.com>; Van Howe, Heidi J. <HVanHowe@foley.com>
**Subject:** Re: Dora Patricia Amaya, et al. v. Menzies Aviation USA Inc., Case No. 2-22-cv-05915-HDV-MAR

**\*\* EXTERNAL EMAIL MESSAGE \*\***
Kevin,

This responds to your letter, dated September 13, 2024, regarding Menzies' anticipated Motion to Compel Arbitration. Thank you for providing your list of job titles that Menzies contend do not fall within the transportation-worker exemption to the FAA.

Upon careful consideration, we have concluded that we cannot stipulate that the Class Members with job titles listed in your letter fall outside the transportation-worker exemption.

As a primary matter, as Class Counsel, we are obligated to zealously represent all Class Members in this certified class action. Moreover, our review of relevant Ninth Circuit precedent, including Lopez, Ortiz, Carmona and Rittmann, as well as the U.S. Supreme Court's Saxon decision, makes it plain that these Class Members fall under the definition provided by the courts for exempt transportation workers, in that they: (i) play a direct and necessary role in the movement of goods and passengers across state and international borders; (ii) are actively engaged in facilitating the movement of goods and passengers across said borders via the channels of foreign and interstate commerce; and/or (iii) are intimately involved in the transportation of goods and passengers across borders.

Very truly yours,

**Karl P. Evangelista, Esq.** | **LAW OFFICES OF C. JOE SAYAS, JR.**

3

500 N. Brand Boulevard, Suite 2000, Glendale, California 91203
Tel (818) 291-0088 • Fax (818) 240-9955 • www.joesayaslaw.com

*Note: These communications may contain confidential and privileged information. If you are not the intended recipient, please do not copy, circulate, or in any way distribute this e-mail. We request that you delete this message from your system and notify our law firm immediately to avoid inconvenience to you. Any unintended transmission does not constitute a waiver of any privilege. Thank you.*

---

**From:** Moreno, Sonia <SMoreno@foley.com>
**Sent:** Friday, September 13, 2024 4:21 PM
**To:** Joe Sayas <cjs@joesayaslaw.com>; Karl Evangelista <KPE@joesayaslaw.com>; dpk@kcmlaw.net <dpk@kcmlaw.net>
**Cc:** Ward, Christopher <CWard@foley.com>; Jackson, Kevin <kjackson@foley.com>
**Subject:** Dora Patricia Amaya, et al. v. Menzies Aviation USA Inc., Case No. 2-22-cv-05915-HDV-MAR

Dear Counsel,

Please see attached correspondence from Kevin Jackson regarding the above referenced matter.

Best regards,
Sonia Moreno
*ASSISTANT TO KRISTA CABRERA, BENJAMIN MORRIS,*
*KEVIN JACKSON, MIKLE JEW, AND SARA ABARBANEL*

**Foley & Lardner LLP**
11988 El Camino Real | Suite 400
San Diego, CA 92130-2594
P 858.847.6811

Visit Foley.com



The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or

4

copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

5