# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA PATRICIA AMAYA, an individual; and ANIBAL SILVA, an individual; on behalf of themselves and others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>MENZIES AVIATION (USA), INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No. 2:22-cv-05915-HDV-MARx<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT MENZIES AVIATION (USA), INC.'S MOTION TO COMPEL ARBITRATION**<br><br>Date:　February 20, 2025<br>Time:　10:00 a.m.<br>Judge:　Hon. Hernán D. Vera<br>Ctrm.:　5B, 5th Floor<br><br>Complaint filed: August 19, 2022<br>FAC filed:　August 30, 2022<br>SAC filed:　May 9, 2023 |

# ORDER

On February 20, 2025, the Court heard arguments on the Motion to Compel Arbitration ("Motion") filed by Defendant Menzies Aviation (USA), Inc. ("Defendant"). After considering the arguments of counsel presented at the hearing, as well as the motion, opposition, reply brief, and supporting materials submitted by the Parties, the Court finds as follows:

Defendants argue that Plaintiffs and members of the certified class are bound by the ADR Policy through an Agreement to be Bound By Alternative Dispute Resolution Policy (the "Arbitration Agreement"), by which they agreed to arbitrate all claims arising out of their employment, including those asserted under the operative pleading in this action. Defendant asserts that it implements an ADR Policy for all employees at its locations in the United States, including its employees in California, that includes a waiver of the right to participate in class or otherwise representative action litigation. [Declaration of Talin Bazerkanian ("Bazerkanian Decl."), ¶ 13.] For the period relevant to this Action, virtually 100% of Defendant's non-exempt current and former employees in California have bound themselves to the ADR Policy, with the handful of opt-outs limited to exempt management personnel. [Bazerkanian Decl., ¶ 15.] Employees who have bound themselves to the ADR Policy via execution of the Arbitration Agreement have agreed with Defendant that any claims arising from the employment relationship, other than certain categories of statutorily-excluded claims, must be brought in binding arbitration – including "claims brought under the California Labor Code." [Bazerkanian Decl., ¶ 15, Ex. G.] Employees also receive a free-standing copy of the Menzies ADR Policy memorializing all the terms of the ADR Policy, including, among other terms, that it applies bilaterally to the employee and Defendant, that Defendant will be responsible for all unique costs of arbitration, that the parties will have the full range of discovery available to them as in civil litigation, that the arbitrator has the power to award all civilly-available forms of relief, and that the arbitrator must issue a written award. [Bazerkanian Decl., ¶ 17, Ex. E.] The ADR Policy and Arbitration Agreement also

contain a waiver of the right to act as a class action representative or pursue claims on any type of representative basis, as it explicitly prohibits "otherwise consolidating a covered claim with the claims of others." [Bazerkanian Decl., ¶ 17, Exs. G, E.].

In support of its Motion, Defendant submitted a declaration from Talin Bazerkanian, Defendant's Senior Vice President of Human Resources, attesting to and authenticating the existence of Arbitration Agreements signed by the class members, including Plaintiffs Dora Patricia Amaya and Anibal Silva. Having reviewed the Arbitration Agreement signed by Plaintiffs and class members, the Court finds the Arbitration Agreement satisfies the requirements of *Armendariz v. Foundation Health Psychcare Services, Inc*. 24 Cal.4th 83, 102 (2000) and is thus enforceable.

Defendant argues that by agreeing to be bound by the Menzies ADR Policy, Amaya, Silva, and class members waived the ability to pursue, on an individual or representative basis, various wage and hour claims against Defendant in a civil forum, including those contained in the scope of this class action. [Bazerkanian Decl., ¶ 17, Exs. E-H.]

Plaintiffs argue that class members are exempt from the Federal Arbitration Act ("FAA") because they are all "transportation workers" under Section 1 of the FAA. Section 1 of the FAA provides that "nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. Plaintiffs argue that the transportation worker exemption applies to all members of the class, regardless of their job classification or job duties.

However, the transportation worker exception is far narrower than Plaintiffs argue, and applies only to those classifications of workers that have "direct" and "physical" involvement with the movement of interstate goods that is sufficiently "active" and "frequent" to trigger the narrow exemption. *See Southwest Airlines Co. v. Saxon*, 596 U.S. 450, 455-58 (2022). Indeed, earlier this year, the U.S. Supreme Court clarified that any interpretation of the exemption centering on what the employer does, and not what

the employees do, is erroneous. *See Bissonnette v. LePage Bakeries Parks St.*, LLC, 601 U.S. 246 (2024). Thus, a practical focus on what a worker does – not what the impact of an individual's work is – is the critical question. Only if the worker actually has direct, physical involvement in the transportation of interstate goods, and only if the worker performs that work with sufficient frequency, does the exemption apply.

    Plaintiffs bear the burden to persuade this Court that the transportation worker exemption applies to each and every job classification in the class. *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91 (2000) ("the party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration"). The evidence provided by Defendant in support of its Motion makes clear Plaintiffs will not and cannot satisfy this burden.

    As an initial matter, Defendant acknowledges there are positions part of the currently certified class that qualify as transportation workers under *Saxon*, and acknowledges this Court must apply the Ninth Circuit's decision in *Lopez v. Aircraft Serv. Int'l, Inc.*, 107 F.4th 1096 (9th Cir. 2024) to workers who themselves pump fuel onto aircraft. Thus, the following classifications are not covered by Defendant's Motion and at this time the Court need not analyze their qualification as transportation workers: Ramp Agents, Lead Ramp Agents, Cargo Runners, Lead Cargo Runners, Cargo Handlers, Lead Cargo Handlers, Baggage Agents, Lead Baggage Agents, Freighter Agents, Aircraft Fuelers, Lead Aircraft Fuelers, and Warehouse Cargo Leads.

    Defendant presents sufficient evidence, by way of written job descriptions and witness declarations, to show that the following job classifications do not have "direct" and "physical" involvement with the movement of interstate goods that is sufficiently "active" and "frequent" under *Saxon* and *Bissonnette*: Ramp Supervisor, Passenger Service Agent Lost and Found, Operations Agent, Passenger Service Agent, Passenger Service Lead Agent, Passenger Service Supervisor, Safety Administration Assistant, Service Desk Agent, Training Supervisor, Supervisor Timekeeper, Timekeeper, Baggage Coordinator, Lost and Found Bag Agent, Talent Acquisition, Safety Supervisor, Safety

Security and Environmental Supervisor, Safety and Training Supervisor, Lavatory Agent, Human Resources Administrative, Human Resources Specialist, General Worker, Cabin Cleaner, Lead Cabin Cleaner, Cargo Office Lead, Cargo Office Supervisor, Compliance Officer, Fueling Supervisor, Dispatcher, Quality Control Supervisor, Inventory Clerk, GSE Administration Assistant, GSE Fueler, GSE Mechanic, GSE Utility Agent, Lead GSE Mechanic, Cargo Handler Agent, Apprentice – Fuel Facility Management, Driver Operator, Accounting Clerk, Accounts Receivable Specialist, Administrative Assistant – Fueling, Cabin Services Agent, Cabin Services Lead Agent, Cargo Agent, Cargo Screening Agent, Facility Electrician, Fuel Facility Electrician, Fuel Farm Mechanic, Fuel Farm Operator, Fuel Farm Supervisor, General Fueling Helper, Inside Wireman, Intern, Janitor, Lead Dispatcher, Fuel Farm Operator Lead, Lead Quality Control Technician, Quality Control Technician, Load Master, Maintenance Technician – Fuel Storage Facility, Operations Coordinator Supervisor, Operations Coordinator, Operations Supervisor – Ground Handling, Cargo Screening Supervisor, and Training Coordinator ("Covered Job Clasifications").  As a result, the Covered Job Classifications are not subject to the FAA's transportation worker exemption.

Because the transportation worker exemption does not apply to Plaintiffs Dora Patricia Amaya, Anibal Silva, and individuals in the Covered Job Classifications, their claims must be referred to arbitration.  Moreover, they agreed to assert any dispute with Menzies on an individual basis only and waived the right to bring or otherwise participate in class claims in court or arbitration.

Finally, all of the foregoing applies with equal force to PAGA claims as California's legislature cannot supersede the preemptive scope of the FAA.  *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639 (2022) has resolved whether the FAA preempts the rule of *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 380 (2014) that "PAGA claims cannot be split individual arbitrable 'individual' claims and nonarbitrable 'representative' claims."  In holding that the FAA preempts the *Iskanian* rule, *Viking River* went beyond simply enforcing a "representative action waiver" and instead

analyzed the issues of claim joinder and standing.

With respect to claim joinder, specifically, the U.S. Supreme Court held that PAGA's built-in mechanism of claim joinder conflicts with the FAA. *Iskanian*'s prohibition of contractual division of PAGA actions into constituent claims "unduly circumscribes the freedom of parties to determine 'the issues subject to arbitration' and 'the rules by which they will arbitrate,' *Lamps Plus, Inc. v. Varela*, *Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 184 (2019), and does so in a way that violates the fundamental principle that 'arbitration is a matter of consent.'" *Viking River*, at 641 (citing *Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010).)  Therefore, "state law cannot condition the enforceability of an agreement to arbitrate on the availability of a procedural mechanism that would permit a party to expand the scope of the anticipated arbitration by introducing claims that the parties did not jointly agree to arbitrate." *Id*. In other words, the FAA preempts *Iskanian* insofar as it requires joinder of claims under PAGA.  As a result, *Viking River* instructs that PAGA encompasses an "individual" claim and a "non-individual" claim, and that the FAA preempts *Iskanian* to the extent that it would prevent an employee from waiving the right to bring his "individual" PAGA claim in a court action.  *Id*. at 642.

In *Viking River*, the U.S. Supreme Court also considered PAGA's standing requirement, and addressed the question of whether an individual who is compelled to submit his individual PAGA claim to arbitration retains standing to pursue the "non-individual" PAGA claim (i.e., the representative claim brought for the benefit of other "aggrieved employees").  The Court held, in unequivocal terms, that "[u]nder PAGA's standing requirement, a plaintiff can maintain non-individual PAGA claims in an action only by virtue of also maintaining an individual claim in that action.  *See* Cal. Lab. Code Ann. §§2699(a), (c).  When an employee's own dispute is pared away from a PAGA action, the employee is no different from a member of the general public, and PAGA does not allow such persons to maintain suit." *Viking River* at 663.  As a result, once Plaintiff here is required to submit his individual PAGA claim to arbitration – and he

1 must pursuant to *Epic Systems* and its predecessor cases – "the correct course is to dismiss [his] remaining [non-individual] claims." *Id*. By signing the Arbitration Agreement, Plaintiffs agreed to submit individual claims under the Private Attorneys' General Act ("PAGA") before proceeding with a representative action in Court.

Accordingly, the Court hereby GRANTS Defendant's Motion to Compel Arbitration and compels the individuals in the Covered Job Classifications to arbitration, excludes them from this certified class action, and compels Plaintiff Amaya to submit her individual PAGA claim to arbitration.

**IT IS SO ORDERED.**

DATED: _____

HON. HERNÁN D. VERA
UNITED STATES DISTRICT JUDGE